**FILED**
**NOVEMBER 16, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In the United States District Court
For the Northern District of Illinois
Eastern Division

**07 C 6535**

DIGISOUND-WIE, INC.,

    Plaintiff,

v.

BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG, HELENE DE YOUNG, FLORIAN GREILING, and LILLI GREILING,

    Defendants.

**JUDGE LINDBERG**
**MAGISTRATE JUDGE MASON**

# Complaint

Plaintiff DIGISOUND-WIE, INC. (Digisound-WIE), complains of defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG, HELENE DE YOUNG, FLORIAN GREILING, and LILLI GREILING:

## 1. Allegations Common to All Counts

### A. Jurisdiction and Venue

1. Jurisdiction for this action is brought pursuant to 28 U.S.C. § 1331 as an action arising under federal law. Jurisdiction for state claims is brought under 28 U.S.C. § 1367, because the state law claims form part of the same case or controversy as the federal law claims, or, alternatively, under 28 U.S.C. § 1332(a), as one in which the plaintiff and all of the defendants are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

2. The federal law claims arise under 15 U.S.C. § 1125(a) for "palming off" Digisound-branded goods in violation of the Lanham Act and 18 U.S.C. § 1030(a)(2)(C) for misappropriating Digisound-WIE's computer data in violation of the Computer Fraud and Abuse Act. The state law claims are for breach of contract by Dirk de Young, breach of duty by Dirk

de Young and Helene de Young, tortious interference with contract by all defendants, tortious interference with reasonable commercial expectation against all defendants, and civil conspiracy against all defendants.

3. Because defendants Florian Greiling and Lilli Greiling are non-resident aliens, venue in this district is proper under 28 U.S.C. § 1391(d). Defendant BeStar Technologies, Inc. does business in this district, making venue in this district proper under 28 U.S.C. § 1391(c). Defendants Dirk de Young and Helene de Young entered into the contracts with Digisound-WIE that are part of the subject matter of this case in Illinois and worked for Digisound-WIE in Illinois, where Digisound-WIE's principal office is located. With knowledge that Digisound-WIE's principal office is located in this district, the defendants directed tortious activities within this district, including, on information and belief, seeking to sell Digisound-branded goods and divert sales by Digisound-WIE in this district, making venue in this district proper under 28 U.S.C. § 1391(b)(2).

## B. Parties

4. Plaintiff Digisound-WIE is an Illinois corporation formed in 2001 as a sales subsidiary of its parent company Digisound-Electronic GmbH. Its principal office is 1512 Artaius Parkway, Suite 100, Libertyville, Illinois 60048. Digisound-WIE sells buzzers, sirens, and loudspeakers, which are incorporated into automotive, telecommunication, fire and security, and white good products. Digisound-WIE's products are made by Changzhou BeStar Acoustic Co., a Chinese joint venture entity that is 40% owned by Digisound-Electronic GmbH. The joint venture agreement gives Digisound-Electronic GmbH and its corporate affiliates the exclusive right to sell parts made by the joint venture, and to use the joint venture's "BeStar" trademark, outside of China. While the joint venture's products are identified by the "Digisound" brand

2

name and logo, purchasers and potential purchasers also associate the BeStar name with Digisound-WIE and its parent corporation.

5. Defendant BeStar Technologies, Inc. was incorporated as an Arizona corporation on May 10, 2007 by defendant Dirk de Young while he was employed by Digisound-WIE. BeStar Technologies principal office is 999 E. Fry Blvd., Suite 304, Sierra Vista, AZ 85635.

6. Defendant Dirk de Young currently resides at 6334 S. Volcano Lane, Hereford, Arizona 85615. He was employed by Digisound-WIE from approximately September 2001 until he resigned effective on or about June 25, 2007.

7. Defendant Helene de Young currently resides at 6334 S. Volcano Lane, Hereford, Arizona 85615, is married to co-defendant Dirk de Young, and was also employed by Digisound-WIE from June 2004 until she resigned effective on or about June 25, 2007.

8. Defendant Florian Greiling is a German resident and was Managing Director of Digisound-Electronic GmbH until his unexpected resignation on May 31, 2007. Until his resignation, Florian Greiling had independent charge of Digisound-WIE's operations on behalf of Digisound-Electronic GmbH.

9. Defendant Lillian Greiling is a German resident, the daughter of co-defendant Florian Greiling, and as Florian Greiling's agent, is a shareholder of co-defendant BeStar Technologies, Inc.

### C. The Parties' Agreements

10. Until late June 2007, Digisound-WIE's only employees were Dirk de Young, as its National Sales Manager, and his wife defendant Helene de Young, who handled clerical and customer service duties.

11. Dirk de Young was employed pursuant to the terms of a 2001 Employment Agreement, a genuine copy of which is attached as Exhibit A. The Employment Agreement

3

prohibits Dirk de Young from working for a competitor for one year. Helene de Young was employed under the terms of a May 31, 2004 offer letter, a genuine copy of which is attached as Exhibit B. Both agreements were entered into in this district, where the de Youngs worked for Digisound-WIE until sometime in 2005.

12. During their employment with Digisound-WIE, the de Youngs were responsible for placing orders with the joint venture to assure a steady supply of BeStar parts for customers.

### D. Defendants' Wrongful Acts

13. On information and belief, sometime prior to April 2007, Florian Greiling and the de Youngs agreed on a plan to render Digisound-WIE's unable to continue to supply BeStar-made parts to its U.S. customers and to use that opportunity to supply those customers with parts, some of which were apparently misappropriated from Digisound-WIE's inventory.

14. In April 2007, in furtherance of their plan, the de Youngs stopped placing Digisound-WIE orders with the joint venture entity so Digisound-WIE would lack parts inventory to ship to customers, whose just-in-time or lean manufacturing systems depend on suppliers maintaining an adequate supply of inventory for delivery as needed.

15. On or about April 24, 2007, in furtherance of their plan, the de Youngs placed a "replacement" order to the joint venture entity for 45,000 BeStar parts that had a selling price of approximately $33,000. However, none of the parts ever appeared in Digisound-WIE's inventory or records. On information and belief, the defendants diverted the parts and sold them as Digisound-branded parts to Digisound-WIE's customers.

16. On May 4, 2007, the de Youngs signed papers to incorporate BeStar Technologies. The Articles of Incorporation, filed May 10, 2007, show that both of the de Youngs are shareholders, with Dirk de Young listed as Director and President and Helene de Young listed as Shareholder, Secretary, and Treasurer. The Articles also show Wu Yifei, Gou

4

Ling, and Lilli Greiling as shareholders. Yifie, also known as David Wu, is the Managing Director of the joint venture entity.

17. On or about June 25, 2007, the de Youngs resigned their employment with Digisound-WIE and shortly thereafter opened a competing office immediately next door to Digisound-WIE's. Before resigning, however, the de Youngs misappropriated data from Digisound-WIE's computers concerning its sales and operations and destroyed the data that resided on the hard drives of those computers. The data that was copied included Digisound-WIE's pricing to different customers, purchase orders from customers, past and expected parts deliveries to customers, and the correlations between Digisound-WIE part numbers and BeStar part numbers.

18. On July 1, 2007, CC Electro, which acted as a sales representative for Digisound-WIE, breached its written contract with Digisound-WIE by immediately terminating it, despite the contract requiring CC Electro to continue to act as its sole sales representative for a minimum of 30 days. On information and belief, defendants induced CC Electro to breach its contract with Digisound and enter into a sales representative contract with BeStar Technologies, Inc., pursuant to which CC Electro attempted to move Digisound-WIE's customers to BeStar Technologies, Inc.

19. In August 2007, as a result of defendants' above acts, Digisound-WIE customers began to run out of Digisound parts. Defendants offered to supply Digisound parts to them, claiming to be able to provide them directly from the manufacturer. By misrepresenting the parts as Digisound's, the defendants were able to avoid the long process that would have been necessary to qualify the parts through product testing required to demonstrate that they meet each customer's specifications.

20. As a result of the foregoing, Digisound-WIE suffered lost sales and injury to its customer relations in an amount in excess of $75,000.

## Count I – Breach of Contract by Dirk de Young

1-20. For ¶¶ 1-20 of Count I, Digisound-WIE repeats the preceding ¶¶ 1-20.

21. The foregoing actions by Dirk de Young are a continuing breach of ¶ 14 of his Employment Agreement with Digisound-WIE.

22. Digisound-WIE has fully performed its obligations under the Employment Agreement.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including:

A. A preliminary and permanent injunction prohibiting Dirk de Young, and all those acting in concert with him, from continuing to breach ¶ 14 of his Employment Agreement.

B. An award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits.

## Count II – Breach of Duty of Loyalty by Dirk De Young and Helene de Young

1-22. For ¶¶ 1-22 of Count II, Digisound-WIE repeats the preceding ¶¶ 1-22.

23. The foregoing actions by the de Youngs breached their duty of loyalty to Digisound-WIE.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

## Count III – Misappropriation of Trade Secrets against All Defendants

1-23. For ¶¶ 1-23 of Count III, Digisound-WIE repeats the preceding ¶¶ 1-23.

24.　　In engaging in the foregoing conduct, the defendants misappropriated Digisound-WIE's trade secret information for their personal benefit.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

## Count IV – Violation of Computer Fraud and Abuse Act against All Defendants

1-24.　　For ¶¶ 1-24 of Count IV, Digisound-WIE repeats the preceding ¶¶ 1-24.

25.　　In engaging in the foregoing conduct, the defendants exceeded their authorization in accessing Digisound-WIE computers and wrongfully destroyed data stored on them, which violates the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C).

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

## Count V – Palming Off in Violation of Lanham Act against All Defendants

1-25.　　For ¶¶ 1-25 of Count V, Digisound-WIE repeats the preceding ¶¶ 1-25.

26.　　In engaging in the foregoing conduct, the defendants offered and sold products in interstate commerce through a misrepresentation that the parts were Digisound and thus met the specifications of Digisound parts and were backed by Digisound's product warranties, which violates the federal Lanham Act, 15 U.S.C. § 1125(a).

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

## Count VI – Tortious Interference with Business Against All Defendants

1-26. For ¶¶ 1-26 of Count VI, Digisound-WIE repeats the preceding ¶¶ 1-26.

27. In engaging in the foregoing conduct, the defendants have tortiously interfered with Digisound-WIE's contracts with customers by causing Digisound-WIE to be unable to meet all of its customer orders and appropriating the opportunity to fill those orders with BeStar parts either misappropriated from Digisound-WIE or otherwise wrongfully obtained by defendants.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

## Count VII – Tortious Interference with Business Expectancy Against All Defendants

1-27. For ¶¶ 1-27 of Count VII, Digisound-WIE repeats the preceding ¶¶ 1-27.

28. In engaging in the foregoing conduct, the defendants have tortiously interfered with Digisound-WIE's expectancy to continue to be the exclusive supplier of BeStar products in the United States, which would have continued but for the foregoing conduct.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

## Count VIII – Civil Conspiracy Against All Defendants

1-28. For ¶¶ 1-28 of Count VIII, Digisound-WIE repeats the preceding ¶¶ 1-28 applicable to all counts.

28.  In engaging in the foregoing conduct, the defendants have conspired to commit various torts against Digisound-WIE with the intent to misappropriate its customer and supplier relationships.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

DIGISOUND-WIE, INC.


By: _s/ Arthur Sternberg_
    One of Its Attorneys

Arthur Sternberg
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235