IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIGISOUND-WIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG, HELENE DE YOUNG, FLORIAN GREILING and LILLI GREILING, <br><br> Defendants. | Case No: 07 C 6535 <br><br> Judge George W. Lindberg <br><br> Magistrate Judge Michael T. Mason |

**DEFENDANTS BESTAR TECHNOLOGIES, INC.'S, DIRK DE YOUNG'S
AND HELENE DE YOUNG'S MOTION TO DISMISS
COUNTS II THROUGH VIII OF PLAINTIFF'S COMPLAINT**

Defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG (collectively referred to herein as "Defendants"), by and through their counsel, Tressler, Soderstrom, Maloney & Priess, LLP, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Court to dismiss Counts II through VIII of Plaintiff Digisound-WIE, Inc.'s ("Plaintiff's") Complaint.

### I.  INTRODUCTION

Counts II, III and VI through VIII of Plaintiff's Complaint are non-contract, common-law causes of action that are based upon on a misappropriation of trade secrets. Since the Illinois Trade Secrets Act generally preempts civil actions based a misappropriation of trade secrets, it preempts these counts under the act. 765 ILCS 1065/8. Plaintiff's claim under the federal Computer Fraud and Abuse Act (Count IV), 18 U.S.C. § 1030, fails as Plaintiff does not have express authority under that statute to bring a cause of action based on the specific violation it alleges in the Complaint. In addition, Plaintiff fails to plead an actionable "palming off" claim under the Lanham Act (Count V) where the goods and trademark at issue allegedly palmed off

are not its own. Further, Plaintiff's claim for civil conspiracy (Count VIII) against the corporation and its directors and/or officers fails as a corporation cannot conspire with itself and its agents. Accordingly, this Court should dismiss Counts II through VIII of Plaintiff's Complaint with prejudice.[1]

## II. BACKGROUND FACTS AND ALLEGATIONS

Plaintiff alleges that it is an Illinois corporation that acts as the sales subsidiary of its parent company in Germany, Digisound-Electronic GmBH. (Compl. ¶ 4). Plaintiff sells devices and products made by a joint venture entity in China, Changzhou BeStar Acoustic Co., which is co-owned by its parent company[2] and managed by one of the shareholders in Defendant BeStar Technologies, Inc. (Compl. ¶¶ 4, 16). Plaintiff alleges that while the products are made by the joint entity, "BeStar-made parts," Plaintiff identifies them with its name, the "Digisound" brand name and logo. (Compl. ¶ 4). Plaintiff does not assert that it owns a trademark in connection with the goods that were allegedly palmed off. Rather, Plaintiff alleges that its parent company in Germany is a party to a joint venture agreement which gives the parent "and its corporate

---

[1] Defendants' time to answer the only remaining claim, Count I, is tolled until Defendants' Motion To Dismiss Counts II through VIII have been resolved. *See* Fed. R. Civ. P. 12(a)(4)(A); *Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220-221 (N.D. Ill. 1997); *Perkins v. Univ. of Ill. at Chi.*, No. 95 C 4320, 1995 WL 680758 at *1-2 (N.D. Ill. Nov. 14, 1995) (attached hereto as Exhibit "A") (finding that by simultaneously filing a Rule 12(b)(6) motion to dismiss some, but not all, counts of the complaint, as well as an answer to the unchallenged counts, defendant violated the requirement that a motion to dismiss pursuant to Fed.R.Civ.P. 12(b) be made before pleading); *Porter v. U.S. Dep't of Army*, No. 93-C-6900, 1995 WL 461898 (N.D.Ill). (attached hereto as Exhibit "B"), *aff'd sub nom.*, 99 F.3d 1142 (7th Cir. 1996) (internal citation omitted) ("Courts in this Circuit have held that a timely filed Rule 12(b) motion alters the statutory period for filing an answer, and the defendant is justified in withholding an answer pending adjudication of its pre-answer motion. This time extension applies to an answer for the entire complaint and not just to answers for the portions of the complaint that the motion addresses."); *Wu v. Clark*, 113 Fed. App. 874, 877 (10th Cir. 2004) (default judgment is unavailable when defendant complies with the requirement that he file a responsive pleading within ten days following denial of a motion for failure to date a claim). Defendants have, therefore, deferred answering Count I of Plaintiff's Complaint pending the Court's ruling on this Motion To Dismiss.

[2] Plaintiff does not allege who the other co-owners of the joint venture are. (Compl. ¶ 4).

2

affiliates"[3] the exclusive right to sell parts made by the joint venture and to use the joint venture's "BeStar" trademark outside China. (Compl. ¶ 2).

On November 16, 2007, Plaintiff filed its Complaint against Defendants BeStar Technologies, Inc. ("BeStar"), Dirk de Young and Helene de Young ("the DeYoungs") and two other defendants, Florian Greiling and Lilli Greiling ("the Greilings"). (*See* Compl., Dkt. No. 1). The Complaint generally alleges claims by an employer against its former employees, the former managing director of Plaintiff's parent company and his daughter and the competing business they set up. (Comp. ¶¶ 4-9).

Plaintiff brings claims for: (1) breach of contract against Dirk de Young ("Count I"), (2) breach of fiduciary duty against Dirk de Young and Helene de Young ("Count II"), (3) common-law trade secret misappropriation against all Defendants ("Count III"), (4) violation of the federal Computer Fraud and Abuse Act ("CFAA") against all Defendants ("Count IV"), (5) violation of the federal Lanham Act against all Defendants ("Count V"), (6) tortious interference with business against all Defendants ("Count VI"), (7) tortious interference with business expectancy against all Defendants ("Count VII"), and (8) civil conspiracy against all Defendants ("Count VIII"). Plaintiff does not allege a statutory claim for misappropriation of trade secrets.

Plaintiff's causes of actions are, in essence, based upon the same set of operative facts alleged in the Complaint. Plaintiff's causes of action are premised on the notion that the Defendants misappropriated "trade secret information" from it, including Plaintiff's purported data and parts, and used it set up a competing business, BeStar Technologies, Inc. (See e.g., Compl. ¶¶ 13, 17, 24). Plaintiff alleges that the data which had been "copied included Digisound-WIE's pricing to different customers, purchase orders from customers, past and expected parts deliveries to customers, and the correlations between Digisound-WIE part

---

[3] Plaintiff does not allege that it is a "corporate affiliate" of the German parent company. (Compl. ¶ 4).

numbers and BeStar part numbers." (Compl. ¶ 17). Plaintiff seemingly alleges that Defendants used this information in order to sell goods as if they were from Plaintiff and to divert customers and sales from Plaintiff. (Compl. ¶¶ 3, 15, 17).

## III.   LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must assume the truth of all facts alleged in the pleadings, construing allegations liberally and viewing them in the light most favorable to the non-moving party. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). Dismissal is properly granted if it is clear that no set of facts which Plaintiff could prove consistent with the pleadings would entitle Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991). The Court is to accept all well-pled factual allegations in the Complaint as true and view the allegations in the light most favorable to the non-moving party. *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993).

## IV.   ARGUMENT

### A. This Court Should Dismiss The Non-Contract Common Law Claims (Counts II, III and VI through VIII) As They Are Preempted By The Illinois Trade Secrets Act

The Illinois Trade Secrets Act ("ITSA") is the exclusive remedy under Illinois law for the misappropriation of trade secrets. 765 ILCS 1065/8(a); *Automed Techs. v. Eller*, 160 F.Supp.2d 915, 921 (N.D. Ill. 2001). The Illinois Trade Secret Act[4] provides that "this Act is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of [the State of Illinois] providing civil remedies for misappropriation of a trade secret." 765 ILCS 1065/8(a)

---

[4] For purposes of this Motion only, Plaintiff assumes that Illinois law applies. In the event that the Court decides that Arizona law applies, Defendants note that the Arizona's Uniform Trade Secrets Act is similar to Illinois' and includes a preemption provision that would also apply to these counts. *See* Ariz. Rev. Stat. Ann. § 44-407 (B)(2).

4

(2007). "The statute explicitly abolished all common law causes of action, except breach of contract, predicated on a trade secret theory." *Eller*, 160 F.Supp.2d at 921.

Counts II, III and VI through VIII are predicated on an alleged misappropriation of trade secrets. These include Plaintiff's common law claims for misappropriation of trade secrets, breach of duty of loyalty, tortious interference with business and business expectancy and civil conspiracy. Since Count III is a common law claim for the misappropriation of trade secrets, rather than a statutory ITSA claim, it is preempted by ITSA. *See Eller*, 160 F.Supp.2d at 921 (dismissing a common law trade secret misappropriation claim as it was preempted by ITSA). For Count II, Plaintiff seemingly alleges that Dirk de Young and Helene de Young breached their purported fiduciary duty of loyalty by misappropriating Plaintiff's parts and computer data concerning its sales and operations.[5] (*See, e.g.*, Compl. ¶¶ 13, 17, 23). Plaintiff alleges that these actions translate into taking "trade secret information." (*See, e.g.*, Compl. ¶ 24). Plaintiff's breach of loyalty claim is, therefore, preempted by the ITSA. *See Eller*, 160 F.Supp.2d at 921 (dismissing breach of loyalty claim as it was preempted by ITSA). Plaintiff's tortious interference claims in Counts VI and VII of the Complaint are premised on Defendants' alleged interference with existing customer contracts and future business through its misappropriation of Plaintiff's alleged parts, as well as based on other allegations that comprise Plaintiff's trade secret misappropriation claim (the allegations preceding the tortious interference counts in the Complaint, such as Plaintiff's misappropriation of computer data). (Compl. ¶ 8). Plaintiff's tortious interference claims are, therefore, preempted by the ITSA. *See Thomas &. Betts Corp. v. Panduit Corp.* 108 F.Supp.2d 968, 974 (N.D. Ill. 2000) (dismissing tortious interference with business relations claims since they were preempted by ITSA). Further, Plaintiff's civil

---

[5] It is not clear based on Count II which of the "foregoing actions" alleged by the Plaintiff constitutes a breach of their duty of loyalty to Plaintiff. (Compl. ¶ 23).

conspiracy, Count VIII, which expressly incorporates the trade secret misappropriation count, alleges that Defendants conspired to commit various torts with the intent to misappropriate its customer and supplier relationships. As the conspiracy count is premised on Defendants' alleged trade secret misappropriation, it is preempted by the ITSA. *Panduit Corp.*, 108 F.Supp.2d at 975 (dismissing conspiracy claim as it was preempted by ITSA duplicative of an underlying tort claim that had already been pled). As Counts II, III, VI through VIII are preempted by the ITSA, this Court should dismiss these counts with prejudice.

### B. This Court Should Dismiss The CFAA Count Because Plaintiff Is Not Authorized To Bring Its Claim Under the Act

The CFAA provides, in pertinent part: "[a] civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B). Damages for a violation involving only conduct described in subsection (a)(5)(B)(i) are limited to economic damages." 18 U.S.C. § 1030(g). The statute generally provides a private right of action where a party accesses a "protected computer" without authorization, or in a manner that exceeds authorized access, causing a certain quantum of "damage" or "loss." 18 U.S.C. § 1030(a)(5)(B). Plaintiff does not allege a claim under Section 1030(a)(5)(B). Rather, Plaintiff's CFAA claim is predicated on a violation of 18 U.S.C. § 1030(a)(2)(C).[6] (Compl. ¶¶ 2, 25). However, this is not one of the violations under the CFAA upon which a private individual is authorized to file a claim under the CFAA. *Bansal v. Russ*, 513 F.Supp.2d 264, 278 (E.D. Pa. 2007) ("The CFAA is a criminal statute that provides a civil remedy only for conduct involving one of the five factors set forth in 18 U.S.C. §

---

[6] Section 1030(a)(2)(C) states, in pertinent part: "Whoever...intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains...information from any protected computer if the conduct involved an interstate or foreign communication...shall be punished as provided in...this section. 18 U.S.C. § 1030(a)(2)(C).

6

1030(a)(5)(B)."). Additionally, Plaintiff does not allege that it suffered the requisite "damage" or "loss" through any alleged wrongful access by Defendants on a "protected computer," as these terms are defined with the Act. *See* 18 U.S.C. §1080(e). *See, e.g., L-3 Comm. Westwood Corp. v. Robicharux*, 2007 WL 756528 *4 (E.D. La.) ("The court finds that [the plaintiff's] allegations of loss of trade secrets and lost profits are not contemplated by the CFAA. Losses under CFAA are compensable when they result from damage to a computer system or the inoperability of the accessed system."). Plaintiff's CFAA claim must, therefore, be dismissed with prejudice.

### C. This Court Should Dismiss The "Palming Off" Lanham Act Claim Because Plaintiff Has Failed To Allege Any Trademark In The Subject Digisound Goods

The Complaint brings forth a claim under the Lanham Act, specifically 15 U.S.C. § 1125(a) "for 'palming off' Digisound-branded goods." (Compl. ¶ 2). As explained by the Seventh Circuit in *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576 (7th Cir. 2005), passing off or palming off occurs when a firm puts someone else's trademark on its own (usually inferior) goods." *Id.* at 580; *see also EMI Catalogue v. Hill*, 228 F.3d 56 (2nd Cir. 2000). Palming off can violate the Lanham Act if a "misdescription of [the] goods' origin causes commercial injury." *Bretford Mfg.*, 419 F.3d 576. "The injury must be a *trademark* loss -- which is to say, it must come from a misrepresentation of the goods' origin." *Id.* "Origin" means "the producer of the tangible product sold in the marketplace." *Id.*

As Plaintiff alleges in the Complaint, it did not manufacture or produce the goods at issue that Defendants allegedly palmed off as being Digisound-branded goods. Plaintiff does not allege that there is any trademark in the subject Digisound parts that were allegedly diverted and

7

palmed off.[7] Therefore, Plaintiff has failed to state a claim for palming off. Accordingly, this Court should dismiss Count V with prejudice.

### D. This Court Should Also Dismiss The Conspiracy Count Because Defendants Cannot Conspire With Each Other[8]

In Count VIII, Plaintiff attempts to state a claim for civil conspiracy. Civil conspiracy consists of "a combination of two or more persons for the purpose of accomplishing, by some collaborating action, either an unlawful purpose or a lawful purpose by unlawful means." *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 62-64, 645 N.E.2d 888 (1994). In order to state a claim for civil conspiracy, a plaintiff must allege an agreement and a tortious act committed in furtherance of that agreement. *Id.* However, a "civil conspiracy cannot exist between a corporation's own officers or employees", nor between a corporation and its agents. *Plastic Film Corp. of Am. v. Unipac, Inc.*, 128 F.Supp.2d 1143, 1146 (N.D. Ill. 2001); *J.C. Whitney & Co. v. Renaissance Software Corp.*, 98 F.Supp.2d 981, 983 (N.D. Ill. 2000) (finding that plaintiff's complaint failed to state an actionable conspiracy claim where the individual defendants were corporate officers of the same company acting within their scope of employment); *Van Winkle v. Owens-Corning Fiberglass Corp.*, 291 Ill.App.3d 165, 683 N.E.2d 985, 991 (4th Dist. 1997).

For example, in *Unipac*, 128 F.Supp. at 1146, the court dismissed a conspiracy claim alleged two officers and directors of the same corporation because the court found that such claim was legally impossible given the status of the two defendants and Illinois law. Moreover, in *Small v. Sussman*, 306 Ill.App.3d 639, 646, 713 N.E.2d 1216 (1st Dist. 1999), the court

---

[7] The only trademark alleged by Plaintiff is in the BeStar trademark, which Plaintiff alleges is owned by a Chinese joint-venture entity, Changzhou BeStar Acoustic, Co., the company that makes the "parts." (Compl. ¶ 4).

[8] To the extent that the Court determines that Arizona law applies, Defendants move to dismiss the conspiracy count on the basis that Arizona does not recognize a separate cause of action for conspiracy. *See Southern Union Co. v. Southwest Gas Corp.*, 165 F. Supp.2d 1010, 1020 n. 8 (D. Ariz. 2003); *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 306, 757 P.2d 105, 110 (Ariz. App. 1998). Similar to Illinois law, Arizona law also recognizes that "'[a] corporation cannot conspire with itself anymore than a private individual can,' nor with its directors if they are acting in the corporation's behalf." *Id.*

affirmed the lower court's dismissal of a conspiracy count against a corporation. The court stated that such a claim against the corporation was a "legal impossibility" because "[c]orporations can only act through their agents" and hence, "the corporation is incapable of conspiring with itself." *Id.*

As alleged in the Complaint, Defendants Dirk de Young and Helene de Young are officers, directors and/or shareholders of the same corporation, BeStar, and hence agents of BeStar. (Compl. ¶ 16).. The Greilings are also alleged to be shareholders and/or agents of BeStar. (Compl. ¶ 9). Since Plaintiff alleges a conspiracy between a corporation and its own agents, Plaintiff has failed to state a claim for conspiracy.

Moreover, Plaintiff does not allege that the De Youngs acted outside of the scope of their duties for BeStar or for their personal gain divergent from BeStar's interests. Even construing the allegations in the light most favorable to Plaintiff, Plaintiff has failed to allege any set of facts that the De Youngs were acting outside of their official capacities for BeStar when allegedly conspiring with BeStar and the other Defendants. Dirk de Young and Helene de Young are, therefore, legally incapable of conspiring with one another under Illinois law and BeStar would be incapable of conspiring with itself through them, its own agents. Accordingly, Count VIII should be dismissed with prejudice.

## V.     CONCLUSION

WHEREFORE, Defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG respectfully request that this Court enter an Order dismissing Counts II through VIII of Plaintiff's Complaint with prejudice.

Dated: This 13th day of December, 2007.

                Respectfully Submitted,

                BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG

                By: /s/ Charmagne Topacio
                     One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000

Ct1/422313

10