# EXHIBIT "A"



Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 680758 (N.D.Ill.), 13 A.D.D. 986
**(Cite as: Not Reported in F.Supp.)**

**H**
Perkins v. University of Illinois at Chicago
N.D.Ill.,1995.

United States District Court, N.D. Illinois, Eastern
Division.
Thomas E. PERKINS, Plaintiff,
v.
UNIVERSITY OF ILLINOIS AT CHICAGO,
Defendant.
**No. 95 C 4320.**

Nov. 14, 1995.

MEMORANDUM AND ORDER
LINDBERG, District Judge.
**\*1** Plaintiff, Thomas E. Perkins, has filed a complaint
alleging that defendant, the University of Illinois,
committed acts of race discrimination (Count I),
disability discrimination (Count II), and retaliation
for filing a charge of discrimination (Count III).
Defendant has filed a motion to dismiss Counts I and
II pursuant to FRCP 12(b)(6), a memorandum in
support of that motion, and an answer to Count III.

It is initially noted that defendant has proceeded in
violation of both this court's rules and FRCP 12.
The more serious of the violations, the violation of
Federal Rule of Civil Procedure 12, will be discussed
first.

The Federal Rules of Civil Procedure contemplate the
filing of a single answer, not separate answers to
separate counts of the complaint. For example, in
Rule 7 it is stated that:
There shall be a complaint and *an answer;* a reply to
a counterclaim denominated as such; an answer to a
cross-claim, if *the answer* contains a cross-claim; a
third-party complaint, if a person who was not an
original party is summoned under the provisions of
Rule 14; and a third-party answer, if a third-party
complaint is served. *No other pleading shall be
allowed,* except that the court may order a reply to an
answer or a third-party answer.

FRCP 7(a) (emphasis added). Rule 12 provides in
part:Unless a different time is prescribed by a statute

of the United States, a defendant shall serve *an
answer*
(A) within 20 days after being served with the
summons and complaint[.]

FRCP 12(a)(1)(A) (emphasis added). In
addition:Unless a different time is fixed by court
order, the service of a motion permitted under this
rule alters these periods of time as follows:
(A) if the court denies the motion or postpones its
disposition until the trial on the merits, *the responsive
pleading* shall be served within 10 days after notice
of the court's action[.]

FRCP 12(a)(4)(A) (emphasis added).

Rule 12(b) provides:
Every defense, in law or fact, to a claim for relief in
any pleading ... shall be asserted in the responsive
pleading thereto if one is required, except that the
following defenses may at the option of the pleader
be made by motion: ... (6) failure to state a claim
upon which relief can be granted....

FRCP 12(b). Consistent with the requirement of a
single answer, Rule 12(b) also states that:A motion
making any of these defenses shall be made before
pleading if a further pleading is permitted.

FRCP 12(b). By filing a motion to dismiss Counts I
and II pursuant to Rule 12(b)(6) simultaneously an
answer to Count III, defendant violated the
requirement that a defendant file a single answer to a
complaint and the requirement that a motion to
dismiss pursuant to Rule 12 be made before (not after
or even at the same time as) pleading. FRCP 12(b).

Defendant's violation of FRCP 12 presents the court
with a choice of at least three courses of action.
First, the court could consider the answer filed and
the motion to dismiss untimely. The court would
then likely construe the untimely motion to dismiss to
be a motion for judgment on the pleadings, and so
consider the issues it raises. See FRCP 12(c), (h)(2).
This course, nonetheless, would be highly
unsatisfactory. The answer's failure to deny the
allegations contained in Counts I and II would admit
those allegations, FRCP 8(d), which was certainly not

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.
Not Reported in F.Supp., 1995 WL 680758 (N.D.Ill.), 13 A.D.D. 986
**(Cite as: Not Reported in F.Supp.)**

defendant's intent, as evidenced by the filing of the motion to dismiss those counts. Second, the court could strike both the answer and the motion to dismiss, allowing defendant to determine which way it wishes to proceed. While this course would allow defendant to take the action it intended, it would be wasteful of the time of both the court and counsel. It is unnecessary as well, since the documents filed seem to the court to evince an intent on the part of defendant to move to dismiss Counts I and II. Third, the court therefore will follow the course of striking the answer and treating the motion to dismiss as properly before the court.

**\*2** Defendant has also violated this court's rules. Both the Federal Rules of Civil Procedure and this court's rules require that a motion state with particularity its grounds and the relief requested. FRCP 7(b)(1); USDistCt, NDIll, GR 12(C). Compliance with this requirement permits the court to rule on many motions without the need for briefing. In some instances the court may wish to have further argument on the issues raised in a motion, so the court has the authority to order briefing of a motion. USDistCt, NDIll, GR 12(O). However, briefing is, in most instances, discretionary with the court. Compare USDistCt, NDIll, GR 12(O) with GR 12(M) and 12(N). Defendant has violated this court's rules by filing a memorandum with its motion to dismiss when the court has not set a briefing schedule. USDistCt, NDIll, GR 12(O). The motion to dismiss, although not quite so conclusory as many motions this court sees, also appears to violate General Rule 12(C) and Federal Rule of Civil Procedure 7(b)(1) in that it does not state its grounds with particularity.

The court could decline to set a briefing schedule, strike defendant's memorandum as filed without authorization, and deny defendant's motion to dismiss for lack of particularity. However, this would only result in wasted effort, as defendant could then answer and raise the question of whether Counts I and II state claims upon which relief can be granted in a motion for judgment on the pleadings. See FRCP 12(c), (h)(2). The court will therefore grant defendant leave to file its memorandum in support of the motion to dismiss Counts I and II and consider the memorandum along with the motion. It will not be necessary to set a briefing schedule.

Defendant's motion to dismiss is dependent upon two exhibits attached to the memorandum in support of the motion to dismiss; as defendant describes them: Attached hereto as Exhibit A are the EEOC charge of

September 20, 1994 (number 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), alleging race discrimination, and corresponding notice of right to sue-with a finding of no reasonable cause. Attached hereto as Exhibit B are the EEOC charge of April 13, 1995 (number 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), alleging retaliation, and the corresponding EEOC materials concerning Perkins' request for a notice of right to sue on said retaliation charge.

Rule 12(b) provides:If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

FRCP 12(b). The Seventh Circuit has said that:Rule 12(b) is mandatory; consequently, if documents outside of the pleadings are placed before a district court, and not excluded, the court must convert the defendant's 12(b)(6) motion to one for summary judgment and afford the plaintiff an opportunity to submit additional evidentiary material of his or her own....

**\*3** On the other hand, Federal Rule of Civil Procedure 10(c), which provides that "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes," is permissive in nature. A plaintiff is under no obligation to attach to her complaint documents upon which her action is based, but a defendant may introduce certain pertinent documents if the plaintiff failed to do so.... Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim....

Venture Associates Corporation v Zenith Data Systems Corporation, 987 F.2d 429, 431 (7th Cir1993). See also Wright v Associated Insurance Companies Incorporated, 29 F3d 1244, 1248 (7th Cir1994). Several decisions by judges of this court have held that EEOC charges are documents that, if not attached to the complaint, are central to plaintiff's claim and so can be considered if referred to in the complaint and attached to defendant's motion to dismiss. See Greene v. Term City, Inc., 828 FSupp 584, 586 n 1 (NDIll1993); Knight v Entertainment Publications, Inc., 1995 WL 583916, *3 n 1 (NDIll); Redding v. Freeman Products, Inc., 1995 WL 410922, *2 (NDIll); Kevwitch v. Sea-Land Service, Inc., 1994 WL 159358, *2 n 1 (NDIll); Lynch v. City

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                    Page 3
Not Reported in F.Supp., 1995 WL 680758 (N.D.Ill.), 13 A.D.D. 986
**(Cite as: Not Reported in F.Supp.)**

*of Chicago,* 1993 WL 387369, *4 n 1 (NDIll).

Having permitted defendant to file its memorandum, the court believes that the fact that the copies of the EEOC charges are attached to the memorandum and not the motion to dismiss is of no moment.  Also, the court has no hesitation in concluding, with the other district judges who have addressed the issue, that the EEOC charges are central to plaintiff's claims.

The complaint includes the following paragraph:
4.  On September 20, 1994 and April 13, 1995, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission.  On or about May 25, 1995, the Plaintiff received a "notice of right to sue" which indicated that he had ninety (90) days in which to file a complaint in Federal District Court.

This paragraph is highly deceptive.  The documents attached to defendant's memorandum make clear that there were two charges of discrimination-one on September 20, 1994, and the other on April 13, 1995- which were disposed of at two different times-the first in a decision of the EEOC dated April 14, 1995, and the second in a notice of right to sue letter by the Justice Department dated May 12, 1995.  As defendant correctly notes, plaintiff's July 26, 1995, complaint in this action was timely filed with respect to the April 13, 1995, EEOC charge but untimely filed with respect to the September 20, 1994, EEOC charge.  The claim of race discrimination made in Count I was contained only in the September 20, 1994, EEOC charge, and is therefore time barred. 42 USC § 2000e-5(f).   Count I will therefore be dismissed.

**\*4** As to Count II's disability discrimination claim, defendant argues:
A Title VII or ADA plaintiff may not include claims in a complaint that are not encompassed in the predicate EEOC charge. *Rush v. McDonald's Corp.,* 966 F.2d 1104, 1110 (7th Cir.1992).   A claim is considered to be within the scope of the EEOC charge only if it is "like or reasonably related to the allegations of the [EEOC] charge and grow[s] out of such allegations." *Jenkins v. Blue Cross Mutual Hosp. Ins. Inc.,* 538 F.2d 164, 167 (7th Cir.) (*en banc* ), *cert. denied,* 429 U.S. 986 (1976).  Here, Perkins' claim of disability discrimination must be dismissed because it is not "like or related to" the race and retaliation claims he raised in his EEOC charges.

Although on the April 13, 1995, EEOC charge the cause of discrimination section has the box labelled "retaliation" marked and not the box labelled "disability," in the section for particulars plaintiff included the following:I. ....   My doctor's medical restrictions were not honored.  On March 23, 1995, I was sent home by my supervisor and have not been allowed to return to work.
II.  Respondent told me that the work assignments given are a form of light duty accommodation. Respondent told me that I was sent home because they could not accommodate the five pounds medical restrictions.
III.  I believe I have been retaliated against for filing charge number 210945147 with the EEOC, in violation of Title VII of the Civil Rights Act of 1964, Section 704(a) as amended, in that:
....
B.  I was not allowed to return to work after I was treated at the Respondent's Health Unit, in spite of the fact medical unit doctor indicated that I could return to work.

Count II of the complaint includes the following allegations:8.  Between October 3, 1994 and February 1995, the Plaintiff was seen a number of times by the Defendant's doctor and given limitations on the duties he could perform because of his disability.  The Defendant refused to honor those restrictions and assigned him to perform work which aggravated his disability instead of accommodating his disability.  On March 23, 1995, the Plaintiff was sent home and has not been allowed to return to work.
9.   The Plaintiff was denied a reasonable accommodation and sent home without being allowed to return because of his disability (tendinitis) in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq.

Although the April 13, 1995, EEOC charge was stated in terms of retaliation, the particulars stated in that charge are such that the disability claim made by plaintiff in Count II is like or reasonably related to the April 13, 1995, EEOC charge and so the disability claim made in Count II is within the scope of that charge.   Count II will therefore not be dismissed.

Rule 11 of the Federal Rules of Civil Procedure provides:
(b) Representations to Court.   By presenting to the court ... a pleading ... an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,-
**\*5** ....

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp., 1995 WL 680758 (N.D.Ill.), 13 A.D.D. 986
**(Cite as: Not Reported in F.Supp.)**

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery[.]
....
(c) Sanctions.    If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.
(1) *How Initiated.*
....
(B) *On Court's Initiative.*    On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and directing an attorney, law firm, or party to show cause why it has not violated subdivision (b) with respect thereto.

FRCP 11.    The filing of the complaint including Count I appears to violate FRCP 11(b), in that the claim in Count I was time barred and not "warranted by existing law or by a nonfrivolous for the extension, modification, or reversal of existing law or the establishment of new law."    FRCP 11(b)(2).    In addition, the filing of the complaint including the deceptive wording of paragraph 4, indicating that a single EEOC charge was filed and that the proceedings before the EEOC on this single charge were terminated by the May notice of right to sue letter appears to violate FRCP 11(b), in that paragraph 4 contains "factual contentions" that do not "have evidentiary support" and was not specifically identified as being "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."    FRCP 11(b)(3). Plaintiff's attorney, Gerald A. Goldman, will therefore be required to show cause why he has not violated FRCP 11(b).

ORDERED:   Defendant the University of Illinois's answer to Count III is stricken.

Defendant is granted leave to file its memorandum in support of its motion to dismiss Counts I and II of the complaint.

Defendant's motion to dismiss Counts I and II of the complaint is granted as to Count I of the complaint and denied as to Count II of the complaint.

The court, *sua sponte,* orders plaintiff's attorney, Gerald A. Goldman, to appear before the court on November 16, 1995, at 9:30 a.m., to show cause why he has not violated FRCP 11(b) by filing a complaint that (1) includes Count I which makes a claim violative of FRCP 11(b)(2) and (2) includes paragraph 4 that makes factual assertions violative of FRCP 11(b)(3) as more fully explained in this Memorandum and Order.

N.D.Ill.,1995.
Perkins v. University of Illinois at Chicago
Not Reported in F.Supp., 1995 WL 680758 (N.D.Ill.), 13 A.D.D. 986

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.