# EXHIBIT "A"

In the United States District Court
For the Northern District of Illinois
Eastern Division



DIGISOUND-WIE, INC.,

    Plaintiff,

v.

BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG,
HELENE DE YOUNG, FLORIAN GREILING, and
LILLI GREILING,

    Defendants.

07 CV 6535

Judge Lindberg

Magistrate Judge Mason

# Plaintiff's First Request to Produce

Plaintiff DIGISOUND-WIE, INC. ("Digisound-WIE") directs its First Request to Produce to defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG, and HELENE DE YOUNG pursuant to FED.R.CIV.P. 34 and the following definitions and instructions:

## Definitions and Instructions

A.   "Document" includes all forms of recorded information, *e.g.*, handwritten or typed letters and documents, e-mails and attachments, word processing and other computer files and printouts, document history or summary logs, spreadsheets, databases, graphic images, voice mails, and all other forms of stored data, audio and video recordings, microfilm, and microfiche. Each non-identical original or copy of a document, as well as each non-identical storage medium, is a separate document.

B.   This discovery request applies to all documents created, received, or known to you as of the date of your response.

C.   For each document withheld due to a claim of privilege, please state (1) the type of document (*e.g.*, letter or memorandum), (2) the media in which the document is contained (*e.g.*, paper, cd-rom, computer disk), (3) the names of the author and each recipient of the



document, (4) the name, address, and title of the document's custodian, (5) a summary of the contents of the document in sufficient detail to show its privileged nature, and (6) the basis on which a privilege is claimed. You are also requested to produce, in redacted form, all non-privileged portions of a document claimed to be privileged in part.

D. Please identify each requested document that is no longer in your possession or control.

E. In producing the requested documents, you should indicate the paragraph number(s) of the requests to which the documents are responsive.

F. Unless otherwise indicated, this request applies to documents created, changed, or received between January 1, 2007 and the date the responding party serves its response to the request.

G. Please contact Arthur Sternberg at (312) 580-2235 or Susan Lorenc at (312) 580-2324 if you are unsure the scope, meaning, or intent of any interrogatory.

## Documents and Data to Be Answered in Accordance With the Above Definitions and Instructions

1. All documents containing or otherwise relating to data copied or deleted by or for any of the defendants from Digisound-WIE's computers.

2. All documents relating to any of the defendants removing or diverting any supply of product from Changzhou Bestar Acoustic Co. Ltd. ("BeStar Acoustic") that was shipped to or for Digisound-WIE.

3. All lease agreements to which BeStar Technologies, Inc. is a party.

4. Any contracts between any defendant and CC Electro Sales, Inc. and all documents relating to the negotiation, execution, and performance of those contracts.

5.  Any contracts between any defendant and BeStar Acoustic and all documents relating to the negotiation, execution, and performance of those contracts.

6.  Any contracts between any defendant and BeStar Electronics Industry Co. ("BeStar Electronics") and all documents relating to the negotiation, execution, and performance of those contracts.

7.  All documents relating to BeStar Technologies, Inc.'s formation or incorporation, including but not limited to communications by or with any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, BeStar Electronics, and CC Electro Sales, Inc. about representing, forming, investing in, extending credit to, becoming a shareholder in, working for, acting on behalf of, or doing business with BeStar Technologies, Inc.

8.  All of BeStar Technologies, Inc.'s banking and financial records, including monthly and quarterly financial statements, income statements, and balance sheets.

9.  All of BeStar Technologies, Inc.'s inventory records.

10. All purchase orders to or from BeStar Technologies, Inc.

11. All BeStar Technologies, Inc.'s invoices to customers, product shipping records, statements of account, and record of customer payments.

12. All documents containing or relating to BeStar Technologies, Inc.'s marketing and sales materials, sales calls, and sales solicitations.

13. All documents containing or relating to (a) purchase orders placed with suppliers (specifically including Bestar Acoustic and BeStar Electronics) for product to be sold or offered to customers, (b) records of products received from suppliers to be sold or offered to customers, and (c) records of payments to suppliers.

14. All documents containing or otherwise relating to products either (a) ordered from any of the defendants by or on behalf of or (b) supplied by or on behalf of any defendant to Flextronics International Ltd. (or any U.S. or Mexican subsidiary or division), Valeo Group (or any U.S. or Mexican subsidiary or division, Visteon Corporation, Visteon Altec, or Whirlpool Corporation.

15. All documents containing or otherwise relating to communications with any company known to defendants as prospective customers of Digisound-WIE, including but not limited Invensys, Navistar, Roche, and Tri-Start Speaker.

16. All documents containing or otherwise relating to communications between or among any of the defendants concerning Digisound-WIE, Inc., Digisound-Electronic GmbH, BeStar Technologies, Inc., Wu Yifei (also known as David Wu), BeStar Acoustic, BeStar Electronics, CC Electro Sales, Inc. or Matt Cohen, Flextronics International Ltd. (or any U.S. or Mexican subsidiary or division), Valeo Group (or any U.S. or Mexican subsidiary or division, Visteon Corporation, Visteon Altec, Whirlpool Corporation,

17. All documents containing or otherwise relating to communications to or from CC Electro Sales, Inc. or Matt Cohen and Valeo, Visteon, Visteon Altec, Flextronics, or Whirlpool Corporation, Invensys PLC (or any U.S. or Mexican subsidiary or division), Navistar International Corporation (or any U.S. or Mexican subsidiary or division), Roche (or any U.S. or Mexican subsidiary or division), or Tri-Start Electronics, Inc. (or ACI Electronics, which acquired Tri-Start, or any U.S. or Mexican subsidiary or division).

18. All documents containing or otherwise relating to communications about any defendant potentially or actually supplying or selling parts or other goods that Digisound-WIE has sold.

DIGISOUND-WIE, INC.

By: _____
One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235

5

## CERTIFICATE OF SERVICE

I, Arthur Sternberg, an attorney, certify under penalty of perjury as provided under 28 U.S.C. §1746 that I served genuine copies of the foregoing **Plaintiff's First Request to Produce** by messenger delivery to the following counsel of record:

Daniel R. Formeller, Esq.
James K. Borcia, Esq.
Charmagne Topacio, Esq.
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308

by depositing same in the U.S. Mail at 55 East Monroe Street, Chicago, Illinois 60603, on December 19, 2007, with proper postage prepaid.

By: /s/ Arthur Sternberg

4644450_1