# EXHIBIT "B"

# THOMPSON COBURN
# FAGEL HABER

55 East Monroe Street
40th Floor
Chicago, Illinois 60603
312-346-7500
**FAX 312-580-2201**
www.tcfhlaw.com

## *Facsimile*
FOR IMMEDIATE DELIVERY

To:  Carol Cohen

Firm Name:  CC Electro Sales, Inc.

Phone:

Fax:  503999070009,13176125005

From:  Sternberg, Arthur B.
(312) 580-2235
FAX (312) 782-1997

Date:  Friday, December 21, 2007 4:28:58 PM

**Message:**

Total Number of Pages, including this page: 08

If you do not receive all of the pages, please call (312) 580-2235 as soon as possible.

EXHIBIT B

**Confidentiality Note**
The information contained in this facsimile transmission is legally privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this transmission is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this transmission is strictly prohibited. If you have received this transmission in error, please immediately notify us by collect telephone call and return the original transmission to us at the above address by U.S. mail. Thank you.

Chicago    St. Louis    Southern Illinois    Washington, D.C.

Thompson Coburn LLP   12/21/2007  4:29 PM   PAGE   2/008   Fax Server

# THOMPSON COBURN
# FAGEL HABER

55 East Monroe Street
40th Floor
Chicago, Illinois 60603
312-846-7500
FAX 312-580-2201
www.tcfhlaw.com

December 21, 2007

**Arthur Sternberg**
312-580-2235
312-782-1997 (fax)
asternberg@tcfhlaw.com

**By Fax and Mail**
Carol Cohen
CC Electro Sales, Inc.
715 N. Senate Ave.
Indianapolis, IN 46202-3111

Re: *Digisound-WIE, Inc. v. Bestar Technologies, Inc., Dirk de Young, Helen de Young, Florian Greiling, and Lilli Greiling.*, USDC N.D. Ill., 07CV6535, Our File: 934946.71771

Dear Ms. Cohen:

I understand that you refused to accept the subpoena from the server that we used. I trust that you will consult with your counsel, who I expect will advise you that the subpoena was legally served on you and the company even though you refused to accept it from the server. To enable you to comply with the subpoena, I have enclosed it and its rider with this letter. I am willing to do what I can to ease any burden that compliance may have. I thus encourage you, Matt Cohen, or your attorney to contact me so that this matter can be handled amicably.

Sincerely,

Thompson Coburn Fagel Haber

By Arthur Sternberg

Chicago       St. Louis       Southern Illinois       Washington, D.C.

Dec 26 2007 10:24   Fax:317-612-5005   C C ELECTRO   P.02

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF INDIANA
### FROM AN ACTION PENDING IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHEN DISTRICT OF ILLINOIS, EASTERN DIVISION

DIGISOUND-WIE, INC.,
    Plaintiff,

v.

BESTAR TECHNOLOGIES, INC., et al.

SUBPOENA IN A CIVIL CASE

Case Number: 07 CV 6535

TO: THE CUSTODIAN OF RECORDS
C C ELECTRIC SALES, INC.
c/o Matthew Cohen, Carol Cohen or any other officer or director
8101 North Meridian
Indianapolis, IN

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

XX YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**SEE ATTACHED RIDER**

| PLACE<br>Associated Reporting, 251 East Ohio Street, Indianapolis, IN 46204 | DATE AND TIME<br>January 4, 2008 – 10:00 a.m. |
| --- | --- |

☐ YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

Issuing Officer Signature and Title (Indicate if attorney for Plaintiff or Defendant)
*[signature]* Arthur Sternberg, Attorney for Plaintiff

Date: December 19, 2008

Issuing Officer's Name, Address, and Phone Number
Arthur Sternberg, Thompson Coburn LLP, d/b/a Thompson Coburn Fagel Haber, 55 East Monroe Street, 40th Floor, Chicago, Illinois 60603

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |
| SERVED ON (PRINT NAME) | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | TITLE | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
 (i) fails to allow reasonable time for compliance;
 (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
 (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
 (iv) subjects a person to undue burden.
(B) If a subpoena
 (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or
 (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
 (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

4644486_1

Thompson Coburn LLP  12/21/2007 4:29 PM  PAGE  5/008  Fax Server

# Rider to Subpoena to CC Electro Sales, Inc.

1. All contracts between CC Electro Sales, Inc. or Matt Cohen and any defendant, Wu YiFei (aka David Wu), Changzhou Bestar Acoustic Co. Ltd. ("BeStar Acoustic"), and/or BeStar Electronics Industry Co. ("BeStar Electronics"), as well as all documents relating to the negotiation, execution, and performance of those contracts, including commission statements and invoices.

2. All documents relating to BeStar Technologies, Inc.'s formation or incorporation, including but not limited to communications by or with any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, and/or BeStar Electronics about representing, forming, investing in, extending credit to, becoming a shareholder in, working for, acting on behalf of, or doing business with BeStar Technologies, Inc.

3. All documents containing or otherwise relating to communications between CC Electro Sales, Inc. or Matt Cohen and any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, and/or BeStar Electronics between January 1, 2007 and present.

4. All documents related to CC Electro Sales, Inc.'s termination of its contract with Digisound-WIE, Inc., including, but not limited to those reflecting or concerning (a) the reasons for the contract termination and (b) communications with any person outside of CC Electro Sales about the contract termination or that the contract was no longer in force.

5. All CC Electro Sales, Inc. invoices to any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, and/or BeStar Electronics.

6. All documents relating to CC Electro Sales, Inc.'s or Matt Cohen's sales calls, sales activities, solicitations, marketing materials, and communications on behalf of any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, and/or BeStar Electronics.

7. All documents containing or reflecting sales, customer invoices, shipping records, statements of account, and records of customer payments by, to, or for any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, and/or BeStar Electronics.

8. All purchase or other orders to or from any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, and/or BeStar Electronics.

9. All documents containing or otherwise relating to communications between CC Electro Sales, Inc. or Matt Cohen and Flextronics International Ltd. (or any U.S. or Mexican subsidiary or division), Valeo Group (or any U.S. or Mexican subsidiary or division, Visteon Corporation, Visteon Altec, or Whirlpool Corporation about any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, BeStar Electronics, or about supplying products previously offered or supplied by Digisound-WIE, Inc.

10. All purchase or other orders from Flextronics International Ltd. (or any U.S. or Mexican subsidiary or division), Valeo Group (or any U.S. or Mexican subsidiary or division, Visteon Corporation, Visteon Altec, or Whirlpool Corporation for products from Digisound-WIE, Inc., any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, and/or BeStar Electronics.

11. All documents containing or otherwise relating to communications between CC Electro Sales, Inc. or Matt Cohen and Invensys PLC (or any U.S. or Mexican subsidiary or division), Navistar International Corporation (or any U.S. or Mexican subsidiary or division), Roche (or any U.S. or Mexican subsidiary or division), or Tri-Start Electronics, Inc. (or ACI Electronics, which acquired Tri-Start, or any U.S. or Mexican subsidiary or division) and Digisound-WIE, Inc., any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, and/or BeStar Electronics.

12. All other documents containing or otherwise relating to communications about any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, and/or, BeStar Electronics potentially or actually supplying or selling parts or other goods that Digisound-WIE has offered or sold in North America.

If you have any question concerning the Rider, including the scope or meaning of any of the above paragraphs, please contact Arthur Sternberg, attorney for Digisound-WIE, Inc, at (312) 580-2235, asternberg@tcfhlaw.com, Thompson Coburn Fagel Haber, 55 E. Monroe, 40th Floor, Chicago, IL 60603

## CERTIFICATE OF SERVICE

I, Arthur Sternberg, an attorney, certify under penalty of perjury as provided under 28 U.S.C. §1746 that I served genuine copies of the foregoing **Subpoena upon C. C. Electric Sales, Inc.** to the following counsel of record:

> Daniel R. Formeller, Esq.
> James K. Borcia, Esq.
> Charmagne Topacio, Esq.
> Tressler, Soderstrom, Maloney & Priess, LLP
> 233 South Wacker Drive, 22nd Floor
> Chicago, IL 60606-6308

by depositing same in the U.S. Mail at 55 East Monroe Street, Chicago, Illinois 60603, on December 20, 2007, with proper postage prepaid.

*/s/ Arthur Sternberg*

4644450_1