IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIGISOUND-WIE, INC., | ) |
| Plaintiff, | ) Case No: 07 C 6535 |
| v. | ) Judge George W. Lindberg |
| BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG, HELENE DE YOUNG, FLORIAN GREILING and LILLI GREILING, | ) Magistrate Judge Michael T. Mason |
| Defendants. | ) |

**DEFENDANTS BESTAR TECHNOLOGIES, INC.'S, DIRK DE YOUNG'S AND HELENE DE YOUNG'S MOTION FOR CLARIFICATION OF THE COURT'S DECEMBER 28, 2007 MINUTE ORDER**

Defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG (collectively referred to herein as "Defendants"), by and through their counsel, Tressler, Soderstrom, Maloney & Priess, LLP, hereby move for clarification of the Court's December 28, 2007 Minute Order in connection with Defendants' motion to strike and to stay discovery:

1.	On December 27, 2007, Defendants filed a Motion To Strike Plaintiff's Discovery Requests And To Stay Discovery in light of the fact that not all of the defendants in this matter have been served and the parties have not yet conducted a Rule 26(f) conference. Defendants' motion pertained to all discovery served by Plaintiff, including subpoenas it issued to third parties.

2.	On December 28, 2007, this Court issued a Minute Order denying Defendants' motion and stating the following, in pertinent part: "Discovery should proceed between those parties that have been served."

1

3. In order to clear up any confusion or ambiguity surrounding its order, Defendants request that the Court clarify whether the discovery that should proceed is limited to discovery between the parties that has been served with the Complaint and Summons, and vice versa. In other words, Defendants request that the Court clarify whether discovery to third parties and to defendants that have not been served with the Complaint and Summons is not to proceed. This is not just a theoretical question, as Plaintiff has recently served a subpoena on a third party.

4. It is Defendants position that the Court's December 28, 2007 Minute Order was intended to limit permitted discovery at this time only between Plaintiff and those Defendants who have been served with the Complaint, Defendants Bestar Technologies, Inc., Dirk de Young and Helene de Young. Discovery to third parties should not be permitted at this time, as the Defendants who have not yet been served will not have the opportunity to object to or participate in said discovery. This will also allow the parties that have appeared to conserve the expenditure of potentially unnecessary resources while awaiting Plaintiff's service of the Complaint and Summons upon the remaining defendants and the parties' Rule 26(f) conference.

WHEREFORE, Defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG respectfully request that this Court enter an Order clarifying its Minute Order of December 28, 2007 in connection with Defendants' motion to strike and to stay and whether permitted discovery is limited to discovery served by and/or to parties that have been served with the Complaint and Summons in this action, and not to third parties.

Dated: This <u>28th</u> day of <u>December</u>, <u>2007</u>.

                    Respectfully Submitted,

                    BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG


                    By: /s/ James K. Borcia_____
                          One of Their Attorneys



Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel. (312) 627-4000


Ctl 423348