IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DIGISOUND-WIE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07 CV 6535 |
| | ) | |
| BESTAR TECHNOLOGIES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **PROTECTIVE ORDER**

WHEREAS, on December 21, 2007, in accordance with Rule 45 of the Federal Rules of Civil Procedure, Plaintiff Digisound-Wie, Inc. (*hereinafter* "Digisound") caused a subpoena for the production of records (*hereinafter*, the "Subpoena") to be issued by the United States District Court for the Southern District of Indiana upon CC Electro Sales, Inc. (*hereinafter* "CC Electro Sales"),[1] a non-party to this action; and

WHEREAS, many of the documents and information sought by Digisound in the Subpoena contain information pertaining to CC Electro Sales' business operations, business strategy, communications with customers, customer contact, engineering and specifications and other confidential, proprietary, and/or trade secret information which CC Electro Sales regards as valuable and confidential, and/or information subject to non-disclosure or confidentiality agreements between CC Electro Sales and other non-parties, and which could potentially result in injury to CC Electro Sales in the event that such information is disclosed or used for purposes other than or outside of this litigation; and

---

[1] Improperly referred to in the subpoena as "CC Electric Sales, Inc."

WHEREAS, CC Electro Sales' confidential business records and other confidential information produced pursuant to the Subpoena should be given the protection of an Order of this Court to prevent such injury;

ACCORDINGLY, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED AS FOLLOWS:

1.      <u>Designations of "CONFIDENTIAL" materials</u>. CC Electro Sales shall have the right to designate as "CONFIDENTIAL" any document or information (*hereafter* referred to as "Confidential Materials") that it believes, in good faith, contains or consists of trade secrets or confidential and proprietary information, the disclosure of which information could result in damage to CC Electro Sales' ability to compete in the marketplace. Such information consists of marketing plans and strategies, sales policies and procedures, customer contact information, communications between CC Electro Sales and its customers and/or potential customers, and documents and information that are subject to non-disclosure agreements between CC Electro Sales and third parties.

2.      <u>Restriction on Disclosure of Confidential Materials</u>. No Confidential Materials shall be disclosed to any person or entity except as set forth in this Order. No person shall use any Confidential Materials for any purpose other than to assist counsel of record in the preparation, trial and/or any appeal of this action. No copies of Confidential Materials shall be made except by or on behalf of counsel of record for the parties to this litigation.

3.      <u>Marking of Confidential Materials</u>. Documents that CC Electro Sales reasonably believes is protected against unauthorized disclosure or use shall be marked by placing the legend "CONFIDENTIAL", or an equivalent marking, on each page of the document. All documents to be so designated shall be marked prior to the provision of a physical copy thereof to Digisound. If Confidential Materials are produced in an electronic format, reasonable efforts shall be made to place

the legend "CONFIDENTIAL" on them before they are scanned or otherwise committed to a digital format. Should this not be feasible, the physical media containing the Confidential Materials shall be labeled as "CONFIDENTIAL", or the electronic mail transmitting the Confidential Materials shall specify those documents being transmitted which are to be within the scope of this Order.

    4.    <u>Access to Confidential Materials</u>. Confidential Materials shall not be provided, shown, made available, or communicated in any way to any person or entity with the exception of:

    a.    appropriate officials from each party;

    b.    counsel for any party to this action, and all assistants, stenographic and clerical employees working under the direct supervision of counsel;

    c.    any person not employed by a party to this action who is expressly retained by a party or its counsel to assist in the litigation of this action (including but not limited to expert witnesses or non-testifying experts); Confidential Materials may be disclosed to these persons only to the extent necessary for them to perform their work;

    d.    court reporters who are retained to transcribe deposition or trial testimony;

    e.    any third-party witnesses not employed by a party, provided that third-party witnesses may not retain permanently any Confidential Materials or copies thereof, it being the responsibility of counsel for the party providing Confidential Materials to a third-party witness to ensure the return of the Confidential Materials after possession thereof is no longer needed by the third-party witness; and

    f.    the Court or its staff in connection with the Court's administration and adjudication of this action. All proceedings involving this Order shall be subject to this Order.

5.      Use of Confidential Materials in Filed Documents, at Hearings or at Trial.  Nothing herein shall restrict the use of any Confidential Materials at any hearing or trial in the Action; **provided, however**, that the parties and CC Electro Sales agree to cooperate prior to any such hearing or trial to develop appropriate procedures, subject to the Court's approval, for the protection of Confidential Materials from disclosure to persons who are not entitled to be shown such material or testimony pursuant to paragraph 4 of this Order and from disclosure to the general public, including without limitation, exclusion of certain parties from portions of the hearing, holding portions of any hearing or trial in camera, and the filing of hearing or trial transcripts and exhibits under seal.

6.      Objections to Designation of Confidential Materials.  Any party may object to the designation of information as "CONFIDENTIAL" by CC Electro Sales by giving written notice thereof to CC Electro Sales.  If the parties (or a party) and CC Electro Sales are unable to agree, then such parties (or party), with fourteen (14) days' prior written notice to CC Electro Sales shall move for an Order determining the treatment to be afforded the materials in dispute. CC Electro Sales shall bear the burden of proof that the information it has designated as "CONFIDENTIAL" is indeed entitled to the protection of this Order.  Until the Court enters an Order changing the designation, the material shall be given the confidentiality treatment initially assigned to it and provided for it in this order.

7.      Undertaking of Persons Receiving Designated Materials.  In no event shall any Confidential Materials be disclosed to any person described in paragraph 5(c) and 5(e) until that person has executed a written declaration in the form attached hereto as Exhibit A, acknowledging he or she has read a copy of this Order and agrees to be bound thereby; provided, however, that a third-party witness may be shown Confidential Materials during his or her deposition, or at trial,

without executing said declaration.  Any such third-party witness may not retain a copy of any Confidential Materials without first executing said declaration and shall return or destroy all such Confidential Materials in accordance with this Order.  Counsel of record shall be responsible for maintaining a file of all declarations obtained pursuant to this paragraph.  The signed declarations shall be available for inspection by this Court upon good cause shown by opposing counsel.

8.     Limitations Upon the Scope of Order.  Nothing contained in this Order shall affect the right of CC Electro Sales to disclose, or use for any purpose, the documents or information produced by it as "CONFIDENTIAL."  This Order shall not limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived from CC Electro Sales as a result of, this litigation.

9.     Filing of Confidential Materials.  No party may file Confidential Materials except pursuant to Local Rules 5.8 and 26.2.

10.     Clerk to Return Designated Materials.  Upon final adjudication (including any appellate proceedings) of the claims at issue in this action, or upon such earlier order as the Court may enter pursuant to a duly filed motion filed no later than 63 days after the final adjudication of this matter, the Clerk of the United States District Court for the Northern District of Illinois shall return to CC Electro Sales all Confidential Materials  that have been filed with the Court.

11.     Inadvertent Failure to Designate Materials.     The initial failure to designate information as "CONFIDENTIAL" in accordance with this Protective Order shall not preclude CC Electro Sales at a later date, from designating in good faith any information "CONFIDENTIAL" which it inadvertently failed to so designate previously.  CC Electro Sales may, by written notice to counsel of record for Digisound, designate previously produced information as "CONFIDENTIAL" which it had inadvertently failed to designate as "CONFIDENTIAL".  Upon receipt of such notice, Digisound shall promptly mark its copies of the material accordingly, shall notify all other parties

of the designation made by CC Electro Sales, shall thereafter treat the information as if it has been

designated "CONFIDENTIAL", shall restrict the subsequent disclosure or use of such information

to only those persons qualified pursuant to this Order, and if such information has previously been

disclosed to persons not qualified pursuant to this Order, take reasonable steps to advise such persons

to treat the designated materials as Confidential Materials.

     12.   <u>Duration of Order</u>.  The confidentiality obligations imposed by this Order shall

remain in effect unless and until otherwise expressly ordered by the Court.

     IT IS SO ORDERED.

     Dated this _14_ day of __January__, 2008, at Chicago, Illinois.

 

_____
George W. Lindberg
United States District Court Judge

Digisound Protective Order 11408.wpd

**EXHIBIT A**
**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I have read the Protective Order("Order") in the action entitled *Digisound-Wie, Inc. v. Bestar Technologies, Inc. , et al.,  as Case No. 07 CV 6535,* pending in the United States District Court for the Northern District of Illinois. I understand that I will be shown documents or provided with information or materials that have been designated as Confidential.  I also understand that the documents, materials or information may contain trade secrets, confidential, privileged or proprietary information.  I have initialed each page of the Order as an indication that I understand it and agree to be bound by its terms and provisions.  Without limiting my obligations under the Order, I understand and agree that:

1.      I cannot and will not use any Confidential Materials (as that term is defined in the Order) for any purpose, including any business or commercial purpose, other than to assist counsel or the Court in the prosecution, defense or settlement of this Litigation.  Any use of Confidential Material must be as provided in the Order or subsequent court Order.

2.      If I am given copies of any Confidential Material, I agree to return or destroy it when requested, in accordance with paragraph 7 of the Order.

3.      I understand that violation of this Agreement may result in my being held in contempt of Court and declared responsible for certain fees and costs.

_____        _____
          Printed Name                                                              Signature

_____        _____
          Date of Signature                                                       Address

                                                                  _____
                                                                          City, State, Zip Code