IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIGISOUND-WIE, INC., <br><br>       Plaintiff, <br><br>v. <br><br>BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG, HELENE DE YOUNG, FLORIAN GREILING and LILLI GREILING, <br><br>       Defendants. | ) <br> ) <br> ) Case No. 07 C 6535 <br> ) <br> ) Judge George W. Lindberg <br> ) <br> ) Magistrate Judge Michael T. Mason <br> ) <br> ) <br> ) |

**DEFENDANTS BESTAR TECHNOLOGIES, INC.'S, DIRK DE YOUNG'S AND HELENE DE YOUNG'S REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS COUNTS II THROUGH VIII OF PLAINTIFF'S COMPLAINT**

Defendants BESTAR TECHNOLOGIES, INC. ("BeStar"), DIRK DE YOUNG and HELENE DE YOUNG hereby submit their Reply in support of their Motion to Dismiss Counts II through VIII of Plaintiff Digisound-WIE, Inc.'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. INTRODUCTION

Plaintiff's Response fails to save the deficiencies in its Complaint. First, Plaintiff admits that certain of its common law, non-contract claims (Counts II, III, and VI through VIII) are based at least, in part, on trade secret misappropriation and/or fail to sufficiently refute that they are not. Counts II, III, and VI through VIII are, therefore, preempted by the Illinois Trade Secrets Act. Second, Plaintiff now attempts to mislead the Court into construing Count III as a violation of the Illinois Trade Secrets Act where its Complaint clearly fails to provide Defendants notice of such a claim. Count III could, therefore, only be reasonably construed to be a common law claim for trade secret misappropriation, which would also be preempted by the applicable state statutory trade secrets act. Third, Plaintiff's claim based on the Computer Fraud

1

and Abuse Act (Count IV) fails to allege the requisite "loss" as defined under the Act. Fourth, Plaintiff does not dispute that it did not manufacture or own a trademark in the goods that Defendants allegedly "palmed off" in order to sufficiently allege a "palming off" Lanham Act claim or sufficiently refute Seventh Circuit precedent requiring Plaintiff to have alleged a trademark in the subject goods. Finally, Plaintiff's Response ignores the fact that its civil conspiracy claim was brought against all of the Defendants, including the corporation BeStar, and fails to counter well-settled Illinois law that a corporation cannot conspire with its own agents. It is for these reasons, as further discussed below, that this Court should dismiss Counts II through VIII of Plaintiff's Complaint.

## II. ARGUMENT

### A. Plaintiff Fails To Adequately Plead An Illinois Trade Secrets Act Claim

In its Response, Plaintiff for the first time specifically claims that Count III is a violation of the "Illinois" Trade Secrets Act ("ITSA").[1] (Pl.'s Resp. Br. p. 1). Plaintiff alleges, without citation to any authority, that "[b]ecause Count III does not expressly refer to common law misappropriation, it must be construed as a claim for statutory misappropriation," apparently expecting Defendants and the Court to now assume that Count III is a statutory claim based upon Illinois law. *Id.*

Rule 8(a), cited by Plaintiff, requires that a complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). This "short and plain statement" must be enough "'to give the defendant fair notice of what the…claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964 (2007).

---

[1] Plaintiff's allegations and assertions in its Response cannot be used to supplement the fatal deficiencies in its Complaint.

2

*quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957). When a defendant tests the sufficiency of a complaint by a motion under Rule 12(b)(6), "[t]o survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *Id.*

Plaintiff's Complaint fails to give Defendants fair notice of a claim under the Illinois Trade Secrets Act pursuant to Rule 8(a) or provide any additional allegations in its Response that would raise a right to relief under the Illinois Trade Secrets Act. In fact, one of the cases Plaintiff cites and attaches to its Response appears to support the premise that Illinois law would not apply to its trade secret misappropriation claim. In *C.H. Robinson World Wide, Inc. v. Command Transp., LLC*, 2005 WL 3077998 (N.D.Ill), the Court stated: "[u]nder Illinois trade secrets law, courts must apply the law of the state where the alleged wrong took place or where the benefit was obtained, which is typically the defendant's principal place of business." *Id.* at *5. Here, as Plaintiff alleges in its Complaint, Defendant BeStar's principal place of business is in Arizona, and Defendant Dirk de Young and Helene de Young are Arizona residents. There is thus no basis for Plaintiff to suggest that the Illinois Trade Secrets Act would apply here. Therefore, this Court should dismiss Count III.

### B. Plaintiff Does Not Dispute That Its Non-Contract, Common-Law Claims Are In Part Based Upon The Same Allegations That Comprise Its Trade Secret Misappropriation Claim

Plaintiff does not dispute that the Illinois Trade Secrets Act (as well as Arizona's Uniform Trade Secrets Act) abolishes all common law causes of action predicated on a trade secret theory, except for breach of contract. *Automed Techs. Inc. v. Eller*, 160 F.Supp.2d 915, 921 (N.D. Ill. 2001). Counts II, III and VI, VII and VIII involve the following claims respectively: breach of fiduciary duty (Count II), trade secret misappropriation (Count III),

tortious interference with business (Count VI), tortious interference with business expectancy (Count VII) and civil conspiracy (Count VIII). Since Plaintiff pled what could have only been a common law trade secret misappropriation claim based on the allegations of its Complaint, Count III should be dismissed as it is preempted by either the Arizona or Illinois Trade Secrets Act. With respect to Count VIII, Plaintiff does not refute that its conspiracy claim is premised on Defendants' alleged trade secret misappropriation and that it would be preempted by ITSA. Therefore, this Court should dismiss Count VIII.

Plaintiff admits that Counts II, VI and VII (the breach of fiduciary duty and tortious interference claims) are at least partially dependent on its trade secret misappropriation claim by stating that they are "not solely dependent on trade secret misappropriation." (Pl.'s Resp. Br. p. 2). This is particularly apparent where Plaintiff's breach of fiduciary duty and tortious interference claims are based upon a misappropriation of parts and computer data and/or incorporate the allegations of the trade secret misappropriation claim (Count III). Plaintiff fails to state how its breach of fiduciary duty claims and tortious interference claims are independently distinct from and exist outside of its trade secret misappropriation claim and sufficiently refute why these claims would not be preempted. Therefore, this Court should also dismiss Counts II, VI and VII. Counts VI, VII and VIII of Plaintiff's Complaint specifically incorporate Plaintiff's trade secret allegations. Plaintiff's assertion that these claims are not solely dependent on those allegations, even if true, is not the standard. At the very least, those incorporated allegations should be stricken.

### C. Contrary To Its Misrepresentations, Plaintiff Fails To Allege "Loss" As Defined By the CFAA In Support Of Its Claim

Plaintiff asserts in its Response that it adequately pled a claim under the Computer Fraud and Abuse Act since, although not expressly stated in its Complaint, it suffered one of the five

4

factors listed in Section 1030(a)(5)(B) of the Act. (Pl.'s Resp. Br. p. 4). Specifically, Plaintiff now alleges that it suffered "loss to 1 or more persons during any 1-year period aggregating at least $5,000 in value." 18 U.S.C. § 1030(a)(5)(B)(i). However, not only does Section 1030(g) limit "loss" to economic damages, Section 1030(e)(11), specifically defines "loss" as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11). Plaintiff's Complaint alleges that Plaintiff suffered "lost sales and injury to its customer relations." (Compl. ¶ 20). This is not the requisite loss that Plaintiff must have suffered under the CFAA, and Plaintiff does not allege that it suffered any costs in responding to an offense, conducting a damage assessment, restoring data or information or lost revenue or other damages due to an interruption of service. *See, e.g., Cenveo Corp., v. Celumsolutions Software GMBH & Co. KG*, 504 F.Supp. 574, 581 (D. Minn. 2007) (dismissing CFAA claim where the complaint was devoid of allegations that the defendant's access caused an interruption in service or that the defendant incurred costs associated with responding and conducting damage assessment); *Nexans Wires S.A. v. Sark-USA, Inc.*, 319 F.Supp.2d 468, 477-78 (S.D.N.Y. 2004) (revenue lost as result of competitor's alleged misappropriation of information in files did not constitute "loss" within meaning of statute); *L-3 Comm. Westwood. Corp. v. Robicharux*, 2007 WL 756528 *4 (E.D. La). (loss of trade secrets and lost profits not contemplated by the CFAA). Since Plaintiff fails to allege the requisite loss under the CFAA, this Court should dismiss its CFAA claim.

### D. Plaintiff Fails To Allege That It Manufactured Or Owned A Trademark In The Subject Goods

None of the cases cited by Plaintiff support the premise that Plaintiff was not required to

allege that it was the actual manufacturer of the goods that were allegedly "palmed off" or that it owned a trademark in the subject goods. Even the cases cited by Plaintiff in its Response support the conclusion that Plaintiff must allege it owned a trademark in the subject goods. In *Do It Best Corp. v. Passport Software Inc.*, 2004 WL 1660814 (N.D.Ill), this Court not only cited the three elements quoted by Plaintiff in its Response, but further added: "[The plaintiff] may prevail if it establishes (1) that *it has a protectible trademark*, and (2) a likelihood of confusion as to the origin of [the defendant's] product." *Id.* at *16 (italics added). It is undisputed that Plaintiff did not allege that it has a protectible trademark in the goods that Defendants allegedly palmed off in violation of the Lanham Act.

Plaintiff also did not in any way distinguish this case from the Seventh Circuit precedent cited by Defendants in its Motion, *Bretford Mfg., Inc. v. Smith Sys. Mfg. Corp.*, 419 F.3d 576 (7th Cir. 2005), which specifically stated that a palming off claim occurs when a firm puts someone else's trademark on its own goods and requires a "trademark loss" of some sort. *Id.* at 580. Rather, Plaintiff puts misplaced reliance on an earlier Seventh Circuit case, *Dunn v. Gull*, 990 F.2d 348 (7th Cir. 1993). *Dunn* is distinguishable as it did not involve a palming off claim, and it dealt with an earlier version of Section 43(a) of the Lanham Act – a version prior to the one at issue in this case. *Id.* at 351 (stating "Section 43(a) was revised in 1988 after this lawsuit was filed"). Plaintiff also cites to *Central Mfg. Co. v. Brett*, 2005 WL 2445898 (N.D.Ill.), which in fact holds that to prevail on a Section 1125(a) claim, the plaintiff must show that it has (1) "prior ownership rights in the mark" and (2) that defendant's use of the mark creates a likelihood of confusion, deception of mistake. *Id.* at *8. Since it is undisputed that Plaintiff did not allege that it manufactured or owned a trademark in the alleged goods, Plaintiff's fails to adequately state a palming off claim under the federal Lanham Act, and Count V should also be dismissed.

### E. Plaintiff Ignores The Allegations Of Its Complaint And Does Not Dispute That A Corporation Cannot Conspire With Its Own Agents

In an attempt to survive application of the intra-corporate conspiracy doctrine, Plaintiff alleges in its Response that its civil conspiracy claim is based on its allegations of improper conduct by Florian Greiling and the de Youngs prior to their departure from Digisound-WIE. (Pl.'s Resp. Br. p. 2-3). Plaintiff, however, ignores the fact that its civil conspiracy claim was brought against "all" of the defendants and not simply certain of the individual defendants. (See Compl. p. 8, "Count VIII – Civil Conspiracy Against All Defendants"). Paragraph 28 of Count VIII alleges that "[i]n engaging in the foregoing conduct, *the defendants* have conspired to commit various torts against Digisound-WIE with the intent to misappropriate its customer and supplier relationships." (Compl. ¶ 28) (italics added). The conspiracy count incorporates all of the prior allegations, many of which post-date the incorporation of BeStar. (Compl. ¶¶ 17-19). Thus, Plaintiff's assertion in its Response that its conspiracy claim is based solely on pre-incorporation conduct is false. Defendants in this action against which Plaintiff has brought its claim include not only Florian Greiling, Dirk de Young and Helene de Young, but also BeStar Technologies and Lilli Greiling. All of these defendants could not liable for conspiracy based on the alleged agreement and conduct that certain of the individual defendants allegedly participated in before they formed[2] BeStar Technologies. Defendant Lilli Greiling, for instance, is not alleged in the Complaint to have worked for Digisound-WIE or its parent or to have been part of the alleged agreement.

The case cited by Plaintiff, *M&R Printing Equip. Inc. v. Anatol Equip. Mfg. Co.*, 321 F.Supp.2d 949 (N.D. Ill. 2004), states that under Illinois law, a civil conspiracy cannot exist

---

[2] Plaintiff's Response appears to allege that Defendant Florian Greling is a shareholder of BeStar Technologies, however its Complaint does not specifically allege this. Rather, the Complaint appears to generally allege that Florian Greiling was an agent in some capacity of BeStar. (Pl.'s Resp. Br. p. 2).

7

between a principal and his agent and notes that in pleading a conspiracy claim, the "complaint must indicate the parties, general purpose and approximate date so that the defendant has notice of what he is charged with." *Id.* at 952. Here, the parties named in the alleged conspiracy are all of the defendants. However, all of the defendants could not have come into an agreement to commit torts before one of the defendants, BeStar, was formed. Even if Plaintiff sufficiently alleged that all of the defendants entered in such an agreement, the intra-corporate conspiracy doctrine would apply since Plaintiff does not dispute that the De Youngs were acting in their capacities as officers and agents for BeStar when allegedly conspiring with BeStar and the other defendants.

It would be further unreasonable for Plaintiff to expect Defendants to construe its claim as having been brought against only certain of the defendants and guess which defendants those are. Plaintiff had an obligation to provide adequate notice of its claim under Rule 8(a). Since Plaintiff failed to plead an actionable civil conspiracy claim against Defendants, this Court should dismiss Count VIII.

### III.    CONCLUSION

For the reasons stated above, Defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG respectfully request that this Court enter an Order dismissing Counts II through VIII of Plaintiff's Complaint with prejudice and granting any other relief it seems appropriate.

Respectfully Submitted,

BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG

By: /s/ Charmagne Topacio
    One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000

## CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2008, I electronically filed **Defendant BeStar Technologies, Inc., Dirk de Young's and Helene de Young's Reply Memorandum In Support of Their Motion To Dismiss Counts II Through VIII of Plaintiff's Complaint** with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to the following:

>Arthur B. Sternberg
>Susan M. Lorenc
>Thompson, Coburn, Fagel, Haber
>55 East Monroe Street, 40th Floor
>Chicago, IL 60603
>asternberg@tcfhlaw.com
>slorenc@tcfhlaw.com

By: /s/   Charmagne Topacio

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000

CH 424095