# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIGISOUND-WIE, INC., | ) |
| | ) |
| Plaintiff, | ) Case No. 07 C 6535 |
| v. | ) |
| | ) Judge George W. Lindberg |
| BESTAR TECHNOLOGIES, INC., DIRK DE | ) |
| YOUNG, HELENE DE YOUNG, FLORIAN | ) Magistrate Judge Michael T. Mason |
| GREILING and LILLI GREILING, | ) |
| | ) |
| Defendants. | ) |

## STIPULATED PROTECTIVE ORDER

By agreement of Plaintiff DIGISOUND-WIE, INC and Defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG, the Court hereby orders that the following procedures are to be employed in this action for the protection against improper disclosure of confidential and/or proprietary information produced in discovery or filed with this Court in this case:

1. **Definitions**.

1.1 Confidential Information. "Confidential Information," which may be designated as provided in paragraph 4 below, is defined as follows: trade secrets; non-public business, accounting or financial information (e.g., customer lists, sales and profits information, sales projections, communications with customers, clients or suppliers), contracts, invoices, purchase orders; specifications, drawings, research, development or commercial information; and other confidential or private personal information.

1.2 Confidential-Attorneys' Eyes Only. A party or third party who in good faith believes any particular Confidential Information is so sensitive that for business competition

2

reasons it should not be disclosed to any other party or third party may designate that Confidential Information as "Confidential-Attorneys' Eyes Only." Information which is designated "Confidential-Attorneys' Eyes Only" shall be used solely for the purposes set forth in paragraph 2.1 below, and disclosed only to persons specified in paragraph 5.1 below.

1.3   Persons Protected. As used herein, "Person" includes both the named parties to the above-captioned litigation and third parties who seek to designate "Confidential Information" as "Confidential" or "Confidential-Attorneys' Eyes Only" and who have agreed to or been ordered to be bound by this Protective Order.

2.   **Scope of Protection/Disclosure of Confidential Information in Other Proceedings**. This Protective Order governs the handling of all Confidential Information, including business records, other documents, testimony, and other information, including all copies, excerpts, and summaries thereof, produced, given, filed, or disclosed in any other manner during discovery and other proceedings in this action, including Confidential Information produced, given, filed, or disclosed prior to the date of this Protective Order that is appropriately designated as such pursuant to Paragraph 4.

2.1   Use Limitations. All Confidential Information shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business or other purpose whatsoever, and shall not be given, shown, or made available or communicated in any way to anyone except as provided in paragraph 5.

2.2   Other Proceedings. If any party to another legal proceeding, or a court or an administrative agency, through discovery demands, subpoenas, or by other means or orders, seeks production or other disclosure of information which has come into possession of a party hereto as Confidential Information in this litigation, the party receiving such subpoena or order

3

or demand for such Confidential Information shall, to the extent legally permissible, promptly and before producing Confidential Information to such other party, court, or administrative agency, notify:

    2.2.1    the requesting party, court, or administrative agency of this Protective Order; and

    2.2.2    the Person that originally produced the Confidential Information at issue of the pendency of such discovery demand, subpoena, or order to produce.

    **3.1**    **Confidential Information Produced by Third Parties.**  If, in the course of this action, discovery is sought from a third party which would require such Person to disclose and/or produce information deemed by them to constitute Confidential Information, such third party may gain the protections of this Order by agreeing in writing to produce documents pursuant to this Order and to be bound by it.  No further order of this Court shall be necessary to extend the protections of this Order to third parties.

    **4.**    **Designation of Confidential Information.**  Any party or other Person who produces, gives, or files Confidential Information within the definition stated in Paragraph 1 shall designate such information as follows:

    4.1    Designation of Documents.  Documents (including business records, pleadings, written discovery responses, and all other written materials) containing Confidential Information shall be so designated by stamping "Confidential" or "Confidential-Attorneys' Eyes Only" on each page prior to production.  In lieu of marking the original of documents, the party may mark the copies that are produced or exchanged.  To facilitate the inspection of large volumes of documents without the need to first affix a confidential designation to the face of each, the producing party may, at its option, permit counsel for the receiving party to initially inspect the

documents for the purpose of designating those to be copied, and the producing party need only thereafter affix said designation to the copies of the documents designated to be copied.

4.2     <u>Designation of Deposition Testimony</u>.  Deposition testimony may be designated as Confidential Information subject to this Order, in whole or in part, on the record at the time of such testimony, in which case the person making the designation shall instruct the Court Reporter to separately bind the "Confidential" and "Confidential-Attorneys' Eyes Only" portions of the deposition transcript and shall instruct the Court Reporter to stamp the words "Confidential" or "Confidential Attorneys' Eyes Only," as appropriate, on each page.

4.3     <u>Subsequent Designations</u>.    Documents, deposition transcripts, and other information may be designated as "Confidential" or "Confidential-Attorneys' Eyes Only" after they have been produced without having been so designated, only under the following conditions:

4.3.1   Persons to whom such documents, testimony, or other information, have been disclosed must be advised in writing, with affirmative acknowledgment of receipt in writing, of the new designation.  The writing and acknowledgment may be by email.

4.3.2   The new designation applies only as of the date and time of receipt of notice by each Person notified.

4.3.3   Persons to whom such documents, testimony, or other information have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of notice described in Paragraph 4.3.1.

4.3.4   Persons to whom such documents, testimony, or other information have been disclosed must be provided with another copy of the documents, deposition testimony, or other information that bears the designation.

5

4.3.5   Subsequent confidentiality designations of deposition testimony not designated during the course of the deposition shall be made within 30 days of the designating party's receipt of the deposition transcript.

5.   **Persons to Whom Confidential Information May Be Disclosed**.

5.1   "Confidential" Designation.   Except as otherwise provided by this Protective Order, including but not limited to paragraph 1.2 above, information designated as "Confidential" in accordance with paragraph 4 above shall be disclosed only to:

5.1.1   Counsel of record for the parties in this action, and other attorneys, clerical, paralegal, and other staff employed by such counsel or parties (including employees of independent copying services);

5.1.2   Officers, directors, or employees of each of the parties, who are participating in the prosecution or defense of this action, and for no other purpose; provided, however, that before access is given, each such officer, director, or employee shall have been advised of this Order and the obligations contained in it.

5.1.3   The Court, court personnel, and the jury;

5.1.4   Any other Person as to whom the producing Person agrees in writing;

5.1.5   Witnesses at deposition or trial;

5.1.6   Court reporters employed in connection with this action; and

5.1.7   Outside experts and consultants, subject to the requirements of this sub-paragraph. If any party desires to give, show, make available or communicate documents or information designated as "Confidential" or "Confidential-Attorneys' Eyes Only" to any retained outside testifying or non-testifying expert or consultant, the party must obtain an agreement in the form of Exhibit A to this Order signed by the expert or consultant.

5.2  "Confidential-Attorneys' Eyes Only" Designation. Except as otherwise provided by this Protective Order, information designated as "Confidential-Attorneys' Eyes Only" shall be disclosed only to Persons described in paragraph 5.1.1 and 5.1.3 through 5.1.7.

5.3  Disclosure of Confidential Transcripts to the Deponent. Deposition transcripts containing Confidential Information maybe shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order.

5.4  Limited Exceptions:

5.4.1  Author/Addressees. This Protective Order shall not apply to the disclosure of documents, or the contents thereof, to persons who were the authors or addressees of those documents or who are shown as having received copies, provided, however, that this paragraph shall not relieve any such persons from his/her independent duty of confidentiality.

5.4.2  Witnesses. If a document designated as Confidential Information refers to the conduct or affairs of a potential witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its author, or its source, or the document may be shown to the potential witness if the potential witness is advised of this Order and agrees to be bound by it.

5.4.3  Certain Information Not Subject To Scope of Order. The restrictions of this Protective Order shall not apply to information which: (a) was, is, or becomes public knowledge, through no breach of the provisions of this Protective Order or any duty owed to the designating party; or (b) was or is acquired from a third party possessing such information and having no obligation of confidentiality to the designating party; or (c) is in the receiving party's lawful

possession at the time of disclosure or is developed independently by the receiving party without the use of Confidential Information.

6. **Court Filings and Proceedings Involving Confidential Information.** No party may file Confidential Materials except pursuant to Local Rules 5.8 and 26.2.

6.1 Any Court hearing in which reference is made to Confidential Information shall, upon motion of any party, and in the Court's discretion, be *in camera*. Any party may file a motion with the Court to request that all or a part of the proceedings be conducted in camera.

6.2 Any papers filed in Court which contain Confidential Information and which are filed under shall be maintained and disposed of pursuant to Local Rule 26.2(g).

7. **Resolution of Disputes.** A party shall not be obligated to challenge the propriety of a "Confidential" or "Confidential-Attorneys' Eyes Only" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If a party to this litigation disagrees at any stage of these proceedings with the designation of any information as "Confidential" or "Confidential-Attorneys' Eyes Only," the parties shall try first to dispose of such a dispute in good faith on an informal basis. If the dispute cannot be resolved, the party objecting to the designation may advise the other party that it so objects in writing. Once so advised, the party seeking to challenge the designation of the information as "Confidential" or "Confidential-Attorneys' Eyes Only," may file a motion with the Court seeking to change that designation. If no motion is filed or if the Court does not grant the motion, the information shall maintain its designation under this Order. The party challenging the "Confidential" or "Confidential-Attorneys' Eyes Only" designation and shall have the burden of proving the same.

8. **Advice to Client Based on Confidential Information.** Nothing in this Order shall bar or otherwise restrict any attorney herein from rendering advice to his/her client.

8

9.  **Duration of Order: Disposition of Confidential Information Following Litigation.**

9.1  This Order shall continue to be binding after the conclusion of this litigation, and this Court shall retain jurisdiction for the limited purpose of enforcing this Order (without the necessity of filing a new or separate civil action).

9.2  At the conclusion of this litigation (i.e., upon its dismissal or entry of judgment, and the expiration of the time for all appeals), all documents or transcripts designated "Confidential" or "Confidential-Attorneys' Eyes Only," and any copies thereof and summaries or other materials containing or disclosing Confidential Information, shall either be destroyed or returned to the Person producing same, with that party providing written certification to that Person of its, his, or her compliance with this paragraph.

9.2.1  Notwithstanding the foregoing provisions of paragraph 9.2, following the conclusion of this litigation, a party or any attorney for a party may maintain a complete set of pleadings, deposition transcripts and exhibits, and trial transcripts and exhibits, subject to the continuing applicability of the terms and provisions hereof.

9.2.3  None of the following shall be used in this action or any other proceeding as evidence that a document or other information was or is considered to constitute a trade secret or confidential information: (a) the contents of this Order; (b) the fact that a party stipulated to entry of this Order; (c) the designation of a document or other information as "Confidential" or "Confidential-Attorneys' Eyes Only" pursuant to this Order; or (d) any party's failure to object to such a designation pursuant to this Order. All labels, stamps, or other markings reflecting a designation pursuant to this Order shall be removed or redacted from documents and information prior to being shown to a witness in court or introduced into evidence.

**IT IS ORDERED that the above Protective Order is approved and adopted by this Court.**

Dated: JAN 3 0 2008

United States District Judge

## STIPULATION

The parties that have appeared in this action, by their undersigned counsel, hereby stipulate to entry of the Protective Order set forth above.

Dated: January 25, 2008       s/Arthur Sternberg
Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235

ATTORNEYS FOR PLAINTIFF DIGISOUND-WIE, INC.

Dated: January 25, 2008       s/Charmagne Topacio
Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000

ATTORNEYS FOR DEFENDANTS BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG AND HELENE DE YOUNG