# UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS

DIGISOUND-WIE, INC.
      PLAINTIFF/PETITIONER
VS.

BESTAR TECHNOLOGIES, INC., DIRK YOUNG,
HELENE DE YOUNG, FLORIAN GREILING, and
LILLI GREILING
      DEFENDANT/RESPONDENT

CAUSE # :  07 C 6535

CERTIFICATE OF SERVICE

This service has been completed in compliance with the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (Done at The Hague November 15, 1965) (Entered Into Force for the U.S. on February 10, 1969). The Certificate of Service attached is also in compliance.

**ABC Legal Services, Inc.**
633 Yesler Way Seattle, WA 98104
206 521-9000
TRACKING # : 4973215

**ORIGINAL**
**PROOF OF SERVICE**

THOMAS COBURN FAGEL HABER
55 EAST MONROE STREET 40TH FLOOR
CHICAGO, IL 60603
312 580 2302
Page 1 of 1
OR_WGENEVA

# CERTIFICATE

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**

1) that the document has been served*
   the (date) _____ Hamburg, 30. Januar 2008
   at (place, street, number) D-22043 Hamburg, Am Husarendenkmal 13

   in one of the following methods authorized by article 5:

   ☒ (a) in accordance with the provisions of sub-paragraph (a)
   of the first paragraph of article 5 of the Convention.*

   ☐ (b) in accordance with the following particular method:*
   _____
   _____

   ☐ (c) by delivery to the addressee, who accepted it voluntarily.*

   The documents referred to in the request have been delivered to:
   (identity and description of person)
   Frau Wanda – Mutter –
   _____

   relationship to the addressee family, business, or other
   _____

2) that the document has not been served, by reason of the following facts:*
   _____
   _____

**In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement.***

Annexes

Documents returned:    Zustellersuchen nebst Anlagen
_____        Done at ___Hamburg___, the 30. Januar 2008

_____        Signature and/or stamp

In appropriate cases, documents establishing
the service:

_____        Rechtspflegerin
_____
_____
_____


USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

# REQUEST
# FOR SERVICE ABROAD OF JUDICIAL OR EXTRAJUDICIAL DOCUMENTS

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

| Identity and address of the applicant | Address of receiving authority |
|---|---|
| **Rick Hamilton**<br>**633 Yesler Way**<br>**Seattle, WA 98104**<br>**United States of America**<br><br>Authorized applicant pursuant to public law 97-351 of Feb. 26, 1983 which amended rule 4(c) 2(a) Federal Rules of Civil Procedure | PRASIDENT DES AMTSGERICHTS HAMBURG<br>SIEVEKINGPLATZ 1<br>20355 HAMBURG |

The undersigned applicant has the honour to transmit-in-duplicate the documents listed below and, in conformity with article 5 of the above-mentioned Convention, requests prompt service of one copy thereof on the addressee, i.e.;
(identity and address)

**FLORIAN GREILING**
**AM HUSARENDEAKMAL 13**
**22043 HAMBURG**
**GERMANY**

DOB:                    Phone:

☒ (a) in accordance with the provisons of sub-paragraph (a) of the first paragraph of article 5 of the Convention.*

☐ (b) in accordance with the following particular method (sub-paragraph (b) of the first paragraph of article 5):*

_____

☐ (c) by delivery to the addressee, if he accepts it voluntarily (second paragraph of aticle 5).*

The authority is requested to return or to have returned to the applicant a copy of the documents – and of the annexes* – with a certificate as provided on the reverse side.

Hearing Date:

List of documents:

**SUMMONS IN A CIVIL CASE; COMPLAINT WITH EXHIBITS A AND B; CIVIL COVER SHEET (SUBMITTED IN DUPLICATE WITH TRANSLATIONS)**

Done at Seattle, Washington USA, on Jan  2 2008

Signature and/or stamp

PFI | PROCESS FORWARDING INTERNATIONAL

TRACKING #: 4973215

USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

# SUMMARY OF THE DOCUMENT TO BE SERVED

**Convention on the service abroad of judicial and extrajudicial documents in civil or commercial matters, signed at The Hague, November 15, 1965.**

## (article 5, fourth paragraph)

Name and address of the requesting authority:  **Rick Hamilton**
**633 Yesler Way**
**Seattle, WA 98104**
**United States of America**

Particulars of the parties:

**DIGISOUND-WIE, INC.**              vs.    **BESTAR TECHNOLOGIES, INC., DIRK YOUNG, HELENE DE YOUNG, FLORIAN GREILING, and LILLI GREILING**

## JUDICIAL DOCUMENT*

Nature of the document:
To give notice to the Defendants of the institution against them of a claim for civil damages, and summon them to answer to the claim.

Nature and purpose of the proceedings and, where appropriate, the amount in dispute:
Plaintiff is seeking to recover civil damages, amount to be determined in court.

Date and place for entering appearance:*
Defendants have twenty days from receipt of the Summons to answer to the claim, address is noted on the Summons.

Court which has given judgment:*
n/a

Date of judgment:*
n/a

Time limits stated in the document:*
Hearing Date:

## EXTRAJUDICIAL DOCUMENT*

Name and purpose of the document:
n/a

Time limits stated in the document:*
n/a

# CERTIFICATE

**The undersigned authority has the honour to certify, in conformity with article 6 of the Convention,**

1) that the document has been served*
     the (date) _____
     at (place, street, number) _____
     _____

in one of the following methods authorized by article 5:

☐ (a) in accordance with the provisions of sub-paragraph (a)
     of the first paragraph of article 5 of the Convention.*

☐ (b) in accordance with the following particular method:*
     _____
     _____

☐ (c) by delivery to the addressee, who accepted it voluntarily.*

The documents referred to in the request have been delivered to:
     (identity and description of person)
     _____
     _____

     relationship to the addressee family, business, or other
     _____

2) that the document has not been served, by reason of the following facts:*
     _____
     _____

**In conformity with the second paragraph of article 12 of the Convention, the applicant is requested to pay or reimburse the expenses detailed in the attached statement.***

Annexes

Documents returned:

_____

_____

_____

Done at _____, the _____

Signature and/or stamp

In appropriate cases, documents establishing
the service:

_____

_____

_____

_____

TRACKING #: 4973215



USM-94 (Est. 11/22/77)
(Formerly OBD-116, which was formally LAA-116, both of which may still be used)
* Delete if inappropriate

AO 440  (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### SUMMONS IN A CIVIL CASE

DIGISOUND-WIE, INC.,
Plaintiff,

|  |  |
|---|---|
| CASE NUMBER: | 07 C 6535 |

V.

BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG,
HELENE DE YOUNG, FLORIAN GREILING, and LILLI
GREILING,
Defendants.

|  |  |
|---|---|
| ASSIGNED JUDGE: | Lindberg |
| DESIGNATED MAGISTRATE JUDGE: | Mason |

TO: (Name and address of Defendant)

Florian Greiling

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Arthur Sternberg
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL W. DOBBINS, CLERK

**NADINE FINLEY**
_____
(By) DEPUTY CLERK

NOV 2 8 2007
_____
DATE

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant.  Place where served: _____

_____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

_____

_____

G  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

    I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____     _____
                         Date                         *Signature of Server*


                                  _____
                                  *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

**FILED**

**NOVEMBER 16, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In the United States District Court
For the Northern District of Illinois
Eastern Division

DIGISOUND-WIE, INC.,

      Plaintiff,

v.

BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG,
HELENE DE YOUNG, FLORIAN GREILING, and
LILLI GREILING,

      Defendants.

# 07 C 6535

**JUDGE LINDBERG**
**MAGISTRATE JUDGE MASON**

## Complaint

Plaintiff DIGISOUND-WIE, INC. (Digisound-WIE), complains of defendants BESTAR

TECHNOLOGIES, INC., DIRK DE YOUNG, HELENE DE YOUNG, FLORIAN GREILING, and LILLI

GREILING:

## 1. Allegations Common to All Counts

### A. Jurisdiction and Venue

1.    Jurisdiction for this action is brought pursuant to 28 U.S.C. § 1331 as an action

arising under federal law. Jurisdiction for state claims is brought under 28 U.S.C. § 1367,

because the state law claims form part of the same case or controversy as the federal law claims,

or, alternatively, under 28 U.S.C. § 1332(a), as one in which the plaintiff and all of the

defendants are citizens of different states and the matter in controversy exceeds $75,000,

exclusive of interest and costs.

2.    The federal law claims arise under 15 U.S.C. § 1125(a) for "palming off"

Digisound-branded goods in violation of the Lanham Act and 18 U.S.C. § 1030(a)(2)(C) for

misappropriating Digisound-WIE's computer data in violation of the Computer Fraud and Abuse

Act. The state law claims are for breach of contract by Dirk de Young, breach of duty by Dirk

de Young and Helene de Young, tortious interference with contract by all defendants, tortious interference with reasonable commercial expectation against all defendants, and civil conspiracy against all defendants.

3.      Because defendants Florian Greiling and Lilli Greiling are non-resident aliens, venue in this district is proper under 28 U.S.C. § 1391(d).  Defendant BeStar Technologies, Inc. does business in this district, making venue in this district proper under 28 U.S.C. § 1391(c). Defendants Dirk de Young and Helene de Young entered into the contracts with Digisound-WIE that are part of the subject matter of this case in Illinois and worked for Digisound-WIE in Illinois, where Digisound-WIE's principal office is located.  With knowledge that Digisound-WIE's principal office is located in this district, the defendants directed tortious activities within this district, including, on information and belief, seeking to sell Digisound-branded goods and divert sales by Digisound-WIE in this district, making venue in this district proper under 28 U.S.C. § 1391(b)(2).

## B.  Parties

4.      Plaintiff Digisound-WIE is an Illinois corporation formed in 2001 as a sales subsidiary of its parent company Digisound-Electronic GmbH.  Its principal office is 1512 Artaius Parkway, Suite 100, Libertyville, Illinois 60048.  Digisound-WIE sells buzzers, sirens, and loudspeakers, which are incorporated into automotive, telecommunication, fire and security, and white good products.  Digisound-WIE's products are made by Changzhou BeStar Acoustic Co., a Chinese joint venture entity that is 40% owned by Digisound-Electronic GmbH. The joint venture agreement gives Digisound-Electronic GmbH and its corporate affiliates the exclusive right to sell parts made by  the joint venture, and to use the joint venture's "BeStar" trademark, outside of China.  While the joint venture's products are identified by the "Digisound" brand

name and logo, purchasers and potential purchasers also associate the BeStar name with Digisound-WIE and its parent corporation.

5.     Defendant BeStar Technologies, Inc. was incorporated as an Arizona corporation on May 10, 2007 by defendant Dirk de Young while he was employed by Digisound-WIE. BeStar Technologies principal office is 999 E. Fry Blvd., Suite 304, Sierra Vista, AZ 85635.

6.     Defendant Dirk de Young currently resides at 6334 S. Volcano Lane, Hereford, Arizona 85615. He was employed by Digisound-WIE from approximately September 2001 until he resigned effective on or about June 25, 2007.

7.     Defendant Helene de Young currently resides at 6334 S. Volcano Lane, Hereford, Arizona 85615, is married to co-defendant Dirk de Young, and was also employed by Digisound-WIE from June 2004 until she resigned effective on or about June 25, 2007.

8.     Defendant Florian Greiling is a German resident and was Managing Director of Digisound-Electronic GmbH until his unexpected resignation on May 31, 2007. Until his resignation, Florian Greiling had independent charge of Digisound-WIE's operations on behalf of Digisound-Electronic GmbH.

9.     Defendant Lillian Greiling is a German resident, the daughter of co-defendant Florian Greiling, and as Florian Greiling's agent, is a shareholder of co-defendant BeStar Technologies, Inc.

## C. The Parties' Agreements

10.     Until late June 2007, Digisound-WIE's only employees were Dirk de Young, as its National Sales Manager, and his wife defendant Helene de Young, who handled clerical and customer service duties.

11.     Dirk de Young was employed pursuant to the terms of a 2001 Employment Agreement, a genuine copy of which is attached as Exhibit A. The Employment Agreement

3

prohibits Dirk de Young from working for a competitor for one year. Helene de Young was employed under the terms of a May 31, 2004 offer letter, a genuine copy of which is attached as Exhibit B. Both agreements were entered into in this district, where the de Youngs worked for Digisound-WIE until sometime in 2005.

12.    During their employment with Digisound-WIE, the de Youngs were responsible for placing orders with the joint venture to assure a steady supply of BeStar parts for customers.

## D. Defendants' Wrongful Acts

13.    On information and belief, sometime prior to April 2007, Florian Greiling and the de Youngs agreed on a plan to render Digisound-WIE's unable to continue to supply BeStar-made parts to its U.S. customers and to use that opportunity to supply those customers with parts, some of which were apparently misappropriated from Digisound-WIE's inventory.

14.    In April 2007, in furtherance of their plan, the de Youngs stopped placing Digisound-WIE orders with the joint venture entity so Digisound-WIE would lack parts inventory to ship to customers, whose just-in-time or lean manufacturing systems depend on suppliers maintaining an adequate supply of inventory for delivery as needed.

15.    On or about April 24, 2007, in furtherance of their plan, the de Youngs placed a "replacement" order to the joint venture entity for 45,000 BeStar parts that had a selling price of approximately $33,000. However, none of the parts ever appeared in Digisound-WIE's inventory or records. On information and belief, the defendants diverted the parts and sold them as Digisound-branded parts to Digisound-WIE's customers.

16.    On May 4, 2007, the de Youngs signed papers to incorporate BeStar Technologies. The Articles of Incorporation, filed May 10, 2007, show that both of the de Youngs are shareholders, with Dirk de Young listed as Director and President and Helene de Young listed as Shareholder, Secretary, and Treasurer. The Articles also show Wu Yifei, Gou

4

Ling, and Lilli Greiling as shareholders. Yifie, also known as David Wu, is the Managing Director of the joint venture entity.

17.    On or about June 25, 2007, the de Youngs resigned their employment with Digisound-WIE and shortly thereafter opened a competing office immediately next door to Digisound-WIE's. Before resigning, however, the de Youngs misappropriated data from Digisound-WIE's computers concerning its sales and operations and destroyed the data that resided on the hard drives of those computers. The data that was copied included Digisound-WIE's pricing to different customers, purchase orders from customers, past and expected parts deliveries to customers, and the correlations between Digisound-WIE part numbers and BeStar part numbers.

18.    On July 1, 2007, CC Electro, which acted as a sales representative for Digisound-WIE, breached its written contract with Digisound-WIE by immediately terminating it, despite the contract requiring CC Electro to continue to act as its sole sales representative for a minimum of 30 days. On information and belief, defendants induced CC Electro to breach its contract with Digisound and enter into a sales representative contract with BeStar Technologies, Inc., pursuant to which CC Electro attempted to move Digisound-WIE's customers to BeStar Technologies, Inc.

19.    In August 2007, as a result of defendants' above acts, Digisound-WIE customers began to run out of Digisound parts. Defendants offered to supply Digisound parts to them, claiming to be able to provide them directly from the manufacturer. By misrepresenting the parts as Digisound's, the defendants were able to avoid the long process that would have been necessary to qualify the parts through product testing required to demonstrate that they meet each customer's specifications.

5

20.    As a result of the foregoing, Digisound-WIE suffered lost sales and injury to its customer relations in an amount in excess of $75,000.

## Count I – Breach of Contract by Dirk de Young

1-20.    For ¶¶ 1-20 of Count I, Digisound-WIE repeats the preceding ¶¶ 1-20.

21.    The foregoing actions by Dirk de Young are a continuing breach of ¶ 14 of his Employment Agreement with Digisound-WIE.

22.    Digisound-WIE has fully performed its obligations under the Employment Agreement.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including:

A.    A preliminary and permanent injunction prohibiting Dirk de Young, and all those acting in concert with him, from continuing to breach ¶ 14 of his Employment Agreement.

B.    An award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits.

## Count II – Breach of Duty of Loyalty by Dirk De Young and Helene de Young

1-22.    For ¶¶ 1-22 of Count II, Digisound-WIE repeats the preceding ¶¶ 1-22.

23.    The foregoing actions by the de Youngs breached their duty of loyalty to Digisound-WIE.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

## Count III – Misappropriation of Trade Secrets against All Defendants

1-23.    For ¶¶ 1-23 of Count III, Digisound-WIE repeats the preceding ¶¶ 1-23.

6

24.    In engaging in the foregoing conduct, the defendants misappropriated Digisound-WIE's trade secret information for their personal benefit.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

## Count IV – Violation of Computer Fraud and Abuse Act against All Defendants

1-24.    For ¶¶ 1-24 of Count IV, Digisound-WIE repeats the preceding ¶¶ 1-24.

25.    In engaging in the foregoing conduct, the defendants exceeded their authorization in accessing Digisound-WIE computers and wrongfully destroyed data stored on them, which violates the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C).

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

## Count V – Palming Off in Violation of Lanham Act against All Defendants

1-25.    For ¶¶ 1-25 of Count V, Digisound-WIE repeats the preceding ¶¶ 1-25.

26.    In engaging in the foregoing conduct, the defendants offered and sold products in interstate commerce through a misrepresentation that the parts were Digisound and thus met the specifications of Digisound parts and were backed by Digisound's product warranties, which violates the federal Lanham Act, 15 U.S.C. § 1125(a).

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

7

## Count VI – Tortious Interference with Business Against All Defendants

1-26.   For ¶¶ 1-26 of Count VI, Digisound-WIE repeats the preceding ¶¶ 1-26.

27.   In engaging in the foregoing conduct, the defendants have tortiously interfered with Digisound-WIE's contracts with customers by causing Digisound-WIE to be unable to meet all of its customer orders and appropriating the opportunity to fill those orders with BeStar parts either misappropriated from Digisound-WIE or otherwise wrongfully obtained by defendants.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

## Count VII – Tortious Interference with Business Expectancy Against All Defendants

1-27.   For ¶¶ 1-27 of Count VII, Digisound-WIE repeats the preceding ¶¶ 1-27.

28.   In engaging in the foregoing conduct, the defendants have tortiously interfered with Digisound-WIE's expectancy to continue to be the exclusive supplier of BeStar products in the United States, which would have continued but for the foregoing conduct.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

## Count VIII – Civil Conspiracy Against All Defendants

1-28.   For ¶¶ 1-28 of Count VIII, Digisound-WIE repeats the preceding ¶¶ 1-28 applicable to all counts.

28.    In engaging in the foregoing conduct, the defendants have conspired to commit various torts against Digisound-WIE with the intent to misappropriate its customer and supplier relationships.

THEREFORE, plaintiff Digisound-WIE, Inc. prays for all appropriate relief, including an award of Digisound-WIE's damages or, alternatively, the amount of defendants' wrongful profits, and punitive damages.

DIGISOUND-WIE, INC.


By: _s/ Arthur Sternberg_____
        One of Its Attorneys

Arthur Sternberg
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235

9

JUDGE LINDBERG
MAGISTRATE JUDGE MASON

Case 1:07-cv-06535  Document 50  Filed 02/15/2008  Page 17 of 47
Case 1:07-cv-06535  Document 1-2  Filed 11/16/2007  Page 1 of 13

07 C 6535

## EMPLOYMENT AGREEMENT

This Employment Agreement (the "Agreement") is made and entered into on the ___ day of _____, 2001 by and between Dirk de Young ("de Young") and Digisound-WIE, Inc., an Illinois corporation ("Digisound").

### RECITALS

**WHEREAS**, de Young will be employed as a National Sales Director of Digisound; and

**WHEREAS**, the parties hereto desire to set forth the terms of de Young's employment with Digisound, pursuant to the terms and conditions hereof; and

**NOW, THEREFORE**, in consideration of the promises hereinafter set forth, the parties hereto agree as follows:

1.  <u>Recitals</u>.  The parties hereto adopt the foregoing Recitals and affirm that the construction of the Agreement shall be guided thereby.

2.  <u>Employment</u>.  Digisound shall employ de Young as the Marketing Manager, USA, subject to the supervision of the President and the Chairman of the Board of Digisound.

3.  <u>Duties and Responsibilities</u>.  de Young shall devote his full time, attention, and energy to the affairs of Digisound as shall be required to perform his duties hereunder and, in pursuance of the policies and directions of Digisound, he shall use his best efforts to promote the business and affairs of Digisound.  de Young's tasks and objectives are more fully described on Appendix A attached hereto.

4.  <u>Term</u>.  The term of this Agreement shall commence on and after the date hereof, and continue until terminated under Section 8, Termination For Cause, Section 10, Death and Disability or Section 11, Voluntary Termination (the "Term"), whichever is earlier.

5.  <u>Compensation</u>.  As compensation and consideration for the performance by de Young of his obligations under this Agreement, de Young shall be entitled to a salary during the term of this Agreement, payable in accordance with the normal payment procedures of Digisound and subject to such withholdings and other employee deductions as may be required by law, at the annualized rate of Seventy Five Thousand Dollars ($75,000).

6.  <u>Incentive Compensation</u>.

    (a)  <u>Digisound Incentive</u>.  de Young will be entitled to incentives from Digisound attached hereto as Appendix B. Such amounts shall be reviewed annually and may be modified at Digisound's sole discretion.  All incentives earned by de Young shall be paid six months after they are accrued by de Young.



EXHIBIT

A

(b)    Vacation and Holidays.  During each fiscal year of Digisound, de Young will be entitled to all paid holidays given by Digisound to its executive employees generally.  For purposes of this Agreement, and subject to modification by Digisound, the initial paid holidays shall be: 1) New Year's Day; 2) Memorial Day; 3) July 4th; 5) Labor Day; 6) Thanksgiving and the Friday after Thanksgiving; and 6) Christmas Day.  In addition, de Young shall be entitled to the following:

(i)    Fully paid vacation of four weeks per fiscal year, which shall be scheduled at such time or times as Digisound in consultation with de Young may reasonably determine.

7.    Expenses.  Digisound will reimburse de Young for reasonable business related expenses incurred by him in connection with the performance of his duties hereunder during the Term, subject, however, to Digisound's approval and in accordance with the policies in effect from time to time during the Term and in compliance with Appendix C attached hereto.  In addition, de Young shall be entitled to the following:

(a)    Throughout the term of this Agreement, Digisound shall provide a stipend of $250 per month for the expenses of a home office utilized by de Young for purposes within the scope of de Young's employment by Digisound, as well as pay all related expenses for maintenance and monthly service charges.

(b)    Throughout the term of this Agreement, Digisound shall reimburse de Young for de Young's monthly cell phone service and communication charges, as well as all business related calls made on such cell phone.

8.    Termination For Cause.  Digisound shall have the right to terminate de Young's employment at any time for "Cause".  For purposes of this Agreement, "Cause" shall mean: (i) de Young refuses to perform his duties hereunder, or otherwise breaches or fails to perform any material provision hereunder; (ii) any breach of Digisound's sexual harassment policy, (iii) de Young engages in fraud, embezzlement or any other illegal conduct, regardless of whether such conduct is designed to defraud Digisound or others; or (iv) de Young is convicted by a court of competent jurisdiction, or pleads "no contest" to a felony.  Digisound shall provide a written notice of a termination for cause, and such notice shall specify the particular act or acts, or failure to act, that is or are the basis for the decision to so terminate.  de Young's employment by Digisound will terminate automatically as of the receipt of the written notice from Digisound, or, if later, the date specified in such notice.

9.    No Insurance.  Digisound shall not provide de Young coverage under any life, health, accident or disability insurance.

10.    Death and Disability.  In the event de Young dies during the Term, his employment shall automatically terminate effective on the date of his death.  In the event de Young shall suffer a disability which prevents him from performing satisfactorily his obligations hereunder for a period of at least thirty (30) consecutive days, Digisound shall have the right to terminate de Young's employment for "Disability", with such termination to be effective immediately upon giving notice thereof to de Young.

2

11.    <u>Voluntary Termination</u>.  For the first six months of this Agreement, Digisound may terminate this Agreement upon two weeks notice to de Young (the "Probation Period"). After the Probation Period, Digisound may terminate de Young upon 30 days written notice. de Young may terminate this Agreement at any time upon 30 days written notice.

12.    <u>Severance Upon Termination</u>.  de Young, his heirs and assigns, shall not be entitled to any severance amount upon his termination due to Death, Disability, a Termination For Cause or a Voluntary Termination.

13.    <u>Entire Compensation</u>.  Other than as specifically defined herein, the parties hereto acknowledge and agree that de Young shall not be entitled to any other wages, bonuses, or other employment benefits from Digisound for the Term.

14.    <u>Non-competition</u>.  For as long as de Young is receiving any payments pursuant to the terms hereof and for one (1) year thereafter, de Young agrees that he will not, without the written consent of the Board of Directors of Digisound, directly or indirectly, alone or as a partner, officer, director, employee, stockholder or creditor of any entity, (a) engage in any business activity which is in competition with the products or services provided by Digisound, within seventy-five (75) miles of the city of Chicago, Illinois, (b) engage in the sales or marketing of any products in competition with Digisound, (c) take employment with any competitor of Digisound, including, but not limited to, those companies listed on Appendix D attached hereto, (d) do business with any customer of Digisound or any potential customer of Digisound, or (e) solicit any employee of Digisound or interfere with the business relationship of any employee of Digisound.  The period during which this restriction applies (the "Post-employment Period") shall be extended by the length of any period of time during the Post-employment Period during which de Young is in violation of this section plus the length of any court proceedings necessary to stop such violation.  In addition, de Young shall forfeit all amounts owed to him by Digisound for violation of this section.

15.    <u>Remedies</u>.  de Young acknowledges and agrees that in the event he violates or acts in a manner contrary to the obligations of Section 14, Non-competition, Digisound shall be excused from performing any obligation on its part to be performed under this Agreement, including the payment of any amounts owed to de Young.  de Young further acknowledges and agrees that a violation of any of the obligations undertaken by him pursuant to Section 14, Non-competition, will cause irreparable injury to Digisound and that Digisound shall be entitled to the entry of a preliminary injunction by a court of competent jurisdiction restraining de Young in accordance with the foregoing provision in the event of any violation or threatened violation of any such obligations, in addition to any and all other remedies available at law or equity.

16.    <u>Notices</u>.  Any notice required or permitted under this Agreement shall be deemed properly given if in writing and:

        (a)    In the case of de Young, either personally delivered or mailed by certified mail to de Young at his last known address; and

        (b)    In the case of Digisound, either personally delivered or mailed by certified mail to the management of Digisound.

3

17.    <u>Governing Law</u>.  The parties hereto agree that this Agreement shall be construed and interpreted pursuant to the law of the state of Illinois.

18.    <u>Complete Agreement</u>.    This Agreement constitutes the exclusive agreement between the parties hereto relating to the subject matter hereof, there being no prior or contemporaneous agreement which modifies or alters it.  No amendment of this Agreement shall be binding unless in writing and signed by the parties hereto.

IN WITNESS WHEREOF, the undersigned parties have executed this Employment Agreement on the date hereof.

_____
Dirk de Young


DIGISOUND-WIE, INC.


By:_____
Title:_____

4

20/09/2007  16:15    00494052608913    DIGISOUND    S.    01/02

SEP.20.2001    00:10    312-AUSTIN
FROM :    FAGELHABER LLC.    FAX NO. : 4142580208    Sep.  19No.657 09:0.2/15"1

17.    Governing Law.  The parties hereto agree that this Agreement shall be construed and interpreted pursuant to the law of the state of Illinois.

18.    Complete Agreement.  This Agreement constitutes the exclusive agreement between the parties hereto relating to the subject matter hereof, there being no prior or contemporaneous agreement which modifies or alters it. No amendment of this Agreement shall be binding unless in writing and signed by the parties hereto.

IN WITNESS WHEREOF, the undersigned parties have executed this Employment Agreement on the date hereof.

_Dirk de Young_
Dirk de Young
9/19/01

DIGISOUND-WIE, INC.

By: _____
Title: _____

20/09/2007  16:15     00494052686913          DIGISOUND              S.     02/02

17.    <u>Governing Law</u>.  The parties hereto agree that this Agreement shall be construed and interpreted pursuant to the law of the state of Illinois.

18.    <u>Complete Agreement</u>.    This Agreement constitutes the exclusive agreement between the parties hereto relating to the subject matter hereof, there being no prior or contemporaneous agreement which modifies or alters it.  No amendment of this Agreement shall be binding unless in writing and signed by the parties hereto.

IN WITNESS WHEREOF, the undersigned parties have executed this Employment Agreement on the date hereof.

Dirk de Young

DIGISOUND-WIE, INC.

By: _Florian Greiling_

Title: _President_

# APPENDIX A

## Set description

| | |
|---|---|
| Name: | Dirk de Young |
| Job description: | Sales/Marketing |
| Rank: | Marketing Manager, USA |
| Reports to: | President and Chief Executive Officer of DIGISOUND-WIE, Inc. |
| General objectives of the Job: | Sales and Promotion of Group Companies products for the US-Market |
| Tasks: | Sales/Acquisition for following product groups: |

- acoustic devices for all applications (i.e. automotive, heavy duty vehicles, communication product, household equipment, etc.)

- fire alarm and security products such as sounders and beacons

- hybrid circuits and contract manufacturing including electronic design projects.

- implementation of suitable sales channels for US-market such as distribution and OEM companies

- permanent market research

- initiating and realization of suitable product advertising and exhibitions (trade fairs)

- to develop close business relation with customers

- Quote offers to customers, follow up to secure order

- reporting:
  monthly activity report on major events
  current project status
  12 months sales forecast with monthly and quarterly updates
  reports of business visits

5

## APPENDIX B

### Digisound Incentives

1.　　de Young provides Digisound during the employment period with proper planning of business travel containing information as stipulated in the Company-Regulation for Reimbursement of Travel Expenses attached hereto as Appendix B.

**Bonus:**　　　　　　　　　3,333.-US-$

2.　　de Young provides Digisound during the employment period with detailed reports of his business travels containing all US- market relevant information enabling Digisound to set up close business contacts/sales with prospective customers in the United States.

**Bonus:**　　　　　　　　　3,333.-US-$

3.　　During the employment period de Young will initiate at least 5 sample orders per calendar quarter to be placed by United States automotive customers for Digisound products.

**Bonus:**　　　　　　　　　3,334.-US-$

4.　　For sales generated by de Young, de Young will be entitled to a payment equal to one half percent (.5%) of the sales made by Digisound to any end-user of Digisound products.

6

## APPENDIX C

### Reimbursement of Travel Expenses

DIGISOUND-WIE USA
Company-Regulation

1.     <u>General</u>

DIGISOUND- WIE USA reimburses travel expenses which occur in connection with travel activities of Mr. Dirk de Young in order to cover US-market.

Each individual travel will be closely coordinated by Mr. de Young with the President and Marketing-Manager, Mr. Florian Greiling.

The following of the general travel procedure is to observe:

2.     <u>Travel Plan Procedure</u>

For standard sales-trips Mr. de Young will submit to Mr. Greiling by **e-mail a travel-plan** which contains:

- Time period of travel

- detailed listing of location and Companies which are planned to be visited

- purpose/target of the planned visit

- breakdown of travel expenses expected

The travel plan must be submitted to Mr. Greiling by Mr. de Young prior to actual beginning of such travel.

Mr. Greiling or a person in charge has to agree to the planned travel.

For emergency-travel, Mr. Greiling will make special arrangements.

3.     <u>Permanent cash advance for travel expenses</u>

The accounted of Digisound- WIE will pay a onetime **advance of US-$ 1000,-** on a bank account to be named by Mr. de Young. In case cooperation between DIGISOUND- WIE and Dirk de Young will be terminated by either party, the onetime advance of US-$ 1000,- will be paid back by Mr. de Young within one week after such termination.

4.    <u>Travel expenses</u>

Following travel expenses will be borne by DIGISOUND-Electronic:

- Hotel expenses (middle class)

- car rental (middle class car)

- flight tickets (economy class)

- train, taxi etc.

- fuel for car rental

- expenses for business entertainment

All occurred expenses must be proven by relevant expense voucher/receipt.

5.    <u>Daily travel allowance</u>

For each business travel day which lasts more than 14 hours or over night (absenteeism from home town) DIGISOUND- WIE pays the daily travel expenses up to U.S.$45 against receipts

6.    <u>Use of private car</u>

It is agreed that Mr. de Young will use his private car for business trips. As compensation, the company will pay the legal amount according to the United States Internal Revenue Service. The payment will be made by the end of each month against a report of travel mileage.

7.    <u>Travel expense report</u>

For each business trip Mr. de Young will provide a travel expense report in which all occurred expenses are listed down together with relevant expense vouchers/receipts.

Travel expense report is to be sent to the accounting of the company

The accounting group of Digisound will review and confirm all travel expense reports and will transfer reimburseable expenses to the bank account named by Mr. de Young.

DIGISOUND- WIE USA

8

**APPENDIX D**

**Competitors of Digisound**

| Company Name | Address of Headquarters | Addresses of Subsidiary Companies in the USA |
|---|---|---|
| DB Products Ltd | 11/F, Guangdong Finance Building 88 Connaught Road West Hong Kong | They have no subsidiary company in the USA. |
| FDK Corporation | Hamagomu Bldg., 5-36-11 Shinbashi, Minato-ku, Tokyo 105-8677 Japan

Shuwa No.2 Shibakoen 3-Chome Bldg.,3-22-1 Toranomon, Minato-ku, Tokyo 105-0001 Japan | FDK AMERICA INC. 2270 North First St., San Jose, CA 95131 U.S.A.

411 Waverley Oaks Road, Suite 324, Waltham, MA 02452-8437, U.S.A.

6540 Lusk Blvd. Suite C 274, San Diego, CA 92121, U.S.A. |
| Fulleon Ltd | Llantarnam Park, Cwmbran, Gwent, NP44 3AW, UK | **Parent Company:** Cooper Industries 600 Travis, Suite 5800 Houston, TX 77002-1001 USA |
| Mallory | North American Capacitor Company 7545 Rockville Road Indianapolis, IN 46214-3073 USA | --- |
| Murata | Nagaoka Office 26 10, Tenjin 2-chome, Nagaokakyo-shi, Kyoto 617-8555 | Murata Electronics North America, Inc. 2200 Lake Park Drive, Smyrna, GA 30080-7604, U.S.A. |
| Projects Unlimited, Inc. | 3680 Wyse Road Dayton, Ohio 45414-5802 USA | |

| Company Name | Address of Headquarters | Addresses of Subsidiary Companies in the USA |
|---|---|---|
| Sonitron NV | Kasteelstraat 93<br>B-9100 Sint-Niklaas<br>Belgium | Representatives:<br><br>Ralph Bulger & Assoc. Inc.<br>1898 Harbour Oaks Drive<br>Snellville, GA 30078<br><br>deForest Sales Company<br>12970 Pandora Drive,<br>Suite 120<br>Dallas, TX 75238<br><br>Ertronics Inc. 57,<br>Kilvert Street<br>Warwick, RI 02886<br><br>Rynone Associates<br>PO Box 4445<br>Annapolis, MD 21403<br><br>Kallsen Midwest<br>3162 Mallard Cove Lane<br>Ft. Wayne, IN 46804<br><br>Technical Solutions Inc.<br>PO Box 548<br>Anoka, MN 55303-0548<br><br>MSB Associates Inc.<br>Kansas & Western Missouri :<br>5500 Buena Viste Dr. Ste 203<br>Roeland Park, KS 66205-2702<br><br>R.C. Nordstrom Inc.<br>30100 Telegraph Rd.<br>Suite 316<br>Bingham Farms, MI 48025<br><br>TCA Inc.<br>Westtown Bus. Ctr.<br>1570 Mc Daniel Dr.<br>West Chester, PA 19380 |

10

| Company Name | Address of Headquarters | Addresses of Subsidiary Companies in the USA |
|---|---|---|
| | | Synergy Sales Inc. Allaire Airport, Route 34 - Building 62E, PO Box 2521 Farmingdale, NJ 07727-2521<br><br>R.M. Scanlon & Associates Inc P.O. Box 3167 Syracuse, NY 13220<br><br>Queue Engineering 6777 Engle Road, Unit J Middleburg Hts., OH 44130 |
| STAR MICRONICS CO., LTD. | 20-10, Nakayoshida, Shizuoka 422-8654 Japan | Star Micronics America, Inc., 1150 King Georges Post Rd., Edison, NJ 08837<br><br>123 Powerhouse Road P.O. Box 9 Roslyn Heights, NY 11577 |
| System Sensor | 3825 Ohio Avenue St. Charles, IL 60174 USA | **Parent Company:** Honeywell 101 Columbia Road Morristown, NJ 07962 USA |
| YEC Group | 14F, Guoxin Bldg. Changxin Road, Nanshan District Shenzhen Guangdong China 518052 | American Audio Components Inc. (AAC) 1920 Whright Street La Verne, CA 91750 USA |

Doc. ID# 219976_4

01/06/2007  08:12  Case 1:07-cv-06535   Document 1-3   Filed 11/16/2007   Page 1 of 2   11/02

**07 C 6535**

**JUDGE LINDBERG**
**MAGISTRATE JUDGE MASON**

# DIGISOUND-WIE

| | |
|---|---|
| **DIGISOUND-WIE, Inc.** | Tel:   414-774-3220 |
| 7402 W. Garfield Ave. | Fax:   414-774-3221 |
| Wauwatosa, WI 53213 | Cell:  414-350-7341 |
| | E-mail: sales@digisound-wie.com |

**To:** Helene de Young
7402 W. Garfield Ave.
Wauwatosa, WI 53213

**From:** Florian Greiling, President          **Date:** 5-31-2004

**Subject:** Employment offer, Customer Service Manager

Dear Helene:

You are hereby offered the position of Customer Service Manager for Digisound-WIE, Inc. The details of the Job Description, Duties and Responsibilities are listed below, understanding that since this is a start up situation occasionally tasks required may go above and beyond the formal description.

**Employment Status:**
This is a full time, salaried position; there is no provision for overtime, or comp time.

**Compensation:**
Salary:  $33,000.00/year, paid bi-monthly
Vacation:  20 days paid vacation
Holidays: The 10 standard USA Holiday days.

Special provision mentioned here: In that the de Young family is losing their medical coverage with Helene's departure from her position with the Medical College of Wisconsin, a contribution of $800.00/month will be paid towards the cost of obtaining an adequate medical insurance. This will be paid starting on June 30, 2004 and will continue to be paid on the 30th day of each month until Digisound-WIE, Inc. is able to transition to a group medical insurance coverage for all full time employees or until such employment is terminated. Digisound-WIE, Inc. may demand proof that at least $800.00/month is being spent on Medical Insurance coverage for the de Young family.

Starting date: June 7, 2004
Notice period by either party to this employment agreement is a minimum of 30 days with written notice by certified mail to the corporate address of Digisound-WIE, Inc., or to the present domicile of the employee.



EXHIBIT
B

01/05/2007    09:12    0000000000000    BDGJMPTWM    02/02

This agreement is subject to the Laws governing employment in the State of Wisconsin, but may transition to another State in the case of relocation of Digisound-WIE, Inc. operations. This agreement is subject to all standard employee policies of Digisound-WIE, Inc., which can be found in the employment contract of Dirk de Young regarding travel expense, non-compete clause, ethics, etc.

**Job Title:**    Customer Service Manager

**Job Description:**
Processes orders and all commercial documentation, prepares correspondence, and fulfills customer needs to ensure customer satisfaction. Relies on experience and judgment to plan and accomplish goals. Performs a variety of complicated tasks. Reports to: Director of Sales and Marketing. A wide degree of creativity and latitude are expected. Coordinates customer communications in the absence of the Director of Sales and Marketing.

**Specific tasks:**
-Manage customer release schedules, EDI interface, issues ASNs.
-Manage purchase orders to and delivery schedules from internal suppliers.
-Manages Office Supplies. Submits office operating expenses to accounting monthly.
-Manages and distributes Marketing Collateral Materials.
-Establish QS9000 compliant document control system.
-Controls and submits freight invoices to accounting.
-Controls and submits invoices from internal suppliers to accounting.
-Communicates with Forwarders in order to assure timely customer deliveries.
-Prepares customer offers by direction of Sales Director.
-Prepares customer support documentation by direction of Sales Director.
-Supports requests from Field Sales for Samples and Technical Documentation.
-Supports collection activities.
-Occasional travel to customer sites to establish working relations.
-Occasional travel to support trade shows and commercial events.
-Assists in preparing reporting requirements.
-Coordinates Travel arrangements.
-Supports liaison with Global Divisions.
-Will establish and manage a Component Distribution Activity to support our Distributor and Catalog House Customers, under the direction of the Director of Sales & Marketing.
-Support other misc. activities according to the needs of the business.

**For Digisound-WIE, Inc.**                    **Employee:**


Florian Grelling                               Helene de Young
President                                      Date: _____
Date: _____

**Other Documents**
1:07-cv-99999 Plaintiff v. Defendant

### United States District Court

### Northern District of Illinois - CM/ECF LIVE, Ver 3.0

**Notice of Electronic Filing**

The following transaction was entered by Sternberg, Arthur on 11/19/2007 at 2:09 PM CST and filed on 11/19/2007

**Case Name:**        Plaintiff v. Defendant
**Case Number:**     1:07-cv-99999
**Filer:**                 Plaintiff
**Document Number:** 135

**Docket Text:**
Required Documents by Plaintiff *Complaint refers to Document 121* (Attachments: # (1) Exhibit A# (2) Exhibit B# (3) Civil Cover Sheet # (4) Sternberg appearance# (5) Bestar summons# (6) Dirk de Young summons# (7) Helene de Young summons)(Sternberg, Arthur)


**1:07-cv-99999 Notice has been electronically mailed to:**

**1:07-cv-99999 Notice has been delivered by other means to:**

Plaintiff

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=11/19/2007] [FileNumber=4191225-0] [5f6884ee48efd24478ea5d24a8edddba2512ea1554e989a64282ee89d83ef9ee4b 03e09a507cb2258047bc0d9b24500bd16c2891dfdbc44f42f83d832dc1d90f]]
**Document description:**Exhibit A
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=11/19/2007] [FileNumber=4191225-1] [8634b908c136d052d348b4f3c44c833e061acc32afd2b666b14e503d2b10fe1d14 d9bb59ca59fa5dc08eaf220e3d6303d8d4ceedf342d367fbcdcdede5f19ddf]]
**Document description:**Exhibit B
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=11/19/2007] [FileNumber=4191225-2] [3401af8bb6cc66b05139263be10b92ee32a4794f6c0643ad4d027f072171ee9832 56c6c0611dd5b9614cd2b3035118d6f3a46f22ea469e68f2336b4e19c2a03]]
**Document description:**Civil Cover Sheet
**Original filename:**n/a
**Electronic document Stamp:**

[STAMP dcecfStamp_ID=1040059490 [Date=11/19/2007] [FileNumber=4191225-3] [0e5be9281ffb3f38e28df8745e521dc1f191805b8b54c01f5e356b4394bf76ab85 98d4e97a6fb36d71a6916a1b9d3d429fe3f723fa2677bad177b47ea4224f1c]]

**Document description:** Sternberg appearance
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=11/19/2007] [FileNumber=4191225-4] [753e7d2b4b54d6c78f4c23f472e5bdebda4af74aa690492e32b9bd937571503502 10ef0cf0f8f2edd92004b6f93de41e1ab3670878432060ee8e82de9725d61f]]

**Document description:** Bestar summons
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=11/19/2007] [FileNumber=4191225-5] [1778d1bc52c219782b39137e82bfeac146691e8a63fcc4efcaec5327fc8c84f13a 7d1ac11f80b0578c31d05f25f8189c4ea4ba6ce223271e9b9740bdcca5e875]]

**Document description:** Dirk de Young summons
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=11/19/2007] [FileNumber=4191225-6] [a148c5a217a0890a62adf2c9a6978172274891bc676001595ca133bce4105e742b e5c399a5ef255205171927217edaaa85d6eb771446addc6c79682c3cf5ef1f]]

**Document description:** Helene de Young summons
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1040059490 [Date=11/19/2007] [FileNumber=4191225-7] [401a41e8d60d93d6653506284742e65257b1e15947157310b1058fa0c7b9921789 d3dfa1ecb75ea68081631f663e022bbb6be4f0c119a95e2c14f309ae99b433]]

**CIVIL COVER SHEET**

**FILED**

NOVEMBER 16, 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**(a) PLAINTIFFS**

Digisound-WIE, Inc.

**DEFENDANTS**

BeStar Technologies, Inc., Dirk de Young, Helene de Young, Florian Greiling, and Lilli Greiling

**(b)** County of Residence of First Listed Plaintiff    Lake County, IL
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Cochise County, AZ
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**07 C 6535**

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Arthur Sternberg, Thompson Coburn Fagel Haber
55 E. Monroe, 40th fl., Chicago, IL 60603
(312) 580-2234

Attorneys (If Known)

N/A

**JUDGE LINDBERG**
**MAGISTRATE JUDGE MASON**

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ]1 | [ ]1 | Incorporated or Principal Place of Business In This State | [ ]4 | [ ]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business In Another State | [ ]5 | [ ]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 620 Other Food & Drug | | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | | | | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 320 Assault, Libel & Slander | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' Liability | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (excl. vet.) | [ ] 340 Marine | [ ] 650 Airline Regs. | [ ] 830 Patent | [ ] 480 Consumer Credit |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 345 Marine Product Liability | [ ] 660 Occupational Safety/Health | [ ] 840 Trademark | [ ] 490 Cable/Satellite TV |
| [ ] 160 Stockholders' Suits | [ ] 350 Motor Vehicle | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 190 Other Contract | [ ] 355 Motor Vehicle Product Liability | | **SOCIAL SECURITY** | [ ] 850 Security/Commodity/Exch. |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Inj. | **LABOR** | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 196 Franchise | | [ ] 710 Fair Labor Standards Act | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| [ ] 210 Land Condemnation | [ ] 441 Voting | | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 442 Employment | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 240 Torts to Land | [ ] 444 Welfare | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 245 Tort Product Liability | [ ] 445 ADA—Employment | [ ] 790 Other Labor Litigation | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 446 ADA — Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS—Third Party 26 USC 7609 | [x] 890 Other Statutory Actions |
| | [ ] 440 Other Civil Rights | **PRISONER PETITIONS** | | |
| | | [ ] 510 Motions to Vacate Sentence Habeas Corpus: | | |
| | | [ ] 530 General | | |
| | | [ ] 535 Death Penalty | | |
| | | [ ] 540 Mandamus & Other | | |
| | | [ ] 550 Civil Rights | | |
| | | [ ] 555 Prison Condition | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

15 U.S.C. § 1125(a), violation of Lanham Act due to "palming off"

**VII. PREVIOUS BANKRUPTCY MATTERS** (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary)

**VIII. REQUESTED IN COMPLAINT:**

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [x] No

**IX. This case**

- [x] is not a refiling of a previously dismissed action.
- [ ] is a refiling of case number _____, previously dismissed by Judge _____

DATE  11/16/07

SIGNATURE OF ATTORNEY OF RECORD

s/ Sarthur Sternberg



**AtlaS**
Language Services, Inc.

## DECLARATION OF ACCURACY

Atlas Language Services, Inc., a full service language interpretation and translation company, declare that the following:

*Summons and Complaint regarding case 07C6535*
*Digisound –Wie, Inc. v . Bestar Technologies, Inc., et al.*
*For Florian Greiling*

and embossed with our company logo in the lower right hand corner have been translated and edited by Atlas Language Services, Inc.'s American Translators Association Accredited English into German translator, Dr. Silvia Fosslien.

I hereby certify under penalty of perjury, under the laws of the state of Illinois that the forgoing is true and correct. Dated and signed on December 17, 2007.

Kevin J. McQuire
President

. AU 440 (Rev. 05/00) Summons in a Civil Action [AU 440 (Rev. 05/00) Ladung in einer Zivilsache]

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

## LADUNG IN EINER ZIVILSACHE

DIGISOUND-WIE, INC.,
Klägerin,

FALLNUMMER:  07 C 6535

ZUGEWIESENER RICHTER:  Lindberg

gegen

BESTAR TECHNOLOGIES, INC., DIRK DE
YOUNG, HELENE DE YOUNG, FLORIAN
GREILING UND LILLI GREILING,
Beklagte.

ZUGEWIESENER
MAGISTRATE JUDGE
[Hilfsrichter]:          Mason

AN: (Name und Anschrift des Beklagten)

Florian Greiling

**SIE WERDEN HIERMIT GELADEN** und aufgefordert, dem RECHTSANWALT DER
KLÄGERIN (Name und Anschrift)

Arthur Sternberg
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603

innerhalb von _____20_____ Tagen nach Erhalt der Ladung, ohne Einbeziehung des
Zustelldatums, eine Antwort auf die Klageschrift zu übermitteln, die Ihnen hiermit zugestellt
wurde. Falls Sie dies unterlassen, wird ein Versäumnisurteil entsprechend dem in der Klage
geforderten Rechtsbehelf gegen Sie ergehen. Zusätzlich müssen Sie Ihre Antwort beim Clerk
[Urkundsbeamten] dieses Gerichts innerhalb einer angemessenen Frist nach Zustellung
einreichen.

MICHAEL W. DOBBINS, CLERK

/Stempel/ 28. November 2007

/Unterschrift/
(Durch): DEPUTY CLERK

DATUM

·AU 440 (Rev. 05/00) Summons in a Civil Action [AU 440 (Rev. 05/00) Ladung in einer Zivilsache]

## ZUSTELLUNGSBERICHT

Die Ladung und Klageschrift wurde von mir zugestellt[1])                      DATUM

NAME DES ZUSTELLERS *(IN DRUCKSCHRIFT)*                                       TITEL

*Nachstehend zur Angabe der Zustellungsmethode bitte das entsprechende Kästchen ankreuzen*

_____

**G**  Dem Beklagten persönlich zugestellt. Ort der Zustellung _____

_____

**G**  Diesbezügliche Kopien wurden im Wohnhaus oder in der üblichen Wohnstätte der/des Beklagten bei einer darin wohnenden Person von geeignetem Alter und geeigneter Zurechnungsfähigkeit hinterlassen.

Name der Person, bei der die Ladung und Klageschrift hinterlassen wurden: _____

**G**  Unzugestellt zurückgegeben:_____

_____

_____

**G**  Sonstiges (bitte genau angeben):_____

_____

_____

_____

## AUFSTELLUNG DER ZUSTELLUNGSKOSTEN

REISEKOSTEN                    LEISTUNGEN                    GESAMTSUMME

_____

## BESTÄTIGUNG DES ZUSTELLERS

Ich erkläre in Kenntnis der Strafe wegen Meineids gemäß den Gesetzen der Vereinigten Staaten von Amerika, dass die vorstehenden, im Zustellungsbericht und in der Aufstellung der Zustellungskosten enthaltenen Informationen wahr und richtig sind.

Ausgestellt am: _____         _____
                        Datum                          *Unterschrift des Zustellers*

                                                 _____
                                                 *Anschrift des Zustellers*

_____
(1) Zur Zustellung einer Ladung berechtigte Personen siehe Rule 4, Federal Rules of Civil Procedure [US-Zivilprozessrecht].

· Case 1:07-cv-06535 Document 1 Filed 11/16/2OO7 [Rechtssache 1: 07-cv-06535
Dokument 1 eingereicht am 16. 11. 2007]                                    Seite 1 von 12

/Stempel/ **NF**
/Stempel/ **FILED [EINGEREICHT]**

**16. NOVEMBER 2007**
MICHAEL W. DOBBINS
CLERK [Urkundsbeamter], US. DISTRICT COURT

Im United States District Court
für den Northern District of Illinois
Eastern Division

DIGISOUND-WIE, INC.,                                          **07 C 6535**

             Klägerin,

    gegen

BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG,
HELENE DE YOUNG, FLORIAN GREILING und            **RICHTER LINDBERG**
LILLI GREILING,                                  **MAGISTRATE JUDGE**
                                                 **[Hilfsrichter] MASON**

             Beklagte.

# Klageschrift

Die Klägerin DIGISOUND-WIE, INC. (Digisound-WIE) erhebt Klage gegen die Beklagten

BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG, HELENE DE YOUNG, FLORIAN GREILING und

LILLI GREILING:

# 1. Allen Anklagepunkten gemeinsame Beschuldigungen

## A. Zuständigkeit und Gerichtsstand

1.     Im Hinblick auf die Zuständigkeit wird diese Klage gemäß 28 U.S.C. § 1331 als

eine dem US-Bundesrecht unterliegende Klage geltend gemacht. Die Zuständigkeit für

einzelstaatliche Klageansprüche wird gemäß 28 U.S.C. § 1367 geltend gemacht, da die

einzelstaatlichen Klageansprüche zum selben Rechtsfall oder Rechtsstreit gehören wie die

Klageansprüche unter US-Bundesrecht, oder alternativ gemäß 28 U.S.C. § 1332(a) als eine

Klage, bei der die Klägerin und alle Beklagten Bürger unterschiedlicher Staaten sind und die

Streitsache die Summe von 75.000 US-Dollar ausschließlich Zinsen und Kosten übersteigt.

2.     Die Klageansprüche unter US-Bundesrecht entstehen gemäß 15 U.S.C.

·Case 1:07-cv-06535 Document 1 Filed 11/16/2OO7 [Rechtssache 1: 07-cv-06535
Dokument 1 eingereicht am 16. 11. 2007]          Seite 2 von 12

§ 1125(a) aufgrund des „Palming off" [Ausgeben eines Produkts als ein anderes] von Waren der

Marke Digisound, was gegen das Lanham-Gesetz verstößt, und gemäß 18 U.S.C. § 1030(a)(2)(C)

wegen widerrechtlicher Aneignung von Computerdaten von Digisound-WIE, was einen Verstoß

gegen den Computer Fraud and Abuse Act [Gesetz gegen Computerbetrug und -missbrauch]

darstellt. Die Klageansprüche unter einzelstaatlichem Recht entstehen aus dem Vertragsbruch

durch Dirk de Young, der Pflichtverletzung durch Dirk de Young und Helene de Young, aus dem

unerlaubten Eingriff in Vertragsbeziehungen durch alle Beklagten, aus dem unerlaubten Eingriff

in gerechtfertigte geschäftliche Erwartungen gegen alle Beklagten und aus einem

widerrechtlichen kollusiven Zusammenwirken gegen alle Beklagten.

     3.    Da die Beklagten Florian Greiling und Lilli Greiling Non-Resident Aliens [nicht

ansässige Ausländer] sind, ist dieser District der zuständige Gerichtsstand nach 28 U.S.C. §

1391(d). Die Beklagte BeStar Technologies, Inc. ist in diesem District geschäftlich tätig, sodass

dieser District der zuständige Gerichtsstand nach 28 U.S.C. § 139 1(c) ist. Die Beklagten Dirk de

Young and Helene de Young schlossen mit  Digisound-WIE Verträge ab, die zum Gegenstand

dieser Klage in Illinois gehören, und arbeiteten für Digisound-WIE in Illinois, wo sich der

Firmensitz von Digisound-WIE befindet. In dem Wissen, dass sich der Firmensitz von

Digisound-WIE in diesem District befindet, unternahmen die Beklagten unerlaubte Tätigkeiten in

·diesem District, darunter auch – nach bestem Wissen und Gewissen – ihr Bestreben, Waren unter

der Marke Digisound zu verkaufen und Verkäufe von Digisound-WIE  in diesem District

umzulenken,  sodass dieser District nach 28 U.S.C. § 1391(b)(2) der zuständige Gerichtsstand ist.

## B. Die Prozessparteien

     4.    Die Klägerin Digisound-WIE ist ein in Illinois amtlich eingetragenes

Unternehmen, das 2001 als eine Vertriebstochtergesellschaft seines Mutterunternehmens

Digisound-Electronic GmbH gegründet wurde. Die Anschrift des Firmensitzes von Digisound-

WIE ist 1512 Artaius Parkway, Suite 100, Libertyville, Illinois 60048. Digisound-WIE verkauft

·Case 1:07-cv-06535 Document 1 Filed 11/16/2O07 [Rechtssache 1: 07-cv-06535
Dokument 1 eingereicht am 16. 11. 2007]                                    Seite 3 von 12

Summer, Sirenen und Lautsprecher, die in Kraftfahrzeuge, Telekommunikationsgeräte,

Brandschutz- und Sicherheitsprodukte und elektrische Haushaltsgeräte eingebaut werden. Die

Produkte von Digisound-WIE werden von Changzhou BeStar Acoustic Co. hergestellt, einem

Joint-Venture-Unternehmen, das sich zu 40 % im Besitz der Digisound-Electronic GmbH

befindet. Der Joint-Venture-Vertrag gibt der Digisound-Electronic GmbH und ihren verbundenen

Unternehmen das ausschließliche Recht, vom Joint-Venture hergestellte Teile zu verkaufen und

das Trademark [Marke] „BeStar" des Joint-Ventures außerhalb Chinas zu verwenden. Die

Produkte des Joint-Ventures sind zwar durch den Markennamen und das Logo „Digisound"

gekennzeichnet, jedoch bringen Käufer und potenzielle Käufer den Namen BeStar auch mit

Digisound-WIE und ihrer Muttergesellschaft in Verbindung.

     5.     Die Beklagte BeStar Technologies, Inc. wurde am 10. Mai 2007 von dem

Beklagten Dirk de Young während seiner Beschäftigung bei Digisound-WIE amtlich als

Unternehmen in Arizona eingetragen. Die Anschrift des Firmensitzes von BeStar Technologies

ist 999 E. Fry Blvd., Suite 304, Sierra Vista, AZ 85635.

     6.     Der gegenwärtige Wohnsitz des Beklagten Dirk de Young ist 6334 S. Volcano

Lane, Hereford, Arizona 85615. Er war von ungefähr September 2001 bis zu seinem Ausscheiden

mit Wirkung vom oder um den 25. Juni 2007 bei Digisound-WIE beschäftigt.

     7.     Der gegenwärtige Wohnsitz der Beklagten Helene de Young ist 6334 S. Volcano

Lane, Hereford, Arizona 85615. Sie ist mit dem Mitbeklagten Dirk de Young verheiratet und war

von Juni 2004 bis zu ihrem Ausscheiden mit Wirkung vom oder um den 25. Juni 2007 ebenfalls

bei Digisound-WIE beschäftigt.

     8.     Der Beklagte Florian Greiling ist in Deutschland ansässig und war bis zu seinem

unerwarteten Ausscheiden am 31. Mai 2007 Geschäftsführer der Digisound-Electronic GmbH.

Florian Greiling war bis zu seinem Ausscheiden selbstständig für den Geschäftsbetrieb von

Digisound-WIE im Namen der Digisound-Electronic GmbH verantwortlich.

·Case 1:07-cv-06535 Document 1 Filed 11/16/2007 [Rechtssache 1: 07-cv-06535
Dokument 1 eingereicht am 16. 11. 2007]                      Seite 4 von 12

9.      Die Beklagte Lillian Greiling ist in Deutschland ansässig und ist die Tochter des

Mitbeklagten Florian Greiling und ist als Florian Greilings Bevollmächtigte Aktionärin von

BeStar Technologies, Inc.

## C. Die Vereinbarungen der Parteien

10.     Bis Ende Juni 2007 waren Dirk de Young als National Sales Manager [nationaler

Vertriebsleiter] und seine Ehefrau, die Beklagte Helene de Young, die kaufmännische und

Kundenserviceaufgaben wahrnahm, die einzigen Angestellten von Digisound-WIE.

11.     Das Beschäftigungsverhältnis von Dirk de Young unterlag den Bedingungen

eines Arbeitsvertrags von 2001, der in Form einer Originalkopie als Anhang A beiliegt. Laut

Arbeitsvertrag ist es Dirk de Young für die Dauer eines Jahres untersagt, für einen Mitbewerber

zu arbeiten. Das Beschäftigungsverhältnis von Helen de Young unterlag den Bedingungen eines

Angebotsschreibens vom 31. Mai 2004, das in Form einer Originalkopie als Anhang B beiliegt.

Beide Vereinbarungen wurden in diesem District getroffen, in dem die de Youngs bis

irgendwann im Jahr 2005 für Digisound-WIE arbeiteten.

·12.     Während ihres Beschäftigungsverhältnisses bei Digisound-WIE waren die de

Youngs dafür verantwortlich, dem Joint-Venture Aufträge zu erteilen, um eine stetige

Versorgung der Kunden mit Teilen von BeStar sicherzustellen.

## D. Widerrechtliche Handlungen der Beklagten

13.     Nach bestem Wissen und Gewissen einigten sich Florian Greiling und die de

Youngs irgendwann vor April 2007 auf einen Plan, Digisound-WIE die weitere Versorgung

seiner US-Kunden mit von BeStar gefertigten Teilen unmöglich zu machen und diese

Gelegenheit dazu zu nutzen, die betreffenden Kunden mit Teilen zu versorgen, von denen einige

offensichtlich aus dem Lagerbestand von Digisound-WIE veruntreut wurden.

·Case 1:07-cv-06535 Document 1 Filed 11/16/2007 [Rechtssache 1: 07-cv-06535
Dokument 1 eingereicht am 16. 11. 2007]                          Seite 5 von 12

14.    Zur Förderung ihres Plans stellten die de Youngs im April 2007 die Erteilung

von Digisound-Aufträgen an das Joint-Venture-Unternehmen ein, damit Digisound-WIE kein

ausreichendes Teilelager für den Versand an Kunden haben würde, deren Just-in-Time- oder

schlanke Fertigungssysteme davon abhängen, dass die Zulieferer einen ausreichenden

Lagerbestand zur bedarfsgerechten Lieferung unterhalten.

15.    Am oder um den 24. April 2007 erteilten die de Youngs dem Joint-Venture zur

Förderung ihres Plans einen „Ersatzauftrag" für 45.000 BeStar-Teile mit einem Verkaufspreis

von ungefähr 33.000 US-Dollar. Jedoch erschien keines dieser Teile jemals in der Inventarliste

oder in den Unterlagen von Digisound-WIE. Nach bestem Wissen und Gewissen lenkten die

Beklagten die Teile um und verkauften sie als Teile der Marke Digisound an die Kunden von

Digisound-WIE.

16.    Am 4. Mai 2007 unterzeichneten die de Youngs Papiere zur offiziellen

Gründung von BeStar Technologies. Die am 10. Mai 2007 eingereichte Satzung zeigt, dass beide

de Youngs Aktionäre sind, wobei Dirk de Young als Director [Vorsitzender] und Präsident und

Helene de Young als Aktionärin, Schriftführerin und Schatzmeisterin aufgelistet sind. Weiterhin

gibt die Satzung Wu Yifei, Gou Ling und Lilli Greiling als Aktionäre an. Yifie, auch unter dem

Namen  David Wu bekannt, ist der Geschäftsführer des Joint-Venture-Unternehmens.

17.    Am oder um den 25. Juni 2007 kündigten die de Youngs ihr Arbeitsverhältnis bei

Digisound-WIE und eröffneten kurz darauf eine konkurrierende Geschäftsstelle unmittelbar

neben der Geschäftsstelle von Digisound-WIE. Jedoch veruntreuten die de Youngs vor ihrem

Ausscheiden Daten von den Computern von Digisound-WIE über die Umsätze und

Betriebsabläufe des Unternehmens und vernichteten die auf den Festplattenlaufwerken dieser

Computer befindlichen Daten. Zu den Daten, die kopiert wurden, gehörten die Preiskalkulation

von Digisound-WIE für verschiedene Kunden, Kundenbestellungen, bereits erfolgte und

erwartete Teilelieferungen an Kunden und die Korrelationen zwischen den Teilenummern von

Digisound-WIE und den Teilenummern von BeStar.

'Case 1:07-cv-06535 Document 1 Filed 11/16/2OO7 [Rechtssache 1: 07-cv-06535
Dokument 1 eingereicht am 16. 11. 2007]                    Seite 6 von 12

18.    Am 1. Juli 2007 verstieß das Unternehmen CC Electro, das als Verkaufsvertreter

für Digisound-WIE fungierte, gegen seinen schriftlichen Vertrag mit Digisound-WIE, indem es

diesen fristlos kündigte, obwohl CC Electro laut Vertrag verpflichtet war, mindestens 30 Tage

lang weiterhin als alleiniger Verkaufsvertreter von Digisound-WIE zu fungieren. Nach bestem

Wissen und Gewissen veranlassten die Beklagten CC Electro, gegen seinen Vertrag mit

Digisound zu verstoßen und einen Verkaufsvertretungsvertrag mit BeStar Technologies, Inc.

einzugehen, gemäß dem CC Electro versuchte, die Kunden von Digisound-WIE zu BeStar

Technologies, Inc. zu bewegen.

19.    Infolge der vorstehend beschriebenen Handlungen der Beklagten begann sich der

Vorrat an Digisound-Teilen im August 2007 bei den Kunden von Digisound-WIE zu erschöpfen.

Die Beklagten boten an, ihnen Digisound-Teile zu liefern, mit der Behauptung, dass sie diese

direkt vom Hersteller bereitstellen könnten. Indem sie die Teile fälschlich als Digisound-Teile

ausgaben, konnten die Beklagten den langen Prozess vermeiden, der zur Qualifizierung der Teile

durch Produkttests notwendig gewesen wäre, um die Einhaltung der technischen Vorgaben der

einzelnen Kunden nachzuweisen.

20.    Infolge des Vorgenannten erlitt Digisound-WIE Umsatzverluste und Schaden

an seinen Kundenbeziehungen in Höhe von über 75.000 US-Dollar.

## Klagepunkt I – Vertragsbruch durch Dirk de Young

1-20.    Für die Absätze 1-20 des Anklagepunkts I wiederholt Digisound-WIE die

vorhergehenden Absätze 1-20.

21.    Die vorstehend genannten Handlungen von Dirk de Young stellen einen

andauernden Verstoß gegen Absatz 14 seines Arbeitsvertrags mit Digisound-WIE dar.

22.    Digisound-WIE hat seine Verpflichtungen gemäß dem Arbeitsvertrag in vollem

Umfang erfüllt.

Case 1:07-cv-06535 Document 1 Filed 11/16/2007 [Rechtssache 1: 07-cv-06535
Dokument 1 eingereicht am 16. 11. 2007]                              Seite 7 von 12

DESHALB beantragt die Klägerin Digisound-WIE, Inc. alle angemessenen

Rechtsbehelfe einschließlich:

A.    einer einstweiligen und permanenten Verfügung, die Dirk de Young und allen
      gemeinsam mit ihm handelnden Personen den weiteren Verstoß gegen Absatz 14
      seines Arbeitsvertrags untersagt.
B.    eines Schadenersatzes für Digisound-WIE oder alternativ eines Betrags in Höhe
      der widerrechtlichen Gewinne der Beklagten.


## Klagepunkt II – Verstoß gegen die Loyalitätspflicht durch Dirk De Young und Helene de Young

1-22.    Für die Absätze 1-22 des Anklagepunkts II wiederholt Digisound-WIE die

vorhergehenden Absätze 1-22.

23.    Die vorstehend genannten Handlungen der de Youngs stellten einen Verstoß gegen ihre

Loyalitätspflicht gegenüber Digisound-WIE dar.

DESHALB beantragt die Klägerin Digisound-WIE, Inc. alle angemessenen

Rechtsbehelfe einschließlich eines Schadenersatzes für Digisound-WIE oder alternativ eines

Betrags in Höhe der widerrechtlichen Gewinne der Beklagten sowie Strafschadenersatz.

## Klagepunkt III – Veruntreuung von Geschäftsgeheimnissen gegen alle Beklagten

1-23.    Für die Absätze 1-23 des Anklagepunkts III wiederholt Digisound-WIE die

vorhergehenden Absätze 1-23.

24.    Mit ihrem vorstehend beschriebenen Verhalten haben die Beklagten geheime

Geschäftsinformationen von Digisound-WIE zu ihrem persönlichen Vorteil veruntreut.

DESHALB beantragt die Klägerin Digisound-WIE, Inc. alle angemessenen

Rechtsbehelfe einschließlich eines Schadenersatzes für Digisound-WIE oder alternativ eines

Betrags in Höhe der widerrechtlichen Gewinne der Beklagten sowie Strafschadenersatz.

·Case 1:07-cv-06535 Document 1 Filed 11/16/2OO7 [Rechtssache 1: 07-cv-06535
Dokument 1 eingereicht am 16. 11. 2007]                    Seite 8 von 12

### Klagepunkt IV – Verstoß gegen Computer Fraud and Abuse Act [Gesetz gegen Computerbetrug und -missbrauch] gegen alle Beklagten

1-24.    Für die Absätze 1-24 des Anklagepunkts IV wiederholt Digisound-WIE die

vorhergehenden Absätze 1-24.

25.    Durch ihr vorstehend genanntes Verhalten haben die Beklagten ihre Befugnis

überschritten, indem sie sich Zugang zu Computern von Digisound-WIE verschafft und

darauf gespeicherte Daten widerrechtlich zerstört haben, was einen Verstoß gegen den

Computer Fraud and Abuse Act 18 U.S.C. § 1030(a)(2)(C) darstellt.

DESHALB beantragt die Klägerin Digisound-WIE, Inc. alle angemessenen

Rechtsbehelfe einschließlich eines Schadenersatzes für Digisound-WIE oder alternativ eines

Betrags in Höhe der widerrechtlichen Gewinne der Beklagten sowie Strafschadenersatz.

### Klagepunkt V – „Palming Off" [Ausgeben eines Produkts als ein anderes] in Verletzung des Lanham-Gesetzes gegen alle Beklagten

1-25.    Für die Absätze 1-25 des Klagepunkts V wiederholt Digisound-WIE die

vorhergehenden Absätze 1-25.

26.    Mit ihrem vorstehend beschriebenen Verhalten haben die Beklagten Produkte im

zwischenstaatlichen Handel angeboten und verkauft, und zwar durch eine falsche

Darstellung, dass es sich um Teile von Digisound handelte und dass diese dadurch den

technischen Vorgaben für Digisound-Teile entsprächen und durch die

Produktgewährleistungen von Digisound geschützt wären, was einen Verstoß gegen das

Lanham-Gesetz, 15 U.S.C. § 1125(a) darstellt.

DESHALB beantragt die Klägerin Digisound-WIE, Inc. alle angemessenen

Rechtsbehelfe einschließlich eines Schadenersatzes für Digisound-WIE oder alternativ eines

Betrags in Höhe der widerrechtlichen Gewinne der Beklagten sowie Strafschadenersatz.

Case 1:07-cv-06535 Document 1 Filed 11/16/2007 [Rechtssache 1: 07-cv-06535
Dokument 1 eingereicht am 16. 11. 2007]                    Seite 9 von 12

## Klagepunkt VI – Unerlaubter Eingriff in die Geschäfte
## gegen alle Beklagten

1-26.    Für die Absätze 1-26 des Klagepunkts VI wiederholt Digisound-WIE die

vorhergehenden Absätze 1-26.

27.    Mit ihrem vorstehend beschriebenen Verhalten haben die Beklagten unerlaubt

in die Verträge von Digisound-WIE mit Kunden eingegriffen, indem sie es Digisound-WIE

unmöglich gemacht haben, alle Kundenaufträge zu erfüllen, und auf unbefugte Weise die

Gelegenheit nutzten, diese Aufträge mit BeStar-Teilen zu erfüllen, die entweder von

Digisound-WIE veruntreut oder anderweitig von den Beklagten unerlaubt erlangt wurden.

DESHALB beantragt die Klägerin Digisound-WIE, Inc. alle angemessenen

Rechtsbehelfe einschließlich eines Schadenersatzes für Digisound-WIE oder alternativ eines

Betrags in Höhe der widerrechtlichen Gewinne der Beklagten sowie Strafschadenersatz.

## Klagepunkt VII – Unerlaubter Eingriff in geschäftliche Erwartungen
## gegen alle Beklagten

1-27.    Für die Absätze 1-27 des Klagepunkts VII wiederholt Digisound-WIE die

vorhergehenden Absätze 1-27.

28.    Mit ihrem vorstehend beschriebenen Verhalten haben die Beklagten einen

unerlaubten Eingriff in die geschäftliche Erwartung von Digisound-WIE vorgenommen, der

alleinige Lieferant von BeStar-Produkten in den Vereinigten Staaten zu bleiben, was ohne das

vorstehend beschriebene Verhalten weiterhin der Fall gewesen wäre.

DESHALB beantragt die Klägerin Digisound-WIE, Inc. alle angemessenen

Rechtsbehelfe einschließlich eines Schadenersatzes für Digisound-WIE oder alternativ eines

Betrags in Höhe der widerrechtlichen Gewinne der Beklagten sowie Strafschadenersatz.

Case 1:07-cv-06535 Document 1 Filed 11/16/2007 [Rechtssache 1: 07-cv-06535
Dokument 1 eingereicht am 16. 11. 2007]                    Seite 10 von
12

## Klagepunkt VIII – Rechtswidriges kollusives Zusammenwirken gegen alle Beklagten

1-28.    Für die Absätze 1-28 des Klagepunkts VIII wiederholt Digisound-WIE die

vorhergehenden Absätze 1-28 als auf alle Klagepunkte zutreffend.

28.    Mit ihrem vorstehend beschriebenen Verhalten haben sich die Beklagten zu

strafbarem Handeln verabredet, um verschiedene Torts [unerlaubte Handlungen] gegen

Digisound-WIE zu begehen, in der Absicht, sich deren Kunden- und Lieferantenbeziehungen

widerrechtlich anzueignen.

DESHALB beantragt die Klägerin Digisound-WIE, Inc. alle angemessenen

Rechtsbehelfe einschließlich eines Schadenersatzes für Digisound-WIE oder alternativ eines

Betrags in Höhe der widerrechtlichen Gewinne der Beklagten sowie Strafschadenersatz.

DIGISOUND-WIE, Inc.

Durch: /Unterschrift/ Arthur Sternberg
Einer ihrer Rechtsanwälte

Arthur Stemberg
Thompson Coburn LLP dba Thompson Cobum Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235