## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6535 | **DATE** | 2/20/2008 |
| **CASE TITLE** | Digisound-WIE, Inc., v. Bestar Technologies, Inc., et al. | | |

### DOCKET ENTRY TEXT

Defendants' motion to dismiss [22] is granted in part and denied in part. Plaintiff is given until 3/5/08 to file an amended complaint that complies with this order.

■[ For further details see text below.]                    Docketing to mail notices.

---

### STATEMENT

Before the court is a joint motion by corporate defendant Bestar Technologies, Inc., and individual defendants Dirk De Young and Helene De Young (collectively "defendants") to dismiss Counts II through VIII of plaintiff Digisound-WIE, Inc.'s ("plaintiff") complaint. For the reasons set forth more fully below, the motion to dismiss is granted in part and denied in part. The motion is denied as to Counts III and IV and granted as to Counts II, V, VI, VII, and VIII. Counts II, V, VI, VII, and VIII are dismiss without prejudice. Plaintiff is given until 3/5/08 to file an amended complaint that complies with this order.

#### I.  Factual Background

Plaintiff's eight-count complaint alleges claims against defendants for misappropriation of trade secrets (Count III); a violation of the Computer Fraud and Abuse Act ("CFAA") (Count IV); palming off in violation of the Lanham Act (Count V); tortious interference with business (Count VI); tortious interference with business expectancy (Count VII); and civil conspiracy (Count VIII). Count II of the complaint alleges breach of duty and is only directed against individual defendants Dirk and Helene De Young. Defendants move to dismiss Counts II through VIII pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

#### II.  Legal Analysis

##### A.  Rule 12(b)(6) Standard

Rule 12(b)(6) permits motions to dismiss a complaint for "failure to state a claim upon which relief can be granted. . ." FED. R. CIV. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "the complaint need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Equal Employment Opportunity Comm'n v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(citation omitted). The language in Rule 12(b)(6) "impose[s] two easy to clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.' Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *Id*. (citations omitted). In determining whether plaintiffs have cleared these hurdles, the court

## STATEMENT

assumes "that all the allegations in the complaint are true." *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466 (7th Cir. 2007) (citations omitted).

### B.  Specific Counts in the Complaint

#### 1.  Count III

First, the court turns to Count III of the complaint, entitled "misappropriation of trade secrets." Defendants construe this claim as a common law misappropriation claim and move to dismiss it on the basis that such a claim is preempted by the Illinois Trade Secret Act ("ITSA"), 765 ILCS 1065, *et. seq.*  In its response, plaintiff argues that Count III is not a common law misappropriation claim, but rather, is a statutory claim under the ITSA and, thus, is not preempted.  At this stage in the proceedings, the court must make all reasonable inferences in plaintiff's favor.  Therefore, the motion to dismiss is denied as to Count III and the court construes Count III as a statutory misappropriation claim pursuant to the ITSA.

#### 2.  Counts II, VI, and VII

Defendants move to dismiss Counts II, VI, and VII of the complaint, arguing that those claims are preempted by the ITSA.  The ITSA is the exclusive remedy under Illinois law for the misappropriation of trade secrets. 765 ILCS 1065/8(a).  The ITSA "explicitly abolishes all common law causes of action, except breach of contract, predicated on a trade secret theory." *Automed Techs. v. Ellers*, 160 F.Supp.2d 915, 921 (N.D. Ill. 2001).  Accordingly, defendants argue that plaintiff's claims for breach of duty, tortious interference with business, and tortious interference with business expectancy are preempted by the ITSA and must be dismissed.  Plaintiff responds, arguing that those claims are not "solely dependent on a trade secret misappropriation" theory and, therefore, should not be dismissed. *Resp.* at 2.  Plaintiff concedes that Counts II, VI and VII are, at least in part, predicated on a trade secret misappropriation theory.  Therefore, those claims are preempted by the ITSA and must be dismissed.  However, plaintiff is given leave to file an amended complaint.  In that amended complaint, plaintiff may replead its common law causes of action, but must narrowly tailor those claims to exclude any allegations involving trade secret misappropriation.

### C.  Count IV

Next, defendants move to dismiss Count IV on the basis that plaintiff does not have the authority under the CFAA, 18 U.S.C. § 1030, to bring this claim.  The CFAA is primarily a criminal statute, but also creates a private cause of action in Section 1030(g).  Section 1030(g) provides, in pertinent part:

Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves one of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B).

In the complaint, plaintiff claims that defendants violated Section 1030(a)(2)(C) of the CFAA. Defendants seek to dismiss Count IV, arguing that a Section 1030(a)(2)(C) violation is not one of the violations under which an individual can initiate a private cause of action under the CFAA.  This court has already addressed and rejected that argument. *See Charles Schwab & Co., Inc. v. Carter*, 04 C 7071, 2005 WL 351929 (N.D. Ill. 2005)(finding that an individual could state a private cause of action under the CFAA for a violation of Section 1030(a)(2)(C)).

Defendants also move to dismiss Count IV, arguing that plaintiff failed to plead that it suffered the requisite "damage" or "loss" under the CFAA.  In the complaint, plaintiff claims that defendants misappropriated data from its computers and destroyed data on its hard drives, causing damages in excess of $75,000.  At this stage in the proceedings, we must view the allegations in the complaint in the light most favorable to plaintiff.  Accordingly, plaintiff's damage claim can be construed as alleging "loss to one or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. § 1030(a)(5)(B)(I).  Therefore, the court finds that plaintiff has alleged a claim under the CFAA. *See. C.H. Robinson Worldwide, Inc. v. Command Transp. LLC*, 05 C 3401, 2005 WL 3077998 (N.D. Ill. 2005). Defendants' motion to dismiss is denied as to Count IV.

## STATEMENT

**D. Count V**

Defendants move to dismiss plaintiff's Lanham Act claim, 15 U.S.C. § 1125, *et. seq.*, arguing that plaintiff does not own the goods and trademark that defendants are accused of "palming off." The Seventh Circuit has defined a "passing off or palming off" claim under the Lanham Act as occurring "when a firm puts someone else's trademark on its own (usually inferior) goods." *Bretford Mfg., Inc. v. Smith Systems Mfg. Corp.*, 419 F.3d 576, 580 (7th Cir. 2005). Defendants argue that Count V must be dismissed because plaintiff has not alleged that it manufactured, produced, or possessed a trademark for the goods defendants allegedly "palmed off." In its response, plaintiff contends that it can state a valid "palming off" claim under the Lanham Act without alleging that it manufactured or possessed a trademark for the disputed goods. However, plaintiff fails to provide a case law citation to support its contention and the court finds that this argument is contrary to the applicable law. *See Bretford*, 419 F.3d at 580. Therefore, the motion to dismiss is granted as to Count V.

**E. Count VIII**

Finally, the court turns to plaintiff's civil conspiracy claim. In Count VIII, plaintiff purports to state a civil conspiracy claim against all of the defendants. Count VIII consists of a single paragraph, which states: "[i]n engaging in the foregoing conduct, the defendants have conspired to commit various torts against [plaintiff] with the intent to misappropriate its customers and supplier relationships." This claim cannot survive the low pleading hurdles applicable to a Rule 12(b)(6) motion to dismiss. As an initial matter, a "civil conspiracy cannot exist between a corporation's own officers or employees." *Plastic Film Corp. of Am. v. Unipac, Inc.*, 128 F.Supp.2d 1143, 1146 (N.D. Ill. 2001). Therefore, to the extent plaintiff claims that the individual defendants conspired with each other while employees of Bestar, the claim fails as a matter of law. Further, a corporation cannot conspire with its agents. *Small v. Sussman*, 306 Ill.App.3d 639, 646 (1st Dist. 1999). Therefore, the claim also fails to the extent plaintiff contends that Bestar conspired with its employees. Finally, to the extent the conspiracy claim involves allegations of trade secret misappropriation, it is preempted by the ITSA. *See* 765 ILCS 1065/8(a). Accordingly, Count VIII is dismissed.

**III. Conclusion**

In summary, the court finds that plaintiff has sufficiently stated a misappropriations claim pursuant to the ITSA, 765 ILCS 1065, *et. seq.*, and a violation of the CFAA, 18 U.S.C. § 1030, *et. seq.* The court dismisses, without prejudice, plaintiff's common law claims and its claim under the Lanham Act. It is so ordered.