In the United States District Court
For the Northern District of Illinois
Eastern Division

DIGISOUND-WIE, INC.,

        Plaintiff,

    v.

BESTAR TECHNOLOGIES, INC., et al.,

        Defendants.

07 CV 6535

Judge Lindberg

Magistrate Judge Mason

## Plaintiff's Motion to Compel Compliance with First Request to Produce

Pursuant to FED.R.CIV.P. 37(a)(1) and Local Rule 37.2, plaintiff Digisound-WIE requests

an order compelling defendants BeStar Technologies, Inc., Dirk de Young, and Helene de Young

to (a) produce all documents and data responsive to its First Request to Produce, (b) provide a

log of documents and data withheld on the basis of privilege, and (c) pay Digisound-WIE's

reasonable attorneys' fees in seeking discovery compliance:

    1.      On December 19, 2007, Digisound-WIE served its attached First Request to

Produce on defendants BeStar Technologies, Inc., Dirk de Young, and Helene de Young.

    2.      On December 28, 2007, the court denied the defendants' "Motion to Strike

Plaintiff's Discovery and Stay Discovery," which they had filed on December 27, 2007.

    3.      On January 18, 2008, the defendants served the attached "Response to Plaintiff's

First Request to Produce." In their response, the defendants made nine objections before even

reaching the specific requests. They objected to 12 of 18 requests and responded that there were

no responsive documents to four of six remaining requests. The only documents produced with

the Response were 15 pages of publicly available records on the Arizona Secretary of State's

website.

4.      On January 18, 2008, Digisound-WIE's counsel requested a conference with the defendants' counsel to resolve their objections. (See attached January 18, 2008 email from Arthur Sternberg to Charmagne Topacio and James Borcia.) On January 21, 2008, Digisound-WIE's counsel again requested that defendants' counsel provide dates and times that they were available for a discovery conference. (See attached January 21, 2008 email from Arthur Sternberg to Charmagne Topacio and James Borcia and related January 22-23, 2008 emails.)

5.      On January 25, 2008, the parties' attorneys conferred by phone on defendants' objections to the First Request to Produce. Participating in the telephone call were Arthur Sternberg for Digisound-WIE (along with Paralegal Nancy Murphy) and James Borcia and Charmagne Topacio for defendants. As a result of the conference, defendants agreed to produce a log for documents withheld on the basis of privilege and to reconsider their objections. Defendants' counsel also stated that they had confidential documents that they would produce once the court entered the parties' "Stipulated Protective Order."

6.      On January 31, 2008, the court entered the Stipulated Protective Order.

7.      On February 5, 2008, the above attorneys conferred by phone again regarding the defendants' objections. During the conference, the defendants' attorneys agreed to produce, including in native electronic format, all documents and data responsive to ¶¶ 3-4, 8-10, 12-18 of the First Request to Produce. Defendants' attorneys represented that the defendants have no documents responsive to ¶¶ 1-2 and 5-6 of the First Request to Produce, but needed to determine whether there were additional documents responsive to ¶ 7 of the First Request to Produce and whether there were any documents responsive to ¶ 11 of the Request. Defendants' attorneys stated that it would take them 10-15 days to obtain the electronic data and additional responsive documents that had not yet been sent to them.

8.    On February 5, 2008, defendants produced 226 pages of requested documents that they had held pending entry of the Stipulated Protective Order. In contrast, CC Electro Sales, Inc. (the independent manufacturer's representative that represented Digisound-WIE until June 25, 2007, the same day the de Youngs resigned from Digisound-WIE, and BeStar Technologies since then) produced over 13,000 pages in response to a subpoena duces tecum that contained document categories similar to those in the First Request to Produce. Among the documents from CC Electro Sales were hundreds of emails that the defendants sent or received.

9.    On February 18, 2008, Digisound-WIE's attorney sent the attached email requesting defendants' attorneys comply with the agreements reached during the February 5, 2008 discovery conference.

10.    To date, defendants' attorneys have neither responded to the February 18, 2008 email request nor produced a privilege log, additional documents, or data in native electronic form.

THEREFORE, plaintiff Digisound-WIE requests entry of an order granting all appropriate relief, including:

A.    Defendants BeStar Technologies, Inc., Dirk de Young, and Helene de Young shall immediately produce a log as to all documents and data withheld on the basis of any privilege. The log shall identify the date, authors, recipients, subject matter of all withheld documents or data, and the form of data in sufficient detail to assess whether the documents and data are fully privileged from disclosure or should be produced with any necessary redaction.

B.    Defendants BeStar Technologies, Inc., Dirk de Young, and Helene de Young shall immediately produce all additional documents and data in native electronic format that are responsive to ¶¶ 1-18 Plaintiff's First Request to Produce, except for those documents and data listed in their privilege log.

C.    Defendants BeStar Technologies, Inc., Dirk de Young, and Helene de Young shall pay Digisound-WIE's reasonable attorneys' fees incurred in seeking discovery compliance. Digisound-WIE shall submit an affidavit

for those fees within seven days of the order granting the Motion to Compel, to which the defendants shall respond within the following seven days.

DIGISOUND-WIE, INC.


By: _s/ Arthur Sternberg_____
    One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235

In the United States District Court
For the Northern District of Illinois
Eastern Division

DIGISOUND-WIE, INC.,

        Plaintiff,

    v.

BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG,
HELENE DE YOUNG, FLORIAN GREILING, and
LILLI GREILING,

        Defendants.

07 CV 6535

Judge Lindberg

Magistrate Judge Mason

# Plaintiff's First Request to Produce

Plaintiff DIGISOUND-WIE, INC. ("Digisound-WIE") directs its First Request to Produce to defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG, and HELENE DE YOUNG pursuant to FED.R.CIV.P. 34 and the following definitions and instructions:

## Definitions and Instructions

A.      "Document" includes all forms of recorded information, *e.g.*, handwritten or typed letters and documents, e-mails and attachments, word processing and other computer files and printouts, document history or summary logs, spreadsheets, databases, graphic images, voice mails, and all other forms of stored data, audio and video recordings, microfilm, and microfiche. Each non-identical original or copy of a document, as well as each non-identical storage medium, is a separate document.

B.      This discovery request applies to all documents created, received, or known to you as of the date of your response.

C.      For each document withheld due to a claim of privilege, please state (1) the type of document (*e.g.*, letter or memorandum), (2) the media in which the document is contained (*e.g.*, paper, cd-rom, computer disk), (3) the names of the author and each recipient of the

document, (4) the name, address, and title of the document's custodian, (5) a summary of the

contents of the document in sufficient detail to show its privileged nature, and (6) the basis on

which a privilege is claimed.  You are also requested to produce, in redacted form, all non-

privileged portions of a document claimed to be privileged in part.

       D.      Please identify each requested document that is no longer in your possession or

control.

       E.      In producing the requested documents, you should indicate the paragraph

number(s) of the requests to which the documents are responsive.

       F.      Unless otherwise indicated, this request applies to documents created, changed, or

received between January 1, 2007 and the date the responding party serves its response to the

request.

       G.      Please contact Arthur Sternberg at (312) 580-2235 or Susan Lorenc at (312)

580-2324 if you are unsure the scope, meaning, or intent of any interrogatory.

## Documents and Data to Be Answered in Accordance With the Above Definitions and Instructions

      1.      All documents containing or otherwise relating to data copied or deleted by or for

any of the defendants from Digisound-WIE's computers.

      2.      All documents relating to any of the defendants removing or diverting any supply

of product from Changzhou Bestar Acoustic Co. Ltd. ("BeStar Acoustic") that was shipped to or

for Digisound-WIE.

      3.      All lease agreements to which BeStar Technologies, Inc. is a party.

      4.      Any contracts between any defendant and CC Electro Sales, Inc. and all

documents relating to the negotiation, execution, and performance of those contracts.

2

5.    Any contracts between any defendant and BeStar Acoustic and all documents relating to the negotiation, execution, and performance of those contracts.

6.    Any contracts between any defendant and BeStar Electronics Industry Co. ("BeStar Electronics") and all documents relating to the negotiation, execution, and performance of those contracts.

7.    All documents relating to BeStar Technologies, Inc.'s formation or incorporation, including but not limited to communications by or with any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, BeStar Electronics, and CC Electro Sales, Inc. about representing, forming, investing in, extending credit to, becoming a shareholder in, working for, acting on behalf of, or doing business with BeStar Technologies, Inc.

8.    All of BeStar Technologies, Inc.'s banking and financial records, including monthly and quarterly financial statements, income statements, and balance sheets.

9.    All of BeStar Technologies, Inc.'s inventory records.

10.    All purchase orders to or from BeStar Technologies, Inc.

11.    All BeStar Technologies, Inc.'s invoices to customers, product shipping records, statements of account, and record of customer payments.

12.    All documents containing or relating to BeStar Technologies, Inc.'s marketing and sales materials, sales calls, and sales solicitations.

13.    All documents containing or relating to (a) purchase orders placed with suppliers (specifically including Bestar Acoustic and BeStar Electronics) for product to be sold or offered to customers, (b) records of products received from suppliers to be sold or offered to customers, and (c) records of payments to suppliers.

3

14.    All documents containing or otherwise relating to products either (a) ordered from any of the defendants by or on behalf of or (b) supplied by or on behalf of any defendant to Flextronics International Ltd. (or any U.S. or Mexican subsidiary or division), Valeo Group (or any U.S. or Mexican subsidiary or division, Visteon Corporation, Visteon Altec, or Whirlpool Corporation.

15.    All documents containing or otherwise relating to communications with any company known to defendants as prospective customers of Digisound-WIE, including but not limited Invensys, Navistar, Roche, and Tri-Start Speaker.

16.    All documents containing or otherwise relating to communications between or among any of the defendants concerning Digisound-WIE, Inc., Digisound-Electronic GmbH, BeStar Technologies, Inc., Wu Yifei (also known as David Wu), BeStar Acoustic, BeStar Electronics, CC Electro Sales, Inc. or Matt Cohen, Flextronics International Ltd. (or any U.S. or Mexican subsidiary or division), Valeo Group (or any U.S. or Mexican subsidiary or division, Visteon Corporation, Visteon Altec, Whirlpool Corporation,

17.    All documents containing or otherwise relating to communications to or from CC Electro Sales, Inc. or Matt Cohen and Valeo, Visteon, Visteon Altec, Flextronics, or Whirlpool Corporation, Invensys PLC (or any U.S. or Mexican subsidiary or division), Navistar International Corporation (or any U.S. or Mexican subsidiary or division), Roche (or any U.S. or Mexican subsidiary or division), or Tri-Start Electronics, Inc. (or ACI Electronics, which acquired Tri-Start, or any U.S. or Mexican subsidiary or division).

18.    All documents containing or otherwise relating to communications about any defendant potentially or actually supplying or selling parts or other goods that Digisound-WIE has sold.

4

DIGISOUND-WIE, INC.

By: _____

  One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235

## CERTIFICATE OF SERVICE

I, Arthur Sternberg, an attorney, certify under penalty of perjury as provided under 28 U.S.C. §1746 that I served genuine copies of the foregoing **Plaintiff's First Request to Produce** by messenger delivery to the following counsel of record:

Daniel R. Formeller, Esq.
James K. Borcia, Esq.
Charmagne Topacio, Esq.
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308

by depositing same in the U.S. Mail at 55 East Monroe Street, Chicago, Illinois 60603, on December 19, 2007, with proper postage prepaid.

By: _Arthur Sternberg_

4644450_1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DIGISOUND-WIE, INC., | ) |
| | ) |
| Plaintiff, | ) Case No:  07 C 6535 |
| v. | ) |
| | ) Judge George W. Lindberg |
| BESTAR TECHNOLOGIES, INC., DIRK DE | ) |
| YOUNG, HELENE DE YOUNG, FLORIAN | ) Magistrate Judge Michael T. Mason |
| GREILING and LILLI GREILING, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' BESTAR TECHNOLOGIES, INC.'S, DIRK DE YOUNG AND HELENE DE YOUNG'S RESPONSE TO PLAINTIFF'S FIRST REQUEST TO PRODUCE

Defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG hereby submit their Response to Plaintiff's First Set of Requests to Produce:

### GENERAL OBJECTIONS

Defendants hereby incorporate by reference, as if fully set forth therein, each of the following General Objections in their response to each separate paragraph in Plaintiff's First Set of Requests To Produce (herein "Plaintiff's Requests").

1.    Defendants object to producing any documents in response to Plaintiff's Requests that is protected by the attorney-client privilege, the work-product doctrine or any other applicable protection, restriction or immunity from discovery.   Any disclosure of information protected by the attorney-client privilege, the work-product doctrine or any other privilege, restriction or immunity from discovery is not intended and should not be construed to constitute a waiver.

2.    Defendants object to producing documents in response to Plaintiff's Requests to the extent that producing such documents would be oppressive, unduly burdensome,

unreasonably expensive or would require an unreasonable investigation on the part of Defendants.

3.      Defendants object to Plaintiff's Requests to the extent that they attempt to impose obligations upon Defendants that are inconsistent with and/or in addition to those imposed by the Federal Rules of Civil Procedure, Federal Rules of Evidence, applicable case law and any rulings made by the Court throughout this matter.

4.      Defendants object to Plaintiff's Requests to the extent that the documents sought are a matter of public record, which are equally accessible and available to Plaintiff, on the grounds that providing such documents would impose an unreasonable burden and expense upon Defendants.

5.      Defendants object to Plaintiff's Requests to the extent they seek documents that are not in the possession, custody or control of Defendants.

6.      Defendants object to Plaintiff's Requests to the extent that they seek information already in the possession, custody or control of Plaintiff.

7       Defendants object to Plaintiff's Requests to the extent that they are duplicative.

8.      Defendants object to Plaintiff's Requests to the extent they seek information in the care, custody and control of the defendants that not yet been served and have not appeared in this lawsuit.

9.      Defendants object to Plaintiff's Requests to the extent they seek the production of information containing confidential, proprietary business information, except pursuant to an appropriate confidentiality agreement and/or protective order.

Defendants' investigation of the facts concerning this action is continuing. The responses to Plaintiff's Requests, therefore, are subject to all stated objections and are based upon such

documents as are presently available to, or known to, Defendants and their agents. Defendants reserve their right to modify or supplement, to the extent required by the Federal Rules of Civil Procedure, any and all objections and responses herein as additional facts are ascertained, as additional documents are obtained, and as additional analysis and contentions are formulated.

## RESPONSE TO REQUESTS

1.      All documents containing or otherwise relating to data copied or deleted by or for any of the defendants from Digisound-WIE's computers.

**RESPONSE**: **None.**

2.      All documents relating to any of the defendants removing or diverting any supply of product from Changzhou Bestar Acoustic Co. Ltd. ("BeStar Acoustic") that was shipped to or for Digisound-WIE.

**RESPONSE**: **None.**

3.      All lease agreements to which BeStar Technologies, Inc. is a party.

**RESPONSE**: **Non-privileged documents responsive to this Request will be made available for inspection by Plaintiff's counsel on a mutually convenient date following the entry of an appropriate protective order.**

4.      Any contracts between any defendant and CC Electro Sales, Inc. and all documents relating to the negotiation, execution, and performance of those contracts.

**RESPONSE**: **Non-privileged documents responsive to this Request will be made available for inspection by Plaintiff's counsel on a mutually convenient date following the entry of an appropriate protective order.**

5.      Any contracts between any defendant and BeStar Acoustic and all documents relating to the negotiation, execution, and performance of those contracts.

**RESPONSE**: **None.**

6.      Any contracts between any defendant and BeStar Electronics Industry Co. ("BeStar Electronics") and all documents relating to the negotiation, execution, and performance of those contracts.

**RESPONSE**: **None.**

7.      All documents relating to BeStar Technologies, Inc.'s formation or incorporation, including but not limited to communications by or with any defendant, Wu YiFei (aka David Wu), BeStar Acoustic, BeStar Electronics, and CC Electro Sales, Inc. about representing,

forming, investing in, extending credit to, becoming a shareholder in, working for, acting on behalf of, or doing business with BeStar Technologies, Inc.

**RESPONSE**: **Defendants object to this Request as it is overbroad and unduly burdensome. Subject to and without waiving said objections, non-privileged documents responsive to this Request will be made available for inspection by Plaintiff's counsel on a mutually convenient date following the entry of an appropriate protective order.**

8.     All of BeStar Technologies, Inc.'s banking and financial records, including monthly and quarterly financial statements, income statements, and balance sheets.

**RESPONSE**: **Defendants object to this Request as it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

9.     All of BeStar Technologies, Inc.'s inventory records.

**RESPONSE**: **Defendants object to this Request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

10.     All purchase orders to or from BeStar Technologies, Inc.

**RESPONSE**: **Defendants object to this Request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

11.     All BeStar Technologies, Inc.'s invoices to customers, product shipping records, statements of account, and record of customer payments.

**RESPONSE**: **Defendants object to this Request as it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

12.     All documents containing or relating to BeStar Technologies, Inc.'s marketing and sales materials, sales calls, and sales solicitations.

**RESPONSE**: **Defendants object to this Request as it is overbroad and unduly burdensome. Subject to and without waiving said objections, non-privileged documents responsive to this Request will be made available for inspection by Plaintiff's counsel on a mutually convenient date following the entry of an appropriate protective order.**

13.     All documents containing or relating to (a) purchase orders placed with suppliers (specifically including Bestar Acoustic and BeStar Electronics) for product to be sold or offered to customers, (b) records of products received from suppliers to be sold or offered to customers, and (c) records of payments to suppliers.

**RESPONSE**: **Defendants object to this Request as it seeks information that is not**

reasonably calculated to lead to the discovery of admissible evidence.

14.    All documents containing or otherwise relating to products either (a) ordered from any of the defendants by or on behalf of or (b) supplied by or on behalf of any defendant to Flextronics International Ltd. (or any U.S. or Mexican subsidiary or division), Valeo Group (or any U.S. or Mexican subsidiary or division, Visteon Corporation, Visteon Altec, or Whirlpool Corporation.

**RESPONSE**: **Defendants object to this Request as it seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request as it seeks information duplicative of Request Nos. 10 and 11, above.**

15.    All documents containing or otherwise relating to communications with any company known to defendants as prospective customers of Digisound-WIE, including but not limited [to] Invensys, Navistar, Roche, and Tri-Start Speaker.

**RESPONSE**: **Defendants object to this Request as it is vague and ambiguous as to which parties it seeks communications by and/or between, is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request as it seeks information duplicative of Request Nos. 10 through 12 above.**

16.    All documents containing or otherwise relating to communications between or among any of the defendants concerning Digisound-WIE, Inc., Digisound-Electronic GmbH, BeStar Technologies, Inc., Wu Yifei (also known as David Wu), BeStar Acoustic, BeStar Electronics, CC Electro Sales, Inc. or Matt Cohen, Flextronics International Ltd. (or any U.S. or Mexican subsidiary or division), Valeo Group (or any U.S. or Mexican subsidiary or division, Visteon Corporation, Visteon Altec, Whirlpool Corporation,

**RESPONSE**: **Defendants object to this Request as it is overbroad, unduly burdensome and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

17.    All documents containing or otherwise relating to communications to or from CC Electro Sales, Inc. or Matt Cohen and Valeo, Visteon, Visteon Altec, Flextronics, or Whirlpool Corporation, Invensys PLC (or any U.S. or Mexican subsidiary or division), Navistar International Corporation (or any U.S. or Mexican subsidiary or division), Roche (or any U.S. or Mexican subsidiary or division), or Tri-Start Electronics, Inc. (or ACI Electronics, which acquired Tri-Start, or any U.S. or Mexican subsidiary or division).

**RESPONSE**: **Defendants object to this Request as it is overbroad and unduly burdensome seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.**

18.    All documents containing or otherwise relating to communications about any defendant potentially or actually supplying or selling parts or other goods that Digisound-WIE

has sold.

**RESPONSE**: **Defendants object to this Request as it is unintelligible, vague and ambiguous. Defendants further object to this Request as it is overbroad and unduly burdensome.**

Dated: This 18th day of January, 2008.

BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG

By: _____
        One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000

Ctl/423532/8207-1

-6-

**Sternberg, Arthur B.**

| | |
|---|---|
| **From:** | Sternberg, Arthur B. |
| **Sent:** | Friday, January 18, 2008 5:00 PM |
| **To:** | 'Charmagne Topacio'; James K. Borcia |
| **Cc:** | Lorenc, Susan M.; Murphy, Nancy I. |
| **Subject:** | RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535 |

I would like to schedule a discovery conference to attempt to resolve the objections stated in your response to our request to produce. We are available from 3:30 forward on Tuesday and Wednesday after our status hearing. Please let me know your availability.

**Arthur B. Sternberg**
asternberg@tcfhlaw.com
P: 312.580.2235
F: 312.782.1997
M: 630.247.4065

**Thompson Coburn Fagel Haber**
55 East Monroe Street
40th Floor
Chicago, IL 60603
www.tcfhlaw.com
Thompson Coburn LLP d/b/a
Thompson Coburn Fagel Haber

-----Original Message-----
From: Charmagne Topacio [mailto:ctopacio@tsmp.com]
Sent: Friday, January 18, 2008 4:46 PM
To: Sternberg, Arthur B.; Lorenc, Susan M.
Cc: James K. Borcia
Subject: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

 Re: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.
  Case No. 07-C-6535 (N.D. Ill)

Dear Counsel:

Per your request, attached please find a .pdf version of Defendants BeStar Technologies, Inc.'s, Dirk de Young's and Helene de Young's Response To Plaintiff's First Request To Produce and a copy of responsive documents. Also enclosed for your review and approval is a proposed stipulated protective order as referenced in Defendants' Response. Please do not hesitate to contact me or Jim Borcia with any questions.

 <<DefsRespPl1stRFP.PDF>>  <<BeStar Disc. Response D00001-D00015.pdf>>  <<ProposedProtOrder.PDF>>
Sincerely,
> Charmagne Topacio
> Tressler, Soderstrom, Maloney & Priess, LLP Sears Tower, 22nd Floor
> 233 South Wacker Drive
> Chicago, Illinois 60606-6399
> Direct # (312) 627-4136
> Fax # (312) 627-1717
>
> E-mail: ctopacio@tsmp.com
>

This message (including attachments) is covered by the Electronic Communication Privacy Act, 18 U.S.C., sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY/CLIENT PRIVILEGE. If you believe that this has been sent to you in error, do not read it. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If the reader of this message is not the intended recipient, I did not intend to waive and do not waive any privileges or confidentiality of this message or the attachments. Please reply to the sender that you have received the message in error, then delete it. Thank you.

**Sternberg, Arthur B.**

---

**From:**          Sternberg, Arthur B.
**Sent:**          Monday, January 21, 2008 5:58 PM
**To:**            'Charmagne Topacio'
**Cc:**            James K. Borcia; Lorenc, Susan M.; Murphy, Nancy I.
**Subject:**       RE: Demand Concerning Digisound-WIE Purchase Orders


Since you had time to prepare this letter, I don't understand why have not had time to
provide me dates and times to meet and discuss your objections to Digisound's First
Request to Produce. I would appreciate a response by Tuesday morning.


Arthur B. Sternberg
asternberg@tcfhlaw.com
P: 312.580.2235
F: 312.782.1997
M: 630.247.4065

Thompson Coburn Fagel Haber
55 East Monroe Street
40th Floor
Chicago, IL 60603
www.tcfhlaw.com
Thompson Coburn LLP d/b/a
Thompson Coburn Fagel Haber


-----Original Message-----
From: Charmagne Topacio [mailto:ctopacio@tsmp.com]
Sent: Monday, January 21, 2008 2:53 PM
To: Sternberg, Arthur B.
Cc: James K. Borcia; wu@be-star.com; sales@digisound-wie.com
Subject: Demand Concerning Digisound-WIE Purchase Orders

Dear Mr. Sternberg:

Please find attached a letter from James K. Borcia in connection with the above-captioned
subject matter.

 <<LtrtoASternberg.PDF>>

Sincerely,
> Charmagne Topacio
> Tressler, Soderstrom, Maloney & Priess, LLP Sears Tower, 22nd Floor
> 233 South Wacker Drive
> Chicago, Illinois 60606-6399
> Direct # (312) 627-4136
> Fax # (312) 627-1717
>
> E-mail: ctopacio@tsmp.com
>
This message (including attachments) is covered by the Electronic Communication Privacy
Act, 18 U.S.C., sections 2510-2521, is CONFIDENTIAL and may also be protected by
ATTORNEY/CLIENT PRIVILEGE. If you believe that this has been sent to you in error, do not
read it. If you are not the intended recipient, you are hereby notified that any
retention, dissemination, distribution, or copying of this communication is strictly
prohibited. If the reader of this message is not the intended recipient, I did not intend
to waive and do not waive any privileges or confidentiality of this message or the
attachments. Please reply to the sender that you have received the message in error, then
delete it. Thank you.

1

**From:** Charmagne Topacio [ctopacio@tsmp.com]
**Sent:** Tuesday, January 22, 2008 10:34 AM
**To:** Sternberg, Arthur B.
**Cc:** James K. Borcia; Lorenc, Susan M.; Murphy, Nancy I.
**Subject:** RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

Arthur:

We will be available to discuss after the status hearing tomorrow.


*Charmagne Topacio*

Tressler, Soderstrom, Maloney & Priess, LLP
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, Illinois 60606-6399
Direct # (312) 627-4136
Fax # (312) 627-1717


E-mail: **ctopacio@tsmp.com**

This message (including attachments) is covered by the Electronic Communication Privacy Act, 18 U.S.C., sections 2510-2521, is CONFIDENTIAL and may also be protected by ATTORNEY/CLIENT PRIVILEGE. If you believe that this has been sent to you in error, do not read it. If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. If the reader of this message is not the intended recipient, I did not intend to waive and do not waive any privileges or confidentiality of this message or the attachments. Please reply to the sender that you have received the message in error, then delete it. Thank you.


-----Original Message-----
**From:** Sternberg, Arthur B. [mailto:ASternberg@tcfhlaw.com]
**Sent:** Friday, January 18, 2008 5:00 PM
**To:** Charmagne Topacio; James K. Borcia
**Cc:** Lorenc, Susan M.; Murphy, Nancy I.
**Subject:** RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

I would like to schedule a discovery conference to attempt to resolve the objections stated in your response to our request to produce. We are available from 3:30 forward on Tuesday and Wednesday after our status hearing. Please let me know your availability.

**Arthur B. Sternberg**
asternberg@tcfhlaw.com
P: 312.580.2235
F: 312.782.1997
M: 630.247.4065

**Thompson Coburn Fagel Haber**
55 East Monroe Street
40th Floor
Chicago, IL 60603
www.tcfhlaw.com
Thompson Coburn LLP d/b/a
Thompson Coburn Fagel Haber

2/18/2008

**From:** Charmagne Topacio [ctopacio@tsmp.com]
**Sent:** Tuesday, January 22, 2008 5:38 PM
**To:** Sternberg, Arthur B.
**Cc:** James K. Borcia
**Subject:** RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

Arthur:

Jim Borcia just informed me that he has to fly out to Detroit tomorrow on an emergency. He would like to participate in our conference to discuss your issues and will be back and available on Monday or Tuesday. Would you be able to reschedule a meeting on either of those two days? Please advise of your availability when you have the opportunity. Thank you.

Charmagne

> -----Original Message-----
> **From:** Sternberg, Arthur B. [mailto:ASternberg@tcfhlaw.com]
> **Sent:** Tuesday, January 22, 2008 10:35 AM
> **To:** Charmagne Topacio
> **Cc:** Lorenc, Susan M.; Murphy, Nancy I.
> **Subject:** RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535
>
> We can either use a room at court or go over to my office, which is about a block away.
>
>
> **Arthur B. Sternberg**
> asternberg@tcfhlaw.com
> P: 312.580.2235
> F: 312.782.1997
> M: 630.247.4065
>
> **Thompson Coburn Fagel Haber**
> 55 East Monroe Street
> 40th Floor
> Chicago, IL 60603
> www.tcfhlaw.com
> Thompson Coburn LLP d/b/a
> Thompson Coburn Fagel Haber
>
>
> ------------------------------------------------
> **From:** Charmagne Topacio [mailto:ctopacio@tsmp.com]
> **Sent:** Tuesday, January 22, 2008 10:34 AM
> **To:** Sternberg, Arthur B.
> **Cc:** James K. Borcia; Lorenc, Susan M.; Murphy, Nancy I.
> **Subject:** RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535
>
> Arthur:
>
> We will be available to discuss after the status hearing tomorrow.
>
>
> *Charmagne Topacio*
>
> Tressler, Soderstrom, Maloney & Priess, LLP
> Sears Tower, 22nd Floor
> 233 South Wacker Drive
> Chicago, Illinois 60606-6399
> Direct # (312) 627-4136

2/18/2008

**Sternberg, Arthur B.**

| | |
|---|---|
| **From:** | Sternberg, Arthur B. |
| **Sent:** | Tuesday, January 22, 2008 9:12 PM |
| **To:** | 'ctopacio@tsmp.com'; 'jborcia@tsmp.com' |
| **Cc:** | Lorenc, Susan M.; Murphy, Nancy I. |
| **Subject:** | Re: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535 |


I will be out of town on Monday and Tuesday, so we need to proceed this week.
Arthur Sternberg

----- Original Message -----
From: Charmagne Topacio <ctopacio@tsmp.com>
To: Sternberg, Arthur B.
Cc: James K. Borcia <jborcia@tsmp.com>
Sent: Tue Jan 22 17:37:32 2008
Subject: RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

Arthur:

Jim Borcia just informed me that he has to fly out to Detroit tomorrow on an emergency.
He would like to participate in our conference to discuss your issues and will be back and
available on Monday or Tuesday.  Would you be able to reschedule a meeting on either of
those two days?  Please advise of your availability when you have the opportunity. Thank
you.

Charmagne

        -----Original Message-----
        From: Sternberg, Arthur B. [mailto:ASternberg@tcfhlaw.com]
        Sent: Tuesday, January 22, 2008 10:35 AM
        To: Charmagne Topacio
        Cc: Lorenc, Susan M.; Murphy, Nancy I.
        Subject: RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535


        We can either use a room at court or go over to my office, which is about a block
away.


        Arthur B. Sternberg
        asternberg@tcfhlaw.com
        P: 312.580.2235
        F: 312.782.1997
        M: 630.247.4065

        Thompson Coburn Fagel Haber
        55 East Monroe Street
        40th Floor
        Chicago, IL 60603
        www.tcfhlaw.com <http://www.tcfhlaw.com/>
        Thompson Coburn LLP d/b/a
        Thompson Coburn Fagel Haber


--------------------------------------

                From: Charmagne Topacio [mailto:ctopacio@tsmp.com]
                Sent: Tuesday, January 22, 2008 10:34 AM
                To: Sternberg, Arthur B.
                Cc: James K. Borcia; Lorenc, Susan M.; Murphy, Nancy I.
                Subject: RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-
C-6535

## Sternberg, Arthur B.

| | |
|---|---|
| **From:** | James K. Borcia [jborcia@tsmp.com] |
| **Sent:** | Tuesday, January 22, 2008 10:32 PM |
| **To:** | Sternberg, Arthur B.; Charmagne Topacio |
| **Cc:** | Lorenc, Susan M.; Murphy, Nancy I. |
| **Subject:** | Re: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535 |


How about Friday afternoon?

----- Original Message -----
From: Sternberg, Arthur B. <ASternberg@tcfhlaw.com>
To: Charmagne Topacio; James K. Borcia
Cc: Lorenc, Susan M. <SLorenc@tcfhlaw.com>; Murphy, Nancy I. <NMurphy@tcfhlaw.com>
Sent: Tue Jan 22 21:12:10 2008
Subject: Re: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

I will be out of town on Monday and Tuesday, so we need to proceed this week.
Arthur Sternberg

----- Original Message -----
From: Charmagne Topacio <ctopacio@tsmp.com>
To: Sternberg, Arthur B.
Cc: James K. Borcia <jborcia@tsmp.com>
Sent: Tue Jan 22 17:37:32 2008
Subject: RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

Arthur:

Jim Borcia just informed me that he has to fly out to Detroit tomorrow on an emergency.
He would like to participate in our conference to discuss your issues and will be back and
available on Monday or Tuesday.  Would you be able to reschedule a meeting on either of
those two days?  Please advise of your availability when you have the opportunity. Thank
you.

Charmagne

        -----Original Message-----
        From: Sternberg, Arthur B. [mailto:ASternberg@tcfhlaw.com]
        Sent: Tuesday, January 22, 2008 10:35 AM
        To: Charmagne Topacio
        Cc: Lorenc, Susan M.; Murphy, Nancy I.
        Subject: RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535


        We can either use a room at court or go over to my office, which is about a block
away.


        Arthur B. Sternberg
        asternberg@tcfhlaw.com
        P: 312.580.2235
        F: 312.782.1997
        M: 630.247.4065

        Thompson Coburn Fagel Haber
        55 East Monroe Street
        40th Floor
        Chicago, IL 60603
        www.tcfhlaw.com <http://www.tcfhlaw.com/>
        Thompson Coburn LLP d/b/a
        Thompson Coburn Fagel Haber

**Sternberg, Arthur B.**

| | |
|---|---|
| **From:** | Sternberg, Arthur B. |
| **Sent:** | Wednesday, January 23, 2008 8:13 AM |
| **To:** | 'James K. Borcia'; Charmagne Topacio |
| **Cc:** | Lorenc, Susan M.; Murphy, Nancy I. |
| **Subject:** | RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535 |

Any time during Friday afternoon is fine, but I have a conference call in my office at 5:00.  Please let me know if you have any time on Thursday to meet instead.


**Arthur B. Sternberg**
asternberg@tcfhlaw.com
P: 312.580.2235
F: 312.782.1997
M: 630.247.4065

**Thompson Coburn Fagel Haber**
55 East Monroe Street
40th Floor
Chicago, IL 60603
www.tcfhlaw.com
Thompson Coburn LLP d/b/a
Thompson Coburn Fagel Haber

-----Original Message-----
From: James K. Borcia [mailto:jborcia@tsmp.com]
Sent: Tuesday, January 22, 2008 10:32 PM
To: Sternberg, Arthur B.; Charmagne Topacio
Cc: Lorenc, Susan M.; Murphy, Nancy I.
Subject: Re: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

How about Friday afternoon?

----- Original Message -----
From: Sternberg, Arthur B. <ASternberg@tcfhlaw.com>
To: Charmagne Topacio; James K. Borcia
Cc: Lorenc, Susan M. <SLorenc@tcfhlaw.com>; Murphy, Nancy I. <NMurphy@tcfhlaw.com>
Sent: Tue Jan 22 21:12:10 2008
Subject: Re: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

I will be out of town on Monday and Tuesday, so we need to proceed this week.
Arthur Sternberg

----- Original Message -----
From: Charmagne Topacio <ctopacio@tsmp.com>
To: Sternberg, Arthur B.
Cc: James K. Borcia <jborcia@tsmp.com>
Sent: Tue Jan 22 17:37:32 2008
Subject: RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

Arthur:

Jim Borcia just informed me that he has to fly out to Detroit tomorrow on an emergency.  He would like to participate in our conference to discuss your issues and will be back and available on Monday or Tuesday.  Would you be able to reschedule a meeting on either of those two days?  Please advise of your availability when you have the opportunity.  Thank you.

Charmagne

        -----Original Message-----

**Sternberg, Arthur B.**

| | |
|---|---|
| **From:** | Sternberg, Arthur B. |
| **Sent:** | Wednesday, January 23, 2008 10:52 AM |
| **To:** | 'Charmagne Topacio'; Lorenc, Susan M.; James K. Borcia |
| **Cc:** | Lorenc, Susan M.; Murphy, Nancy I. |
| **Subject:** | RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535 |

The 3:00 teleconference on Friday regarding discovery issues is acceptable.


Arthur B. Sternberg
asternberg@tcfhlaw.com
P: 312.580.2235
F: 312.782.1997
M: 630.247.4065

Thompson Coburn Fagel Haber
55 East Monroe Street
40th Floor
Chicago, IL 60603
www.tcfhlaw.com
Thompson Coburn LLP d/b/a
Thompson Coburn Fagel Haber


-----Original Message-----
From: Charmagne Topacio [mailto:ctopacio@tsmp.com]
Sent: Wednesday, January 23, 2008 10:51 AM
To: Sternberg, Arthur B.; Lorenc, Susan M.
Cc: James K. Borcia
Subject: RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

Arthur:

Per your request, attached is the proposed protective order in Word format.  As a further follow-up, Jim is available for a teleconference at 3pm on Friday to discuss the discovery issues. We can give you a call that time.

Charmagne

-----Original Message-----
From: Sternberg, Arthur B. [mailto:ASternberg@tcfhlaw.com]
Sent: Wednesday, January 23, 2008 9:14 AM
To: Charmagne Topacio; Lorenc, Susan M.
Cc: James K. Borcia
Subject: RE: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535


Please send me a copy of the proposed protective order so that I can make some proposed changes.

-----Original Message-----
From: Charmagne Topacio [mailto:ctopacio@tsmp.com]
Sent: Friday, January 18, 2008 4:46 PM
To: Sternberg, Arthur B.; Lorenc, Susan M.
Cc: James K. Borcia
Subject: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.: Case No. 07-C-6535

        Re: Digsound-WIE, Inc. v. BeStar Tech., Inc., et al.
             Case No. 07-C-6535 (N.D. Ill)

**Sternberg, Arthur B.**

| | |
|---|---|
| **From:** | Sternberg, Arthur B. |
| **Sent:** | Monday, February 18, 2008 2:05 PM |
| **To:** | 'James K. Borcia'; 'Charmagne Topacio' |
| **Cc:** | Lorenc, Susan M.; Murphy, Nancy I. |
| **Subject:** | Compliance with Digisound-WIE's First Request to Produce |

During our February 5, 2008 telephone conference you agreed to (a) produce a privilege log as to documents/data withheld on the basis of privilege, (b) produce, including in native electronic format, all documents and data responsive to ¶¶ 3-4, 8-10, 12-18 of the First Request to Produce, and (c) to determine whether there were additional documents responsive to ¶ 7 of the First Request to Produce and whether there were any documents responsive to ¶ 11 of the Request.  You indicated that it would take 10-15 days to obtain the electronic data and additional responsive documents that had not yet been sent to you.  Two weeks have passed since our last conference and neither the log nor additional documents have been produced.  I would therefore appreciate knowing when you will be producing these items, including any documents/data responsive to ¶¶ 7 and 11 of the First Request to Produce.

**Arthur B. Sternberg**
asternberg@tcfhlaw.com
P: 312.580.2235
F: 312.782.1997
M: 630.247.4065

**Thompson Coburn Fagel Haber**
55 East Monroe Street
40th Floor
Chicago, IL 60603
www.tcfhlaw.com
Thompson Coburn LLP d/b/a
Thompson Coburn Fagel Haber