In the United States District Court
For the Northern District of Illinois
Eastern Division

| | |
|---|---|
| DIGISOUND-WIE, INC., <br><br> Plaintiff, <br><br> v. <br><br> BESTAR TECHNOLOGIES, INC., et al., <br><br> Defendants. | 07 C 6535 <br><br> Judge Lindberg <br><br> Magistrate Judge Mason |

# Plaintiff's Motion for Reassignment of Related Case

Pursuant to Local Rule 40.4(c), plaintiff DIGISOUND-WIE, INC. ("Digisound-WIE") moves for entry of an order finding that *Bestar Electronics Industry Co., Ltd. v. Digisound-WIE, Inc.*, 07 C 7290 (assigned to Judge Leinenweber) is related to this case and should be reassigned to this court's calendar:

## Legal Standards for Reassignment

1. Local Rule 40.4 provides for reassigning a higher-number case to the judge assigned to a lower-number case if the two cases have some of the same questions of fact or law or grow out of the same transaction or occurrence and:

   a. both cases are pending in this Court;

   b. the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

   c. the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

   d. the cases are susceptible of disposition in a single proceeding.

## LR 40.4(a) Requirements Are Met

2. A common question in both cases, which is based on the same occurrence, is whether BeStar Electronics (the plaintiff in 07 C 7290) and the defendants in this case conspired,

in violation of the fiduciary and contractual duties they owed Digisound-WIE, to steal Digisound-WIE's existing and prospective customer relationships, relationship with its independent manufacturing representative, and sales.

3. Both Digisound-WIE's Amended Complaint in this case and the attached Answer and Counterclaims filed in 07 C 7290 allege that BeStar Electronics and Digisound-WIE's parent company entered into a "Joint Venture Contract" under which the joint venture entity, BeStar Acoustic, manufactured Digisound-trademarked parts for Digisound-WIE to sell in the U.S. While the Joint Venture Contract was in effect (which it still is) and defendants de Youngs and Florian Greiling worked for the Digisound companies, BeStar Electronics (through its Managing Director, Wu YiFie) and the defendants conspired to (a) divert the parts from Digisound-WIE and sell them directly to Digisound-WIE's customers and (b) create defendant BeStar Technologies to permanently supplant Digisound-WIE.

4. With the factual allegations in ¶¶ 5-12 of the Counterclaim largely paralleling those in ¶¶ 14-25 of the Amended Complaint, the claims in both grow out of the same occurrences. *See Kaplan v. Gelfond*, 240 F.R.D. 88, 92 (S.D.N.Y. 2007) (consolidation granted where all of the plaintiffs' securities fraud claims were based on defendants' common course of conduct); *EEOC v. Von Maur, Inc.*, 237 F.R.D. 195, 197-98 (S.D. Iowa 2006) (consolidation granted where both actions involve alleged race discrimination in Von Maur's hiring practices at its Davenport locations).

5. If Digisound-WIE proves that BeStar Electronics and the defendants conspired against it in breach of their fiduciary and contractual duties, all of them would be liable to Digisound-WIE as conspirators and for largely the same damages. Thus, the cases share common questions of fact and law.

## LR 40.4(b) Requirements Are Met

6.　　As required by LR 40.4(b), both actions are pending in the U.S. District Court for the Northern District of Illinois.

7.　　The handling of discovery, motion practice, and trial by the same judge will save substantial judicial time and effort. First, discovery, motion practice, and trial for both cases can be set on a single calendar so that common questions can be addressed and resolved at the same time and without duplication of effort by the litigants and the judges. Second, the two cases involve the same discovery subjects and materials, as well as the same persons from whom discovery is needed. A single judge supervising discovery would assure that both cases progress at the same rate and avoid inconsistent decisions on discovery disputes (e.g., one judge allows discovery that another judge disallows or restricts). Third, because the trials of both cases involve substantially the same exhibits and witnesses, a single trial can be held for both cases, which would save much judicial time and effort compared with separate trial before different judges.

8.　　While discovery is under way in this case, reassignment of 07 C 7290 will not delay this case because the discovery to be taken in 07 C 7290 is largely the same as that to be taken in this one. *See Von Maur, Inc.*, 237 F.R.D. at 198 (consolidation of two cases granted where all, or nearly all, the discovery in the each case would be relevant to the claims or defenses in the other); *Werner v. Satterlee, Stephens, Burke &* Burke, 797 F. Supp. 1196, 1212 (S.D.N.Y. 1992) (consolidation granted where cases were in different stages, but discovery in earlier-filed case was fully applicable in later-filed case). Digisound-WIE is also represented by the same attorneys in both cases, while the defendants' attorneys are also BeStar Electronics'.

THEREFORE, plaintiff Digisound-WIE, Inc. requests (a) entry of an order finding that 07 C 7290 is related to this case and therefore should be reassigned to this court's calendar and (b)

forwarding that finding to the Executive Committee with a request that the Committee reassign the higher-numbered case to this court's calendar.

DIGISOUND-WIE, INC.


By: _s/ Arthur Sternberg_
    One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235

4659704.4