In the United States District Court
For the Northern District of Illinois
Eastern Division

| | |
|---|---|
| DIGISOUND-WIE, INC., | |
| Plaintiff, | 07 C 6535 |
| v. | Judge Lindberg |
| BESTAR TECHNOLOGIES, INC., et al., | Magistrate Judge Mason |
| Defendants. | |

## Plaintiff's Motion to Join Additional Defendant

Pursuant to FED.R.CIV.P. 20(a)(2), plaintiff DIGISOUND-WIE, Inc. ("Digisound-WIE") requests entry of an order (a) joining CC Electro Sales, Inc. ("CC Electro Sales") as a defendant and (b) authorizing Digisound-WIE to serve summons and the Amended Complaint on CC Electro Sales:

    1.    Rule 20(a)(2) allows joinder of persons in one action as defendants if

        a.    any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

        b.    any question of law or fact common to all defendants will arise in the action.

    2.    Digisound-WIE's Amended Complaint, which names CC Electro Sales as an additional defendant, (a) asserts a right to relief against all defendants, jointly and severally, based on the same series of occurrences and (b) presents questions of law and fact common to all defendants.

    3.    The Amended Complaint, which was filed on March 4, 2008 in conformance with the Court's February 20, 2008 Order, alleges that CC Electro Sales breached its contractual and fiduciary duties to Digisound-WIE, and committed other torts and statutory violations against it,

in furtherance of a conspiracy in which it joined the other defendants (and BeStar Electronics Industry Co., Ltd.) to misappropriate Digisound-WIE's existing and prospective customers and sales. The Amended Complaint thus alleges that CC Electro Sales and the defendants acted jointly to accomplish the conspiracy's purpose.

4. The Amended Complaint raises common questions of law and fact as to whether an agreement existed among all of the defendants, the terms of that agreement, whether that agreement and the alleged torts committed in furtherance of it constitutes a civil conspiracy, and whether the defendants are jointly liable for each other's torts in furtherance of the conspiracy. *Lewis Bros. Bakeries, Inc. v. Bittle*, 06-CV-4047-DRH, 2007 WL 4441223 (S.D. Ill. 12/17/07) (copy attached).

5. Because (a) the Amended Complaint has just been filed, (b) the case is still at the written discovery stage (due to defendants' delay in complying with the First Request to Produce), and (c) CC Electro Sales has already produced 13,000 pages of relevant documents pursuant to a subpoena duces tecum, joining CC Electro Sales as a defendant will not delay this case.

THEREFORE, plaintiff Digisound-WIE, Inc. requests that the Court enter an order (a) joining CC Electro Sales, Inc. as a defendant and (b) authorizing Digisound-WIE, Inc. to serve summons and the Amended Complaint on CC Electro Sales, Inc.

DIGISOUND-WIE, INC.

By: <u>s/s Arthur Sternberg</u>
    One of Its Attorneys

Thompson Coburn LLP d/b/a Thompson Coburn Fagel Haber
55 East Monroe Street, 40th Floor
Chicago, Illinois 60603
(312) 580-2235

**H**
Lewis Bros. Bakeries, Inc. v. Bittle
S.D.Ill.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. Illinois.
LEWIS BROTHERS BAKERIES, INC., Plaintiff/Counter-Defendant,
v.
Richard W. BITTLE and Pamela K. Bittle, Defendants/Counter-Plaintiffs/Third-Party Plaintiffs,
v.
Old National Bank, Third-Party Defendant/Counter-Defendant.
No. 06-cv-4047-DRH.

Dec. 17, 2007.

Alan N. Shovers, Michael E. Dirienzo, Kahn, Dees et al., Evansville, IN, for Lewis Brothers Bakeries, Inc.
David M. Duree, David M. Duree & Associates, O'Fallon, IL, for Richard W. Bittle and Pamela K. Bittle.
David V. Miller, Jean M. Blanton, Ziemer, Stayman et al., Evansville, IN, Jerry B. Smith, Law Offices of Jerry B. Smith, Duquoin, IL, for Old National Bank.

MEMORANDUM & ORDER

HERNDON, Chief Judge.

## I. INTRODUCTION

*1 In this matter, defendants/counter-plaintiffs/third-party plaintiffs Richard and Pamela Bittle (the "Bittles") have filed, along with their Third Amended Answer to the Amended Complaint, a Second Amended Counterclaim (Doc. 113) against plaintiff/counter-defendant Lewis Brothers Bakeries, Inc. ("Lewis Bros") and counter-defendant/third-party defendant Old National Bank ("ONB"). Lewis Bros initially filed suit against the Bittles to collect on an unconditional guaranty they signed to secure a promissory note ("the IHG Note") executed on July 19, 1988 by Illinois Hotel Group, Inc. ("IHG") in favor of ONB for the principle amount of $2,056,000. A number of years and many transactions later, Lewis Bros alleges that it is the assignee of ONB's rights, title and interest in the IHG Note, pursuant to an Assignment Agreement (*see* Amended Comp., Doc. 5, ¶ 11).

The Bittles' Counterclaim states five counts as follows: Count I is against Lewis Bros as the alleged "alter ego" of IHG for reimbursement for management services provided by Richard Bittle for IHG (Doc. 113, ¶¶ 127-128); Count II is against Lewis Bros and ONB for fraud/conspiracy/concerted action (*Id.* at ¶¶ 129-131); Count III is against Lewis Bros for breach of fiduciary duty to the Bittles (*Id.* at ¶¶ 132-134); Count IV is against Lewis Bros and ONB for a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), pursuant to **815 ILL. COMP. STAT.** 505/2(*Id.* at ¶¶ 135-140); and Count V is against Lewis Bros and ONB for breach of contract (the "Workout Agreement"), to which the Bittles allege they were third-party beneficiaries (*Id.* at ¶¶ 141-143).

ONB has filed its Second Renewed Motion to Strike Purported "Counterclaim" (Doc. 115), arguing that it is a "nullity" as ONB was not an "opposing party" against whom the Bittles could state a counterclaim pursuant to **FEDERAL RULE OF CIVIL PROCEDURE** 13. The Bittles have filed their opposing Response (Doc. 118), arguing that under **Rule 13(h)**, they are allowed to state a counterclaim against an additional counterclaim defendant, not a party to the underlying suit. For reasons discussed herein, the Court finds the Bittles' Counterclaim against ONB should not be stricken.

## II. DISCUSSION

**A. Federal Rule of Civil Procedure 13**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**Rule 13** of the Federal Rules of Civil Procedure governs counterclaims. Under subparagraph (a), a counterclaim may be brought against "any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."**FED.R.CIV.P.** 13(a). ONB asserts that the Bittles' Counterclaim against it should be stricken because ONB was not an "opposing party." However, as the Bittles note, under subparagraph (h), persons not parties to the original action may be made parties to a counterclaim if the requirements of either Rule 19 or Rule 20 are met. **FED.R.CIV.P.** 13(H).*See also Asset Allocation and Mgmt. Co. v. Western Employers Ins. Co.,* 892 F.2d 566, 574 (7th Cir.1989) (stating that Rule 13(h) allowed third parties to be joined as defendants to a counterclaim, as the Rule 20(a) requirements were met). Clearly, then, it is of no import that ONB was not an "opposing party" of the original action. Under Rule 13(h), the Bittles can join ONB as a defendant to their Counterclaim if the requirements of either Rule 19 or Rule 20 are met and the Court has jurisdiction over such additional party." **FED.R.CIV.P.13(a) & (h).**

B. Analysis

1. Jurisdiction

*2 The Bittles assert that adding ONB as a counterclaim defendant does not destroy diversity jurisdiction, alleging that they are citizens of Illinois, Lewis Bros is a citizen of Indiana and Missouri and ONB is a citizen of Indiana. The fact that Lewis Bros and ONB are both citizens of Missouri does not matter, as it is only the citizenship of the *opposing* parties that must be completely diverse under **28 U.S.C. § 1332.**ONB does not otherwise contest the Bittles' allegations of citizenship and so, the Court must construe the jurisdictional allegations on their face. Accordingly, the Court finds it has proper subject matter jurisdiction over this matter. Regarding whether the Court has personal jurisdiction over ONB, the issue is not raised by the parties at this stage, so there is no reason for the Court to assume that it does not. Accordingly, the Court can now move on to determine whether ONB can be joined as a counterclaim defendant to this matter either permissively or as required for just adjudication.

2. Joinder of ONB as a Counterclaim Defendant

**Rule 19** deals with compulsory or required joinder, applicable when a person not party to the original action is deemed to be a "required party" in order for all parties to obtain just adjudication. For compulsory joinder of an additional party under **Rule 19,** the person must be subject to service of process and will not destroy subject matter jurisdiction if joined to the suit. Further, the Court must find that it either (1) cannot "accord complete relief among existing parties" if the person is not joined or (2) that "person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may (i) impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."**FED.R.CIV.P.19(a).**

On the other hand, **Rule 20** deals with the requirements for permissive joinder of a person not party to the original action. **Rule 20(a)** provides two specific requirements for joinder additional defendants: (1) "any right to relief is asserted against [the additional defendants] jointly,[FN1] severally,[FN2] or in the alternative [FN3] with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and (2) "any question of law or fact common to all [counterclaim] defendants will arise in the action."**FED.R.CIV.P.20(a).** The requirements for compulsory joinder under **Rule 19** are much more stringent than for permissive joinder. As a result, **Rule 20** allows a district court greater discretion than **Rule 19.**Moreover, as **Rule 13(h)** requires an

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

analysis pursuant to the requirements of either **Rule 19 or 20,** the Court will first analyze whether ONB can be added as a counterclaim defendant under the permissive joinder requirements of **Rule 20.**

> FN1. Joint and Several Liability is defined by Black's Law Dictionary as "Liability that may be apportioned either among two or more parties or to only one or a few select members of the group, at the adversary's discretion. Thus, each liable party is individually responsible for the entire obligation, but a paying party may have a right of contribution and indemnity from nonpaying parties."**BLACK'S LAW DICTIONARY** 933 (8th ed.2004).

> FN2. Several liability is defined in Black's Law Dictionary as "liability that is separate and distinct from another's liability, so that the plaintiff may bring a separate action against one defendant without joining the other liable parties."**BLACK'S LAW DICTIONARY** 933 (8th ed.2004).

> FN3. Alternative Liability is defined by Black's Law Dictionary as "Liability arising from the tortious acts of two or more parties-when the plaintiff proves that one of the defendants has caused harm but cannot prove which one caused it-resulting in a shifting of the burden of proof to each defendant."**BLACK'S LAW DICTIONARY** 933 (8th ed.2004).

**a. Rule 20 Permissive Joinder**

(1) *Joint, Several or Alternative Liability*

*3 Any of their counts in their Counterclaim the Bittles bring against ONB are also brought against Lewis Bros, which is the plaintiff in the original action. In Count II of their Counterclaim for fraud/conspiracy/concerted action, the Bittles allege that Lewis Bros and ONB acted "jointly and severally" and seek an award of punitive damages from ONB in excess of $1,000,000 and an additional $1,000,000 from Lewis Bros. In Count IV for violation of the ICFA, the Bittles allege they are entitled to recover attorneys fees under the Act from ONB and Lewis Bros, jointly and severally, and also seek punitive damages in excess of $1,000,000 from both ONB and Lewis Bros, separately. Count V for breach of contract, the Bittles seek and award of compensatory damages and attorneys' fees from Lewis Bros and ONB, jointly and severally, whereas they seek a separate punitive damages award from each counterclaim defendant. Thus, the liability requirement is met.

(2) *Arising out of the Same Transaction, Occurrence or Series of Transactions or Occurrences*

All of the counts in the Bittles' Counterclaim arise from the IHG Note. their guaranty on that note and the parties' dealings involved therewith. Therefore, the requirement that the claims against the additional party arise out of the same transaction, occurrence or series of transactions or occurrences is also met.

(3) *Common Questions of Law or Fact*

As all of the counts in the Bittles' Counterclaim against ONB are also brought against Lewis Bros, the original Plaintiff, clearly there will be common questions of law or fact when determining whether the Bittles shall prevail on their Counterclaim against Lewis Bros and on their Counterclaim against ONB. Therefore, this last requirement is met.

Because the Court finds that the permissive joinder requirements under **Rule 20** are met, ONB is properly joined as a counterclaim defendant to the Bittles' Counterclaim pursuant to **Rule 13(h).**

### III. CONCLUSION

ONB's Second Renewed Motion to Strike Pur-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

ported "Counterclaim" (Doc. 115) is hereby **DENIED.** Additionally, ONB's Motion to Strike Purported Counterclaim (Doc. 80) and Renewed Motion to Strike Purported Counterclaim (Doc. 98) are hereby **DENIED AS MOOT.**

**IT IS SO ORDERED.**

S.D.Ill.,2007.
Lewis Bros. Bakeries, Inc. v. Bittle
Slip Copy, 2007 WL 4441223 (S.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.