IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIGISOUND-WIE, INC., | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 07 C 6535 ) |
| BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG, HELENE DE YOUNG, FLORIAN GREILING, LILLI GREILING and CC ELECTRO SALES, INC., | ) Judge George W. Lindberg ) ) Magistrate Judge Michael T. Mason ) ) |
| Defendants. | |

**DEFENDANTS BESTAR TECHNOLOGIES, INC.'S, DIRK DE YOUNG'S
AND HELENE DE YOUNG'S MOTION TO DISMISS
COUNTS 2, 5, 6 AND 10 OF PLAINTIFF'S AMENDED COMPLAINT**

Defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG (collectively referred to herein as "Defendants"), by and through their counsel, Tressler, Soderstrom, Maloney & Priess, LLP, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, move this Court to dismiss Counts 2, 5, 6 and 10 of Plaintiff Digisound-WIE, Inc.'s ("Plaintiff's") Amended Complaint.

## I.    INTRODUCTION

Defendants BeStar and the DeYoungs filed a joint motion to dismiss Counts II through VIII of Plaintiff's initial complaint. The Court granted Defendants' motion in part and provided Plaintiff with leave to file an amended complaint that complies with the Court's order. Plaintiff has failed to cure the deficiencies of its complaint. The Illinois Trade Secrets Act continues to preempt certain of the civil actions that Plaintiff has alleged based on misappropriation of trade secrets, including Plaintiff's claims for breach of duty of loyalty (Count 2), tortious interference with customer contracts (Count 5), tortious interference with reasonable expectation of economic

1

advantage (Count 6) and civil conspiracy (Count 10). In addition, Plaintiff's claim for civil conspiracy, in part, against the corporation and its employees continues to fail as the Court previously found that a corporation cannot conspire with itself and its agents. Accordingly, this Court should dismiss Counts 2, 5, 6 and 10 of Plaintiff's Amended Complaint, this time with prejudice.[1]

## II.   BACKGROUND FACTS AND ALLEGATIONS

On November 16, 2007, Plaintiff filed its initial complaint against Defendants BeStar Technologies, Inc. ("BeStar"), Dirk de Young and Helene de Young ("the de Youngs") and two other defendants, Florian Greiling and Lilli Greiling ("the Greilings"). (*See* Compl., Dkt. No. 1). The initial complaint generally alleged claims by an employer against its former employees (the de Youngs), the former managing director of Plaintiff's parent company (Florian Greiling) and his daughter (Lilli Greiling) and the purported competing business certain of them set up as located in Arizona (BeStar). (Comp. ¶¶ 4-9).

Defendants BeStar and the de Youngs filed a joint motion to dismiss Counts II through VIII of Plaintiff's initial complaint, which this Court ultimately granted in part and denied in part on February 20, 2008. (Dkt. No. 53.) This Court dismissed certain of Plaintiff's common law

---

[1] Defendants BeStar and the de Youngs' time to answer the remaining claims, Counts 1, 6, 7 and 8, brought against them, respectively is tolled until Defendants' Motion To Dismiss Counts 2, 5, 6, and 10 of Plaintiff's Amended Complaint have been resolved. *See* Fed. R. Civ. P. 12(a)(4)(A); *Oil Express Nat'l, Inc. v. D'Alessandro*, 173 F.R.D. 219, 220-221 (N.D. Ill. 1997); *Perkins v. Univ. of Ill. at Chi.*, No. 95 C 4320, 1995 WL 680758 at *1-2 (N.D. Ill. Nov. 14, 1995) (finding that by simultaneously filing a Rule 12(b)(6) motion to dismiss some, but not all, counts of the complaint, as well as an answer to the unchallenged counts, defendant violated the requirement that a motion to dismiss pursuant to Fed.R.Civ.P. 12(b) be made before pleading); *Porter v. U.S. Dep't of Army*, No. 93-C-6900, 1995 WL 461898 (N.D.Ill), *aff'd sub nom.*, 99 F.3d 1142 (7th Cir. 1996) (internal citation omitted) ("Courts in this Circuit have held that a timely filed Rule 12(b) motion alters the statutory period for filing an answer, and the defendant is justified in withholding an answer pending adjudication of its pre-answer motion. This time extension applies to an answer for the entire complaint and not just to answers for the portions of the complaint that the motion addresses."); *Wu v. Clark*, 113 Fed. App. 874, 877 (10th Cir. 2004) (default judgment is unavailable when defendant complies with the requirement that he file a responsive pleading within ten days following denial of a motion for failure to date a claim). Defendants have, therefore, deferred answering the remaining claims of Plaintiff's Amended Complaint pending the Court's ruling on this Motion To Dismiss.

claims and its claim under the Lanham Act. The Court provided Plaintiff with leave to file an amended complaint that complies with the Court's order. *Id.*

On March 3, 2008, Plaintiff filed an Amended Complaint, which included the same claims it raised in its initial complaint, additional causes of action and an additional Defendant, CC Electro Sales, Inc. ("CC Electro"). With respect to BeStar and the de Youngs, Plaintiff brings claims against them in the Amended Complaint for: 1) breach of contract against Dirk de Young ("Count 1"), 2) breach of duty of loyalty against the de Youngs ("Count 2"), 3) tortious interference with customer contracts against all of the defendants ("Count 5"), 4) tortious interference with reasonable expectation of economic advantage by all of the defendants ("Count 6"), 5) violation of Lanham Act, 15 U.S.C. § 1125(a) by all of the defendants ("Count 7"), 6) violation of the Computer Fraud and Abuse Act by the de Youngs ("Count 8"), 7) misappropriation of trade secrets by all of the defendants ("Count 9") and 8) civil conspiracy against all of the defendants ("Count 10").

In its Amended Complaint, Plaintiff alleges that it is an Illinois corporation that acts as a sales subsidiary of its parent company in Germany, Digisound-Electronic GmBH. (Am. Compl. ¶ 4). Plaintiff sells devices, which are incorporated into automotive, telecommunication, fire and security and white good products. (Am. Compl. ¶ 4.) Its two sole former employees, the de Youngs, were responsible for placing orders to assure a steady supply of parts to fill customer orders. (Am. Compl. ¶ 11.) Around April 2007, the de Youngs and the Greilings and a non-party (BeStar Electronics) formed a plan to misappropriate Plaintiff's customer relationships, relationship with defendant CC Electro, as well as sales, in order to set up a competing business. (Am. Compl. ¶ 14, 15.) They also conspired to induce CC Electro to breach a contract with Plaintiff relating to the sale of Digisound counterfeit parts and goods. (Am. Compl. ¶ 16.) They

further diverted Digisound-WIE parts for BeStar, which BeStar sold. (Am. Comp. ¶ 18.) While they were employed by Plaintiff, they incorporated BeStar, an Arizona corporation in May 2007. (Am. Comp. ¶ 5.)

Plaintiff's common law causes of actions against BeStar and the de Youngs are, in essence, based upon these same set of operative facts. Plaintiff's causes of action are premised on the notion that Defendants misappropriated trade secret information from it, including Plaintiff's business with CC Electro and customers and Plaintiff's purported data and parts, which they used to set up a competing business, BeStar Technologies, Inc. (*See, e.g.,* Am. Compl. ¶ 14, 20, 35, 46.) Plaintiff alleges that the de Youngs copied data relating to Plaintiff's pricing to different customers, purchase orders from customers, past and expected parts deliveries to customers and the correlations between Digisound-WIE part numbers and BeStar part numbers. (Am. Comp. ¶ 46.) Plaintiff seemingly alleges that Defendants used this information in order to sell goods as if they were from Plaintiff and to divert customers and sales from Plaintiff to BeStar.

### III.  LEGAL STANDARD

In ruling on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must assume the truth of all facts alleged in the pleadings, construing allegations liberally and viewing them in the light most favorable to the non-moving party. *See, e.g., McMath v. City of Gary*, 976 F.2d 1026, 1031 (7th Cir. 1992). Dismissal is properly granted if it is clear that no set of facts which Plaintiff could prove consistent with the pleadings would entitle Plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Kunik v. Racine County, Wis.*, 946 F.2d 1574, 1579 (7th Cir. 1991). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendant fair notice of the claims and the grounds upon which they are based

4

and to demonstrate a right to relief. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). A plaintiff must provide the grounds of its entitlement to relief beyond mere "labels and conclusions;" "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65. The Court is to accept all well-pled factual allegations in the Amended Complaint as true and view the allegations in the light most favorable to the non-moving party. *Craigs, Inc. v. General Electric Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993).

## IV. ARGUMENT

### A. This Court Should Dismiss The Non-Contract Common Law Claims against BeStar and the de Youngs (Counts 2, 5, 6 and 10) As They Are Preempted By The Illinois Trade Secrets Act

The Illinois Trade Secrets Act ("the ITSA") is the exclusive remedy under Illinois law for the misappropriation of trade secrets. 765 ILCS 1065/8(a); *Automed Techs. v. Eller*, 160 F.Supp.2d 915, 921 (N.D. Ill. 2001). The Illinois Trade Secret Act[2] provides that "this Act is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of [the State of Illinois] providing civil remedies for misappropriation of a trade secret." 765 ILCS 1065/8(a) (2007). "The statute explicitly abolished all common law causes of action, except breach of contract, predicated on a trade secret theory." *Eller*, 160 F.Supp.2d at 921.

Counts 9, 2, 5 and 6 through 10 are predicated on an alleged misappropriation of trade secrets. These include Plaintiff's claims for misappropriation of trade secrets under the Uniform Trade Secrets Act (Count 9), breach of duty of loyalty (Count 2), tortious interference with customer contracts and reasonable expectation of economic advantage (Counts 5 and 6) and civil conspiracy (Count 9). For Count 2, Plaintiff seemingly alleges that the de Youngs breached their

---

[2] For purposes of this Motion only, Plaintiff assumes that Illinois law applies. In the event that the Court decides that Arizona law applies, Defendants note that the Arizona's Uniform Trade Secrets Act is similar to Illinois' and includes a preemption provision that would also apply to these counts. *See* Ariz. Rev. Stat. Ann. § 44-407 (B)(2).

5

purported fiduciary duty of loyalty by misappropriating Plaintiff's parts, customer relationships, relationship with CC Electro, and computer data concerning its sales and operations.[3] (*See, e.g.,* Am. Compl. ¶ 14, 18, 29). Plaintiff appears to allege these actions translate into taking trade secret information as they form the same basis as Plaintiff's misappropriation of trade secrets claim. (Am. Compl. ¶ 26.) Plaintiff's breach of loyalty claim, is therefore, preempted by the ITSA. *See* Eller, 160 F.Supp.2d at 921 (dismissing breach of loyalty claim as it was preempted by the ITSA). Plaintiff's tortious interference claims in Counts 5 and 6 of the Amended Complaint are premised on Defendants' alleged interference with customer contracts and future business through its misappropriation of Plaintiff's alleged parts and business relationships, as well as based on other allegations that comprise Plaintiff's trade secret misappropriation claim (the allegations preceding the tortious interference counts in the Complaint, such as Plaintiff's misappropriation of computer data) (*see, e.g.,* Am. Compl. ¶ 14, 18, 35, 37.) Plaintiff's tortious interference claims are, therefore, preempted by the ITSA. *See Thomas &. Betts Corp. v. Panduit Corp.* 108 F.Supp.2d 968, 974 (N.D. Ill. 2000) (dismissing tortious interference with business relations claims since they were preempted by the ITSA). Further, Plaintiff's civil conspiracy, Count VIII, alleges (as in its initial complaint) that Defendants conspired to commit various torts with the intent to "misappropriate its customer and supplier relationships." (Am. Compl. ¶ 51.) As the conspiracy count is premised on Defendants' alleged trade secret misappropriation, it is preempted by the ITSA. *Panduit Corp.*, 108 F.Supp.2d at 975 (dismissing conspiracy claim as it was preempted by the ITSA duplicative of an underlying tort claim that had already been pled). As Counts 2, 5, 6 and 9 are preempted by the ITSA and Plaintiff already

---

[3] It is still not clear based on Count 2 which of the "foregoing actions" alleged by Plaintiff constitutes a breach of their duty of loyalty to Plaintiff. (Am. Comp. ¶ 29.)

had the opportunity to cure these deficiencies, this Court should dismiss these counts again but this time with prejudice.

### B. This Court Should Also Dismiss The Conspiracy Count Because BeStar And The De Youngs Cannot Conspire With Each Other[4]

In Count 10, Plaintiff continues to attempt to but fails to state a claim for civil conspiracy. Civil conspiracy consists of "a combination of two or more persons for the purpose of accomplishing, by some collaborating action, either an unlawful purpose or a lawful purpose by unlawful means." *Adcock v. Brakegate, Ltd.*, 164 Ill.2d 54, 62-64, 645 N.E.2d 888 (1994). In order to state a claim for civil conspiracy, a plaintiff must allege an agreement and a tortious act committed in furtherance of that agreement. *Id.* However, a "civil conspiracy cannot exist between a corporation's own officers or employees," nor between a corporation and its agents. *Plastic Film Corp. of Am. v. Unipac, Inc.*, 128 F.Supp.2d 1143, 1146 (N.D. Ill. 2001); *J.C. Whitney & Co. v. Renaissance Software Corp.*, 98 F.Supp.2d 981, 983 (N.D. Ill. 2000) (finding that plaintiff's complaint failed to state an actionable conspiracy claim where the individual defendants were corporate officers of the same company acting within their scope of employment); *Van Winkle v. Owens-Corning Fiberglass Corp.*, 291 Ill.App.3d 165, 683 N.E.2d 985, 991 (4th Dist. 1997). For example, in *Unipac*, the court dismissed a conspiracy claim alleged two officers and directors of the same corporation because the court found that such claim was legally impossible given the status of the two defendants and Illinois law. 128 F.Supp. at 1146. Moreover, in *Small v. Sussman*, 306 Ill.App.3d 639, 646, 713 N.E.2d 1216 (1st Dist. 1999), the court affirmed the lower court's dismissal of a conspiracy count against a

---

[4] To the extent that the Court determines that Arizona law applies, Defendants move to dismiss the conspiracy count on the basis that Arizona does not recognize a separate cause of action for conspiracy. *See Southern Union Co. v. Southwest Gas Corp.*, 165 F. Supp.2d 1010, 1020 n. 8 (D. Ariz. 2003); *Rowland v. Union Hills Country Club*, 157 Ariz. 301, 306, 757 P.2d 105, 110 (Ariz. App. 1998). Similar to Illinois law, Arizona law also recognizes that "'[a] corporation cannot conspire with itself anymore than a private individual can,' nor with its directors if they are acting in the corporation's behalf." *Id.*

7

corporation. The court stated that such a claim against the corporation was a "legal impossibility" because "[c]orporations can only act through their agents" and hence "the corporation is incapable of conspiring with itself." *Id.*

Plaintiff's civil conspiracy claim in its Amended Complaint brought against all of the defendants contains the same fatal flaws as in its initial complaint. As alleged in the Amended Complaint, Defendants Dirk de Young and Helene de Young are employees of the same corporation, BeStar, and hence agents of BeStar. (Am. Compl. ¶ 6, 7). Since Plaintiff alleges a conspiracy between a corporation and its own agents, Plaintiff has continued to fail to state a claim for conspiracy. *Sussman*, 306 Ill. App.3d at 646. Plaintiff, moreover, does not allege that the de Youngs acted outside of the scope of their duties for BeStar or for their personal gain divergent from BeStar's interests. Even construing the allegations in the light most favorable to Plaintiff, Plaintiff has failed to allege any set of facts that the De Youngs were acting outside of their official capacities for BeStar when allegedly conspiring with BeStar and the other defendants. Dirk de Young and Helene de Young are, therefore, legally incapable of conspiring with one another under Illinois law, and BeStar would be incapable of conspiring with itself through them, its own agents. Accordingly, the Court should dismiss Count 10 with prejudice.

### V. CONCLUSION

WHEREFORE, Defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG respectfully request that this Court enter an Order dismissing Counts Counts 2, 5, 6 and 10 of Plaintiff's Amended Complaint with prejudice.

Dated: This 24th day of March, 2008.

                                                      Respectfully Submitted,

                                                      BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG

                                                      By:  /s/  Charmagne Topacio
                                                                 One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000

Ctl/429006