**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| DIGISOUND-WIE, INC., | ) |
| | ) |
|         Plaintiff, | ) Case No: 07 C 6535 |
| v. | ) |
| | ) Judge George W. Lindberg |
| BESTAR TECHNOLOGIES, INC., et al., | ) |
| | ) Magistrate Judge Michael T. Mason |
|         Defendants. | ) |

**DEFENDANTS FLORIAN GREILING'S AND LILLI GREILING'S
MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
FOR LACK OF PERSONAL JURISDICTION**

Defendants FLORIAN GREILING AND LILLI GREILING, by and through their counsel, Tressler, Soderstrom, Maloney & Priess, LLP, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure move this Court to dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction.

## I.    INTRODUCTION

This lawsuit must be dismissed against Defendants Florian Greiling and Lilli Greiling ("the Greilings" of "the Defendants") for lack of personal jurisdiction. The Greilings are individuals who are German citizens and residents sued by a plaintiff in Illinois. Plaintiff's Amended Complaint does not contain allegations sufficient to meet even the slight burden of establishing the prima facie showing of personal jurisdiction. Under these circumstances, this Court lacks personal jurisdiction to proceed against the Greilings, and the Greilings now move pursuant to Fed. R. Civ. P. 12(b)(2) for a dismissal of the Amended Complaint. Plaintiff has not alleged sufficient minimum contacts by Defendants to force them to defend the litigation in the forum state. Under Federal law and Illinois' long-arm statute, exercising jurisdiction over Defendants must comport with due process. In addition, in the Seventh Circuit the exercise of

personal jurisdiction is only reasonable if minimum contacts are found. Because the Greilings lack sufficient minimum contacts with Illinois and the exercise of jurisdiction over them would be unreasonable, the Greilings respectfully request that the Court dismiss them from this case.

## II.    FACTUAL AND PROCEDURAL HISTORY

On November 16, 2007, Plaintiff filed its initial complaint against Defendants BeStar Technologies, Inc. ("BeStar"), Dirk de Young and Helene de Young ("the DeYoungs") and two other defendants, Florian Greiling and Lilli Greiling ("the Greilings"). (*See* Compl., Dkt. No. 1). The complaint generally alleged claims by an employer against its former employees (the DeYoungs), the former managing director of Plaintiff's parent company (Florian Greiling) and his daughter (Lilli Greiling) and the allegedly competing business certain of them set up as located in Arizona (BeStar). (Comp. ¶ 4-9). On January 30, 2008, Plaintiff served the Greilings with summons and the complaint in Germany under the Hague Convention.

Upon disposition of a motion to dismiss filed by some of the other defendants, Plaintiff filed an Amended Complaint on March 3, 2008. The Amended Complaint alleges similar claims as Plaintiff's initial complaint, with the addition of a sixth defendant, CC Electro Sales, Inc. (See Dkt. No. 56 – Am. Compl.). The Amended Complaint generally alleges, in pertinent part, under "Jurisdiction and Venue:" "With knowledge that Digisound-WIE's principal office is located in this district, the defendants directed tortious activities within this district, including, on information and believe, seeking to sell Digisound-trademarked goods and divert sales by Digisound-WIE in this district." (Am. Comp. ¶ 3.). The specific claims against the Greilings include five of the ten counts that Plaintiff brought against all of the Defendants: 1) tortious interference with customer contracts ("Count 5"), 2) tortious interference with reasonable expectation of economic advantage ("Count 6"), 3) violation of the Lanham Act ("Count 7"), 4)

trade secret misappropriation ("Count 9") and 5) civil conspiracy ("Count 10").

As supported by their respective affidavits attached as Exhibit A and B,[1] Florian Greiling and Lilli Greiling are German citizens residing in Germany, where they have been domiciled during all relevant times to this lawsuit. (See Ex. A, Affidavit of Florian Greiling,¶ 1, 8;  Ex. B, Affidavit of Lilli Greiling, ¶ 1, 9.).   Florian Greiling is the former Managing Director of Plaintiff's parent company, Digisound-Electronic GmbH, in Germany. (Ex. A., ¶ 2.).   His daughter, Lilli Greiling, is a shareholder in BeStar, an Arizona corporation with its principal place of business in Sierra Vista, Arizona. (Ex. B, ¶ 10.).  Florian Greiling does not have an ownership interest in BeStar. (Ex. A, ¶ 5.)

The Greilings have had limited to no significant contacts with the state of Illinois. (Ex. A; Ex. B.).  They are not residents of Illinois and do not conduct business in Illinois. (Ex. A, ¶ 6; Ex. B, ¶ 4.).  They have not conducted systematic or continuous business activity in Illinois presently or at the times relevant to Plaintiff's Amended Complaint. (Ex. A, ¶ 8; Ex. B ¶ 7.). They do not have any offices, agents, employees, telephone listings bank accounts, property or assets in Illinois. (Ex. A, ¶ 8; Ex. B, ¶ 6.)  The Greilings were not in the state of Illinois during the relevant times of the lawsuit. (Ex. A ¶ 10; Ex. B ¶ 5.)

### III.   ARGUMENT

**A. Plaintiff Has Not Met Its Burden Of Demonstrating That The Court's Exercise Of Personal Jurisdiction Over the Greilings Is Proper**

Plaintiff bears the burden of demonstrating that the Court's exercise of personal jurisdiction over a defendant is proper. *George S. May Intern. Co. v. Xcentric Ventures*, LLC 409 F.Supp. 1052 (N.D. Ill. 2006), *citing RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th. Cir. 1997)).   To meet this burden, Plaintiff must make a prima facie showing that personal

---

[1] Defense counsel is in the process of obtaining the signed affidavits of the Greilings in Germany. Defendants will seasonably substitute Exhibits A and B hereto with the signed documents when procured.

jurisdiction exists. *Michael J. Neuman & Assoc. v. Florabelle Flowers, Inc.*, 15 F.3d 721, 724 (7th Cir. 1994). For an Illinois court to have personal jurisdiction over a nonresident defendant, personal jurisdiction must be permitted by: 1) Illinois statutory law; 2) the Illinois Constitution; and 3) the Constitution of the United States. *RAR*, 107 F.3d at 1276. Plaintiff has failed to allege facts in its Amended Complaint sufficient to establish that this Court, or any court in Illinois, has jurisdiction over the Greilings.

**B. Illinois Courts Do Not Have Jurisdiction Over the Greilings Based on Plaintiff's Allegations in the Amended Complaint**

**1.    Plaintiff Does Not Allege Sufficient Minimum Contacts For The Court To Exercise Personal Jurisdiction Over the Greilings**

The inquiry into whether this Court has jurisdiction over the Greilings must begin with "an application of the statutory law of [Illinois]." *Jennings v. AC Hydraulic A/S*, 383 F.3d 546, 548 (7th Cir. 2004). Accordingly, this Court must look to the Illinois long-arm statute, which contains a "catch-all" provision allowing Illinois state courts to assert personal jurisdiction to the maximum extent permitted by the Illinois and U.S. Constitutions. See 735 ILCS 5/2-209(c). After considering Illinois' statutory framework concerning jurisdiction over non-resident defendants, the Court should then consider whether its exercise of jurisdiction would "comport[ ] with due process." *Id.* at 549.

The Seventh Circuit has determined that "there is no operative difference between the limits imposed by the Illinois Constitution and the federal limitations on personal jurisdiction." *Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002). "One due process inquiry is therefore sufficient." *May*, 409 F.Supp.2d at 1055 (citing *Edelson*, 352 F.Supp.2d at 866). An Illinois federal district court need only show that the Fourteenth Amendment's due process requirement is satisfied in order to exercise personal jurisdiction over a non-resident defendant. *Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F. Supp. 2d 824, 834 (N.D. Ill. 2000).

Accordingly, the Court's inquiry into whether its exercise of jurisdiction over a nonresident defendant would be consistent with due process of law should begin with the "minimum contacts" rule articulated by the United States Supreme Court in *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Federal due process requires that, in order for the Court to exercise *in personam* jurisdiction over a nonresident defendant, it is necessary that the defendant have certain minimum contacts with the forum state such that the maintenance of the suit there does not offend "'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. at 316, *quoting Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Those minimum contacts must have a basis in "'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 109 (1987), *quoting Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)). The contacts between the defendant and the forum state may not be "random, isolated, or fortuitous." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984). Instead, "the sufficiency of the contacts is measured by the defendant's purposeful acts." *NUCOR Corp. v. Aceros Y Maquilas de Occidente, S.A. de C.V.*, 28 F.3d 572, 580 (7th Cir.1994). This requirement ensures that an alien defendant will not be forced to litigate in a distant or inconvenient forum solely as a result of random, fortuitous, or attenuated contacts or the unilateral act of a consumer or some other third person. *Burger King Corp.*, 471 U.S. at 475. Special consideration must also be given to the fact that the Defendants are citizens of a foreign country. "The unique burdens placed upon one who must defend oneself in a foreign legal system should have significant weight in assessing the reasonableness of stretching the long arm of personal jurisdiction over national borders." *Asahi*, 480 U.S. at 114 (1987). "Great care and

reserve should be exercised when extending our notions of personal jurisdiction into the international field." *Id.* at 115.

The meaning of the minimum-contacts standard depends upon whether the forum asserts specific jurisdiction or general jurisdiction.  Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).  General jurisdiction refers to suits neither arising out of nor related to the defendant's contacts, and it is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Helicopteros*, 466 U.S. at 416.  It is unclear whether Plaintiff will assert special and/or general jurisdiction over Defendants the Greilings, therefore Defendants address both below.

> **a.**    **Plaintiff Fails To Allege Any Jurisdictional Facts Against
> the Greilings To Establish Any Minimum Contacts With Illinois**

With respect to specific jurisdiction, the critical inquiry is whether "the defendant's conduct and connection with the forum state are such that he [or she] should reasonably anticipate being hailed into court in the forum state." *Woodson*, 444 U.S. at 297. In its Amended Complaint, Plaintiff has failed to allege sufficient facts to establish jurisdiction over the Greilings.  Plaintiff has sued an Arizona corporation, Arizona residents, German residents, and now an Indiana resident even though there are no allegations in the complaint of any relationship between Defendants and Plaintiff involving, taking place in, or relating to Illinois in any way, aside from the fact that Plaintiff's own operations are in Illinois.  As supported by their Affidavits, the Greilings have had limited to no contacts in Illinois.  Plaintiff has not specifically alleged that any of the conduct by the Greilings took place in Illinois from which they could reasonably anticipate being hailed into court in this state.  Moreover, Plaintiff does not allege

how the Greilings directed any tortious activity within this district, including any purported sale of its goods or diversion of its sales in this district. (Am. Comp. ¶ 3.)  Since the Greilings have not had sufficient contacts with Illinois for the Court to find specific jurisdiction, Plaintiff has not met its burden of proving that the Court can exercise said jurisdiction.  The Court simply does not have specific jurisdiction over these parties.

Furthermore, the Greilings have not maintained continuous and systematic general business contacts with the forum to support the assertion of general jurisdiction as to any of the counts, and Plaintiff has not alleged sufficient facts to support a finding by this Court that Defendants are subject to general jurisdiction. (Ex. A, ¶ 8; Ex. B ¶ 7.)  Indeed, Plaintiff cannot allege or prove facts to support general jurisdiction over the Greilings.  The Greilings are German citizens and as stated have had limited to no contact with the state of Illinois.  Therefore, general jurisdiction is not appropriate here.  Since the Court can find neither general nor specific jurisdiction over the Greilings, the Court should dismiss the complaint for lack of personal jurisdiction in accord with the long-standing legal authority in the Seventh Circuit, Illinois state court, Illinois statutes and the Supreme Court.

> **b.     Plaintiff's Allegations Against the Greilings Are Insufficient to Establish Minimum Contacts and Subjecting the Greilings to Jurisdiction in Illinois Would Violate Due Process**

Plaintiff's allegations against the Greilings are fatal to its ability to establish *sufficient* contact with the forum state.  The Greilings', along with their co-defendants', alleged tortious interference with customer contract, tortious interference with reasonable expectation of economic advantage, violation of the Lanham Act, trade secret misappropriation and civil conspiracy are not alleged to have occurred in the state of Illinois.  Plaintiff makes no claim that the alleged conduct occurred in or in relation to Illinois.  Accordingly, Plaintiff cannot be understood to assert jurisdiction over Defendants resulting from the alleged conduct.  Plaintiff

has asserted only generic claims against the Greilings that are shared against all of the other defendants, and has brought no specific allegations in its Amended Complaint that could satisfy its burden of proof. Indeed, even though Plaintiff has failed to allege jurisdictional facts to satisfy the *prima facie* showing of personal jurisdiction, the only facts Plaintiff does allege relates to harm allegedly felt by Plaintiff with no allegations that the harm was even felt in Illinois.

### 2. It Would Not Be "Fair, Just Or Reasonable" To Require the Greilings To Defend This Action In Illinois

Due process in Illinois requires as follows: "Jurisdiction is to be asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." *Rollins v. Ellwood*, 141 Ill.2d 244, 275, 565 N.E.2d 1302, 1316 (1990). Even if the Court finds general or specific jurisdiction over the Greilings, the Court must still decline to exercise its jurisdiction if it violates the Greilings' right to due process as required under the law.

The Greilings have not engaged in economic activities that have a substantial effect upon the people of the State of Illinois. It would not be "fair, just, and reasonable" for an Illinois court to assert *in personam* jurisdiction over defendants who were not engaged in activity in Illinois. *See Alderson v. Southern Co.*, 321 Ill. App. 3d 832, 856-58, 747 N.E.2d 926, 946-48 (1st Dist. 2001). Accordingly, it would not be fair for this Court to assert jurisdiction over the Greilings as to the counts Plaintiff brought against them. As the quality and nature of the Greilings' acts are not alleged to have occurred in Illinois, it would not be fair, just, and reasonable to require the Greilings to defend an action in Illinois. *Hyatt*, 302 F.3d at 714-15 (citing *Rollins v. Ellwood*, 141 Ill. 2d 244, 275 (Ill. 1990)).

A further aspect of a court's inquiry into personal jurisdiction is the nature of the relationship among "the defendant, the forum, and the litigation." *Shaffer v. Heitner*, 433 U.S. 186, 204 (1977). "This relationship must be such that it is reasonable to require a nonresident corporation to defend a suit in the forum state in the context of our federal system of government." *Deluxe Ice Cream*, 726 F.2d at 1213 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292-93 (1980)). Based on the nature of their alleged relationship in connection with Plaintiff, or lack thereof, the Greilings cannot reasonably be forced to defend the litigation in Illinois as they had no reasonable expectation that they would ever be compelled to do so.

### 3. Because Illinois State Courts Would Lack Jurisdiction Over the Greilings, This Court Lacks Jurisdiction As Well and Must Dismiss the Complaint

It is well established law that "[a] federal court's exercise of personal jurisdiction over a non-resident defendant is proper 'only if a court of the state in which it sits would have such jurisdiction.'" *Edelson v. Ch'ien*, 352 F.Supp.2d 861, 865-66 (N.D. Ill. 2005), *quoting Klump v. Duffus*, 71 F.3d 1368, 1371 (7th Cir. 1995)); *see also Deluxe Ice Cream Co. v. R.C.H. Tool Corp.*, 726 F.2d 1209, 1212 (7th Cir. 1984). This Court therefore has jurisdiction over this matter "'only if [an Illinois State Court] would have such jurisdiction.'" *Edelson*, 352 F.Supp.2d at 866 (quoting *Klump*, 71 F.3d at 1371). Because no Illinois court would have jurisdiction over the Greilings for the reasons discussed above, neither does this Court, and the Court should therefore dismiss the complaint for lack of personal jurisdiction.

### IV.    CONCLUSION

WHEREFORE, Defendants FLORIAN GREILING AND LILLI GREILING respectfully request that this Court grant their Motion with prejudice and for any other relief this Court deems appropriate.

9

FLORIAN GREILING and LILLI GREILING

By: /s/ Charmagne Topacio
One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000

Ct1/323905.2