CT1/429230                                                                                            8207-1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DIGISOUND-WIE, INC., | ) |
|         Plaintiff, | ) Case No: 07 C 6535 |
| v. | ) Judge George W. Lindberg |
| BESTAR TECHNOLOGIES, INC., et al., | ) Magistrate Judge Michael T. Mason |
|         Defendants. | ) |

### DEFENDANTS FLORIAN GREILING'S AND LILLI GREILING'S MOTION FOR PROTECTIVE ORDER RELATING TO PLAINTIFF'S DISCOVERY REQUESTS

Defendants, Florian Greiling and Lilli Greiling ("the Greilings"), by and through their counsel, Tressler, Soderstrom, Maloney & Priess, LLP, pursuant to Federal Rule of Civil Procedure 26(c) hereby move for entry of a protective order with respect to Plaintiff's discovery requests to the Greilings and in support thereof state as follows:

### INTRODUCTION

1. Plaintiff seeks discovery against the Greiling defendants, German residents whom Plaintiff has arguably failed to prove the Court has personal jurisdiction over. As such, the Court should enter an order staying discovery to the Greilings until the Court has ruled upon their previously-filed motion to dismiss for lack of jurisdiction. In the event that the Court decides that some form of discovery should proceed, such discovery should be limited and should proceed under the procedures of the Hague Convention and not the Federal Rules.

### FACTUAL BACKGROUND

2. On November 16, 2007, Plaintiff filed its initial complaint against Defendants BeStar Technologies, Inc. ("BeStar"), Dirk de Young and Helene de Young ("the DeYoungs") and two other defendants, Florian Greiling and Lilli Greiling ("the Greilings"). (*See* Dkt. No. 1 -

Complaint). The complaint generally alleged claims by an employer against its former employees (the DeYoungs), the former managing director of Plaintiff's parent company (Florian Greiling) and his daughter (Lilli Greiling) and the allegedly competing business certain of the defendants set up located in Arizona (BeStar). (Comp. ¶ 4-9).

3. On January 30, 2008, the Greilings were served with a translated summons and Plaintiff's initial complaint in Germany pursuant to the Hague Convention.

4. On February 28, 2008, Plaintiff served the Greilings his first request for production pursuant to Fed. R. Civ. P. 34. (See Plaintiff's First Request To Produce Directed To The Greilings, attached hereto as Exhibit "A.") Based on the federal rules, the Greilings' response to this request would be due on April 3, 2008. *See* Fed. R. Civ. P. 34(b)(2)(a) and 6(d).

5. On March 3, 2008, Plaintiff filed an Amended Complaint, which included additional causes of action and an additional defendant named CC Electro Sales, Inc. (See Dkt. No. 56.). The specific claims against the Greilings within the Amended Complaint include five of the ten counts that Plaintiff brought against all of the defendants: 1) tortious interference with customer contracts ("Count 5"), 2) tortious interference with reasonable expectation of economic advantage ("Count 6"), 3) violation of the Lanham Act ("Count 7"), 4) trade secret misappropriation ("Count 9") and 5) civil conspiracy ("Count 10").

6. In response to the Amended Complaint, on March 24, 2008, the Greilings timely filed a motion to dismiss based on lack of personal jurisdiction. (See Dkt. No. 73.) As stated in their motion, the Greilings are German citizens residing in Germany, where they have been domiciled during all relevant times to this lawsuit. They generally assert that since they lack sufficient minimum contacts with Illinois and the exercise of jurisdiction over them would be unreasonable, the Court should dismiss them from the case.

## ARGUMENT

7.  Fed. R. Civ. P. 26 (c) governs the entry of protective orders. Although Fed. R. Civ. P. 26(c) does not explicitly authorize the imposition of a stay of discovery, it is well-settled that entry of an order staying discovery pending determination of dispositive motions is an appropriate exercise of the Court's discretion. *See, e.g., Sprague v. Brook*, 149 F.R.D. 575, 577 (N.D. Ill. 1993) (stating "A plaintiff's right to discovery before a ruling on a motion to dismiss may be stayed when the requested discovery is unlikely to produce facts necessary to defeat the motion" and citing a list of supporting cases). Since personal jurisdiction here over the Greilings is greatly disputed, discovery to the Greilings should be stayed until the Court resolves the issue of personal jurisdiction.

8.  Further, Plaintiff's attempt to take discovery from the Greilings is at odds with settled principles of judicial administration and fairness that require a plaintiff to plead specific facts demonstrating a basis for jurisdiction before being entitled to subject an overseas defendant to discovery, particularly the full-blown merits discovery Plaintiff seeks here.

9.  To the extent that this Court believes that any discovery to the Greilings should proceed notwithstanding its motion to dismiss, such discovery should be conducted under the procedures of the Hague Convention to which Germany is a party, and not the Federal Rules of Civil Procedure. *See, e.g., Geo-Culture, Inc. v. Siam Inv. Mgmt., S.A.*, 147 Or. App. 536, 936 P.2d 1063 (Or. App. 1997) (ruling that the plaintiff could not obtain discovery of jurisdictional facts except in accordance with the Hague Convention, absent allegation of a prima facie basis for asserting personal jurisdiction); *Hudson v. Hermann Pfauter GmbH & Co.*, 117 F.R.D. 33, (N.D.N.Y.1987) (requiring service of discovery in accordance with procedures of the Hague Convention in action against defendant in West Germany).

10. Courts must determine on a case-by-case basis, whether to require litigants to resort to the Hague Convention rather than the discovery procedures under the Federal Rules. *Societe Nationale Industrielle Aerospatiale v. United States District Court*, 482 U.S. 522, 544, 107 S.Ct. 3542 (1987). Special concern must be given to the prevention of discovery abuse and the demands of international comity. *Id.*

11. There is speculative jurisdiction here. As stated in their motion to dismiss, Plaintiff's Amended Complaint fails to specifically allege that any of the purported conduct by the Greilings took place in Illinois from which they could reasonably anticipate being hailed into court in this state. The Greilings have had limited to no significant contacts with the State of Illinois. They are not residents of Illinois and do not conduct business in Illinois. Plaintiff has asserted only generic claims against the Greilings that are shared against all of the other defendants, and has brought no specific allegations in its Amended Complaint that could satisfy its burden of proof or establishing jurisdiction over the Greilings. Therefore, the Court should require Plaintiff to abide the Hague Convention, particularly where jurisdiction over the Greilings is questionable.

12. Further, Plaintiff's discovery requests to the Greilings, some of which include numerous subparts, are overbroad, intrusive and seek documents and electronically stored information not reasonably calculated to lead to admissible evidence. Most of the requested information do not appear to be related to the specific causes of action brought against them. The requests are broad as they request, for instance, any and all communications with at least eight other companies, the companies' agents and employees and all of the other defendants in this action. The requests are not limited for instance to merely jurisdictional discovery but are rather more intrusive since they extend beyond personal jurisdiction and seek certain information

relating to the merits of the claims. The information and the individuals the information is sought from are located in Germany and the Greilings' primary language is German. Since as alleged in the Amended Complaint, Florian Greiling was the managing director Digisound-WIE's German parent company, Digisound-Electronic GmbH, it appears that Plaintiff would already be in possession of information responsive to numerous requests, and Plaintiff has alternative means of securing responsive information. For instance, Plaintiff requests certain electronic information relating to Digisound's and its parent company's computers—computers which would be in their possession. Requested information relating to Florian Greiling's former employment with Digisound's parent would not only be irrelevant to the causes of action brought against him but would also potentially be under Plaintiff's possession or control. In addition, Plaintiff has already obtained information responsive to certain requests from other defendants in this action, such as the corporate records of BeStar Technologies and documents relating to shareholder interest. Here, Plaintiff's discovery requests would, furthermore, potentially offend Germany's sovereign interests in protecting its citizens from unduly burdensome discovery.

WHEREFORE, Defendants FLORIAN GREILING and LILLI GREILING respectfully request this Court enter a protective order with respect to discovery against the Greilings stating that the Greilings need not respond to Plaintiff's first request of production and staying any further discovery against the Greilings until the Court rules upon their motion to dismiss for lack of jurisdiction. In the alternative, Defendants request that the Court require that any discovery served upon the Greilings be limited and made pursuant to the procedures of the Hague Convention.

FLORIAN GREILING and LILLI GREILING

By: /s/ Charmagne Topacio
One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000