# EXHIBIT "A"

Case 1:07-cv-06535    Document 79-2    Filed 04/03/2008    Page 1 of 7

In the United States District Court
For the Northern District of Illinois
Eastern Division

| | |
|---|---|
| DIGISOUND-WIE, INC., | |
| Plaintiff, | 07 CV 6535 |
| v. | Judge Lindberg |
| BESTAR TECHNOLOGIES, INC., et al., | Magistrate Judge Mason |
| Defendants. | |

## Plaintiff's First Request to Produce Directed to Defendants Florian Greiling and Lilli Greiling

Pursuant to FED.R.CIV.P. 34, plaintiff DIGISOUND-WIE, INC. ("Digisound-WIE") directs defendants FLORIAN GREILING AND LILLI GREILING to produce the following requested documents and electronically stored information within 30 days of service of this Request to Arthur Sternberg, Thompson Coburn Fagel Haber, 55 E. Monroe, Chicago, IL 60603:

## Instructions

A.   This discovery request applies to all documents and electronically stored information created, received, or known to you as of the date of your response.

B.   All electronically stored information should be produced in its original native electronic format, retaining all attending metadata. If you object or refuse to produce any electronically stored information because (i) the source of the information is not reasonably accessible or (ii) undue burden or cost, please identify the source of the information and/or the cost and burden of obtaining the information.

C.   "Communication" includes every manner and means of disclosure, transfer, or exchange of information, whether made orally, through documents, or electronically.

D. For all documents and electronically stored information withheld due to a claim of privilege, please state (1) the type of document (*e.g.*, letter or memorandum) or electronically stored information (e.g., Outlook email, Word document), (2) the media in which the document or electronically stored information is contained (*e.g.*, paper, cd-rom, computer disk) and the computer programs required to access the information, (3) the names of the author and each recipient of the document or electronically stored information, (4) the name, address, and title of the custodian or the documents and electronically stored information, (5) a summary of the contents of the document or electronically stored information in sufficient detail to show its privileged nature, and (6) the basis on which a privilege is claimed. You are, however, to produce, in redacted form, all non-privileged portions of a document or electronically stored information claimed to be privileged in part.

E. Please identify those requested documents and electronically stored information that are no longer in your possession or control.

F. In producing the requested documents and electronically stored information, you should indicate the paragraph number(s) of the requests to which the documents and electronically stored information are responsive.

G. Unless otherwise indicated, this request applies to documents and electronically stored information created, changed, or received between January 1, 2007 and the date the responding party serves its response to the request.

H. Please contact Arthur Sternberg at (312) 580-2235 or Susan Lorenc at (312) 580-2324 if you are unsure the scope, meaning, or intent of any request.

## Documents and Electronically Stored Information to Be Produced

1. All documents and electronically stored information concerning the deletion by or for any of the defendants of data from the computers or electronic storage media of Digisound-WIE, Inc. or its parent company, Digisound-Electronic GmbH, or any affiliated company.

2. All documents and electronically stored information containing or otherwise reflecting communications between Florian Greiling or Lilli Greiling and any other defendant.

3. All documents and electronically stored information about forming any business in the United States to sell products made or sold by BeStar Electronics Industry Co., Changzhou Bestar Acoustic Co. Ltd., or any affiliate thereof.

4. All documents and electronically stored information containing or otherwise reflecting communications between Florian Greiling and Lilli Greiling about her becoming or being a shareholder in BeStar Technologies, Inc.

5. All documents and electronically stored information concerning Florian Greiling or Lilli Greiling obtaining or having any equity or creditor interest in, or otherwise doing business with, defendant BeStar Technologies, Inc., including but not limited to any draft, proposed or executed agreements among shareholders or between any shareholder and the corporation.

6. All documents and electronically stored information concerning any equity, debt, or other contribution made by Florian Greiling or Lilli Greiling to or on behalf of defendant BeStar Technologies, Inc.

7. All documents and electronically stored information showing each shareholder's ownership interest in BeStar Technologies, Inc.

8. All corporate records of BeStar Technologies, Inc., including draft, proposed, and approved bylaws, resolutions, shareholder and board of director consents, and minutes of the meetings of shareholders, board of directors, officers, or committees of BeStar Technologies, Inc.

9. All documents and electronically stored information containing or otherwise reflecting communications between Florian Greiling or Lilli Greiling and (a) Wu YiFie, aka David Wu, (b) any employee or agent of BeStar Electronics Industry Co., (c) any employee or agent of Changzhou Bestar Acoustic Co. Ltd., (d) any employee or agent of CC Electro Sales, Inc., (e) any employee or agent of Visteon Corporation or Visteon Altec (or similarly named companies), (f) any employee or agent of Valeo Group (or similarly named companies), (g) any employee or agent of Flextronics International Ltd. (or similarly named company), and (h) any employee or agent of Whirlpool Corporation (or similarly named company).

10. All documents and electronically stored information concerning potential or actual purchases of product from BeStar Electronics Industry Co. or Changzhou Bestar Acoustic Co. Ltd. by any company in which Florian Greiling or Lilli Greiling is, directly or indirectly, an owner or creditor, including but not limited to GREWUS GmbH and Zircom GmbH.

11. All documents and electronically stored information concerning the terms and conditions of Florian Greiling's employment with and/or ownership interest in Digisound-Electronic GmbH and/or any affiliated company, as well as all documents and electronically stored information concerning the potential or actual termination of that employment and/or ownership interest.

DIGISOUND-WIE, INC.

By: _____
One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235

## Certificate of Service

Arthur Sternberg states under penalties of perjury that he served the foregoing "Plaintiff's First Request to Produce Directed to Defendants Florian Greiling and Lilli Greiling" by depositing the same in an envelope in the U.S. Mail, with first class mail postage and addressed to James K. Borcia, Tressler, Soderstrom, Maloney & Priess, 233 South Wacker Drive, 22nd floor, Chicago, IL 60606-6308 on February 28, 2008.

_____
Arthur Sternberg