IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIGISOUND-WIE, INC., | ) |
| | ) |
| Plaintiff, | ) Case No: 07 C 6535 |
| v. | ) |
| | ) Judge George W. Lindberg |
| BESTAR TECHNOLOGIES, INC., et al., | ) |
| | ) Magistrate Judge Michael T. Mason |
| Defendants. | ) |

**DEFENDANTS FLORIAN GREILING'S AND LILLI GREILING'S
REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS
THE AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION**

Defendants FLORIAN GREILING AND LILLI GREILING ("the Greilings") hereby submit the following Reply Memorandum in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## I. INTRODUCTION

In Plaintiff's Response to the Greilings' Motion to Dismiss for Lack of Personal Jurisdiction (herein "Plaintiff's Response Brief"), Plaintiff does not refute that the Greilings are German citizens that did not commit any of the subject conduct alleged from within the State of Illinois. Plaintiff also does not refuse, and therefore concedes, that general jurisdiction does not exist here as it did not oppose it in its Response Brief.[1] Rather, Plaintiff alleges that the Greilings' alleged conduct was "aimed at" Illinois and that this is sufficient to confer specific personal jurisdiction upon them. Plaintiff also alleges that this Court has personal jurisdiction over the Greilings based on the federal Lanham Act and service of summons on the Greilings.

As discussed further below, this Court should grant the Greilings' motion to dismiss for lack of jurisdiction as: 1) Plaintiff concedes it does not have the information it needs to establish

---

[1] Plaintiff, therefore, concedes that the Greilings did not have "continuous and systematic" business contacts with Illinois.

personal jurisdiction, 2) Plaintiff ignores that it has the burden of proof to establish jurisdiction and fails to meet this burden, 3) Plaintiff mistakenly relies on conclusory allegations in its Amended Complaint, rather than asserted facts, and or improper "extrinsic evidence," and 4) Plaintiff fails to sufficiently establish that the "effects doctrine" sufficiently applies here to establish specific personal jurisdiction and 5) Plaintiff uses an incorrect standard in determining whether the Greilings are subject to jurisdiction.

## II. ARGUMENT

### A. Plaintiff Concedes That It Does Not Have The Information It Needs To Establish Personal Jurisdiction

At the outset of its Response Brief, Plaintiff concedes that it does not have enough information to establish jurisdiction. In footnote 1, Plaintiff requests "it be allowed to continue with its discovery to establish the Greilings' contacts with the U.S. and Illinois." (Pl.'s Resp. Br. p.1, n.1). Plaintiff is, in essence, asking to conduct a "fishing expedition" in an effort to somehow obtain information it knowingly needs to form a basis for jurisdiction against the Greilings – information it should have had prior to filing its lawsuit against them. This Court should this deny this request as it is clear that the Plaintiff has not even met a threshold showing that personal jurisdiction exists before subjecting defendants to intrusive and burdensome discovery from their location in Germany.[2] *See Central States, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 946 (7th Cir. 2000) (stating "At a minimum, the plaintiff must establish a colorable or prima facie showing of personal jurisdiction before discovery should be permitted. Foreign nationals usually should not be subjected to extensive discovery in order to determine whether personal jurisdiction over them exists.")

---

[2] Plaintiff's production request relating to any and all communications between Lilli Greiling or Florian Greiling with the defendants is also overbroad as it is not tailored to the claims brought against them.

B.     **Plaintiff Ignores That It Has The Burden of Proof To Establish Jurisdiction**

Plaintiff alleges that it has established a prima facie showing that the Greilings are subject to this Court's personal jurisdiction based on "the Amended Complaint's undisputed allegations, as well as *extrinsic evidence*." (Pl.'s Resp. Br. p. 1). Plaintiff ignores the fact that it is Plaintiff's burden, and not the Greilings, to make a prima facie showing by a preponderance of the evidence showing that personal jurisdiction over the defendant exists. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987). Since the Greilings do not have the burden of proof, the Greilings are not obligated to dispute the allegations in the Amended Complaint. In addition, as discussed in the Greilings' motion and further below, Plaintiff fails to meet its burden of proof.

C.     **This Court Should Strike and Disregard Plaintiff's "Extrinsic Evidence" As It Is Improper**

To determine whether exercising personal jurisdiction is proper, a court must review the allegations of the complaint and may receive and weigh affidavits. *See, e.g., Nelson v. Park Indus., Inc.*, 717 F.2d 1120, 1123 (7th Cir. 1983). Plaintiff submits the "Affidavit of Michael Zeich," an employee of Plaintiff's parent company in Germany, as well as e-mails produced during the course of litigation, in support of its Response Brief and in opposition to the Greilings' affidavits. *See* Exhibit D to Plaintiff's Response Brief. This Court should strike Mr. Zeich's "Affidavit" and refuse to give it any weight as it is not admissible. The "Affidavit" does not comply with 28 U.S.C. § 1746 for unsworn "affidavits." Title 28 U.S.C. § 1746 requires unsworn affidavits, executed outside of the United States to state that "I declare (or certify, verify or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct." 28 U.S.C. § 1746. *International Ins. v. Caja Nacional De Ahorro y Seguro*, 283 F.3d 392, 398 (7th Cir. 2002). Mr. Zeich's "Affidavit" requires, but does not

include this declaration, despite the fact that he executed it from Germany outside of the U.S. Because Mr. Zeich's "Affidavit" is inadmissible, the Greilings request that his "Affidavit" be stricken as failing to comply with 28 U.S.C. § 1746 and that his testimony be disregarded in ruling on the Greilings' motion to dismiss. Moreover, as Plaintiff fails to adequately contest the jurisdictional facts presented by the Greilings' in their affidavits, the Court must accept the Greilings' asserted facts as true. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997); *Connolly v. Samuelson*, 613 F.Supp. 109, 111 (N.D. Ill. 1985).

This Court should further strike and disregard from consideration the e-mails that Plaintiff attached within Exhibit D and E to its Response Brief stemming from Defendants' production.[3] Such e-mails were improperly publicly filed as they were produced subject to two Stipulated Protective Orders the parties entered into. (*See Orders*, Dkt Entry Nos. 37 and 43). Not only were such e-mails to remain confidential under the Orders, those produced by Defendant BeStar Technologies were produced electronically for "Attorneys' Eyes Only." (*See* Ex. A). This Court should, accordingly, disregard Plaintiff's alleged "extrinsic evidence" from consideration.

D.  **The Effects Doctrine Does Not Sufficiently Apply Here To Establish Specific Personal Jurisdiction**

Although Plaintiff concedes that the Greilings' alleged conduct occurred from outside of Illinois, Plaintiff appears to assert that this is not fatal to its position that there is specific personal jurisdiction here. (Pl.'s Resp. p. 3). Plaintiff states that since the Amended Complaint alleges that "defendants directed tortious activities within this district," and that defendants were aware that Plaintiff is based in Illinois, this is suffice to show that their conduct was "aimed at" Illinois

---

[3] Defense counsel has requested that Plaintiff's counsel withdraw the e-mails for its Response Brief, but to date, Plaintiff's counsel as not taken immediate action in this regard. (*See* April 17, 2008 E-mail from counsel for BeStar Technologies to Plaintiff's counsel, attached hereto as Exhibit "A.")

and establish specific personal jurisdiction against the Greilings. (Pl.'s Resp. Br. p. 3). Plaintiff's allegations are legal conclusions and not assertions of fact. The Court may not accept as true conclusory legal allegations when deciding a motion to dismiss. *Coronet Ins. Co. v. Seyfarth*, 665 F.Supp. 661, 665 (N.D. Ill. 1987). Plaintiff must present evidence of specific facts to sufficiently oppose a motion to dismiss for lack of personal jurisdiction. *See KnowledgeAZ, Inc. v. Jim Walter Resources, Inc.*, 452 F.Supp.2d 882, 888 (S.D. Ind. 2006) ("A plaintiff opposing a motion to dismiss for lack of personal jurisdiction must present evidence of specific facts that, when taken as true, are sufficient to support a finding of personal jurisdiction.") Therefore, Plaintiff's summary of its legal conclusions is not sufficient to establish specific personal jurisdiction over the Greilings.

Plaintiff also relies on the "effects doctrine" to establish specific personal jurisdiction. Courts have interpreted the "effects doctrine" to require not only that harm occurred in Illinois, but also that the plaintiff show that the defendant was aware that the plaintiff's principal place of business is in Illinois and knew that the injury from the tort would be felt most severely in Illinois. *See Ferris Mfg. Corp. v. S.P.R.D.*, (unpublished), No. 07-466, 2007 WL 1438375, at *5 (N.D. Ill. May 15, 2007) (finding conduct alone to be an insufficient basis for exercising jurisdiction in Illinois as the plaintiff must also establish that the defendant's actions indicate "an intent to affect Illinois interests") (attached hereto as Exhibit "B"). Even under the effects doctrine, a court must still assess each defendant's conduct within the forum state. *Id.* Contacts that are "random, fortuitous or attenuated" are insufficient to establish minimum contacts. *Id.* As explained by the U.S. Supreme Court: "[F]orseeability of causing injury in another state…is not a 'sufficient benchmark' for exercising personal jurisdiction." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174 (1985).

In addition, courts within the Seventh Circuit have observed that Illinois courts do not acquire jurisdiction simply because an economic loss is felt in Illinois when all of the conduct contributing to the injury occurred outside Illinois with no intent to affect Illinois interests. *Rendina v. Falco Rendina/Erickson*, (unpublished) No. 05-7258, 2006 WL 2578926 (N.D. Ill. Sept. 5, 2006) (recognizing that under Seventh Circuit law "economic injury, by itself, is too remote from the alleged misconduct to support a conclusion that a tortious act was committed in Illinois") (attached hereto as Exhibit "C"); *Turnock v. Cope* 816 F.2d 332, 333 (7th Cir. 1987). Like the Seventh Circuit, the Illinois Supreme Court has rejected the idea of jurisdiction over a non-resident defendant whose only contact with Illinois is alleged harm caused to an Illinois plaintiff. *See Poplar Grove State Bank v. Powers*, 218 Ill.App.3d 509, 578 N.E.2d 588, 596 (2d Dist. 1991). Illinois courts have reasoned that when the plaintiff suffers only economic, and not physical or emotional injury, the fact that the harm was suffered in Illinois is not sufficient for a finding of personal jurisdiction without proof of an intent to affect an Illinois interest. *West Virginia Laborers Pension Trust Fund. v. Caspersen*, 357 Ill.App.3d 673, 829 N.E.2d 843, 847 (1st Dist. 2005) (distinguishing the Seventh Circuit's ruling in *Janmark, Inc. v. Reidy*, 132 F.3d 1200 (7th Cir. 1997), which applied the effects doctrine, by stating: "The defendant in *Janmark* was found to have actually committed a tort in the state whether the plaintiff was located. Here, defendants' actions did not constitute a tortious act in Illinois; rather, they amounted an 'injurious consequence' in Illinois, which following the decision in *Young*, is insufficient to establish jurisdiction.") Hence, the allegations of economic harm alone is not suffice to establish specific personal jurisdiction in Illinois.

Plaintiff does not set forth any facts to support application of the effects doctrine, but merely recants the legal conclusions it alleged in the Amended Complaint on page 2 of its

Response Brief. Plaintiff appears to have only alleged that it suffered economic harm here. Plaintiff has not established any facts to show that it was harmed in Illinois through the Greilings' alleged collusion with the other defendants in setting up and/or diverting business to BeStar Technologies, an Arizona corporation. For instance, Plaintiff alleges that Lilli Greiling is a shareholder of the Arizona corporation but makes no tie as to how being a shareholder of the Arizona corporation amounts to tortious conduct aimed at causing harm specifically in Illinois. In addition, nothing in Plaintiff's exhibits properly supports Plaintiff's allegation that Defendants intentionally committed any tortious act against an Illinois entity or that any of them knew harm would result in Illinois. Neither does Plaintiff even attempt to explain how any of its exhibits support application of the effects doctrine. Rather, the Greilings' affidavits, which must be taken as true support that the Greilings did not have minimum contacts with Illinois to establish personal jurisdiction. It was, therefore, not foreseeable that the Greilings would be required to answer for their alleged actions in Illinois.

Further, contrary to Plaintiff's assertions, exercising personal jurisdiction over the Greilings would offend traditional notions of fair play and substantial justice. Although Plaintiff claims that Illinois would have an interest in adjudicating the case since it is an Illinois' company, Plaintiff has not shown how the Greilings' alleged tortious activity caused significant injury in Illinois. It would, moreover, be unduly burdensome for the Greilings to defend in Illinois from their location in Germany. This is unlike the facts in the unpublished *Riddell* case Plaintiff cites, without attaching a copy of the same, where the defendants were located in New Jersey, as opposed to Germany. *Riddell, Inc. v. Monica*, (unpublished) No. 03-3309, 2003 WL 21799935 * at 4 (N.D. Ill. July 25, 2003) (attached hereto as Exhibit "D"). Plaintiff touts the conveniences of the Chicago area but fails to note that the Greilings live in Germany, not within

the United States, and were not in Illinois during the relevant actions alleged in the Amended Complaint, as supported by the affidavits. Plaintiff does not allege how the isolated trip referenced by Florian Greiling to Illinois after this lawsuit was filed has anything to do with the conduct Plaintiff alleges in this lawsuit against him in order to establish jurisdiction. Travel to Illinois from Germany for this lawsuit would, therefore, be so oppressive as to offend traditional notions of justice. This Court should, therefore, dismiss the Greilings.

E.  **Plaintiff Fails To Observe That The Court Must Determine Whether The Greilings Can Each Be Served Under The Illinois Long Arm Statute And Not Simply Whether The Greilings Have Sufficient Minimum Contacts With The United States**

Plaintiff alleges in its Response Brief that the Greilings do not attempt to rebut that federal law jurisdiction exists here under the Lanham Act and pursuant to Fed. R. Civ. P. 4(k)(2). Plaintiff again ignores that it is its burden to establish personal jurisdiction here, not the Greilings'.

Plaintiff brought this action on both diversity and federal question grounds. (*See* Amended Complaint ¶ 1). A federal court exercising diversity jurisdiction has personal jurisdiction over a non-resident only if a court in the state in which it sits would have jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 779 (7th Cir. 2003). As argued by the Greilings in their Motion, an Illinois court could not properly exercise jurisdiction over it as they do not each have the necessary contacts with Illinois to satisfy the Illinois long-arm statute.

In a federal question case, this Court has jurisdiction only if the Plaintiff satisfies two conditions: (1) haling the Greilings into court meets with due process concerns and (2) the Greilings are amenable to process from the Court. *United States v. De Ortiz*, 910 F.2d 376, 381-82 (7th Cir. 1990). Whether haling the Greilings into court meets with due process concerns

depends on whether the defendant has minimum contacts with the forum such that the "traditional notions of fair play and substantial justice" are not offended. As discussed in their Motion and herein, and supported by their Affidavits, the Greilings fail to meet with due process concerns as they do not have minimum contacts with Illinois.

With respect to the second condition, the Greilings are amenable to service of process only if they would be subject to the jurisdiction of an Illinois court, as not simply to that of the United States as Plaintiff contends. Jurisdiction exercised on the basis of a federal statute that does not authorize national service of process requires a federal district court to determine if a court of the state in which it sits could have personal jurisdiction. *See, e.g., Search Force, Inc. v. Dataforce Int'l, Inc.*, 112 F.Supp.2d 771, 774 (S.D. Ind. 2000). The Lanham Act does not authorize nationwide service. *See Search Force*, 112 F.Supp.2d at 775 n. 8, *citing* 15 U.S.C. § 1121(a); *Johnson v. Worldwide Assocs., Inc.*, 12 F.Supp.2d 901, 906 (E.D.Wis.1998)). Therefore, in the instant case, where the relevant federal statute does not provide for service of process, the court's jurisdiction is limited under Rule 4 by Illinois's long-arm statute, which is itself limited by the Due Process Clause of the Fourteenth Amendment. *See e.g., Gencor Pacific, Inc. v. Nature's Thyme, LLC*, (unpublished) No. 07-167, 2007 WL 1225362, * at 2 (N.D. Ill. April 24, 2007) (acknowledging that since the Lanham Act does not provide for nationwide service of process, the defendants are amenable to service only if they would be subject to the jurisdiction of an Illinois state court via the state's long-arm statute) (attached hereto as Exhibit "E"); *Kohler Co. v. Titon Industries, Inc.*, 948 F.Supp. 815, 821 (E.D. Wis. 1996) (observing that because the Lanham Act contains no provision for service of summons, issue of personal jurisdiction in action under Lanham Act based on federal question jurisdiction is determined based on law of forum state). Plaintiff does not allege how its service of the complaint pursuant

to Fed. R. Civ. P. 4(k)(2) changes this standard. Accordingly, the Court must determine whether the Greilings each had sufficient minimum contacts with Illinois, rather than with the United States, in order to establish jurisdiction under Illinois' long-arm statute. As asserted in the Greilings' Motion, Plaintiff fails to establish any facts to show that the Court has general jurisdiction since the Greilings have not had any continuous or systematic contacts with Illinois. Similarly, Plaintiff fails to establish specific jurisdiction over the Greilings. Specific jurisdiction allows a court to exercise personal jurisdiction when the cause of action arises out of the defendant's minimal contacts with the forum. *Purdue Research*, 338 F.3d at 787. In the context of specific jurisdiction, business transactions completed in a context unrelated to the cause of action cannot be used to justify an exercise of personal jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1278 (7th Cir.1997). As discussed, Plaintiff does not allege that the Greilings have sufficient contacts in Illinois which would make personal jurisdiction here reasonable and fair under the circumstances. Lilli Greiling's status as a shareholder of an Arizona corporation does not establish contacts with Illinois. In addition, Plaintiff has not alleged how the purported visits by Florian Greiling to Illinois relating to certain business transactions, even if true, relate to the causes of action brought against him. Plaintiff, therefore, fails to establish specific personal jurisdiction against the Greilings, and this Court should grant their motion to dismiss.

### III.     CONCLUSION

For the foregoing reasons, Defendants FLORIAN GREILING AND LILLI GREILING respectfully request that this Court grant their Motion with prejudice and for any other relief this Court deems appropriate.

                                      FLORIAN GREILING and LILLI GREILING

                                      By: <u>/s/ Charmagne Topacio</u>
                                                One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000

CH 430759

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I electronically filed **Defendants Florian Greiling's and Lilli Greiling's Reply Memorandum In Support of Their Motion To Dismiss the Amended Complaint For Lack of Personal Jurisdiction**, with the Clerk of Court using the CM/ECF system, the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to All Counsel of Record.

By: /s/ Charmagne Topacio

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000