# EXHIBIT "D"



Not Reported in F.Supp.2d                                                                                           Page 1
Not Reported in F.Supp.2d, 2003 WL 21799935 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2003 WL 21799935)

Riddell, Inc. v. Monica
N.D.Ill.,2003.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
RIDDELL, INC., Plaintiff,
v.
Theodore MONICA, Jr. and Impact Protective Equipment, L.L.C., Defendants.
No. 03 C 3309.

July 25, 2003.

MEMORANDUM OPINION AND ORDER

LINDBERG, Senior J.
*1 Defendants Theodore Monica, Jr. ("Monica") and Impact Protective Equipment, L.L.C. ("Impact") have moved pursuant to Federal Rule of Civil Procedure 12(b)(2) to dismiss plaintiff's complaint for lack of personal jurisdiction. In addition, Monica moves to dismiss Count III pursuant to Rule 12(b)(6). Alternatively, Impact moves to transfer this action to the United States District Court for the District of New Jersey, and Monica moves to transfer the action to the United States District Court for the Eastern District of Pennsylvania. For the reasons stated below, the motions are denied.

I. Background

Plaintiff is an Illinois corporation that manufactures and sells protective gear for football players. In 1988, plaintiff bought United Sports Labs, a Texas corporation that designed and manufactured shoulder pads for football players. Defendant Monica was an employee of United Sports Labs, and became the general manager of the Riddell division that had been United Sports Labs. In 1994, the division was moved to Pennsylvania.

Defendant Impact was formed in 2001 by Monica's brother. Impact is a New Jersey limited liability company that manufactures and sells sports equipment.

Monica left plaintiff's employ in December 2002. According to plaintiff, in early January 2003, Monica attended a convention in Louisiana as an employee of Impact. At that convention, Monica presented a prototype set of football protective pads that he had designed to the National Football League, Canadian Football League, and various colleges. Plaintiff alleges that Monica designed and developed this prototype while he was employed by plaintiff. Monica currently is a Pennsylvania citizen.

II. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of proving that personal jurisdiction exists. *Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 939 (7th Cir.2000). In deciding a motion to dismiss for lack of personal jurisdiction, the court may consider affidavits from the parties. *Greenberg v. Miami Children's Hosp. Research Inst., Inc.*, 208 F.Supp.2d 918, 922 (N.D. Ill.2002) (citing *Kontos v. United States Dep't of Labor*, 826 F.2d 573, 576 (7th Cir.1987)). The court must resolve any factual disputes in the pleadings and affidavits in the plaintiff's favor, but takes as true any unrefuted facts contained in the defendant's affidavits. *Cont'l Cas. Co. v. Marsh*, No. 01 C 0160, 2002 WL 31870531, at *2 (N.D.Ill.Dec. 23, 2002).

In a case based on diversity of citizenship, a federal district court sitting in Illinois has personal jurisdiction over a nonresident defendant only if an Illinois court would have jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir.1997). An Illinois court would have personal jurisdiction over a nonresident defendant only where it is permitted by state statutory law, state constitutional law, and federal constitutional law. *Id.* at 1276.Illinois' long-arm statute extends personal jurisdiction to the limit allowed under the Illinois Constitution and the Constitution of the United States. 735ILCS 5/2-209(c); *RAR, Inc.*, 107 F.3d at

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06535   Document 95-5   Filed 04/18/2008   Page 3 of 7

Not Reported in F.Supp.2d                                                                                                Page 2
Not Reported in F.Supp.2d, 2003 WL 21799935 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2003 WL 21799935)

1276. Thus, the court's inquiry collapses into a state and federal constitutional inquiry. *RAR, Inc.,* 107 F.3d at 1276.

**\*2** Under the Illinois Constitution, jurisdiction is to be " 'asserted only when it is fair, just, and reasonable to require a nonresident defendant to defend an action in Illinois, considering the quality and nature of the defendant's acts which occur in Illinois or which affect interests located in Illinois." ' *Hyatt Int'l Corp. v. Coco,* 302 F.3d 707, 715 (7th Cir.2002) (quoting *Rollins v. Ellwood,* 565 N.E.2d 1302, 1316 (Ill.1990)). Since there is little guidance available regarding the reach of the Illinois Due Process Clause, court typically look to the Federal Due Process Clause for guidance. *See, e.g., id.; RAR,* 107 F.3d at 1276-77. Thus, the court turns to the federal constitutional limits on jurisdiction.

Under the United States Constitution, the Due Process Clause of the Fourteenth Amendment limits a state court's power to assert personal jurisdiction over a nonresident defendant. *RAR, Inc.,* 107 F.3d at 1277. A defendant must have "certain minimum contacts [with the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice ." ' *International Shoe Co. v. State of Washington, Office of Unemployment Compensation and Placement,* 326 U.S. 310, 316 (1945) (citation omitted). Jurisdiction may be general or specific. *SeeRAR, Inc.,* 107 F.3d at 1277. Here, plaintiff contends that both general and specific jurisdiction exist.

A. General Personal Jurisdiction

General personal jurisdiction exists in cases in which a defendant has "continuous and systematic" business contacts with the forum state. *Hyatt Int'l Corp.,* 302 F.3d at 713. In evaluating general jurisdiction, the court examines the defendant's contacts with the forum state beyond those related to the pending lawsuit. *Dehmlow v. Austin Fireworks,* 963 F.2d 941, 947 n. 6 (7th Cir.1992).

Plaintiff argues that defendants have made continuous and systematic contacts with Illinois through their website. The exercise of personal jurisdiction is proper where a defendant conducts business over the Internet with residents of the forum state through an active website. *David White Instruments, LLC v. TLZ, Inc.,* No. 02 C 7156, 2003 WL 21148224, at \*5 (N.D.Ill. May 16, 2003); *Aero Products Int'l, Inc. v. Intex Corp.,* 64 U.S.P.Q.2d 1772, 1776 (N.D.Ill.2002). The exercise of personal jurisdiction may also be proper where a defendant maintains an interactive website, in when a user can exchange information with the defendant's computer, depending on the level of interactivity and commercial nature of the information exchange. *Id.* The exercise of personal jurisdiction is not proper where a defendant merely has posted information on a passive website. *Id.*

Defendants' website, "www.impactpads.com," offers information about defendants' products, but does not allow users to purchase items through the website. The website allows users to contact Impact by providing their name, telephone number, and e-mail address, but is not otherwise interactive. Although plaintiff argues in its brief that the website "is directed to Illinois residents," it offers no evidence that the website specifically targeted Illinois residents. The court concludes that defendants' website does not establish continuous and systematic contacts with Illinois.

**\*3** Plaintiff also argues that the exercise of general jurisdiction is proper because defendants directly solicited an Illinois resident through a written advertisement. However, this single act does not establish continuous and systematic contacts with Illinois that would justify the court in exercising general personal jurisdiction over defendants. The court concludes that general personal jurisdiction does not exist in this case.

B. Specific Personal Jurisdiction

Specific personal jurisdiction exists where the suit arises out of, or is related to, the defendant's minimum contacts with the forum state. *Hyatt Int'l Corp.,* 302 F.3d at 716. In this inquiry, the court must first determine whether defendants "purposefully established 'minimum contacts' in the forum State" such that they "should reasonably anticipate being haled into court" in that state. *SeeBurger King Corp. v. Rudzewicz,* 471 U.S. 462, 474 (1985); *World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

Under the "effects doctrine," personal jurisdiction

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06535   Document 95-5   Filed 04/18/2008   Page 4 of 7

Not Reported in F.Supp.2d                                                                                                    Page 3
Not Reported in F.Supp.2d, 2003 WL 21799935 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2003 WL 21799935)

over a nonresident defendant is proper when the defendant's intentional tortious actions aimed at the forum state cause harm to the plaintiff in the forum state, and the defendant knows such harm is likely to be suffered. See Calder v. Jones, 465 U.S. 783 (1984). The Seventh Circuit has interpreted the effects doctrine broadly. See, e.g., Janmark, Inc. v. Reidy, 132 F.3d 1200, 1202 (7th Cir.1997). Under the Seventh Circuit interpretation, "the state in which the victim of a tort suffers the injury may entertain a suit against the accused tort feasor" even if all the other relevant conduct took place outside Illinois.[FN1] See id.; Int'l Molding Mach. Co. v. St. Louis Conveyor Co., No. 01 C 8305, 2002 WL 1838130, at *4 (N.D.Ill. Aug. 12, 2002); divine/Whittman-Hart, Inc. v. King, No. 02 C 2486, 2002 WL 1611585, at *4 (N.D.Ill. July 22, 2002). This is because the location of the tortious injury is critical to understanding where the tort occurred. Janmark, Inc., 132 F.3d at 1202.

> FN1. Although other circuits have criticized this broad application of the "effects doctrine," see, e.g., I.M.O. Indus., Inc. v. Kiekert AG, 155 F.3d 254, 263-64 (3rd Cir.1998), and require some additional "entry" into the forum state to support exercising personal jurisdiction there, the Seventh Circuit appears to make no such requirement.

Here, plaintiff has alleged that defendants misappropriated plaintiff's trade secrets. As defendants were aware, plaintiff's principal place of business is in Illinois, and thus the injury would be felt most severely in Illinois. Under the circumstances, it was foreseeable that defendants would be required to answer for such actions in Illinois.[FN2] See Digital Merch. Sys., Inc. v. Oglesby, No. 98 C 8033, 1999 WL 1101769, at *3 (N.D.Ill. Nov. 30, 1999) (defendants' knowledge that they were dealing with Illinois corporation at time of alleged tortious conduct sufficient to satisfy minimum contacts). Moreover, Impact would have minimum contacts with Illinois even under the more restrictive interpretation of the effects doctrine that requires an additional entry into the forum state, since Impact directed the mailing of an advertisement for its product to an individual with the Chicago Bears, in Illinois. The court finds that defendants have established minimum contacts with Illinois.

> FN2. Given this conclusion, the court need not consider Monica's argument that the fiduciary shield doctrine precludes the court's consideration of telephone calls he made to Illinois while he was employed by plaintiff.

*4 Having determined that minimum contacts exist, the court next must consider whether it would offend traditional notions of fair play and substantial justice to exercise personal jurisdiction over defendants in this case. See Burger King Corp., 471 U.S. at 477-78. No single factor is dispositive to this inquirty, but the most important are the interests of the states involved and the relative convenience of litigating there. See Kohler Co. v. Kohler Int'l. Ltd., 196 F.Supp.2d 690, 700 (N.D.Ill.2002).

The court finds that its exercise of personal jurisdiction over these defendants does not offend traditional notions of fair play and substantial justice. First, Illinois has a significant interest in the adjudication of this case, since plaintiff is an Illinois company, and, as discussed above, defendants' alleged tortious activity would have caused injury in Illinois. See Int'l Molding Mach. Co., 2002 WL 1838130, at *5 (Illinois has strong interest in adjudicating cases arising from injuries occurring within its borders). Second, the burden on defendants of litigating this case in Illinois, while perhaps significant, is not so great as to amount to a deprivation of due process, given that Chicago is a major metropolitan area and transportation hub. See Birnberg v. Milk St. Residential Assocs. Ltd., No. 02 C 978, 02 C 3436, 2003 WL 151929, at *8 (N.D.Ill. Jan. 21, 2003) (holding that travel from Massachusetts to Illinois was not oppressive due to modern advances in communication and transportation). Finally, the potential witnesses in the case are largely split between Illinois and New Jersey, making it reasonable to resolve this case in Illinois. Therefore, defendants' motions to dismiss for lack of personal jurisdiction are denied.

III. Monica's Motion to Dismiss Count III

Count III of the complaint alleges a claim of breach of fiduciary duty against Monica, based on allegations that Monica failed to turn over research and models of the prototype, applied for a patent

Case 1:07-cv-06535   Document 95-5   Filed 04/18/2008   Page 5 of 7

Not Reported in F.Supp.2d                                                                                                    Page 4
Not Reported in F.Supp.2d, 2003 WL 21799935 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 21799935)**

application for the prototype and failed to assign it to plaintiff, and presented the prototype to plaintiff's competitors. Monica moves to dismiss Count III pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, to the extent that the claim is based on Monica's conduct after he left plaintiff's employ in December 2002.

When ruling on a motion to dismiss under Rule 12(b)(6), the court must consider "whether relief is possible under any set of facts consistent with the allegations of the plaintiff's complaint."*Pokuta v. Trans World Airlines, Inc., 191 F.3d 834, 839 (7th Cir.1999)*. Under Illinois law, an employee owes a duty of loyalty to his employer. *Dames & Moore v. Baxter & Woodman, Inc., 21 F.Supp.2d 817, 823 (N.D.Ill.1998)* (citing *ABC Trans Nat'l Transport, Inc. v. Aeronautics Forwarders, Inc., 379 N.E.2d 1228, 1237 (Ill.App.Ct.1978)*). However, this duty ends when the employment relationship ends. *Id.* (citing *Prudential Ins. Co. v. Van Matre, 511 N.E.2d 740, 748 (Ill.App.Ct.1987)*).

*5 The complaint does not indicate when all of the alleged conduct at issue occurred. Since it is possible that at least some of the alleged activities occurred while Monica was employed by plaintiff, the claim is not dismissed. Of course plaintiff will be unable to recover for any breach of fiduciary duty based on Monica's activities after he left plaintiff's employ, but that is a matter to be resolved at a later stage of litigation.

IV. Motions to Transfer

Monica moves to transfer the case to the District Court for the Eastern District of Pennsylvania, and Impact moves to transfer this case to the District Court for the District of New Jersey. A district court may transfer a civil action to any other district where the case otherwise might have been brought, "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). The party moving for transfer bears the burden of demonstrating that, after considering the convenience of the parties, the convenience of the witnesses, and the interest of justice, the transferee forum is clearly more convenient than the transferor forum. *Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir.1986)*.

Plaintiff does not argue that venue would not be proper in either New Jersey or Pennsylvania, but rather argues that a transfer to either venue would not serve the convenience of the parties or promote the interests of justice. Factors relevant to the convenience of the parties and witnesses include: (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective fora. *Allied Van Lines, Inc. v. Aaron Transfer & Storage, Inc., 200 F.Supp.2d 941, 946 (N.D.Ill.2002)*. Factors relevant to the interest of justice include: (1) the speed at which the case will proceed to trial; (2) the court's familiarity with the applicable law; (3) the desirability of resolving controversies in each venue; and (4) the relation of each community to the occurrence at issue. *Id.*

In support of its motion to transfer to the Eastern District of Pennsylvania, Monica argues that the court should give little weight to plaintiff's choice of forum, because the design and development of the prototype occurred in Pennsylvania, where Monica worked for plaintiff from 1993 through 2002. Although Monica asserts that the sources of proof would be easily accessible in Pennsylvania, this assertion appears to be based on the fact that a number of witnesses are located in nearby New Jersey; Monica does not indicate that any potential witness (save himself) is located in Pennsylvania. Monica argues that plaintiff is a multi-million-dollar company with vast resources, and is far better able to bear the burden of out-of-state litigation than is Monica. Finally, Monica states that the Illinois Trade Secrets Act, the applicable law in this case, is modeled after the Uniform Trade Secrets Act, and requires an analysis similar to the trade secrets analysis used be Pennsylvania courts.

*6 For its part, Impact argues that New Jersey is the situs of material events, because the alleged acts of misappropriation occurred there. Impact notes that most of its potential witnesses are located in New Jersey, and that none is located in Illinois. Like Monica, Impact argues that plaintiff is better able to afford the expenses of out-of-state litigation than is Impact. Impact notes that although this action requires the application of Illinois law, New Jersey

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:07-cv-06535   Document 95-5   Filed 04/18/2008   Page 6 of 7

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21799935 (N.D.Ill.)
(Cite as: Not Reported in F.Supp.2d, 2003 WL 21799935)

Page 5

law provides for similar actions, and thus a federal judge sitting in New Jersey would be more than capable of applying Illinois law.

Normally, plaintiff's choice of forum is entitled to substantial weight, especially if the chosen forum is the plaintiff's home forum. *Symons Corp. v. Southern Forming & Supply, Inc.,* 954 F.Supp. 184, 186 (N.D.Ill.1997). However, where the forum has no significant connection to the plaintiff's claim, the plaintiff's chosen form may be entitled to less deference. *Dunn v. Soo Line R. Co.,* 864 F.Supp. 64, 65 (N.D.Ill.1994). Here, Illinois is plaintiff's home forum, and as the court has already discussed, plaintiff's alleged injury occurred in plaintiff's home forum. In addition, according to plaintiff, defendants sent an advertisement directly to an Illinois customer. It appears that the remaining events took place in Pennsylvania, New Jersey, and other states. The court concludes that plaintiff's choice of forum is entitled to at least some deference.

The court next considers the relative case of access to sources of proof and the convenience of the witnesses. Since "[s]heer numbers alone ... do not accurately gauge the full extent of the witness convenience factor[,] ... the Court must also consider the nature and quality of their testimony and their availability by compulsory process."*Bally Mfg. Corp. v. Kane,* 698 F.Supp. 734, 738 (N.D.Ill.1988). Plaintiff lists six Illinois witnesses, including two non-party witnesses. Plaintiff's eight remaining potential witnesses are located in Missouri, Ohio, New Hampshire, Texas, Arizona, Florida, and Canada. Plaintiff summarizes the testimony it believes its witnesses will offer, and it appears from this summary that the listed witnesses' testimony would be significant. In addition to the witnesses listed by plaintiff, Impact lists nineteen New Jersey witnesses. Impact's five remaining witnesses are located in Connecticut, North Carolina, New York, New Hampshire, and Pennsylvania. Monica lists ten of the same New Jersey witnesses as Impact, along with the same North Carolina and New Hampshire witnesses. Neither Impact nor Monica indicates the subject of these witnesses' testimony, or whether they are employed by Impact. Documents relating to Impact are located in New Jersey. Given that the court is unable to evaluate the nature of defendants' witnesses' testimony or whether they would testify voluntarily, this factor weighs against transfer.

Next, the court considers the convenience of the parties. According to a May 2003 article in Internet newsletter Consumer Mergers & Acquisitions Weekly, cited by defendants, plaintiff has annual sales of $100 million. Plaintiff conducts business throughout the United States. Although its principal place of business is in Illinois, plaintiff maintains offices in six other states, including Pennsylvania, and in Canada. Impact was organized in June 2001, and thus far has earned no revenue. Impact maintains a single office, in New Jersey, and has four employees. Monica resides in Pennsylvania; he has offered no evidence by way of affidavit as to his financial circumstances. The court finds that this factor weighs in favor of transfer to either New Jersey or Pennsylvania.

*7 The court next examines the interest of justice. The parties have offered no evidence as to the relative speeds at which the venues at issue resolve cases, and therefore the court does not consider that factor. The complaint alleges violations of Illinois law, and a federal court in the Northern District of Illinois is more likely to be familiar with Illinois law than a federal court in New Jersey or Pennsylvania. Finally, as the court discusses above, Illinois has a strong interest in adjudicating a case that involves injuries to a business that operates in Illinois. The court finds that the interest of justice weighs against transfer.

The court concludes that defendants have not met their burden of establishing that either the District Court for the Eastern District of Pennsylvania or the District Court for the District of New Jersey is clearly more convenient than the Northern District of Illinois. Accordingly, the motions to transfer are denied.

ORDERED: Defendant Impact Protective Equipment's motion to dismiss [5-1] and motion to transfer [5-2] are denied. Defendant Theodore Monica's motion to dismiss [4-1] and motion to transfer [4-2] are denied.

N.D.Ill.,2003.
Riddell, Inc. v. Monica
Not Reported in F.Supp.2d, 2003 WL 21799935 (N.D.Ill.)

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                   Page 6
Not Reported in F.Supp.2d, 2003 WL 21799935 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d, 2003 WL 21799935)**

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.