IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIGISOUND-WIE, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BESTAR TECHNOLOGIES, INC., DIRK DE )<br>YOUNG, HELENE DE YOUNG, FLORIAN )<br>GREILING, LILLI GREILING and CC )<br>ELECTRO SALES, INC., )<br>)<br>Defendants. ) | Case No. 07 C 6535<br><br>Judge George W. Lindberg<br><br>Magistrate Judge Michael T. Mason |

**DEFENDANTS BESTAR TECHNOLOGIES, INC.'S, DIRK DE YOUNG'S
AND HELENE DE YOUNG'S REPLY MEMORANDUM IN SUPPORT OF THEIR
MOTION TO DISMISS COUNTS 2, 5, 6 AND 10 OF THE AMENDED COMPLAINT**

Defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG (collectively referred to herein as "Defendants"), submit the following Reply Memorandum of Law in Support of Their Motion to Dismiss Counts 2, 5, 6 and 10 Of Plaintiff Digisound-WIE, Inc.'s ("Plaintiff's") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

## I.   INTRODUCTION

In Plaintiff's Response to Defendants' Motion to Dismiss (herein "Plaintiff's Response Brief"), Plaintiff generally asserts that the Illinois Trade Secret Act does not preempt Counts 2 (breach of duty of loyalty), 5 (tortious interference with customer contracts), 6 (tortious interference with reasonable expectation of economic advantage) and 10 (civil conspiracy) and that the intra-corporate conspiracy doctrine does not apply to prohibit its conspiracy claim. As discussed further below, Plaintiff failed to narrowly tailor Counts 2, 5, 6 and 10 to exclude allegations involving trade secret misappropriation when amending its complaint. Therefore, such counts continue to be preempted by the ITSA. Moreover, Plaintiff's addition of another

1

defendant to the conspiracy count does not negate the application of the intracorporate conspiracy doctrine where the Plaintiff continues to allege that BeStar Technologies participated in the conspiracy with its employees, the de Youngs. Since Plaintiff already had the opportunity to cure the deficiencies of its complaint, this Court should grant the Defendants' motion to dismiss Counts 2, 5, 6 and 10 with prejudice.

## II.    ARGUMENT

### A.    Plaintiff Fails To Sufficiently Refute That The Basis Of Its Trade Secret Misappropriate Claim Is Not Related To Its Other Common Law Claims

In its February 20, 2008 Order relating to the Defendant's initial motion to dismiss, the Court allowed Plaintiff to replead its common law causes of action that were dismissed due to preemption, but specified that Plaintiff "must narrowly tailor those claims to exclude an allegations involving trade secret misappropriation." (*See* Feb. 20, 2008 Order, Dkt. Entry No. 53). Plaintiff failed to this.

Plaintiff takes the position that it cured the defects in its initial complaint as "the Amended Complaint's sole allegation of trade misappropriation ¶ 46, which solely supports Count 9 (misappropriation) is not incorporated in nor relied on by any other count." (Pl.'s Resp. Brf. p. 1). Plaintiff, however, ignores that its misappropriation claim brought against all of the defendants in Count 9 is also dependent on allegations that form the basis of Counts 2, 5, 6 and 10 – the preceding paragraphs of 1 through 26, which are all incorporated into Counts 9 and 2, 5, 6, 10. As such, Plaintiff's Amended Complaint makes it unclear what exactly it considers to be the alleged "trade secret" information it believes was misappropriated by the Defendants BeStar and the de Youngs. Similarly, nowhere in the Response Brief, does Plaintiff clarify or identify what "trade secret" information it believes was misappropriated by Defendants. Rather, it is only in its Response Brief that Plaintiff appears to state that the trade secret information it references

in the Amended Complaint is not its "sales, parts, and relationships." (Pl.'s Resp. p. 2).

Plaintiff's Amended Complaint is, therefore, not narrowly tailored in the manner ordered by the Court. Although Paragraphs 46 and 47 of Count 9 describe and/or identify certain of the trade secret information taken by certain defendants, Count 9 does not provide notice that Plaintiff's trade secret misappropriation claim is limited to and only based upon what is described in Paragraphs 46 and 47. Hence, based on the Amended Complaint, anything else alleged in Paragraphs 1 through 26 (such as its sales, parts and relationships), which form the basis of Plaintiff's other claims, could also arguably consist of the "trade secret" information that Plaintiff alleges was misappropriated or used in Paragraph 48. Under *Twombly*, it is Plaintiff's obligation to ensure that its Amended Complaint provides sufficient notice of its claims and not Defendants' duty to decipher its allegations. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Since the allegations that comprise Counts 2, 5, 6 and 10 in the Amended Complaint are also dependent on those comprising the misappropriation claim (similar to Plaintiff's initial complaint), they are at least in part, predicated on a trade secret misappropriation theory. Plaintiff's purported "specific allegations of tortious conduct" recited in Section B of its Response Brief do not alter the fact that the counts are founded on most of the same allegations as the trade misappropriation claim, nor does Plaintiff's alleged ability to recover at trial for the other counts without proving trade secret misappropriation. Consequently, Plaintiff's claims for breach of fiduciary duty, tortious interference and conspiracy against the Defendants continue to be preempted by the Illinois Trade Secret Act (the ITSA), and Counts 2, 5, 6 and 10 should be dismissed with prejudice as Plaintiff already had the opportunity to cure these deficiencies.

**B.** ***Hecny* Does Nothing To Cure The Deficiencies Of The Amended Complaint, But Rather Supports That Preemption Applies Here**

Plaintiff does not refute the cases cited within Defendants' Motion to Dismiss that support that preemption under the ITSA applies to each common law count. Rather, Plaintiff mistakenly relies on the Seventh Circuit's decision in *Hecny*, which Plaintiff states, without citation, "holds that ITSA does not preempt a tort claim if the plaintiff could win the tort claim without providing trade secret misappropriation." (Pl. Resp. Br. p. 3). First, *Hecny*, did not adopt that specific holding. Rather, in *Hecny*, the Seventh Circuit concluded that "[t]he dominant view is that claims are foreclosed only when they rest on the conduct that is said to misappropriate trade secrets." *Hecny v. Transp. Inc. v. Chu*, 430 F.3d 402, 404-405 (7th Cir. 2005). As discussed above, the Amended Complaint fails to sufficiently provide notice of the extent that its claims exist outside of theory of trade secret misappropriation. Based on the allegations in the Amended Complaint, the conduct comprising Counts 2, 5, 6 and 10 is alleged to form the foundation of Plaintiff's trade secret misappropriation claim. Such counts are, therefore, preempted by ITSA.

C.  **The Existence Of Other Defendants Does Not Negate Application Of The Intracorporate Conspiracy Doctrine Particularly Where Plaintiff Continues To Allege That BeStar Technologies Conspired With Its Employees**

Plaintiff asserts that the intracorporate conspiracy doctrine does not apply to bar Plaintiff's conspiracy claim in Count 10 since 1) other parties beyond BeStar Technologies and its officers are alleged to be parties to the conspiracy agreement and 2) the agreement was entered into before BeStar Technologies was formed.

First, the addition of another defendant does not negate the premise that BeStar Technologies allegedly conspired with two of its employees nor does it dispel well-settled case law that a corporation and its officers who are acting within the scope of their employment are not separate and distinct entities and thus cannot conspire with each other. *Small v. Sussman*, 306

4

Ill. App.3d 639, 646, 713 N.E.2d 1216 (1st Dist. 1999). Ostensibly, none of the cases cited by Plaintiff hold that the intracorporate conspiracy doctrine cannot apply if other defendants or parties are alleged to have also participated in the conspiracy.

Second, the fact that BeStar Technologies is a named defendant to the conspiracy claim contradicts Plaintiff's contention in its Response Brief that the alleged agreement was formed before BeStar Technologies was formed. (Pl.'s Resp. Br. p. 6). Defendant BeStar Technologies, along with the other defendants, could simply not have "conspired to commit various torts" against Plaintiff without having been formed. When formed, the de Youngs were officers and/or employees of BeStar, and hence agents of BeStar. Plaintiff does not contend in the Amended Complaint that the deYoungs were acting outside of the scope of their employment when they allegedly conspired with and/or on behalf of BeStar Technologies and others. As recognized by this Court in its February 20, 2008 opinion, under Illinois law "a corporation cannot conspire with its agents." (*See* Feb. 20, 2008 Order - Dkt. Entry No. 53, citing *Sussman*, 306 Ill. App.3d at 646). Therefore, Plaintiff's conspiracy claim yet again "fails…[as] plaintiff contends that Bestar conspired with its employees," and Count 10 should be dismissed. (*See* Dkt. Entry No. 53).

### III.   CONCLUSION

For the foregoing reasons, Defendants BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG respectfully request that this Court enter an Order dismissing Counts 2, 5, 6 and 10 of Plaintiff's Amended Complaint with prejudice.

Dated: This 18th day of April, 2008.

                                      Respectfully Submitted,

                                      BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG

                                      By:   /s/ Charmagne Topacio
                                                 One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000

Ctl 430674

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008, I electronically filed **Defendant BeStar Technologies, Inc., Dirk de Young's and Helene de Young's Reply Memorandum In Support of Their Motion To Dismiss Counts 2, 5, 6 and 10 of the Amended Complaint** with the Clerk of Court using the CM/ECF system, the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to All Counsel of Record.

By: /s/   Charmagne Topacio

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000