IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DIGISOUND-WIE, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.   07 CV 6535 |
| | ) | |
| BESTAR TECHNOLOGIES, INC. et al. | ) | Judge Lindberg |
| | ) | |
| Defendant. | ) | |

**DEFENDANT CC ELECTRO SALES, INC.'S
MOTION TO STAY AND COMPEL ARBITRATION
OR, IN THE ALTERNATIVE, TO DISMISS COUNTS 5, 6, and 10**

Defendant, CC Electro Sales, Inc. ("CC Electro Sales"), by and through its attorneys, pursuant to 9 U.S.C. §§ 3 and 4 and Fed. R. Civ. P. 12(b)(6), for its Motion to Stay and Compel Arbitration or, in the Alternative, to Dismiss Counts 5, 6, and 10, states as follows:

**INTRODUCTION**

CC Electro Sales formerly served as an independent sales representative for Plaintiff, Digisound-Wie, Inc. ("Digisound"), pursuant to a "Sales Agency Agreement" (the "Agreement"), a copy of which is attached to the Amended Complaint ("Complaint") as Exhibit D. (For the Court's convenience, a copy of the Agreement is also attached hereto as Exhibit 1.) In its Amended Complaint, Digisound claims, among other things, that CC Electro Sales breached the Agreement in numerous ways. (Complaint, Count III.) The allegations made in support of this breach of contract claim, in paragraphs 1-26 of the "Allegations Common to All Counts," are incorporated into each and every other count of the Complaint relating to CC Electro Sales. However, Section 4.05 of the Agreement provides for the arbitration of all claims arising thereunder, in accordance with the terms of the American Arbitration Association. (Complaint, Ex. D.) Because the parties have

agreed to arbitrate all of the disputes alleged in the Complaint, CC Electro Sales, Inc. requests that the Court stay this action against it pursuant to Section 3 of the Federal Arbitration Act ("Arbitration Act"), and enter an Order pursuant to Section 4 of the Arbitration Act compelling Digisound to bring its claims in an arbitration.[1]

## ARGUMENT

**1. The Court should stay the proceedings against CC Electro Sales and compel arbitration.**

The Arbitration Act embodies a "liberal federal policy favoring arbitration agreements." *Volkswagen of America, Inc. v. SUD's of Peoria, Inc.*, 474 F.3d 966, 970 (7th Cir. 2007) (citation omitted). It thus provides that a written provision in any contract evidencing a transaction involving commerce which provides for settlement of disputes by arbitration "shall be valid, irrevocable, and enforceable" unless grounds exist at law or in equity for revoking the contract. 9 U.S.C. § 2. When an arbitration agreement is in place between the parties, and one of them brings suit on any issue referable to arbitration thereunder, the court "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Additionally, if one of the parties fails, neglects or refuses to arbitrate such matters, the court "shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

It is indisputable that the Agreement between the parties (Complaint, Ex. D) contains an arbitration clause. The Agreement specifically provides:

---

[1] Should the Court deny the Motion, CC Electro Sales also seeks dismissal of Counts 5, 6 and 10 of the Complaint, and adopts the arguments set forth in the Motion to Dismiss filed by Defendants BeStar Technologies, Inc., Dirk De Young and Helene De Young (Doc. 71 and 96.)

2

> The parties agree that any disputes or questions arising hereunder, including the construction or application of this agreement, shall be settled in accordance with the rules of the American Arbitration Association then in force, and that the arbitration hearings shall be held in the city in which the principal office of the Company is located.[2]

(Complaint, Ex. D, § 4.05.) Therefore, because the parties have agreed to resolve disputes by arbitration, the provisions of the Arbitration Act are applicable.

Whether a particular issue is subject to arbitration is a matter of contract interpretation. *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907, 909 (7th Cir. 1999). Here, the parties clearly agreed to arbitrate all of the issues raised by Digisound in its Complaint. There can be no question that Count III, which alleges that CC Electro Sales "breached its Sales Agency Agreement" with Digisound (Complaint ¶ 35), involves questions "arising []under" the Agreement and the "construction and application" thereof. (Complaint, Ex. D, §4.05.) The same is true with respect to Count IV, which claims that CC Electro Sales breached alleged fiduciary duties owed to Digisound. The Complaint specifically alleges that, by "virtue of the Sales Agency Agreement and the agency services the CC Electro Sales undertook for [Digisound], CC Electro Sales owed [Digisound] a fiduciary duty . . . to vigorously promote it and solicit sales for it, and for no competitor." (Complaint, Count IV, ¶ 33.) Because Digisound invokes the Agreement as the source of the alleged fiduciary duties, whether CC Electro Sales breached those duties also arises under the Agreement and involves its construction and application, and Count IV also must be arbitrated.

The very same allegations which Digisound makes to support Counts III and IV are incorporated into every remaining claim against CC Electro Sales, and these counts also fall within

---

[2] Digisound alleges that its principal office is located in Libertyville, Illinois. (Complaint § 4.)

3

the scope of the Agreement. "Once it is clear that the parties have a contract that provides for arbitration of some issues between them, any doubts concerning the scope of the arbitration clause are resolved in favor of arbitration." *Miller v. Flume*, 139 F.3d 1130, 1136 (7th Cir. 1998); *Moses H. Cohen Mem'l Hospital v. Mercury Const. Corp.* 460 U.S. 1, 24-25 (1983) ("any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."). Accordingly, a court cannot deny a request to arbitrate "unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Kiefer*, 174 F.3d at 909 (quoting *United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

In deciding whether a particular claim comes within the scope of an arbitration agreement, "the focus is on the factual allegations of the complaint." *Goldberg v. Focus Affiliates, Inc.*, 152 F.Supp.2d 978, 980 (N.D.Ill. 2001) (citation omitted). Here, in each of its remaining claims against CC Electro Sales, Digisound specifically "repeats the preceding ¶¶ 1-26 applicable to all counts." (Complaint, Counts V, VI, VII, IX and X, ¶¶ 1-26.) Without unnecessarily repeating those expansive allegations, they claim, among other things, that,: 1) Digisound and CC Electro Sales **entered into the Agreement** (¶ 12); 2) CC Electro Sales **breached the Agreement** by representing the other defendants to offer counterfeit Digisound products, including while it was acting on behalf of Digisound under the Agreement (¶ 16); 3) CC Electro Sales, purportedly **while acting as Digisound's agent**, purposely delayed responding to customer inquiries regarding Digisound orders (¶ 17); 4) CC Electro Sales, **while under contract with Digisound**, represented to customers that it had "factory-direct" availability of Digisound parts (¶ 20); and 5) on or about June 25, 2007, CC Electro Sales **"further" breached the Agreement** by terminating it without providing the required

4

30-days' notice (¶ 22.) Digisound also asserts, in Counts V, VI, VII and X, that CC Electro Sales, "In engaging in the foregoing conduct" (e.g., that alleged in the paragraphs "1-26 applicable to all counts"), committed some other wrongful conduct. (*See* Count V, ¶ 35; Count VI, ¶ 38; Count VII ¶ 39; Count X ¶ 51.)[3]

The mere fact that Digisound has presented some claims as torts, or other non contract-breach claims, does not preclude them from being arbitrated. *See Kiefer*, 174 F.3d at 910 ("We have routinely held that a party may not avoid a contractual arbitration clause merely by casting its complaint in tort." (internal quotations and citations omitted). By virtue of incorporating all of the allegations regarding the Agreement and its breach as the "conduct" forming the basis of its other claims, Digisound has by pleaded facts showing that all of the other counts arise under the Agreement, subjecting them to arbitration as well. *See Gregory v. Electro-Mechanical Corp.*, 83 F.3d 382, 384 (11th Cir. 1996) ("The structure of the complaint and the allegations of fact reflect that these claims all arose under the agreement. There are seven counts, and every count incorporates all of the facts alleged in the count denominated as a breach of contract claim. Thus, the complaint itself says that the facts constituting defaults under the contract are a critical part of the so-called tort claims.") Accordingly, because all of the claims brought by Digisound fall within the Agreement's

---

[3]Count IX, for trade secret misappropriation, does not similarly allege that "the foregoing conduct" constitutes a violation of the trade secrets act. However, the alleged "trade secrets" allegedly misappropriated by CC Electro Sales – including "sales proposals and product specifications and pricing to prospective customers, existing customer purchase orders, product specifications, and pricing, product needs of existing and prospective purchasers, and the identities and contact information for key purchasing personnel at existing and prospective purchasers" (Complaint ¶ 47) – are subject to a Nondisclosure provision of the Agreement (Complaint, Ex. D § 4.03) and were obviously only disclosed to CC Electro Sales in the first place because of the Agreement. Thus, Count IX also clearly arises under the Agreement.

arbitration provision, the Court must stay this action in its entirety with respect to CC Electro Sales, and enter an Order compelling the Digisound to arbitrate those claims.

Even if the Court were to determine that some of Digisound's claims are not subject to arbitration, it should nonetheless stay the entire case against CC Electro Sales pending arbitration of the arbitrable claims. Although non-arbitrable claims may be allowed to proceed before the court, staying them pending arbitration is appropriate where there is a risk of inconsistent rulings because the arbitration is likely to resolve issues material to the lawsuit. *SUD's of Peoria*, 474 F.3d at 972. The factors bearing on whether a stay is appropriate are: 1) the risk of inconsistent rulings; 2) the extent to which the parties will be bound by the arbitrator's decision, and 3) the prejudice that may result from delays. *Id.* As discussed above, by virtue of Digisound's decision to plead the same conduct as both breach of contract and other allegedly wrongful actions, the arbitrators and the Court could reach inconsistent conclusions regarding the liability, if any, of CC Electro Sales and which, if any, of the actions it allegedly committed. Additionally, arbitration of the breach claims would likely narrow the issues in the remaining claims, should they be found nonarbitrable. Digisound can hardly be heard to complain about delay, since it did not even add CC Electro Sales as a defendant to this case until approximately six weeks ago. Therefore, staying the entirety of the case against CC Electro Sales pending arbitration is entirely appropriate.

**2. Alternatively, Counts 5, 6 and 10 are subject to dismissal.**

Should the Court deny this Motion with respect to staying the litigation against CC Electro Sales and ordering the parties to arbitrate, dismissal of Counts 5, 6 and 10 of the Amended Complaint is warranted pursuant to Fed. R. Civ. P. 12(b)(6). Rather than rebrief this issue, CC Electro Sales joins in and incorporates the arguments made by defendants BeStar Technologies, Inc.,

Dirk De Young and Helene De Young in their Motion to Dismiss Counts 2, 5, 6 and 10 of the Amended Complaint (Doc. 71) and their Reply in Support thereof (Doc. 96). Counts 5, 6, and 10 are directed toward CC Electro Sales as well as these other defendants, and the reasoning set forth in their briefs is equally applicable to CC Electro Sales. Should those counts be dismissed with respect to those defendants, they should be dismissed with respect to CC Electro Sales as well.

## CONCLUSION

WHEREFORE, for the reasons set forth above, defendant CC Electro Sales, Inc. respectfully requests the Court grant the present Motion and enter an order staying all proceedings against it and compelling arbitration of the issues raised in the Amended Complaint, or, in the alternative, dismissing Counts 5, 6, and 10 of the Amended Complaint, and granting CC Electro Sales such further relief as the Court deems just and appropriate.

Respectfully submitted,

CC ELECTRO SALES, INC.

By: /s/ Daniel E. Beederman
One of Its Attorneys

Daniel E. Beederman, Attorney No. 03121545
Adam J. Glazer, Attorney No. 6199294
David S. Makarski, Attorney No. 6237604
Schoenberg Finkel Newman & Rosenberg, LLC
222 S. Riverside Plaza, Suite 2100
Chicago, Illinois 60606
(312) 648-2300

F:\DSM\CC Electrosales\Motion Compel Arb 1.wpd