In the United States District Court
For the Northern District of Illinois
Eastern Division

| | |
|---|---|
| DIGISOUND-WIE, INC., | |
| Plaintiff, | 07 CV 6535 |
| v. | Judge Lindberg |
| BESTAR TECHNOLOGIES, INC., et al., | Magistrate Judge Mason |
| Defendants. | |

## Plaintiff's Motion to Compel Defendant Greiling to Comply with First Request to Produce

Pursuant to FED.R.CIV.P. 37(a)(1) and Local Rule 37.2, plaintiff Digisound-WIE requests an order compelling defendants Florian and Lilli Greiling to (a) produce all documents and data responsive to its First Request to Produce, (b) provide a log of documents and data withheld on the basis of privilege, and (c) pay Digisound-WIE's reasonable attorneys' fees in seeking discovery compliance. Digisound also requests that court deny the Greilings' Motion to Dismiss for Lack of Personal Jurisdiction due to their failure to produce requested documents and data relevant to whether the court has jurisdiction over them:

1. On February 28, 2008, Digisound-WIE served its attached First Request to Produce on the Greilings' counsel by mail. (Exhibit A.)

2. On April 3, 2008, the Greilings filed a "Motion for Protective Order Relating to Plaintiff's Discovery Requests," which the court denied on April 4, 2008. (Docket ##79, 81.)

3. Also on April 3, 2008, the Greilings' attorneys served their "Response to Plaintiff's First Request to Produce." (Exhibit B.) In it, the attorneys made eight "General Objections" before even reaching the specific requests. Those General Objections do not comply with FED.R.CIV.P. 34(b)(2)(B)'s requirement that each objection, and the reasons for it, be stated as to each specific request. They should therefore be overruled. The Greilings then made

objections all 11 requests and produced no documents or data. The objections were generic and gave no reasons. They mostly repeated that each request was "overbroad," "unduly burdensome," and "not reasonably calculated to lead to the discovery of admissible evidence." Although the court noted in its April 4, 2008 Order that general allegations that discovery requests are overbroad would not suffice and therefore the Greilings needed to provide the court with specific examples, the Greilings filed nothing with the Court.

4.     On April 4, 2008, Digisound-WIE's counsel requested a conference with the Greilings' counsel to resolve their objections. (Exhibit C.) On April 9, 2008, one of the Greilings' attorneys responded that he was unavailable due to surgery. (Exhibit D.) After multiple emails to set a date, the respective attorneys finally conferred on April 30, 2008. Participating in the telephone call were Arthur Sternberg for Digisound-WIE and James Borcia and Charmagne Topacio for the Greilings. Although the attorneys spent an hour discussing their respective positions on the objections, with a couple of requests being slightly narrowed, the Greilings' attorneys made no agreement other than to confer with Greilings. Attorney Arthur Sternberg sent the attorneys a summary of the conversation on May 1, 2008 and requested that the Greilings at least begin producing responsive documents and data during the following week. (Exhibit E.)

5.     On May 7, 2008, Digisound-WIE's counsel requested an update to know that good faith, diligent progress was being made. (Exhibit F.) Late on May 8, 2008, however, counsel received a long email response that indicated there has been no progress. (Exhibit G.) After a further exchange of emails (Exhibit H), it is apparent that the Greilings do not intend to produce any documents or data before the May 21, 2008 ruling on their Motion to Dismiss for Lack of Personal Jurisdiction. Besides relevancy to the claims against them (see Exhibit D), the

document and data requests are relevant to establishing that the Greilings have sufficient contact with the U.S. and Illinois for jurisdiction. Their failure to produce have interfered with Digisound-WIE's ability to establish that they have sufficient contacts to assert personal jurisdiction.

6. Although the Greilings' responsive documents and data were to be produced 71 days ago, they have produced none! (On March 5, 2008, the Court granted Digisound-WIE's similar motion to compel against BeStar Technologies, Inc. and the de Youngs. (Docket # 61.).)

THEREFORE, plaintiff Digisound-WIE requests entry of an order granting all appropriate relief, including:

A. Ordering the Greilings to immediately produce all documents and data responsive to ¶¶ 1-11 of Plaintiff's First Request to Produce, except for those documents and data to be listed in a privilege log identifying the date, authors, recipients, subject matter of all withheld documents or data, and the form of data in sufficient detail to assess whether the documents and data are fully privileged from disclosure or should be produced with any necessary redaction.

B. Denying the Greilings Motion to Dismiss for Lack of Personal Jurisdiction due to their failure to produce requested documents and data relevant to whether the court has jurisdiction over them.

C. Ordering the Greilings to pay Digisound-WIE's reasonable attorneys' fees incurred in seeking discovery compliance. Digisound-WIE shall submit an affidavit for those fees within seven days of the order granting the Motion to Compel, to which the defendants shall respond within the following seven days.

DIGISOUND-WIE, INC.

By: _s/ Arthur Sternberg_
    One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235

3