# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DIGISOUND-WIE, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No: 07 C 6535 ) |
| BESTAR TECHNOLOGIES, INC., et al., | ) ) ) |
| Defendants. | ) |

### NOTICE OF MAILING AND FACSIMILE

TO:  Arthur B. Sternberg
Susan M. Lorenc
Thompson, Coburn, Fagel, Haber
55 East Monroe Street, 40th Floor
Chicago, IL 60603

Fax: (312) 782-1997

PLEASE TAKE NOTICE that on the **3rd** day of **April, 2008**, we served via United States mail and facsimile to the above-mentioned counsel at their address listed above, the following document attached hereto:

- **Defendant Florian Greiling's and Lilli Greiling's Response To Plaintiff's First Request To Produce**

TRESSLER, SODERSTROM, MALONEY & PRIESS

By: _____
One of Its Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000

1

## PROOF OF SERVICE

The undersigned, hereby certifies that she served the foregoing Notice of Mailing and the above-mentioned documents referred to by U.S. Mail and facsimile to the above-named party(s) at the address indicated above on the 3rd day of April, 2008.

_____

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
Tel.: (312) 627-4000

Ctl/429820

CT1/cas/#429793  8207-1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DIGISOUND-WIE, INC., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No: 07 C 6535 |
| | ) |
| BESTAR TECHNOLOGIES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT FLORIAN GREILING'S AND LILLI GREILING'S RESPONSE TO PLAINTIFF'S FIRST REQUEST TO PRODUCE

Defendants Florian Greiling and Lilli Greiling ("the Greilings" or "the Defendants") hereby submit their Response to Plaintiff's First Set of Requests to Produce:

### PRELIMINARY STATEMENT

The Greilings have asserted the defense of lack of personal jurisdiction in their response to the Amended Complaint. The Greilings have also filed a motion for a protective order relating to Plaintiff's discovery. The responses below are, therefore, subject to such defenses and any objections therein, in addition to all protective orders applicable to this lawsuit relating to confidentiality. In no event shall the Greilings' responses below be deemed a waiver of or otherwise prejudice those defenses or any of its other defenses to this action. The Greilings will seasonably produce documents and information responsive to Plaintiff's requests, if any, to the extent ordered by the Court, subject to the resolution of the Greilings' pending motions.

### GENERAL OBJECTIONS

The Greilings hereby incorporate by reference, as if fully set forth therein, each of the following General Objections in their response to each separate paragraph in Plaintiff's First Set of Requests To Produce (herein "Plaintiff's Requests").

1. The Greilings object to producing any documents in response to Plaintiff's Requests that is protected by the attorney-client privilege, the work-product doctrine or any other applicable protection, restriction or immunity from discovery. Any disclosure of information protected by the attorney-client privilege, the work-product doctrine or any other privilege, restriction or immunity from discovery is not intended and should not be construed to constitute a waiver.

2. The Greilings object to producing documents in response to Plaintiff's Requests to the extent that producing such documents would be oppressive, unduly burdensome, unreasonably expensive or would require an unreasonable investigation on the part of Defendants.

3. The Greilings object to Plaintiff's Requests to the extent that they attempt to impose obligations upon Defendants that are inconsistent with and/or in addition to those imposed by the Hague Convention, Federal Rules of Civil Procedure, Federal Rules of Evidence, applicable case law and any rulings made by the Court throughout this matter.

4. The Greilings object to Plaintiff's Requests to the extent that the documents sought are a matter of public record, which are equally accessible and available to Plaintiff, on the grounds that providing such documents would impose an unreasonable burden and expense upon Defendants.

5. The Greilings object to Plaintiff's Requests to the extent they seek documents that are not in the possession, custody or control of Defendants.

6. The Greilings object to Plaintiff's Requests to the extent that they seek information already in the possession, custody or control of Plaintiff.

7 The Greilings object to Plaintiff's Requests to the extent that they are duplicative.

8. The Greilings object to Plaintiff's Requests to the extent they seek the production of information containing confidential, proprietary business information, except pursuant to an appropriate confidentiality agreement and/or protective order.

Defendants' investigation of the facts concerning this action is continuing. The responses to Plaintiff's Requests, therefore, are subject to all stated objections and are based upon such documents as are presently available to, or known to, Defendants and their agents. Defendants reserve their right to modify or supplement, to the extent required, any and all objections and responses herein as additional facts are ascertained, as additional documents are obtained, and as additional analysis and contentions are formulated.

## RESPONSE TO REQUESTS

1. All documents and electronically stored information concerning the deletion by or for any of the defendants of data from the computers or electronic storage media of Digisound-WIE, Inc. or its parent company, Digisound-Electronic GmbH, or any affiliated company.

**RESPONSE: Defendants object to this Request as it is overbroad, unduly burdensome and ambiguous as to the phrase "any affiliated company." Defendants further object that it is not reasonably calculated to lead to the discovery of admissible evidence relating to the claims against them and seeks documents and information that would appear to be in Plaintiff's possession, custody or control.**

2. All documents and electronically stored information containing or otherwise reflecting communications between Florian Greiling or Lilli Greiling and any other defendant.

**RESPONSE: Defendants object to this Request as it is overbroad and unduly burdensome relating to the breadth of communications it seeks. Defendants further object to this Request as it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence relating to the claims against them.**

3. All documents and electronically stored information about forming any business in the United States to sell products made or sold by BeStar Electronics Industry Co., Changzhou Bestar Acoustic Co. Ltd., or any affiliate thereof.

**RESPONSE: Defendants object to this Request as it is overbroad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence relating to the claims against them.**

4. All documents and electronically stored information containing or otherwise reflecting communications between Florian Greiling and Lilli Greiling about her becoming or being a shareholder in BeStar Technologies, Inc.

**RESPONSE: Defendants object to this Request to the extent that it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence relating to the claims against them. Defendants further object to this Request as it seeks documents and information already in Plaintiff's possession.**

5. All documents and electronically stored information concerning Florian Greiling or Lilli Greiling obtaining or having any equity or creditor interest in, or otherwise doing business with, defendant BeStar Technologies, Inc., including but not limited to any draft, proposed or executed agreements among shareholders or between any shareholder and the corporation.

**RESPONSE: Defendants object to this Request to the extent that it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence relating to the claims against them.**

6. All documents and electronically stored information concerning any equity, debt, or other contribution made by Florian Greiling or Lilli Greiling to or on behalf of defendant BeStar Technologies, Inc.

**RESPONSE: Defendants object to this Request to the extent that it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence relating to the claims against them.**

7. All documents and electronically stored information showing each shareholder's ownership interest in BeStar Technologies, Inc.

**RESPONSE: Defendants object to this Request to the extent that it seeks documents or information already in Plaintiff's possession.**

8. All corporate records of BeStar Technologies, Inc., including draft, proposed, and approved bylaws, resolutions, shareholder and board of director consents, and minutes of the meetings of shareholders, board of directors, officers, or committees of BeStar Technologies, Inc.

**RESPONSE: Defendants object to this Request to the extent that it seeks documents or information already in Plaintiff's possession. Defendants further object to this Request to the extent that it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence relating to the claims against them.**

9. All documents and electronically stored information containing or otherwise reflecting communications between Florian Greiling or Lilli Greiling and (a) Wu YiFie, aka David Wu, (b) any employee or agent of BeStar Electronics Industry Co., (c) any employee or agent of Changzhou Bestar Acoustic Co. Ltd., (d) any employee or agent of CC Electro Sales, Inc., (e) any employee or agent of Visteon Corporation or Visteon Altec (or similarly named

companies), (f) any employee or agent of Valeo Group (or similarly named companies), (g) any employee or agent of Flextronics International Ltd. (or similarly named company), and (h) any employee or agent of Whirlpool Corporation (or similarly named company).

**RESPONSE**: **Defendants object to this Request as it is overbroad and unduly burdensome relating to the breadth of communications it seeks. Defendants further object to this Request to the extent that it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence relating to the claims against them.**

10. All documents and electronically stored information concerning potential or actual purchases of product from BeStar Electronics Industry Co. or Changzhou Bestar Acoustic Co. Ltd. by any company in which Florian Greiling or Lilli Greiling is, directly or indirectly, an owner or creditor, including but not limited to GREWUS GmbH and Zircom GmbH.

**RESPONSE**: **Defendants object to this Request as it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence relating to the claims against them.**

11. All documents and electronically stored information concerning the terms and conditions of Florian Greiling's employment with and/or ownership interest in Digisound-Electronic GmbH and/or any affiliated company, as well as all documents and electronically stored information concerning the potential or actual termination of that employment and/or ownership interest.

**RESPONSE**: **Defendants object to this Request as it is overbroad, unduly burdensome and seeks information already in Plaintiff's possession, custody or control. Defendants further object to this Request to the extent that it seeks documents or information not reasonably calculated to lead to the discovery of admissible evidence relating to the claims against them.**

Dated: This 3rd day of April, 2008.

FLORIAN GREILING and LILLI GREILING

By: *[signature: Charmagne Topacio]*
One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
233 South Wacker Drive, 22nd Floor
Chicago, IL 60606-6308
(312) 627-4000