# Exhibit E

# Bersche, Bernadette M.

| | |
|---|---|
| **From:** | Sternberg, Arthur B. |
| **Sent:** | Thursday, May 01, 2008 4:03 PM |
| **To:** | 'James K. Borcia'; 'Charmagne Topacio' |
| **Cc:** | Lorenc, Susan M.; Peel, Emily L. |
| **Subject:** | Summary of Discovery Conference on Greilings Objections to Plaintiff's First Request to Produce |

The following is a summary of our telephone conference yesterday to resolve the objections you posed on behalf of the Greilings to Digisound-WIE's February 28, 2008 First Request to Produce. If my summary is inaccurate or materially incomplete, please respond by email.

**Response's Preliminary Statement.** The court denied the Greilings' Motion for Protective Order on April 4, mooting the Preliminary Statement.

**General Objections** (Note: Fed.R.Civ.P. 34(2)(B) and (C) require objections, and their reasons, to be stated for each item or category. While many attorneys make "general objections," those cannot satisfy Rule 34 and thus seem pointless.)

1. **Privilege Objection.** To the extent any responsive documents are privileged, you agreed to provide a privilege log.
2. **Oppressive, unduly burdensome, etc.** We agreed to discuss those objections in the context of each request.
3. **Hague Convention.** The court has ruled that the Federal Rules of Civil Procedure govern, not the Hague Convention.
4. **Public Records.** I have no problem with the objection. As best as I can tell, the objection pertains only to the Arizona Secretary of State Records, which BeStar Technologies and the de Youngs produced, even though they were public records.
5. **Documents Not in Greilings Custody or Control.** The request inherently applies only to documents and data in either one's custody or control, so the objection does not seem to be a real one.
6. **Information Already in Digisound-WIE's Custody or Control.** As we discussed, the fact that the Greilings have information that other defendants have produced has independent significance. For example, while the Greilings could claim ignorance of information that the other defendants produced, the fact that they too have those documents or data would make that claim harder to believe. That would be generally relevant to the issue of the Greilings' knowing and active participation in the alleged conspiracy and tortious means to carry out the conspiracy.
7. **Duplicative Requests.** I have no substantive problem with the objection provided the information is produced in response to at least one part of the request.
8. **Proprietary Information.** The Stipulated Protective Order applies to confidential documents and data the Greilings produce, so the objection seems unnecessary.

**Response to Request**

1. I agreed to delete the reference at the end of para. 1 to "or any affiliated company." While we discussed at length the repeated objections of being overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, you did not have any actual factual basis---rather than the hypotheticals you gave---as to an undue burden for the Greilings to review their documents and data for 2007 to determine which if any of them concerned deleting data from Digisound computers. You also did not know whether there were any documents or data responsive to the request. You agreed to review that with the Greilings and respond further.

2. I agreed that the request did not apply to communications that were between Florian Greiling and Lilli Greiling and no other defendant. I pointed out that other defendants had produced communications between them and Florian Greiling, so they exist at least as to him. You agreed to review with the Greilings what responsive documents and data they have.

3-9. After discussing our respective positions on the stated objections, you agreed to review with the Greilings what responsive documents and data they have.

10. We extensively discussed my position, in response to your objections, that the Greilings' dealings with Mr. Wu and BeStar Electronics regarding selling the joint venture's products in Europe through companies in which one or both Greilings have an interest is potentially relevant to proving both the existence of the alleged conspiracy and the Greilings' knowing and active participation in it. For example, a fact finder may find it more likely that a conspiracy against Digisound-WIE existed if there is proof that it was an integral part of a larger plot to put the parent company out of business by selling the products of its joint venture in both the U.S. and Germany. The documents and data are also potentially relevant in establishing that the Greilings had a motive to aid the conspiracy in the U.S. in hopes that it would either put Digisound-Electronic GmbH's out of business or weaken it financially so that it was unable to stop the sale of its

joint venture products in Europe through companies in which one or both Greilings hold an interest. You agreed to review with the Greilings what responsive documents and data they have.

11. We also extensively discussed my position that documents and data on Florian Greiling's duties for, ownership in, and termination of his employment with Digisound-Electronic GmbH were relevant to (a) his knowledge and the nature and extent of his relationships with the defendants and Digisound-WIE's customers (which would in turn be relevant to whether he would conspire with the other defendants), (b) whether he would have a motive for or against harming Digisound-Electronic GmbH by causing its subsidiary, Digisound-WIE to lose its sales and customers, and (c) whether he acted in breach of any duty he may have owed Digisound-WIE during the time that he was responsible for its management. You agreed to review with Mr. Greiling what responsive documents and data he has.

You were unfortunately unable to tell me when you would respond as to what responsive documents and data the Greilings will produce. I pointed out that the time difference between Chicago and Germany is only seven hours, which means that most of our work morning overlaps with most of their work afternoon. The fact that you have had two months to review the document request with the Greilings yet apparently have never done so, and have instead posited an objection to literally every aspect of the document request--rather than producing documents and data in response to those parts of each request that clearly were not overbroad--is a serious violation of Rule 34. I therefore request that you and the Greilings act expeditiously to gather and produce the requested documents and data and at minimum begin producing them next week. I also request that you respect the requirement in the Stipulated Protective Order to designate as "Confidential" or "Confidential-Attorneys' Eyes Only" only those documents and data that in good faith meet the definitions set forth in the Order and not simply designate, as you did before, virtually all of your production as "Confidential-Attorneys' Eyes Only."

**Arthur B. Sternberg**
asternberg@tcfhlaw.com
P: 312.580.2235
F: 312.782.1997
M: 630.247.4065

**Thompson Coburn Fagel Haber**
55 East Monroe Street
40th Floor
Chicago, IL 60603
www.tcfhlaw.com
Thompson Coburn LLP d/b/a
Thompson Coburn Fagel Haber