# Exhibit H

## Sternberg, Arthur B.

| | |
|---|---|
| **From:** | Charmagne Topacio [ctopacio@tsmp.com] |
| **Sent:** | Friday, May 09, 2008 1:31 PM |
| **To:** | Sternberg, Arthur B.; James K. Borcia |
| **Cc:** | Lorenc, Susan M.; Murphy, Nancy I. |
| **Subject:** | RE: Digisound-WIE v. BeStar Tech, et al. |

Arthur:

We, as well as our clients, are in good-faith trying to cooperate as best we can without any intention of delay. We hope to discuss these issues further with our clients by Tuesday and provide you with our follow-up response by Wednesday next week.

-----Original Message-----
**From:** Sternberg, Arthur B. [mailto:ASternberg@tcfhlaw.com]
**Sent:** Friday, May 09, 2008 12:31 PM
**To:** Charmagne Topacio; James K. Borcia
**Cc:** Lorenc, Susan M.; Murphy, Nancy I.
**Subject:** Digisound-WIE v. BeStar Tech, et al.

**Greilings' Failure to Comply with Discovery**

Your email response appears to be an attempt at further delay and misdirection. The Greilings were required to produce responsive documents and data by February 28, 2008, but have yet to produce anything! Making blanket objections to every request (which is itself improper) does not excuse the complete disregard of the obligations under Fed.R.Civ.P. 34 to timely produce documents and data. Even if a request is overbroad in certain aspects and potentially burdensome, as you contend, the Greilings must still produce those documents and data in their control and custody that fall within the non-overbroad aspects of the request.

The Greilings are now 71 days delinquent, and your email gives no date by which responsive documents and data will be produced. Your email states that Florian Greiling is currently outside of Germany and "expected to return later this week." (Since the email was sent end of day on Thursday, this week may well be referring to next week.) Your email does not indicate that Mr. Greiling has been unavailable to you since our April 30, 2008 conference or that there is a reason for Lilli Greiling's failure to provide you with her responsive documents and data.

Your assertion that I have the "initial burden of showing the information sought in discovery is relevant" is wrong in two respects. First, discovery is allowed to any non-privileged information as long as it appears "reasonably calculated to lead to the discovery of admissible evidence." Second, the burden is on the objecting party to show that the objections as to relevance and other grounds are proper. *Burkybile v. Mitsubishi Motors Corp.*, 2006 U.S. Dist. LEXIS 57892 * 21 (N.D. Ill. Aug. 2, 2006).

Unless you can provide me with a date by which the requested documents and data will produced, I will file a motion to compel.

**Request for Changed of Designations Pursuant to Stipulated Protective Order**

5/9/2008

On May 1st, I request redesignations of certain documents and data. On May 8th, you respond only vaguely that you "hope to have the opportunity to complete discussing the issues with our client by next week." That suggests that no substantive response will be made until the week of May 19. My request seems clear and simple and not requiring three weeks to respond. Is there any specific reason that would preclude you from completing that discussion by Monday or Tuesday and giving me your response by Wednesday of next week so that we can make diligent progress on this?

**Arthur B. Sternberg**
asternberg@tcfhlaw.com
P: 312.580.2235
F: 312.782.1997
M: 630.247.4065

**Thompson Coburn Fagel Haber**
55 East Monroe Street
40th Floor
Chicago, IL 60603
www.tcfhlaw.com
Thompson Coburn LLP d/b/a
Thompson Coburn Fagel Haber




-----Original Message-----
From: Charmagne Topacio [mailto:ctopacio@tsmp.com]
Sent: Thursday, May 08, 2008 5:11 PM
To: Sternberg, Arthur B.
Cc: James K. Borcia
Subject: Digisound-WIE v. BeStar Tech, et al.

Dear Arthur:

We received your e-mail of last week regarding our telephone conference in connection with Plaintiff's first request to produce to the Greilings. Your assertion that we have apparently never reviewed the document requests with the Greilings is unfounded and incorrect. We discussed the requests with our clients previously and after consulting with you regarding your position as to the requests, we have been in touch with the Greilings regarding our plans to further discuss them, as we advised you we would. We have been unable to give you a specific date by which to inform you what responsive documents and data the Greilings would produce as we were recently informed that Mr. Greiling has been away from Germany on a trip out of the country. He is expected to return later this week and we intend to further discuss the requests with him when available upon his return to relay and consider your position and determine the breadth of what would be responsive.

Plaintiff has the initial burden of showing that the information sought in discovery is relevant. As you are aware, you must make at least a colorable initial showing of relevance, and as we discussed, we believe that you have not done so with respect to a number of the requests and as reflected within the Greilings' objections. Nevertheless, as we agreed, we will determine the scope of responsive information with the Greilings and follow-up with you as to what will be produced, if any. We further note the following with respect to certain of your statements in your e-mail:

5/9/2008

10) Although we advised we would review with the Greilings what responsive documents/data they may have, we wish to reiterate that we disagree with your position that such information relating to outside companies have no bearing on proving the existence of the alleged conspiracy or a motive to aid the alleged conspiracy. The reasons you provide are simply speculative and not reasonably calculated to lead to the discovery of admissible evidence.

11) The reasons you state as to the relevancy of Mr. Greiling's employment with Digisound's parent company have no merit. We do not see how such documents would be relevant to "the knowledge and the nature and extent of his relationships with defendants and Digisound-WIE's customers" and how this would relate to the conspiracy claim. Your assertion that such documents would be relevant to whether "he would conspire" is speculative and therefore would not be reasonably likely to lead to the discovery of admissible evidence.

Your contention that his former employment records (which could potentially broadly include such documents as payroll/medical records submitted to his former employer) would also be relevant to his motive of harming a company that is not a party to this lawsuit also fails to show a connection to the claims against him and would therefore also be unlikely to lead to the discovery of admissible evidence. Even if you adequately showed that motive was somehow relevant to the specific claims you brought, as you are aware, there are other discovery methods that one may utilize in determining a party's motive. Interrogatories, requests to admit, and/or depositions questions can all be used

to get such information. Rule 26(b)(2) of the Federal Rules of Civil Procedure cautions against allowing discovery that is duplicative or inconvenient. Fed.R.Civ.P. 26(b)(2) ("The frequency or extent of use of the discovery methods . . . shall be limited by the court if it determines that. . . the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive. . . .").

Further, as you are aware, Plaintiff does not have a breach of fiduciary claim against Mr. Greiling, therefore your reason in subsection (c) has no basis.

We will be in contact with you as soon as we have the opportunity to further discuss Plaintiff's requests with the Greilings.

With respect to your other e-mails last week relating to designations under the protective order and additional document/data you seek from BeStar Tech. and the de Youngs, we have contacted our client to discuss your follow-up requests and what may be in their possession. We hope to have the opportunity to complete discussing the issues with our client by next week so that we may provide you a follow-up response.


Very truly yours,
> Charmagne Topacio
> Tressler, Soderstrom, Maloney & Priess, LLP
> Sears Tower, 22nd Floor
> 233 South Wacker Drive
> Chicago, Illinois 60606-6399
> Direct # (312) 627-4136
> Fax # (312) 627-1717
>
> E-mail: ctopacio@tsmp.com
>
This message (including attachments) is covered by the Electronic Communication Privacy Act, 18

5/9/2008