In the United States District Court
For the Northern District of Illinois
Eastern Division

DIGISOUND-WIE, INC.,

    Plaintiff,

v.

BESTAR TECHNOLOGIES, INC., et al.,

    Defendants.

07 C 6535

Judge Lindberg

# Plaintiff's Response to CC Electro's Motion to Stay and Compel Arbitration or, in the Alternative, To Dismiss Counts 5, 6, and 10

## 1. Claims Not Arising under Agreement Not Subject to Arbitration

The tort and statutory claims against CC Electro (counts 4, 5, 6, and 10) are not subject to arbitration because the Sales Agency Agreement between Digisound-WIE and CC Electro limits arbitration to claims "arising hereunder" rather than to those either "arising out of" or "relating to" the Agreement. (The Agreement's arbitration clause states that "the parties agree that any disputes or questions *arising hereunder*…" will be arbitrated.) While "arising out of" or "relating to" "reaches all disputes having their origin or genesis in the contract, whether or not they implicate interpretation or performance of the contract per se," "arising under" denotes a more limited scope. *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Ltd.*, 1 F.3d 639, 642 (7th Cir. 1993); *see Fehribach v. Ernst and Young, LLP*, 02 CV 01270, 2003 WL 1906136, *6 (S.D. Ind. January 6, 2003) ("relating to" is broader in scope than "arising from").

Counts 4, 5, 6, and 10 against CC Electro do not require interpretation of the Agreement or determination of whether CC Electro's performance breached it. Count 4's breach of fiduciary duty claim arises in tort and is based on a duty imposed by law, not the Agreement.

The fiduciary duty is owed not because of a term in the Agreement, but because it acted as an agent for Digisound-WIE. *Haugen v. Hollenbach*, 96 C 7192, 1998 U.S. Dist. LEXIS 2869, *14 (March 10, 1998) (not reported in Westlaw) (fiduciary duty arises as a matter of law pursuant to principal-agent relationship); RESTATEMENT (THIRD) OF AGENCY, § 8.10 (2006) ("An agent has a fiduciary duty to act loyally for the principal's benefit in all matters connected with the agency relationship."). (Amended Complaint, ¶ 33 (by virtue of the agency services that CC Electro Sales undertook, CC Electro Sales owed Digisound-WIE a fiduciary duty).) Count 4 therefore is not subject to arbitration. *See Parfi Holding AB v. Mirror Image Internet, Inc.*, 817 A.2d 149, 156-57 (Del. 2002) (because breach of fiduciary duty claims do not arise out of contract they are not subject to broad arbitration clause, even though they arise from some or all of the same facts that relate to the transactions that are the basis for the contract claims).

Counts 5 and 6's tortious interference claims stem from CC Electro's representations to Digisound-WIE's customers that it had "factory-direct" availability of legitimate DIGISOUND parts, in an effort to misappropriate Digisound-WIE's existing and prospective customer relationships and sales. (Amended Complaint, ¶ 20). The Amended Complaint does not allege that CC Electro's representations violated a term of the Agreement or that the claim arises under it. It instead alleges that the tort arises independently of the Agreement. *Fehribach*, 2003 WL 1906136 at *6. Counts 5 and 6 are therefore not subject to arbitration. *Genesco, Inc. v. T. Kakiuchi & Co., Ltd.*, 815 F.2d 840, 855 (2d Cir. 1987) (tortious interference with employment contract through commercial bribery did not arise or relate to sales agreement requiring arbitration).

The same analysis applies to Count 7's Lanham Act claim. It neither requires interpretation of the Agreement nor a determination of whether CC Electro's performance

2

breached it. The statutory claim is based not on the terms or performance of the Agreement, but on joint conduct by all of the defendants to offer and sell joint venture goods that bore counterfeit BeStar trademarks (Amended Complaint, ¶¶ 18, 22, 40-44.) "Claims that present no question involving construction of the contract [containing the arbitration clause] and no questions in respect of the parties' rights and obligations under it, are beyond the scope of the arbitration agreement." *Fehribach*, 2003 WL 1906136 at *6.

As to Count 9's trade secret misappropriation claim, CC Electro concedes it neither relies on nor references the Agreement. As CC Electro also states, in deciding whether a particular claim comes within the scope of an arbitration agreement, "the focus is on the factual allegations of the complaint." *Goldberg v. Focus Affil., Inc.*, 152 F.Supp.2d 978, 980 (N.D. Ill. 2001). Count 9's claim stems from CC Electro's misappropriation of Digisound-WIE's trade secret information, which exists under the Uniform Trade Secrets Act even without a contractual duty. *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 350 (7th Cir. 2006).

Count 10 alleges that CC Electro conspired with the other defendants to commit the preceding torts for the purpose of misappropriating Digisound-WIE's customer and supplier relationships. Like the other tort claims, count 10 neither requires interpretation of the Agreement nor a determination of whether CC Electro breached it. While arbitration cannot be avoided merely by casting contract claims as torts, the Amended Complaint alleges claims that are not based on CC Electro's duties under the Agreement, thus distinguishing *Kiefer Specialty Flooring, Inc. v. Tarkett, Inc.*, 174 F.3d 907 (7th Cir. 1999). Also, in *Kiefer* arbitration extended to "any controversy or claims *arising out of or relating to…*" the agreement between the parties, while here arbitration only extends to claims arising under the Agreement. *Id.* at 909.

## 2. Court Should Not Stay Non-Arbitrable Claims against CC Electro

If it determines that not all of the claims against CC Electro are subject to arbitration, the court should not exercise its discretion to stay those. The non-arbitrable claims (except breach of fiduciary duty) are also alleged against the other defendants, none of whom are subject to arbitration of the claims against them. Therefore, litigation of those claims must proceed regardless of the arbitration. Further, because those claims are not dependent on an arbitral panel's finding on claims to be arbitrated, the court has no reason to wait for an arbitral award before proceeding against CC Electro on the non-arbitrable claims. *Collins & Aikman Prod. Co. v. Building Sys, Inc.*, 58 F.3d 16, 20 (2nd Cir. 1995) ("If some claims are non-arbitrable, while others are arbitrable, then we will sever those claims subject to arbitration from those adjudicable only in court.").

## 3. CC Electro's Motion to Dismiss Is Properly Denied

As an alternative to its Motion to Stay, CC Electro moves to dismiss Counts 5, 6 and 10 of the Amended Complaint, but does not challenge the sufficiency of Counts 3, 4, 7 or 9, to which it is also named. Digisound-WIE adopts its Response to BeStar Technologies, Inc., Dirk de Young and Helene de Young's motion to dismiss counts 5, 6 and 10 for denying CC Electro's motion to dismiss.

DIGISOUND-WIE, INC.

By: _s/ Arthur Sternberg_
    One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235