**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DIGISOUND-WIE, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 07 C 6535** |
| | ) | **Hon. George W. Lindberg** |
| **BESTAR TECHNOLOGIES, INC., DIRK** | ) | |
| **DE YOUNG, HELENE DE YOUNG, FLORIAN** | ) | |
| **GREILING, LILLI GREILING, AND** | ) | |
| **CC ELECTRO SALES, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is defendants Florian Greiling ("Mr. Greiling") and Lilli Greiling's ("Ms. Greiling") (collectively "Greilings") joint motion to dismiss plaintiff's amended complaint for lack of personal jurisdiction pursuant to Federal Rule of Civil Proceedure ("Rule") 12(b)(2). For the reasons set forth more fully below, defendants' motion to dismiss is granted.

*1. FACTUAL BACKGROUND*

On March 3, 2008, plaintiff Digisound-WIE, Inc. ("Digisound") filed a ten-count amended complaint ("complaint") against defendants BeStar Technologies, Inc. ("BeStar"), Dirk De Young, Helene De Young, Mr. Greiling, Ms. Greiling, and CC Electo Sales, Inc. The Greilings are citizens and residents of Germany and were domiciled there during all times relevant to this case. The Greilings are not residents of Illinois and do not have any offices, agents, employees, telephone listings, bank accounts, property, or assets in Illinois. In fact, Ms. Greiling has never been to Illinois and Mr. Greiling was not in Illinois during any time relevant to this case. Further, the Greilings have not expressly consented to being sued in Illinois.

The Greilings were served with summons and a copy of the complaint in Germany through the procedures established by the Hague Convention for service of foreign parties. Counts V, VI, VII, IX, and X of the complaint are directed against the Greilings and include Illinois state law claims for tortious interference with customer contracts (Count V), tortious interference with reasonable expectation of economic advantage (Count VI), misappropriation of trade secrets (Count IX), civil conspiracy (Count X), and a federal claim for a violation of the Lanham Act, 15 U.S.C. § 1125(a) (Count VII). The Greilings move to dismiss the complaint on the ground that this court lacks personal jurisdiction over them.

Digisound is an Illinois corporation with its principal "office" in Illinois. *Compl*. at ¶ 4. Digisound also had an office and warehouse in Arizona until July 2007. *Id*. at ¶ 5. Dirk and Helene de Young were Digisound's only employees. *Id*. at ¶ 11. Florian Greiling is the former managing director of Digisound's parent company, Digisound-Electronic GmbH ("GmbH). GmbH is a German corporation and Mr. Greiling was its managing director until he resigned on May 25, 2007. As GmbH's managing director, Mr. Greiling was "in charge of [Digisound's] operations." *Id*. at ¶ 8.

## II.  LEGAL ANALYSIS

Digisound bears the burden of demonstrating that this court has personal jurisdiction over the Greilings. *RAR, Inc. v. Turner Diesel, Ltd*., 107 F.3d 1272, 1276 (7th Cir. 1997). "When [a] district court rules on a defendant's motion to dismiss based on the submission of written materials, without the benefit of an evidentiary hearing, . . . the plaintiff need only make out a prima facie case of personal jurisdiction." *Purdue Research Foundation v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003). The court resolves any factual disputes in the pleadings

and affidavits in Digisound's favor. *Riddell, Inc. v. Monica*, 03 C 2003, 2003 WL 21799935, *1

(N.D. Ill. July 25, 2003).

### A. Zeich Affidavit

The court will not consider the affidavit Digisound submitted from Michael Zeich. In his

affidavit, Mr. Zeich does not specify whether it was executed within the United States, or abroad.

Mr. Zeich purports to be the Director of Operations for GmbH, a German corporation and it

appears that Mr. Zeich executed his affidavit in Germany. Unsworn affidavits executed outside

of the United States must include the statement, or a statement substantially similar to, " I declare

(or certify, verify, or state) under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct." 28 U.S.C. § 1746; *International Ins. v. Caja*

*Nacional De Ahorro y Seguro*, 293 F.3d 392, 398 (7th Cir. 2002). Mr. Zeich's affidavit does not

include the phrase "under the laws of the United States of America," or any substantially similar

statement. Therefore, the court will not consider Mr. Zeich's affidavit.

### B. Minimum Contacts with the United States as a Whole

According to Digisound, the court can exercise personal jurisdiction over the Greilings

(1) based on Rule 4(k)(2) and the Lanham Act, and (2) because it possesses specific jurisdiction

over the Greilings based on their minimum contacts with Illinois. Turning to plaintiff's first

argument, the court finds that it lacks merit. Digisound argues that in cases such as this,

involving federal question subject matter jurisdiction – as opposed to diversity jurisdiction – the

court can assert personal jurisdiction over a defendant based on his or her sufficient contacts with

the United States as a whole. Digisound contends that it is not required to make a prima facie

showing that a defendant has minimum contacts with a particular forum state. In support of this

argument, plaintiff cites *Zurich Capital Markets, Inc. v. Coglianese*, 388 F.Supp.2d 847 (N.D. Ill

2004). The analysis in *Zurich* is not applicable to the facts of this case. In *Zurich*, the plaintiff

alleged a violation of the Securities Exchange Act of 1934 ("Exchange Act"). Section 27 of the

Exchange Act provides for nationwide service of process. 15 U.S.C. § 78aa (2000). Rule 4(k)(2)

allows nationwide service of process when it is specifically authorized by the Exchange Act, or

another federal law.

      The Lanham Act, the basis for federal question jurisdiction in this case, does not provide

for nationwide service of process. *See* 15 U.S.C. § 1121(a). When federal question jurisdiction

is based on a statute that does not authorize nationwide service of process, the federal district

court must determine if a court of the state in which it sits would have personal jurisdiction.

*Search Force, Inc. v. Dataforce Int'l Inc.*, 112 F.Supp.2d 771, 774 (S.D. Ill. 2000). Therefore,

the Greilings are only amenable to service of process if they would be subject to the jurisdiction

of an Illinois state court via the Illinois long-arm statute. *Id*. Their contacts with the United

States as a whole are not relevant to this court's personal jurisdiction analysis.

      *C. Specific Personal Jurisdiction*

      Next, the court turns to Digisound's second argument, that the Greilings have sufficient

minimum contacts with Illinois to require them to defend a lawsuit in the Northern District of

Illinois ("District"). To determine whether this court has personal jurisdiction over the Greilings,

the court examines three sources: "(1) state statutory law; (2) state constitutional law; and (3)

federal constitutional law." *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir.

1997). The Illinois long-arm statute provides that an Illinois court "may . . . exercise jurisdiction

on any basis . . . now or hereafter permitted by the Illinois Constitution and the Constitution of

the United States."  735 ILCS 5/2-209(c).  Because the relevant Illinois statute authorizes

personal jurisdiction to the constitutional limits, the court is only required to examine

constitutional law.  *RAR, Inc.*, 107 F.3d at 1276.

The Due Process Clause of the Fourteenth Amendment limits when a state can assert in

personam jurisdiction over a nonresident individual.  *See Pennoyer v. Neff*, 95 U.S. 714, 733

(1878).  A defendant must have "certain minimum contacts with [the state] such that the

maintenance of this suit does not offend 'traditional notions of fair play and substantial justice.'"

*RAR, Inc.*, 107 F.3d at 1277 (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316

(1945)).  The meaning of "minimum contacts" for "a particular case depends on whether the state

asserts 'general' or 'specific' jurisdiction."  *RAR, Inc.*, 107 F.3d at 1277.  Digisound does not

argue that this court has general jurisdiction over the Greilings.  Therefore, the court will only

examine whether plaintiff has made a prima facie showing of specific jurisdiction.

"Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or

related to the defendant's contacts with the forum."  *Id*. (quoting *Helicopteros Nacionales de*

*Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984)).  The court must decided whether the

Greilings have "purposely established minimum contact within [Illinois]" sufficient that they

"should reasonably anticipate being haled into court [in Illinois]."  *Burger King Corp. v.*

*Rudzewicz*, 471 U.S. 462, 474 (1985).  In order to establish such minimum contacts "it is

essential in each case that there be some act by which the defendant purposefully avails itself of

the privilege of conducting activities within [Illinois], thus invoking the benefits and protections

of its laws."  *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Digisound contends that the Greilings directed and/or conspired to direct tortious acts toward it, an Illinois company, and the State of Illinois. Digisound relies on the "effects test doctrine" to argue that this court has specific jurisdiction over the Greilings. The Greilings disagree. Under the effects test doctrine, the court can find that it has specific jurisdiction over a defendant if that defendant's alleged tortious actions were expressly directed toward the forum state and caused harm to the plaintiff in the forum state. *Calder v. Jones*, 465 U.S. 783, 789-90 (1984). However, the effects test doctrine is limited. The Seventh Circuit has held "[w]e do not believe that the Supreme Court, in *Calder*, was saying that any plaintiff may hale any defendant into court in the plaintiff's home state, where the defendant has no contacts, merely by asserting that the defendant has committed an intentional tort against the plaintiff." *Wallace v. Herron*, 778 F.2d 391, 394 (7th Cir. 1985).

Ms. Greiling has no contacts with Illinois. She has never set foot in Illinois. She has not conducted business in Illinois and does not have offices, agents, employees, telephone listings, bank accounts, property, or assets in Illinois. Therefore, Digisound's naked allegations that she committed or conspired to commit an intentional tort or violation of Digisound's trademark, without more, is not sufficient to establish a prima face case of personal jurisdiction. *Wallace*, 778 F.2d at 394. Requiring Ms. Greiling to defend a case in Illinois would offend traditional notions of fair play and substantial justice. Therefore, the motion to dismiss is granted as to Ms. Greiling.

The question of whether personal jurisdiction exists as to Mr. Greiling is a slightly closer call. As alleged in the complaint and uncontested by Mr. Greiling, he "was in charge of [Digisound's] operations of behalf of [GmbH]" until his resignation from GmbH in May 2007.

6

*Compl*. at ¶ 8. Mr. Greiling was not an employee of Digisound, a wholly owned subsidiary of GmbH. *Id*. at ¶ 11. And, plaintiff did not elaborate on what "being in charge of operations" entailed. Digisound is an Illinois corporation, with its principal "office" in Illinois. *Id.* at ¶ 4. It also used an office and warehouse in Arizona until July 2007. *Id.* at ¶ 5. However, Digisound has not provided the court with a single fact indicating Mr. Greiling had any contacts with Illinois, during the time period relevant to this case, apart from the alleged tortious actions and "being in charge of [its] operations," whatever that means. Similar to Ms. Greiling, Mr. Greiling does not have offices, agents, employees, telephone listings, bank accounts, property, or assets in Illinois. Digisound has the burden of showing a prima face case of personal jurisdiction, which it has not met. *See Wallace*, 778 F.2d at 394. Therefore, the motion to dismiss is also granted as to Mr. Greiling.

### D. Additional Discovery

Finally, Digisound requests that in the event the court finds it has failed to make a prima facie showing of personal jurisdiction as to the Greilings, it be allowed to continue with discovery as to those defendants. This request conflicts with well-settled law that requires a prima facie showing of personal jurisdiction *before* additional discovery is allowed as to a defendant contesting personal jurisdiction. *Purdue Research Found.*, 338 F.3d at 782. Accordingly, the request for additional discovery is denied.

### III. CONCLUSION

For the reasons set forth above, the court finds that it does not have personal jurisdiction over Lilli Greiling or Florian Greiling. Therefore, the motion to dismiss is granted.

**ORDERED**: Defendants Florian Greiling and Lilli Greiling's motion to dismiss plaintiff's

amended complaint for lack of personal jurisdiction [73] is granted.  Plaintiff's motion to compel

defendant Greiling to comply with first request to produce [108] is denied as moot.


E N T E R:

_____
GEORGE W. LINDBERG
SENIOR U.S. DISTRICT JUDGE

DATED:  May 16, 2008