## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DIGISOUND-WIE, INC., | ) | |
| | ) | Case   07 CV 6535 |
| Plaintiff, | ) | |
| v. | ) | Judge George W. Lindberg |
| | ) | |
| BESTAR TECHNOLOGIES, INC., et al. | ) | Magistrate Judge Michael T. Mason |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG AND HELENE DE YOUNG'S ANSWER, AFFIRMATIVE DEFENSES AND/OR COUNTERCLAIM TO PLAINTIFF'S AMENDED COMPLAINT

Defendants, BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG (herein "Defendants"), by and through their counsel, Tressler, Soderstrom, Maloney & Priess, LLP, and for their Answer and Affirmative Defenses to Plaintiff Digisound-WIE, Inc.'s Amended Complaint, state as follows:

### Allegations Common to All Counts

1.      Jurisdiction for this action is brought pursuant to 28 U.S.C. § 1331 as an action arising under federal law. Jurisdiction for state claims is brought under 28 U.S.C. § 1367, because the state law claims form part of the same case or controversy as the federal law claims, or, alternatively, under 28 U.S.C. § 1332(a), as one in which the plaintiff and all of the defendants are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:**      **Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1.**

2.      The federal law claims arise under the Lanham Act, 15 U.S.C. § 1125(a) – Count 7 - and the Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C) - Count 8. The state law claims are for breach of contract by Dirk de Young (Count 1), breach of the duty of loyalty by Dirk de Young and Helene de Young (Count 2), breach of contract by CC Electro Sales (Count 3), breach of fiduciary duty by CC Electro Sales (Count 4), tortious interference with contract by all defendants (Count 5), tortious interference with reasonable expectation of economic advantage by all defendants (Count 6), misappropriation of trade secrets by all defendants (Count 9), and civil conspiracy against all defendants (Count 10).

**ANSWER:**    **Defendants are without knowledge or information sufficient to form a belief**

**as to the truth or falsity of the allegations contained in Paragraph 2.**

      3.    Because defendants Florian Greiling and Lilli Greiling are non-resident aliens, venue in this district is proper under 28 U.S.C. § 1391(d). Defendant BeStar Technologies and CC Electro Sales do business in this district, making venue in this district proper under 28 U.S.C. § 1391(c). Defendants Dirk de Young, Helene de Young, and CC Electro Sales entered into the contracts with Digisound-WIE that are part of the subject matter of this case in this district, where Digisound-WIE's principal office is also located. The de Youngs also worked for Digisound-WIE in this district. With knowledge that Digisound-WIE's principal office is located in this district, the defendants directed tortious activities within this district, including, on information and belief, seeking to sell Digisound-trademarked goods and divert sales by Digisound-WIE in this district, making venue in this district proper under 28 U.S.C. § 1391(b)(2).

**ANSWER:**    **Defendants are without knowledge or information sufficient to form a belief**

**as to the truth or falsity of the allegations contained in Paragraph 3.**

      4.    Plaintiff Digisound-WIE is an Illinois corporation formed in 2001 as a sales subsidiary of its parent company Digisound-Electronic GmbH, which owns all of its issued and outstanding shares. Its principal office is 1512 Artaius Parkway, Suite 100, Libertyville, Illinois 60048. Digisound-WIE sells buzzers, sirens, and loudspeakers, which are incorporated into automotive, telecommunication, fire and security, and white good products. At all times relevant and continuing to the present, Digisound-WIE holds common law trademark rights to the word mark DIGISOUND and a design logo using that word.

**ANSWER:**    **Defendants are without knowledge or information sufficient to form a belief**

**as to the truth or falsity of the allegations contained in Paragraph 4.**

      5.    Defendant BeStar Technologies, Inc. was incorporated as an Arizona corporation on May 10, 2007 by defendants Dirk de Young and Helene de Young while they were employed by Digisound-WIE. BeStar Technologies' principal office is 999 E. Fry Blvd., Sierra Vista, Arizona 85635, which is the same address of the office and warehouse that Digisound-WIE had used until July 2007. BeStar Technologies' listed shareholders are defendants Dirk de Young, Helene de Young, and Lilli Greiling, as well as Wu YiFie [sic], who is Managing Director of BeStar Electronics Industry Co., Ltd. ("BeStar Electronics") and "Changzhou BeStar Acoustic Co." ("BeStar Acoustic"), and Gou Ling [sic], who is on the Board of Directors of BeStar Electronics and/or BeStar Acoustic.

**ANSWER:**    **Defendants admit the allegations of Paragraph 5, except they deny the**

**allegation that "BeStar Technologies' principal office is 999 E. Fry Blvd., Sierra Vista,**

Arizona 85635, which is the same address of the office and warehouse that Digisound-WIE

had used until July 2007" and except with respect to a portion of the last sentence of

Paragraph 5 as explained herein. Defendants are without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegation of whether Wu YiFei is

the Managing Director of BeStar Electronics and Changzhou BeStar Acoustic Co. and Guo

Ling is on the Board of Directors of BeStar Electronics and/or BeStar Acoustic.

6.      Defendant Dirk de Young currently resides at 6334 S. Volcano Lane, Hereford,
Arizona 85615. He was employed by Digisound-WIE as its National Sales Manager from
approximately September 2001 until he resigned effective on or about June 25, 2007.

**ANSWER:**  **Defendants admit that Dirk de Young currently resides at 6334 S. Volcano**

**Lane, Hereford, Arizona 85615 and that he was formerly employed by Digisound-WIE.**

**Defendants deny the remaining allegations of Paragraph 6.**

7.      Defendant Helene de Young currently resides at 6334 S. Volcano Lane, Hereford,
Arizona 85615, is married to co-defendant Dirk de Young, and was also employed by
Digisound-WIE from June 2004 until she resigned effective on or about June 25, 2007.

**ANSWER:**  **Defendants admit the allegations of Paragraph 7, except they deny the**

**alleged date of resignation of June 25, 2007.**

8.      Defendant Florian Greiling is a German resident and was Managing Director of
Digisound-Electronic GmbH until his unexpected resignation on May 31, 2007. Until his
resignation, Florian Greiling was in charge of Digisound-WIE's operations on behalf of
Digisound-Electronic GmbH.

**ANSWER:**  **Defendants are without knowledge or information sufficient to form a belief**

**as to the truth or falsity of the allegations contained in Paragraph 8.**

9.      Defendant Lilli Greiling is a German resident, the daughter of Florian Greiling,
and as Florian Greiling's agent, is a shareholder of co-defendant BeStar Technologies, Inc.

**ANSWER:**  **Defendants are without knowledge or information sufficient to form a belief**

**as to the truth or falsity of the allegations contained in Paragraph 9.**

10.    Defendant CC Electro Sales is an Indiana corporation with its principal place of business at 715 N. Senate Ave Indianapolis, Indiana.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10.**

11.    Digisound-WIE employed Dirk de Young as its National Sales Manager pursuant to the terms of a 2001 Employment Agreement, a genuine copy of which is attached as Exhibit A. Helene de Young was employed under the terms of a May 31, 2004 offer letter, a genuine copy of which is attached as Exhibit B. Both agreements were entered into in this district, where the de Youngs worked for Digisound-WIE until sometime in 2005, when they moved to Arizona. During their employment, the de Youngs were Digisound-WIE's sole employees and were responsible for placing orders to assure a steady supply of parts to fill customer orders. Dirk de Young was also responsible for obtaining new customers and new orders from existing customers.

**ANSWER:    Defendants admit that Digisound-WIE had employed Dirk de Young, that he and Digisound-WIE entered into an employment agreement, that Helene de Young was an employee of Digisound-WIE and that during their employment, the de Youngs were Digisound-WIE's sole employees. Defendant deny the remaining allegations of Paragraph 11.**

12.    On or about August 18, 2001, Digisound-Electronic GmbH and BeStar Electronics entered into a written "Contract for Chinese-foreign Equity Joint Ventures" (the "Joint Venture Contract"), a genuine copy of which is attached as Exhibit C. Pursuant to the Joint Venture Contract, BeStar Acoustic was formed as the Chinese joint venture entity, which is 51% owned by BeStar Electronics, 40% by Digisound-Electronic GmbH, and 9% by Orient-American Trade Co. The joint venture's purpose was and is for BeStar Acoustic to manufacture parts, in accordance with specifications provided by Digisound-Electronic GmbH and its affiliates, for sale by Digisound-Electronic GmbH and its affiliates outside of China and by BeStar Electronics within China. As the wholly owned sales subsidiary of Digisound-Electronic GmbH, Digisound-WIE was either a party to or an intended third party beneficiary of the Joint Venture Contract.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12.**

13.    On or about November 6, 2002, Digisound-WIE and CC Electro Sales entered into a written "Sales Agency Agreement," a genuine copy of which is attached as Exhibit D.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief**

**as to the truth or falsity of the allegations contained in Paragraph 13.**

14.     Sometime before or during April 2007, while the joint venture was still in effect (and which remains in effect), BeStar Electronics (through Wu Yifie), Florian Greiling (who was then Managing Director of Digisound Electronics GmbH), and Dirk de Young and Helene de Young (who were then Digisound-WIE's only employees) formed a plan to misappropriate Digisound-WIE's (a) customer relationships, (b) relationship with CC Electro Sales, and (c) sales.

**ANSWER:** **Defendants deny the allegations of Paragraph 14.**

15.     The plan included, among other things, to have Dirk de Young and Helene de Young compete directly with Digisound-WIE while they still served as Digisound-WIE's sole employees and afterward, even though they knew that (a) both of the de Youngs were legally prohibited from competing with Digisound-WIE while employed by it and (b) Dirk de Young's Employment Agreement with Digisound-WIE prohibited him from competing with it during and for one year after his employment with it ended.

**ANSWER:** **Defendants deny the allegations of Paragraph 15.**

16.     Sometime before or during April 2007, BeStar Electronics, the de Youngs (while still employed by Digisound-WIE), the Greilings, and others with whom they conspired induced CC Electro Sales to breach its written contract with Digisound-WIE in at least two ways. First, they induced CC Electro Sales to represent them in offering for sale parts bearing a counterfeit of the DIGISOUND trademark, and other parts that were the subject of the Joint Venture Contract, even though CC Electro Sales was still bound by contract to solely represent Digisound-WIE in offering those parts. Second, they induced CC Electro Sales to terminate its contract with Digisound-WIE on June 25, 2007 (which CC Electro Sales purposely did on the same day that the de Youngs resigned their employment with Digisound-WIE) without giving the contractual minimum of 30 days' prior notice. Part of the purpose in inducing CC Electro Sales' breaches was to in turn induce Digisound-WIE's customers and prospective customers to purchase the parts bearing a counterfeit DIGISOUND trademark from them through a false representation, created by their words and conduct, that the parts that they were actually offering on behalf of BeStar Technologies were in fact legitimate Digisound-WIE goods, authorized by Digisound-WIE, and backed by Digisound-WIE's warranties, thereby avoiding the customers' and prospective customers' long and uncertain processes for qualifying new parts and vendors. In committing the breaches and others acts alleged herein, CC Electro Sales knowingly joined in the plan and conspiracy of the other defendants to misappropriate Digisound-WIE's customer relationships and sales.

**ANSWER:** **Defendants deny the allegations of Paragraph 16.**

17.     In April 2007, in furtherance of the foregoing plan and conspiracy, the de Youngs (while still employed by Digisound-WIE) stopped submitting Digisound-WIE orders for BeStar

5

Acoustic parts for the purpose of preventing Digisound-WIE from filling its orders from customers, whose just-in-time or lean manufacturing systems depend on suppliers maintaining an adequate supply of inventory for delivery as needed. As the customers' inventories grew short, CC Electro Sales, while still purporting to be Digisound-WIE's agents, purposely delayed responding to customer inquiries about the status of orders they had placed with Digisound-WIE through CC Electro Sales.

**ANSWER:**     **Defendants deny the allegations of Paragraph 17.**

18.     On or about April 24, 2007, in furtherance of the foregoing plan, the de Youngs (while still employed by Digisound-WIE) placed a "replacement" order for 45,000 BeStar Acoustic parts. The de Youngs specifically requested that the goods be manufactured with the DIGISOUND trademark, even though they knew that these goods would be sold without Digisound's authorization or approval. None of the parts ever appeared in Digisound-WIE's inventory or records. On information and belief, BeStar Electronics invoiced Digisound-WIE for the parts, which were diverted to BeStar Technologies and sold to Digisound-WIE's customers as if they were in fact legitimate Digisound-WIE parts. BeStar Technologies in turn told its customers that the parts were fully legitimate DIGISOUND parts, which was false, because the parts had been diverted from Digisound-WIE immediately after manufacture, and had not gone through any quality control or inspection by Digisound-WIE.

**ANSWER:**     **Defendants deny the allegations of Paragraph 18.**

19.     On May 4, 2007, in furtherance of the foregoing plan, the de Youngs (while still employed by Digisound-WIE) signed papers to incorporate BeStar Technologies and filed its Articles of Incorporation on May 10, 2007 with the Arizona Secretary of State.

**ANSWER:**     **Defendants deny the allegations of Paragraph 19.**

20.     In early June 2007, BeStar Electronics, through Wu YiFie, met in China with the de Youngs (who were still employed by Digisound), Matt Cohen of CC Electro Sales (while still under contract with Digisound-WIE), and others to finalize their steps to misappropriate Digisound-WIE's existing and prospective customer relationships and sales. Around the same time, and while still under contract with Digisound-WIE, CC Electro Sales represented to Digisound-WIE's customers that it had "factory-direct" availability of legitimate DIGISOUND parts.

**ANSWER:**     **Defendants deny the allegations within the first sentence of Paragraph 20.**

**Defendants are without knowledge or information sufficient to form a belief as to the truth**

**or falsity of the allegations within the last sentence of Paragraph 20.**

21.     On or about June 25, 2007, the de Youngs resigned their employment with Digisound-WIE and immediately opened an office and warehouse for BeStar Technologies, on whose behalf it had leased the space while still employed by Digisound-WIE. The de Youngs

located the office and warehouse in the suite adjoining Digisound-WIE, thus providing BeStar Technologies the same street address as Digisound-WIE's office and warehouse.

**ANSWER:** **Defendants admit that the de Youngs resigned from their employment with Digisound-WIE and opened an office and warehouse for BeStar Technologies on whose behalf it leased space while employed by Digisound-WIE. Defendants deny the remaining allegations of Paragraph 21.**

22.     On or about June 25, 2007, CC Electro Sales further breached its contract with Digisound-WIE by terminating it without providing the contractual minimum 30 days' prior notice, during which it was obligated, but failed, to continue to vigorously promote Digisound-WIE and solicit orders for it. Both before the termination and continuing thereafter, CC Electro Sales was representing BeStar Technologies for the sale of DIGISOUND trademarked and other goods made by BeStar Acoustic. After terminating its contract with Digisound-WIE, CC Electro Sales entered into an almost identical contract with BeStar Technologies, which it and the de Youngs had prepared and negotiated long in advance with BeStar Electronics' knowledge and approval.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations within the first sentence of Paragraph 22. Defendants deny the remaining allegations of Paragraph 22.**

23.     During September 2007, Wu Yifie, acting on behalf of BeStar Electronics and BeStar Acoustic, provided letters of assurance for Digisound-WIE to give to its customers. The letters stated that BeStar Acoustic supplies its "current products for [name of customer] only via Digisound and Digisound affiliated companies in USA." The statement was intentionally false and intended to deceive Digisound-Electronic GmbH and Digisound-WIE that BeStar Electronics and BeStar Acoustic were complying, and would continue to comply, with the Joint Venture Contract. While BeStar Electronics and BeStar Acoustics were giving Digisound-Electronic GmbH and Digisound-WIE additional assurances that they would continue to deliver DIGISOUND parts to them, they were actually ignoring Digisound-Electronic GmbH's and Digisound-WIE's product orders and instead selling those parts to Digisound-Electronic GmbH's and Digisound-WIE's customers through BeStar Technologies and one or more German companies, GREWUS GmbH and Zircom GmbH, in which defendant Florian Greiling has an ownership interest. BeStar Technologies in turn told its customers that the parts were fully legitimate DIGISOUND parts, which was false, because the parts had been diverted from Digisound-WIE immediately after manufacture, and had not gone through any quality control or inspection by Digisound-WIE.

**ANSWER:** **Defendants are without knowledge or information sufficient to form a belief**

as to the truth or falsity of allegations contained in Paragraph 23, except for the last
sentence.    With respect to the last sentence of Paragraph 23, Defendants deny its
allegations.

24.    During 2007, Digisound-WIE sent BeStar Electronics credit memos for defective
goods shipped to it. While BeStar Electronics did not dispute the correctness or accuracy of the
credit memos, it claimed that Chinese accounting regulations prevented it from reducing the
amount it claimed from Digisound-WIE by the amounts of the credit memos. BeStar Electronics
proposed, and Digisound-WIE accepted, that BeStar Electronics would pay by wire transfer to
Digisound-WIE's bank account a portion of the credit memos immediately after each Digisound-
WIE wire transfer to BeStar Electronics' bank account, so that when Digisound-WIE completed
making its payments on invoices, BeStar Electronics would also complete its payments on
Digisound-WIE's credit memos. Despite Digisound-WIE's payments, BeStar Electronics failed
to make any payments to Digisound-WIE on its credit memos. BeStar Electronics then falsely
claimed lack of full payment from Digisound-WIE as an excuse for refusing to deliver parts to
Digisound-WIE to meet its customer obligations.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief**

**as to the truth or falsity of the allegations contained in Paragraph 24.**

25.    By preventing BeStar Acoustic parts from being delivered to Digisound-WIE,
BeStar Electronics caused and continues to cause Digisound-WIE to be unable to fill customer
orders, which BeStar Electronics has instead filled through BeStar Technologies.

**ANSWER:    Defendants deny the allegations of Paragraph 25.**

26.    As a result of the foregoing, Digisound-WIE suffered lost sales and injury to its
existing and prospective customer relations in an amount in excess of $75,000.

**ANSWER:    Defendants deny the allegations of Paragraph 26.**

### Count 1 - Breach of Contract by Dirk de Young

1-26.    For ¶¶ 1-26 of Count 1, Digisound-WIE repeats the preceding ¶¶ 1-26 applicable
to all counts.

**ANSWER:    Defendants incorporate by reference herein the Answers to the allegations**

**contained in Paragraph 1 through 26 above.**

27.    The foregoing actions by Dirk de Young breach ¶ 14 of his Employment
Agreement with Digisound-WIE.

**ANSWER:**    Defendant Dirk de Young denies the allegations of Paragraph 27.

28.    Digisound-WIE has fully performed its obligations under the Employment Agreement.

**ANSWER:**    Defendant Dirk de Young denies the allegations of Paragraph 28.

WHEREFORE, Defendant Dirk de Young respectfully requests this Honorable Court to enter judgment in his favor and against Plaintiff Digisound-WIE, Inc., plus costs and for whatever further appropriate relief this Court deems just.

### Count 2 - Breach of Duty of Loyalty by Dirk de Young and Helene de Young

1-26.    For ¶¶ 1-26 of Count 2, Digisound-WIE repeats the preceding ¶¶ 1-26.

**ANSWER:**    Defendants incorporate by reference herein the Answers to the allegations contained in Paragraph 1 through 26 above.

29.    The foregoing actions by the de Youngs breached their duty of loyalty to Digisound-WIE.

**ANSWER:**    Defendants Dirk de Young and Helene de Young deny the allegations of Paragraph 29.

30.    In breaching their duty of loyalty, the de Youngs acted with actual malice to Digisound-WIE.

**ANSWER:**    Defendants Dirk de Young and Helene de Young deny the allegations of Paragraph 30.

WHEREFORE, Defendants Dirk de Young and Helene de Young respectfully request this Honorable Court to enter judgment in their favor and against Plaintiff Digisound-WIE, Inc., plus costs and for whatever further appropriate relief this Court deems just.

### Count 3 - Breach of Contract by CC Electro Sales

Because Count 3 of Plaintiff's Amended Complaint is not directed to Defendants BeStar Technologies, Inc., Dirk de Young, or Helene de Young, these Defendants make no answer to this Count.

## Count 4 - Breach of Fiduciary Duty by CC Electro Sales

Because Count 4 of Plaintiff's Amended Complaint is not directed to Defendants BeStar Technologies, Inc., Dirk de Young, or Helene de Young, these Defendants make no answer to this Count.

## Count 5 - Tortious Interference with Customer Contracts

1-26.   For ¶¶ 1-26 of Count 5, Digisound-WIE repeats the preceding ¶¶ 1-26 applicable to all counts.

**ANSWER:**   Defendants incorporate by reference herein the Answers to the allegations contained in Paragraph 1 through 26 above.

35.   In engaging in the foregoing conduct, defendants have tortiously interfered with Digisound-WIE's contracts with customers by intentionally causing Digisound-WIE to be unable to meet its customer orders and appropriating the opportunity to fill those orders with parts either misappropriated from Digisound-WIE or otherwise wrongfully diverted from Digisound-WIE.

**ANSWER:**   Defendants deny the allegations of Paragraph 35.

36.   In tortiously interfering with Digisound-WIE's contracts, defendants have acted with actual malice to Digisound-WIE.

**ANSWER:**   Defendants deny the allegations of Paragraph 36.

WHEREFORE, Defendants BeStar Technologies, Inc., Dirk de Young, and Helene de Young respectfully request this Honorable Court to enter judgment in their favor and against Plaintiff Digisound-WIE, Inc., plus costs and for whatever further appropriate relief this Court deems just.

## Count 6 - Tortious Interference with Reasonable Expectation
## Of Economic Advantage by All Defendants

1-26.    For ¶¶ 1-26 of Count 6, Digisound-WIE repeats the preceding ¶¶ 1-26 applicable to all counts.

**ANSWER:**    **Defendants incorporate by reference herein the Answers to the allegations contained in Paragraph 1 through 26 above.**

37.    Digisound-WIE had a reasonable expectation that it would be the sole seller in the U.S. of Digisound-trademarked parts and other parts manufactured by BeStar Acoustics. Digisound-WIE also had a reasonable expectation to continue to receive and fill product orders from existing customers and new product orders from prospective customers that the de Youngs and CC Electro Sales had solicited on its behalf.

**ANSWER:**    **Defendants deny the allegations of Paragraph 37.**

38.    In engaging in the above conduct, Defendants acted with actual malice to Digisound-WIE.

**ANSWER:**    **Defendants deny the allegations of Paragraph 38.**

**WHEREFORE, Defendants BeStar Technologies, Inc., Dirk de Young, and Helene de Young respectfully request this Honorable Court to enter judgment in their favor and against Plaintiff Digisound-WIE, Inc., plus costs and for whatever further appropriate relief this Court deems just.**

**Count 7 - Violation of Lanham Act, 15 U.S.C. § 1125(a), by All Defendants**

1-26.    For ¶¶ 1-26 of Count 7, Digisound-WIE repeats the preceding ¶¶ 1-26 applicable to all counts.

**ANSWER:**    **Defendants incorporate by reference herein the Answers to the allegations contained in Paragraph 1 through 26 above.**

39.    In engaging in the foregoing conduct, the defendants violated Digisound's trademark rights in several ways.

**ANSWER:**    **Defendants deny the allegations of Paragraph 39.**

40.    First, defendants used, offered and sold products in interstate commerce that bore DIGISOUND trademarks, that were not in fact not legitimate DIGISOUND products, authorized by Digisound-WIE. Certain of the products sold and distributed by defendants had never been

authorized, ordered or inspected by Digisound-WIE. These products were totally unauthorized by Digisound-WIE, and the DIGISOUND mark had been placed in order to deceive consumers.

**ANSWER:**    Defendants deny the allegations of Paragraph 40.

41.    Second, defendants in certain cases diverted products which had been ordered by Digisound-WIE before they reached Digisound-WIE's warehouse. Defendants then sold these products to customers of Digisound-WIE, falsely representing that the products were fully legitimate and authorized DIGISOUND products, when in fact they had never been received in Digisound-WIE's warehouse, had not been subject to any final inspection or quality control procedures by Digisound-WIE, and were not covered by Digisound-WIE's warranty.

**ANSWER:**    Defendants deny the allegations of Paragraph 41.

42.    The defendants' conduct has caused, and is likely to continue to cause, confusion and mistake, or to deceive others, as to the origin, sponsorship, or approval of the products in question. This conduct violates 15 U.S.C. § 1125(a)(1)(A).

**ANSWER:**    Defendants deny the allegations of Paragraph 42.

43.    Defendants have misrepresented the nature, characteristics, and qualities of the products they have sold as legitimate DIGISOUND products. This conduct violates 15 U.S.C. § 1125(a)(1)(B).

**ANSWER:**    Defendants deny the allegations of Paragraph 43.

44.    Digisound-WIE has been and is likely to continue to be damaged as a result of the defendants' infringement of its DIGISOUND trademark, and the explicit and implicit misrepresentations made by defendants in their offering and selling of the products in question.

**ANSWER:**    Defendants deny the allegations of Paragraph 44.

**WHEREFORE, Defendants BeStar Technologies, Inc., Dirk de Young, and Helene de Young respectfully request this Honorable Court to enter judgment in their favor and against Plaintiff Digisound-WIE, Inc., plus costs and for whatever further appropriate relief this Court deems just.**

**Count 8 - Violation of Computer Fraud and Abuse Act by the de Youngs**

1-26.    For ¶¶ 1-26 of Count 8, Digisound-WIE repeats the preceding ¶¶ 1-26 applicable to all counts.

**ANSWER:**    Defendants incorporate by reference herein the Answers to the allegations

contained in Paragraph 1 through 26 above.

45.    In engaging in the foregoing conduct, the defendants exceeded their authorization in accessing Digisound-WIE computers and wrongfully destroyed data stored on them, which violates the federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(a)(2)(C).

**ANSWER:    Defendants Dirk de Young and Helene de Young deny the allegations of Paragraph 45.**

**WHEREFORE, Defendants Dirk de Young and Helene de Young respectfully request this Honorable Court to enter judgment in their favor and against Plaintiff Digisound-WIE, Inc., plus costs and for whatever further appropriate relief this Court deems just.**

### Count 9 - Misappropriation of Trade Secrets by All Defendants

1-26.    For ¶¶ 1-26 of Count 9, Digisound-WIE repeats the preceding ¶¶ 1-26 applicable to all counts.

**ANSWER:    Defendants incorporate by reference herein the Answers to the allegations contained in Paragraph 1 through 26 above.**

46.    Before resigning their employment with Digisound-WIE, Dirk de Young and/or Helene de Young secretly copied data from Digisound-WIE's computers concerning its sales and operations and destroyed the data that resided on the hard drives of those computers. The data that was secretly copied included Digisound-WIE's pricing to different customers, purchase orders from customers, past and expected parts deliveries to customers, and the correlations between Digisound-WIE part numbers and BeStar part numbers.

**ANSWER:    Defendants deny the allegations of Paragraph 46.**

47.    Defendant CC Electro Sales has, without Digisound-WIE's consent, disclosed to and used on behalf of the defendants trade secret information that it created or received solely for the benefit of Digisound-WIE. Such trade secret information included, but was not limited to, sales proposals and product specifications and pricing to prospective customers, existing customer purchase orders, product specifications, and pricing, product needs of existing and prospective purchasers, and the identities and contact information for key purchasing personnel at existing and prospective purchasers.

**ANSWER:    Defendants are without knowledge or information sufficient to form a belief**

as to the truth or falsity of the allegations contained in Paragraph 47.

48.    The defendants have used Digisound-WIE's above trade secret information under circumstances where they knew or had reason to know that the information could not be used without Digisound-WIE's consent.

**ANSWER:**    **Defendants deny the allegations of Paragraph 48.**

49.    The defendants have thereby violated the Uniform Trade Secrets Act.

**ANSWER:**    **Defendants deny the allegations of Paragraph 49.**

50.    The defendants' misappropriation of Digisound-WIE's trade secrets was willful and malicious.

**ANSWER:**    **Defendants deny the allegations of Paragraph 50.**

**WHEREFORE, Defendants BeStar Technologies, Inc., Dirk de Young, and Helene de Young respectfully request this Honorable Court to enter judgment in their favor and against Plaintiff Digisound-WIE, Inc., plus costs and for whatever further appropriate relief this Court deems just.**

## Count 10 - Civil Conspiracy Against All Defendants

1-26.    For ¶¶ 1-26 of Count 10, Digisound-WIE repeats the preceding ¶¶ 1-26 applicable to all counts.

**ANSWER:**    **Defendants incorporate by reference herein the Answers to the allegations contained in Paragraph 1 through 26 above.**

51.    In engaging in the foregoing conduct, the defendants have conspired to commit various torts against Digisound-WIE with the intent to misappropriate its customer and supplier relationships.

**ANSWER:**    **Defendants deny the allegations of Paragraph 51.**

52.    In engaging in the foregoing conduct, the defendants acted with actual malice to Digisound-WIE.

**ANSWER:**    **Defendants deny the allegations of Paragraph 52.**

**WHEREFORE, Defendants BeStar Technologies, Inc., Dirk de Young, and Helene**

**de Young respectfully request this Honorable Court to enter judgment in their favor and against Plaintiff Digisound-WIE, Inc., plus costs and for whatever further appropriate relief this Court deems just.**

## AFFIRMATIVE DEFENSES

Defendants, BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG, and HELENE DE YOUNG ("Defendants"), by their attorneys and for their Affirmative Defenses to Plaintiff's Amended Complaint, state as follows:

### First Affirmative Defense

Plaintiff's Amended Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff breached its employment contracts, if any, with Defendants Dirk de Young and Helene de Young, and by reason of said breach of contract, Defendants are excused of any duties to perform obligations set forth in said contracts.

### Third Affirmative Defense

The alleged employment contracts are void under public policy.

### Fourth Affirmative Defense

To the extent Plaintiff has failed to mitigate any damages, it is barred from relief.

### Fifth Affirmative Defense

Defendants have the right of offset of any amount of damages owed to Plaintiff, if proven, by the amount of damages Plaintiff owes Defendants.

### Fifth Affirmative Defense

Defendants' conduct was justified and/or privileged.

**Sixth Affirmative Defense**

Plaintiff's Amended Complaint is, in part, preempted and governed exclusively by the Illinois Trade Secret Act and/or any other applicable statutory trade secret act.

**Seventh Affirmative Defense**

Defendants' use of Plaintiff's alleged trademark does not create a likelihood of confusion.

**Eighth Affirmative Defense**

Plaintiff's Amended Complaint is barred, either in whole or in part, by the doctrine of fair use.

**Ninth Affirmative Defense**

Plaintiff's allegations of fact are incorrect, are being pled for fraudulent and improper purposes.

**Tenth Affirmative Defense**

To the extent that Plaintiff seeks equitable relief, Plaintiff's inequitable conduct constitutes unclean hands and, therefore, bars the granting of the requested relief to Plaintiff.

**Eleventh Affirmative Defense**

Plaintiff's Complaint is, in whole or in part, barred by the doctrine of equitable estoppel, laches and/or waiver.

WHEREFORE, Defendants BeStar Technologies, Inc., Dirk de Young, and Helene de Young respectfully request with respect to each Affirmative Defense, that this Honorable Court enter judgment in their favor and against Plaintiff Digisound-WIE, Inc., and for whatever appropriate relief this Court deems just.

16

Defendants reserve their right to amend or supplement this answer with additional defenses if new information is ascertained regarding the instant action.

## COUNTERCLAIM

Counter-Plaintiff, Dirk de Young, by and through his attorneys, Tressler, Soderstrom, Maloney & Priess, LLP, and for his Counterclaim against Counter-Defendant, Digisound-WIE, Inc., states as follows:

### Parties and Jurisdiction

1.    Counter-Plaintiff Dirk de Young is an individual residing at 6334 S. Volcano Lane, Hereford, Arizona, 85615.  He was formerly employed by Counter-Defendant, Digisound-WIE, Inc. ("Digisound-WIE"), as a sales director from approximately October 2001 through June 23, 2007.

2.    Counter-Defendant Digisound-WIE is an Illinois corporation with its principal place of business in Libertyville, Illinois.

3.    Jurisdiction is proper under 28 U.S.C. § 1367 because this counterclaim arises out of the same facts and nucleus of events as the Amended Complaint in this matter.

### COUNT I – BREACH OF CONTRACT

4.    Counter-Plaintiff Dirk de Young re-alleges Paragraphs 1-4 above as fully set forth herein.

5.    On or about September 2001, Dirk de Young entered into an employment agreement ("the Agreement") with Digisound-WIE. (See Employment Agreement attached as Exhibit "A" to Digisound-WIE's Amended Complaint.)

6.    Section 7(a) of the Agreement provides, in part:

Throughout the term of this Agreement, Digsiound shall provide a stipend of $250 per month for the expenses of a home office utilized by de Young for purposes within the scope of de Young's employment by Digisound, as well as pay all related expenses for maintenance and monthly service charges.

7.     Pursuant to Section 7(a) of the Agreement, Digisound-WIE was required to pay a minimum monthly stipend of $250.00 to Dirk de Young.

8.     However, Digisound-WIE failed to pay Dirk de Young amounts due each month pursuant to Section 7(a) since at least August 2005 through June 2007.

9.     Digisound-WIE's failure to pay constituted a material breach of the Agreement.

10.    Dirk de Young fully performed any and all of his obligations, including any conditions precedent, under the Agreement.

11.    As a direct and proximate result of Digisound-WIE's material breach of the Agreement, Dirk de Young has been damaged.

WHEREFORE, Counter-Plaintiff, DIRK DE YOUNG, respectfully requests this Court enter judgment in his favor and against Counter-Defendant, Digisound-WIE, Inc., in an amount to be proved at trial, plus pre-judgment interest, and all court costs and attorneys' fees incurred as a result of the prosecution of this action and any other relief this Honorable Court may deem just and proper.

## **JURY DEMAND**

Defendants BeStar Electronics, Inc., Dirk de Young and Helene de Young demand trial by jury as to all claims raised in Plaintiff's Amended Complaint and in Dirk de Young's Counterclaim.

Dated:  May 30, 2008.

BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG and HELENE DE YOUNG

By:  /s/ James K. Borcia
         One of Their Attorneys

Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, IL 60606-6308
Tel.: 312-627-4000
Fax: 312-627-1717

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2008, I electronically filed **Defendants BeStar Technologies, Inc., Dirk de Young and Helene de Young's Answer, Affirmative Defenses and/or Counterclaim to Plaintiff's Amended Complaint,** with the Clerk of Court using the CM/ECF system, which will send notification of such filings(s) to All Counsel of Record.

BESTAR TECHNOLOGIES, INC., DIRK DE YOUNG, and HELENE DE YOUNG


By:  /s/ James K. Borcia
        One of Their Attorneys


Daniel R. Formeller
James K. Borcia
Charmagne Topacio
Tressler, Soderstrom, Maloney & Priess, LLP
Sears Tower, 22nd Floor
233 South Wacker Drive
Chicago, IL 60606-6308
Tel.: 312-627-4000
Fax: 312-627-1717

RT/327053