## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George W. Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6535 | **DATE** | 5/28/2008 |
| **CASE TITLE** | Digisound-WIE, Inc. v. BeStar Technologies, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendant CC Electro Sales, Inc.'s motion to stay and compel arbitration or, in the alternative, to dismiss Counts 5,6, and 10 [100] is granted in part and denied in part. Digisound is ordered to arbitrate its claims in the amended complaint for breach of contract (Count III) and breach of fiduciary duty (Count IV). All remaining claims are stayed as to CC Electro Sales, Inc. pending resolution of the arbitration. CC Electro Sales, Inc.'s alternative motion to dismiss is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Before the court is defendant CC Electro Sales, Inc.'s ("CC Electro") motion to stay and compel arbitration as to the claims in Digisound-WIE, Inc.'s ("Digisound") amended complaint. Digisound's ten-count amended complaint ("complaint") includes seven claims directed toward CC Electro. Digisound alleges claims against CC Electro for breach of contract (Count III); breach of fiduciary duty (Count IV); tortious interference with customer contracts (Count V); tortious interference with reasonable expectation of economic advantage (Count VI); a violation of the Lanham Act (Count VII); misappropriation of trade secrets (Count IX); and civil conspiracy (Count X). CC Electro moves pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 and 4, to compel arbitration as to all seven of those claims. In the event the court determines that some, but not all, of the claims are subject to arbitration, CC Electro requests the court to exercise its discretion and stay all claims levied against it pending the outcome of the arbitration.

Alternatively, CC Electro requests that if the court declines to stay the claims and compel arbitration, the court dismiss Counts V, VI and X as to CC Electro for the reasons set forth in the motion to dismiss [71] defendants BeStar Technologies, Inc. ("BeStar") and the de Youngs filed on March 24, 2008. For the reasons set forth more fully below, the motion to stay and compel arbitration is granted in part and denied in part. CC Electro's alternative request to dismiss Counts V, VI and X is denied.

*I. Factual Background*

The following background facts are taken from the parties' pleadings, including attached exhibits and affidavits. *See Capitol Leasing Co. v. FDIC*, 999 F.3d 188, 191 (7th Cir. 1993). Digisound, through its president Florian Greiling, and CC Electro entered into a Sales Agency Agreement ("agreement") on or about November 6, 2002. Neither party disputes the validity of the agreement. The agreement provided that CC Electro would be an exclusive sales representative for the sale of Digisound's products within a certain territory. The agreement also included an arbitration clause. Section 4.05 of the agreement, entitled Disputes

**STATEMENT**

and Arbitration, states, in pertinent part:
> The parties agree that any disputes or questions arising hereunder, including the construction or application of this agreement, shall be settled by arbitration in accordance with the rules of the American Arbitration Association then in force, and that the arbitration hearings shall be held in the city in which the principal office of [Digisound] is located.

## II. Legal Analysis

### A. Arbitration Standard

The Federal Arbitration Act ("FAA"), 9 U.S.C. §1 *et seq*., governs the interpretation, validity and enforcement of arbitration clauses in state and federal courts. The court's role in an action to compel arbitration is limited to determining whether the asserted claim is covered by the arbitration provision in the parties' agreement. *Int'l Union of Operating Engineers, Local 103 v. Indiana Construction Corp.*, 910 F.2d 450, 452 (7th Cir. 1990). This is a pure matter of contract interpretation and Digisound cannot be required to arbitrate its claims unless the language of Section 4.05 of the agreement requires it to do so. *AT&T Tech. v. Communication Workers of Am.*, 475 U.S. 643, 648-49 (1986). Because the parties' agreement contains an arbitration provision, there is a presumption in favor of arbitrability. *Local 232, Allied Indus. Workers of Am. v. Briggs & Stratton Corp.*, 837 F.2d 782, 784 (7th Cir. 1988). However, "the FAA's purpose is not to provide special status for [arbitration] agreements." *Volkswagen of America, Inc. v. SUD's of Peoria, Inc.*, 474 F.3d 966, 970 (7th Cir. 2007). The FAA makes "arbitration agreements as enforceable as other contracts, but no more so." *Volkswagen*, 474 F.3d at 970 (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n. 12 (1967)).

### B. Breach of Contract Claim (Count III)

First, the court turns to Count III of the complaint, Digisound's claim that CC Electro breached the agreement. Digisound concedes that Section 4.05 of the agreement requires the parties to arbitrate this claim. Therefore, without objection, the motion to compel arbitration is granted as to the breach of contract claim (Count III). All proceedings as to this claim are stayed pending the outcome of the arbitration. *See Volkswagen*, 474 F.3d at 971 (finding that "[f]or arbitrable issues, a § 3 stay is mandatory.")(citing 9 U.S.C. § 3)).

### C. Breach of Fiduciary Duty (Count IV)

Next, the court addresses Digisound's claim that CC Electro breached its fiduciary duty. In Count IV, Digisound alleges that "[b]y virtue of the [agreement] and agency services [CC Electro] undertook for [Digisound], [CC Electro] owed [Digisound] a fiduciary duty, until at least July 25, 2007 . . ." and CC Electro breached that duty. *Compl*. at ¶ 33. CC Electro contends that the parties are obligated to arbitrate this claim under Section 4.05 of the agreement. Digisound disagrees, arguing it is not obligated to arbitrate any tort claims, including a claim for breach of fiduciary duty, under the agreement. Digisound's argument is misplaced. Digisound alleged that "[b]y virtue of the [agreement]," CC Electro owed it a fiduciary duty, which CC Electro breached. *Compl*. at ¶ 33. There is no question that the dispute over whether CC Electro owed Digisound a duty under the agreement and whether it breached that duty, is a dispute that arises under the agreement. Therefore, pursuant to Section 4.05 of the agreement, the parties must arbitrate this claim. The motion to compel arbitration is granted as to Count IV and all proceedings as to Count IV are stayed pending the outcome of the arbitration.

### D. Remaining Claims (Counts V, VI, VII, IX, and X)

As to the remaining claims for tortious interference with customer contracts (Count V); tortious interference with reasonable expectation of economic advantage (Count VI); a violation of the Lanham Act (Count VII); misappropriation of trade secrets (Count IX); and civil conspiracy (Count X), CC Electro argues that Digisound is also obligated to arbitrate those claims under Section 4.05 of the agreement because Digisound incorporated the allegations related to Counts III and IV into each of the remaining claims (Counts V, VI, VII, IX, and X). The court disagrees. As stated above, the FAA makes "arbitration agreements as

**STATEMENT**

enforceable as other contracts, but no more so." *Volkswagen*, 474 F.3d at 970 (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 404 n. 12 (1967)). When Digisound and CC Electro entered into the disputed agreement, they agreed to arbitrate "disputes or questions arising [under the agreement], including the construction or application of this agreement." The parties did not agree to arbitrate claims stemming from alleged tortious conduct related to unnamed third parties, or purported violations of state and federal law. Accordingly, the motion to compel arbitration is denied as to Counts V, VI, VII, IX and X.

### E. Motion to Stay

Now, the court turns to CC Electro's motion to stay all claims against it. CC Electro requests that, in the event the court orders the parties to arbitrate some, but not all the claims against it, the court stay any non-arbitrable claims as to CC Electro, pending the outcome of the arbitration. Digisound argues that the court should not exercise its discretion and stay non-arbitrable claims as to CC Electro because those claims must proceed, regardless of the arbitration, as to the other named defendants.

Whether to stay non-arbitrable claims pending arbitration is discretionary. *Volkswagen*, 474 F.3d at 971. In determining whether to exercise its discretion and stay non-arbitrable claims, the court considers whether piecemeal litigation would waste judicial resources, create a risk of inconsistent rulings, or prejudice the parties. *Id*. at 973. The only argument Digisound offers against staying the proceedings as to CC Electro is that the non-arbitrable claims are independent of the issues related to the arbitration of the breach of contract and breach of fiduciary duty claims. The court disagrees and finds that proceeding with Counts V, VI and X as to CC Electro prior to the conclusion of the arbitration would create a risk of inconsistent rulings. The court further finds that allowing Counts VII and IX to proceed as to CC Electro, while the other five claims are stayed, would waste judicial resources. It would be more efficient to stay all proceedings as to CC Electro pending resolution of the arbitration and then address all the claims against CC Electro together.

In paragraph 16 of the complaint, Digisound alleges that "[i]n committing the breaches [of contract and fiduciary duty] and other acts alleged herein, [CC Electro] knowingly joined in the plan and conspiracy of the other defendants to misappropriate [Digisound's] customer relationships and sales." In paragraph 51 of the complaint, Digisound alleges that "[i]n engaging in the foregoing conduct, the defendants have conspired to commit various torts against [Digisound] with the intent to misappropriate its customer and supplier relationships." In order for this court to determine whether CC Electro committed the torts alleged in Counts V, VI and X – tortious interference with customer contracts, tortious interference with reasonable expectation of economic advantage and civil conspiracy – it would first need to determine whether CC Electro breached the agreement with Digisound and/or breached any fiduciary duty to Digisound – issues that are subject to arbitration. Therefore, contrary to Digisound's assertions, the court finds that the claims in Counts V, VI and X are dependant, not independent, of the arbitrable issues. To avoid the risk of inconsistent rulings by this court and the arbitration panel regarding whether CC Electro breached the agreement or breached any fiduciary duty to Digisound, the court will stay Counts V, VI and X pending the outcome of the arbitration.

The court will also exercise its discretion and stay the claims for a violation of the Lanham Act (Count VII) and misappropriation of trade secrets (Count IX) to avoid wasting judicial resources with a piecemeal litigation as to CC Electro. Digisound alleged seven claims against CC Electro in the complaint. As stated above, pursuant to 9 U.S.C. § 3, the court must stay Counts III and IV, pending the outcome of mandatory arbitration. The court is also staying Counts V, VI, and X to avoid the risk of issuing rulings inconsistent with the findings of the arbitrators. The court finds that it would conserve judicial resources to proceed with all of the claims at to CC Electro at one time, instead of proceeding as to two claims now, and then proceeding with the remaining five claims after the arbitration.

The court also notes that any prejudice to Digisound is minimal. Digisound did not name CC Electro as a defendant in its original complaint and chose to include the arbitrable breach of contract and breach of fiduciary duty claims in the amended complaint. By pleading at least one claim against CC Electro that it concedes is subject to mandatory arbitration, Digisound created the possibility that the court, in its discretion,

**STATEMENT**

could stay all claims as to CC Electro pending the mandatory arbitration. Further, Digisound chose to include allegations related to the breach of contract and breach of fiduciary duty claims in the remaining counts against CC Electro, thus creating the risk of inconsistent rulings through its inartful complaint drafting.

### F. Motion to Dismiss

CC Electro requests that in the event the court declines to stay the claims against it, the court dismiss the claims for tortious interference with customer contracts (Count V), tortious interference with reasonable expectation of economic advantage (Count VI) and civil conspiracy (Count X) for the reasons set forth in the motion to dismiss [71] defendants BeStar and the de Youngs filed on March 24, 2008. The court addressed the arguments raised by BeStar and the de Young in their motion to dismiss and denied that motion in a minute order dated May 16, 2008 [114]. In the instant motion, CC Electro merely adopts the arguments presented by BeStar and the de Youngs. Therefore, CC Electro's motion to dismiss is denied for the same reasons set forth in the court's minute order dated May 16, 2008.

## III. Conclusion

For the reasons set forth above, the motion to stay and compel arbitration is granted in part and denied in part. Digisound is ordered to arbitrate its breach of contract (Count III) and breach of fiduciary duty (Count IV) claims against CC Electro. Counts III and IV of the amended complaint are stayed pending arbitration. The motion to compel arbitration is denied as to Counts V, VI, VII, IX and X. The court, in its discretion, grants to motion to stay Counts V, VI, VII, IX and X as to CC Electro. CC Electro's alternative request to dismiss Counts V, VI and X is denied. It is so ordered.