In the United States District Court
For the Northern District of Illinois
Eastern Division

| | |
|---|---|
| DIGISOUND-WIE, INC., | |
| Plaintiff, | 07 CV 6535 |
| v. | Judge Lindberg |
| BESTAR TECHNOLOGIES, et al., | Magistrate Judge Mason |
| Defendants. | |

# Digisound-WIE's Answer to Dirk de Young's Counterclaim

Counter-Defendant Digisound-WIE, Inc. answers Counter-Plaintiff Dirk de Young's Counterclaim:

1. Counter-Plaintiff Dirk de Young is an individual residing at 6334 S. Volcano Lane, Hereford, Arizona, 85615. He was formerly employed by Counter-Defendant, DigisoundWIE, Inc. ("Digisound-WIE"), as a sales director from approximately October 2001 through June 23, 2007.

**Answer:** Digisound-WIE admits the allegations in ¶ 1 of the Counterclaim.

2. Counter-Defendant Digisound-WIE is an Illinois corporation with its principal place of business in Libertyville, Illinois.

**Answer:** Digisound-WIE admits the allegations in ¶ 2 of the Counterclaim.

3. Jurisdiction is proper under 28 U.S.C. § 1367 because this counterclaim arises out of the same facts and nucleus of events as the Amended Complaint in this matter.

**Answer:** Digisound-WIE admits the allegations in ¶ 3 of the Counterclaim.

## COUNT I — BREACH OF CONTRACT

4. Counter-Plaintiff Dirk de Young re-alleges Paragraphs 1-4 above as fully set forth herein.

1

**Answer:** Digisound-WIE repeats its answers to ¶¶ 1-3 as its answer to ¶ 4 of the Counterclaim.

    5.    On or about September 2001, Dirk de Young entered into an employment agreement ("the Agreement") with Digisound-WIE. (See Employment Agreement attached as Exhibit "A" to Digisound-WIE's Amended Complaint.)

**Answer:** Digisound-WIE admits the allegations in ¶ 5 of the Counterclaim.

    6.    Section 7(a) of the Agreement provides, in part:

> Throughout the term of this Agreement, Digisound shall provide a stipend of $250 per month for the expenses of a home office utilized by de Young for purposes within the scope of de Young's employment by Digisound, as well as pay all related expenses for maintenance and monthly service charges.

**Answer:** Digisound-WIE admits that § 7(a) of the Agreement states the above.

    7.    Pursuant to Section 7(a) of the Agreement, Digisound-WIE was required to pay a minimum monthly stipend of $250.00 to Dirk de Young.

**Answer:** Digisound-WIE denies the allegations in ¶ 7 of the Counterclaim. It further states that § 7(a) applied when de Young lived in Wisconsin and Digisound-WIE's office was in Illinois. Because of the distance between home and office, de Young maintained a home office in Wisconsin, for which Digisound-WIE paid $250 a month. Digisound-WIE consented, however, to de Young moving his residence and Digisound-WIE's office to Arizona. Because the office was located close to his residence, de Young no longer maintained a home office for purposes within the scope of his employment with Digisound-WIE. Accordingly, de Young was no longer contractually entitled to the $250 a month stipend.

    8.    However, Digisound-WIE failed to pay Dirk de Young amounts due each month pursuant to Section 7(a) since at least August 2005 through June 2007.

**Answer:** Digisound-WIE denies the allegations in ¶ 8 of the Counterclaim.

9.   Digisound-WIE's failure to pay constituted a material breach of the Agreement.

**Answer:** Digisound-WIE denies the allegations in ¶ 9 of the Counterclaim.

10.   Dirk de Young fully performed any and all of his obligations, including any conditions precedent, under the Agreement.

**Answer:** Digisound-WIE denies the allegations in ¶ 10 of the Counterclaim.

11.   As a direct and proximate result of Digisound-WIE's material breach of the Agreement, Dirk de Young has been damaged.

**Answer:** Digisound-WIE denies the allegations in ¶ 11 of the Counterclaim.

DIGISOUND-WIE, INC.

By:  s/ Arthur Sternberg
     One of Its Attorneys

Arthur Sternberg
Susan Lorenc
Thompson Coburn LLP dba Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
(312) 580-2235